UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD,<br><br>            Plaintiff,<br>v.<br><br>JOHN CHAMBERS, et al.,<br><br>           Defendants. | Civil Action No. 04-10468-GAO |

## AVAYA INC.'S MOTION TO QUASH SUBPOENA

Pursuant to Federal Rules of Civil Procedure 45 ("Rule 45"), Avaya Inc. ("Avaya"), a nonparty to the above-entitled action, hereby moves to quash in its entirety the subpoena duces tecum served upon it by Plaintiff Anthony Bayad. The subpoena is attached hereto as Exhibit A.

## PROCEDURAL HISTORY

Plaintiff filed the Complaint in the above-captioned matter on March 8, 2004. Three weeks later, on March 29, 2004, Pamela Craven, Avaya's General Counsel, received the subpoena at issue via certified mail. The subpoena commands Avaya, a nonparty, to produce documents to the U.S. District Court (without specifying which court) or to Plaintiff by April 2, 2004, thus giving Avaya only four days to respond.

To date, only three of the four named defendants have even returned a waiver of service. The deadline for their response to the Complaint is not until May 17, 2004.

## ARGUMENT

I.   <u>The subpoena should be quashed because it is procedurally and substantively deficient.</u>

Plaintiff's subpoena is rife with fatal procedural deficiencies. Most notably, the subpoena was issued by the *pro se* Plaintiff himself and not by a court clerk or an attorney as required by Rule 45(a)(3)(A)-(B). Thus, the subpoena is not authorized and, consequently, is invalid.[1]

Additionally, Plaintiff's subpoena, which was delivered to Ms. Craven via certified mail, was served improperly. Rule 45, unlike Rule 5, makes no provision for service by mail. Compare Fed. R. Civ. Pro. 45(b)(1) ("A subpoena may be served by any person who is not a party and is not less than 18 years of age . . . upon a person named [in the subpoena] . . . by delivering a copy thereof to such person.") with Fed. R. Civ. Pro. 5(b)(2) (providing for various methods of substitute service, including service by mail). Because Plaintiff did not comply with the procedural requirements under Rule 45(b), the subpoena should be quashed. See Greenberg v. United States, No. 89-2390, 1990 U.S. Dist. LEXIS 12091, *6-7 (D. Mass. Sept. 7, 1990) (quashing subpoena delivered by mail because "[t]o comply with [Rule 45(b)], service must be made by personally delivering the subpoena"); Khachikian v. BASF Corp., 91-CV-573, 1994 U.S. Dist. LEXIS 2881, *4-5 (N.D.N.Y. Mar. 4, 1994) (granting motion to quash subpoena because, by serving subpoena by mail rather than by personal service, plaintiff failed to comply with the requirements of Rule 45); see also Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Civil 2d § 2454 (West 1995) ("Personal service of a [Rule 45] subpoena is required.").

Finally, Rule 45 mandates *prior* notice to all parties to the action when a subpoena duces tecum is used to command production of documents. See Rule 45(b)(1) ("Prior notice of any

---

[1] The subpoena also fails to indicate the court in which the matter is pending as required by Rule 45(a)(1)(B).

3675621v1

2

commanded production of documents and things . . . shall be served on each party."); Wright & Miller, supra, § 2454. "The purpose of such notice is to afford other parties an opportunity to object to the production or inspection." See Fed. R. Civ. Pro. 45, Advisory Committee Note to 1991 Amendment, subdivision (b). The subpoena issued to Avaya was not accompanied by either a certificate of service indicating that each defendant received a copy of the subpoena or an affidavit indicating that each defendant was provided notice that the subpoena had been issued. That Plaintiff did not provide the named defendants with prior notice of the subpoena and, thus, an opportunity to object to it, is a particularly significant deficiency in that the subpoena appears to seek the disclosure of confidential information relative to the defendants.

In addition to the above-mentioned procedural deficiencies, the subpoena also suffers from substantive deficiencies which make compliance by Avaya extraordinarily difficult, if not impossible. See Exhibit A. First, Avaya simply cannot discern what is being sought because the requests are unintelligible.[2] Moreover, to the extent that the subpoena may be deciphered, it appears to request from Avaya documents "at Cisco" or in "Cisco['s] possession." See id. Presumably, "Cisco" refers to Cisco Systems, Inc., an entity entirely unrelated to Avaya. Thus, to the extent that the subpoena seeks documents that are not "in the possession, custody, or control" of Avaya as provided for in Rule 45(a)(C), it is invalid and, accordingly, should be quashed.

II.     <u>The subpoena must be quashed because it fails to allow a reasonable time for compliance.</u>

Rule 45(c)(3)(A) provides that "the court . . *shall* quash or modify the subpoena if it . . . fails to allow reasonable time for compliance." (emphasis added). In this regard, the subpoena here is facially unreasonable and, accordingly, *must* be quashed. First, the subpoena was served

---

[2] Because Avaya is unable to ascertain what documents are being requested, it is unable to assess whether the subpoena subjects it "to undue burden" pursuant to Rule 45(c)(3)(A)(iv).

on Avaya, a nonparty, on March 29, 2004, a mere three weeks after the Complaint was filed. Not all of the defendants have been served; the responses for those who have been are not even due for another one and one-half months. Pursuant to the Federal Rules of Civil Procedure, discovery in the matter cannot begin until an even later date. Avaya, a nonparty to the litigation, should not be required to produce documents at this stage of the litigation, which comes months before the parties themselves are even allowed to request documents from each other.

Finally, Avaya is commanded to produce documents by April 2, 2004, only four days after Ms. Craven received the subpoena. Even if the subpoena did not suffer from the substantive deficiencies previously discussed, the four-day time frame set forth by Plaintiff is simply unreasonable and does not give Avaya sufficient time to respond.

## CONCLUSION

For the foregoing reasons, Avaya respectfully requests that the Court quash Plaintiff's subpoena duces tecum in its entirety.

AVAYA INC.

By its attorneys,

*Lisa Gaulin*

Thomas E. Shirley, Esq. (BBO# 542777)
Lisa M. Gaulin, Esq. (BBO# 654655)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109-2891
617-248-5000

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON
DATE 4·1·04 SIGNATURE *Lisa Gaulin*

Dated: April 1, 2004

4

3675621v1

## Certification of Conference

Pursuant to Local Rule 7.1(A)(2), I, Lisa M. Gaulin, hereby certify that I have made a good-faith effort to confer on this issue with the *pro se* Plaintiff prior to filing this motion by speaking with Plaintiff on April 1, 2004. We were unable to resolve the issue.

*Lisa M Gaulin*
Lisa M. Gaulin

3675621v1