**IN THE  UNITED STATES DISTRICT COURT**
**FOR THE  DISTRICT OF MASSACHUSSETTS**

ANTHONY BAYAD ,                )
                               )
                               )
        Plaintiff  ,           )                **CIVIL ACTION**
                               )
                               )
                               )                **CASE NO. 04-cv-10468-GAO**
                               )
JOHN CHAMBERS, PATRICIA        )
RUSSO, ANTHONY                 )
SAVASTANO and CARL             )
WIESE,                         )
    Defendants ,               )
                               )

**PLAINTIFF 'MOTION OF REQUEST**
**TO NOTIFY THE ATTORNEY GENERAL TO INTERVENE**
**AS MATTER OF  DISTRICT COURT'S DISCRETION**

In any action, suit or proceeding in a court of the United States to

which the United States or any agency, officer or employee thereof

**is  not a party**, wherein the constitutionality of any Act of Congress or the

laws of our State affecting the public interest is drawn in question, the court

shall certify such fact to the Attorney General, and shall permit the United

States to intervene for presentation of evidence, if evidence is otherwise

admissible in the case, and for argument on the question of constitutionality.

The United States shall, subject to the applicable provisions of law, have all

the rights of a party and be subject to all liabilities of a party as to court

costs to the extent necessary for a proper presentation of the facts and law

relating to the question of constitutionality, the court shall notify the Attorney General of the United States as provided in Title <u>28</u>, **U.S.C. Sec. 2403**:

Additionally as any action as described in 28 U.S.C. Sec. 1581 (c), a timely application shall be made no later than **30 days** after the date of service of the complaint as provided for in **Rule 3(f)**

Plaintiff treating <u>Rule 24(a)</u> of the Rule of Civil Procedure as a comprehensive instances for intervention and <u>not one intervention as of right</u>, but as matter of <u>district court's discretion</u>, and it is a considerations of controlling public interest are invoked to sustain the District Court: The Attorney **General** is the guardian of the **public** interest in enforcing the **antitrust laws**, see United States v. Northern Securities Co.,**128 F. 808, 813**; and New York City v. New York Telephone Co., **261 U.S. 312**; Plaintiff strongly believes the intervention of Attorney General is believed that a such an action by the United States is of general public importance and will materially further the vindication of rights, privileges, or immunities secured or protected by the Constitution or the law of our State and our country the United States. Additionally the intervention of the Attorney General will serve to penalize and to prosecute **Lucent Technologies** Inc., and **Cisco Systems** Inc., for their unlawful conduct and violation of **Civil Rights** of Americans and unlawful activities of white color crimes and **conspiracy** to commit **security Fraud**, and **false filing** with security & Exchange commission <u>**as was**</u> <u>**state in the complain ¶ 66:**</u>

" Defendant John Chambers was a good friend with McKinney, the primary investor for International Networking Services, and made it happen for Mckinney to raise a capital venture approaching to "**1.5 millions**" and provided him with all

the material support that resulted of the **flying colors with a take home of 3.5**

**Billions** [1]**, and Mickiney was very grateful to both his friend <u>Defendant Patricia</u>**

**Russo and <u>John Chambers</u>". (Exhibit O attached the complain of InformationWeek**

**wire regarding the purchase INS). Furthermore Defendant John Chamber is**

**implementing his personal selective policy that promotes and favors his friend ( as**

**he did with Mickinney of INS) who operate a multimillion businesses by providing**

**him with Certification and materials used for their own public Stocks offering**

**gains ( to make money at the account of the American People).**

**There are facts under Mr. Bayad jurisdiction include but not limited to all the**

**copies of the Lab Exams that were provided by Defendant Chambers and his**

**company Cisco Systems ( a publicly traded and owned), to the very selective class of**

**people and companies as he has done with Mckinney of INS, by providing him the**

**exams as <u>stated in the complain ¶ 120</u>:**

**"**On about between the **year of 1996 and 1997,** Mr. Bayad was an **eyewitness**

Defendant Anthony **Svastano** aided two persons of common ancestry (white person)

**Bruce Brewer** and **Dale Roznowski,** were provided **the original exams** copies for the

**Cisco Certify internetworking expert level. <u>Exhibit Y attached to the complain</u> of**

**the CCIE copies dated the year of 1997 that was given to Mckinney, Brewer, and**

**Ronowski."**

---

1. *On about March 10, 2004 Plaintiff filed one complain with Federal Security and Exchange commission and within a week March 17, Lucent Technologies settled for 25 Millions dollars. They admitted their serious violations of the Law and Security Fraud. See Exhibit hereto attached to complain.*

Moreover Defendants John Chambers of Cisco Systems hire Defendants **Anthony Savastano  Vice President of Lucent Technologies of Finance** to Become the **newly** appointed  as the **Vice President of Finance and Accounting of Cisco Systems Inc.**, additionally he enlarged  **unlawfully the** Hiring of Defendant **Carl Wiese** a **Vice President of Lucent Technologies Inc., and AVAYA** Inc. [2], of Sales & product Technologies to hold a position as Vice President of Sales & product Technologies at Cisco Systems Inc., for the purpose to provide **confidentiality** of intellectual properties and innovation **as stated in the complain** ¶ 167:

"**As always,** Defendants are exchanging **of crucial** information and vice versa about **AVAYA Inc.,** Lucent technologies and Cisco Systems.  They are purposely **favoring** their  Cisco , **Lucent,** and **AVAYA** ' **public  Stocks options** and looking forward of their values to  increase (Securities fraud).

**Exhibit X- 11 attached to the complain".**

    **Conspicuously,** Defendant Chambers of Cisco Systems imports workers from **Bombay India** and other foreign workers and sponsors them with **US immigrant visas** and promises a Green Cards ( known as Alien registration & G-12), and forcibly to work in San Jose in more **stressful environment (Sweat shops)** and **less paid** (as **Slaves** because they are from **Bombay India or  Republic of China**).

---

*2. .Each time Defendant Patricia Russo Chairman of Lucent  commits a fraud or she fails to meet Wall Street expectation, she always proceed with the Help of her  well connected and very wealthy,  individual called Henry Schacht ( He pretend he has power over the  Judges and politicians) They both shield their crime by creating a new company as it is fabricated with  AVAYA INC., The spin off is utilized as mirage in order to  prevent  the Federal Security Commission of making their case against Lucent.*

Defendant Chambers is conducting a **political** agenda and a " <u>**pretextual**</u> " termination of employment and dispenses jobs of Americans as he has done with Plaintiff Anthony Bayad. Defendant **Chambers** is exposing our **country** and our **national security** at **risk** by hiring **Foreign workers** and knowingly our country the **United States of America** depend heavily of the **flow** of the **information technologies** to defend and to conduct businesses( which he enjoys and keeps his private plane safer). Mr. Chambers is well aware that Cisco Systems products are the back bone of our Internet in our businesses and our government agencies. Defendant Chambers and Patricia Russo can do what ever they which **unlawfully** in this country and it is fine and legal, this include the import of foreign workers, the " **committeemen** " on Business **fraud** and **security fraud** for their sole gain, and intentional violation of U.S. Civil Right Act ( Congress)

The governing bodies such as the **U.S. Judicial Systems** and the governing bodies of our nation have **erected** a network of **laws which regulate** or even **outlaw practices of Corporate corruption** white color **crimes**, and particularly **Discrimination, both run parallel with hate crimes**. Even the **Supreme Court** has recognized that states have legitimate and compelling interest in shielding its citizens form invidious discrimination and hate crimes. **See New York State Club Association City of New York, 487 U.S. 1, 108 S. Ct. 2225** (1988) and create equality among all its Citizens as matter of law, additionally the United State of **America was founded upon ideal[3] that all people are created equal**. We are also a nation committed to the principle that people have the inherent right to speak out **(4)**, to express their innermost, and to associate with others of their own choosing.

---

**3. The Declaration of Independence, 4. U.S Const. Amend. I.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing of this

Motion to intervene of Plaintiff, ANTHONY BAYAD WAS furnished:

<u>via U.S. Mail</u>

Defendant Patricia Russo
of Lucent Technolgies
600 Mountain Avenue
Murray, Hill NJ 07974-0636

&

Personally handed to,
Bingham McCutchen
Mark W. Batten for Defendants:
John Chambers, Carl Wiese, &
Anthony Savastano
150 Federal Street
Boston MA

<u>Parties of Public Interest</u>

Tom Reilly Attorney General
One Ash Burton Place
Boston, MA 02108
&
John Ashcroft Attorney General
U.S Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

on this 31[th] day of March, 2004

ANTHONY BAYAD

2 Magoun Avenue
Medford, MA 02155
Tel: (781) 704-8982

6

**EXHIBIT A**



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

March 9, 2004

**VIA FIRST CLASS MAIL**

Anthony Bayad
2 Magoun Ave.
Medford, MA 02155

      Re:    Lucent Technologies Inc.

Dear Mr. Bayad:

     This will acknowledge our conversation regarding Lucent Technologies Inc. Enclosed please find SEC Form 1662, a statement of routine uses of information supplied to the Commission.

     We are always interested in hearing from members of the public, and you may be assured that the matter you have raised will be given careful consideration in view of the Commission's overall enforcement responsibilities under the Federal securities laws. It is, however, the Commission's policy to conduct its inquiries on a confidential basis. The Commission conducts its investigations in this manner to preserve the integrity of its investigative process as well as to protect persons against whom unfounded charges may be made or where the Commission determines that enforcement action is not necessary or appropriate. Subject to the provisions of the Freedom of Information Act, the existence or non-existence of an investigation as well as information which may be gathered thereunder is not disclosed unless made a matter of public record in proceedings brought before the Commission or in the courts.

     Should you have any additional information or questions pertaining to this matter, please feel free to communicate directly with me at 450 Fifth Street, N.W., Washington, D.C. 20549. You can reach me by phone at (202) 942-7160, or Charles Cain at (202) 942-4693

     We appreciate your interest in the work of the Commission.

                             Sincerely,

                             Ken Cunningham
                             Senior Counsel

Enclosure

Home | Solutions and Products | Customer Support | Bell Labs | About Lucent
Glossary

**Lucent Techr**
Bell Lab:

Search

[        ] Go
Advanced search

About Lucent:

News & Events

> Press Releases
  - Press Archive
> Features
> Events/Speakers
> Photo Gallery
> Press Contacts

Investor Relations

Industry Analyst Relations

Company Information

Work@Lucent

Partner Programs

[Select Month ▼] Go

Search press releases

[        ]
Go

## Lucent Technologies to make payment as part of SEC settlement

FOR RELEASE WEDNESDAY MARCH 17, 2004

**MURRAY HILL, N.J.** – Lucent Technologies (NYSE: LU) said today that the company has been informed by the staff of the Securities and Exchange Commission (SEC) that it now intends to recommend that the settlement with Lucent require the payment of a $25 million penalty. The staff has also indicated that the other terms of its earlier agreement in principle, which was announced on Feb. 27, 2003, will remain in place. As part of the expected settlement, Lucent will not be required to make any financial restatements.

The staff made it clear that the penalty is not based on any additional violations of law, but on what the staff considered Lucent's lack of cooperation during the investigation and certain actions taken by the company subsequent to the agreement in principle.

Lucent said it is disappointed by the staff's position, but the company decided its best course is to put this matter behind it. Without admitting or denying any liability, the company has agreed to make the payment.

Any settlement remains subject to final approval by the Commission. The company said it would have no further comment at this time.

Lucent Technologies designs and delivers the systems, services and software that drive next-generation communications networks. Backed by Bell Labs research and development, Lucent uses its strengths in mobility, optical, software, data and voice networking technologies, as well as services, to create new revenue-generating opportunities for its customers, while enabling them to quickly deploy and better manage their networks. Lucent's customer base includes communications service providers, governments and enterprises worldwide. For more information on Lucent Technologies, which has headquarters in Murray Hill, N.J., USA, visit www.lucent.com.

---

For more information, reporters may contact:

Bill Price
Lucent Technologies
908-582-4820 (work)