IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| ANTHONY BAYAD, ) | |
| ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| ) | |
| ) | CASE NO. 04-cv-10468-GAO |
| ) | |
| JOHN CHAMBERS, PATRICIA ) | |
| RUSSO, ANTHONY ) | |
| SAVASTANO and CARL ) | |
| WIESE, ) | |
| Defendants, ) | |
| ) | |

### PLAINTIF'S RESPONSE TO AVAYA INC.'S MOTION TO QUASH SUBPOENA FOR LEAVE AS IT WAS LENTHY AND UNECESSARY

#### I. INTRODUCTION

Attorney Lisa Gaulin with the firm CHOATE. HALL & STEWART is an officer of the court and member of the respected Massachusetts Bar Associations. She is a well aware of the Lawyer Professional Ethics. Attorney Lisa Gaulin introduced Avaya Inc.'s Motion to Quash plaintiff Subpoena on about April 1, 2004 and on about April 4, 2004 she also sent the Signed Summon Waiver of Defendant Patricia Russo with Lucent Technologies to Plaintiff Via US mail. Additionally as it is known by Rule Regulating the Bar Members, lawyer may not represent parties as AVAYA and Patricia Russo with LUCENT to litigation whose interests are fundamentally antagonistic to Plaintiff in this litigation. Court may raise the question when there is reason to infer that the lawyer has neglected the responsibility, and inquiry by the Court

1

is generally required when a lawyer represents multiple clients, as **AVAYA INC.** and Defendant Patricia Russo of **Lucent** Technologies Inc. Additionally the **Subpoena** was initiated to **AVAYA** and not to Lucent Technologies and where the conflict as in this litigation is such as clearly to call in **question** the **fair** or **efficient** administration of **justice**, opposing party as **Plaintiff Pro Se** should raise the question. However plaintiff is viewing this motion introduce by AVAYA Counsel as a vehicle and **technique of harassment**.

**Moreover** attorney **Lisa Gaulin** understand that **AVAYA INC.** and Lucent Technologies are two legally separate companies and therefore engaging in conduct in violation of rules governing **misconduct** as she is representing **two** companies and minor misconduct scope of representation, communication fees for legal service, confidentiality of information conflict of interest, safekeeping property, advice, truthfulness in statement to other, and respect for rights of third persons warrants one year suspension. The **Florida Bar v. Niles, 644 So. 2d 504 (1994).** Representing Adverse Interest, a lawyer shall not represent a client if the representation of that client as AVAYA, will be directly in favor to the interests of another clients as with Patricia Russo against Plaintiff.

In the case of AVAYA INC.' motion to Quash Subpoena, Plaintiff is not aware of any rule mentioned in this motion that prevent or bar him as matter of right of pursuing his discovery of material facts to satisfy the **McDonnell** Douglas test.

When plaintiff has **direct evidence** of discrimination he **need not make** use of the **McDonnell Douglas presumption** and **conversely**. Plaintiff has only requested the employment documents of **four employees** and not for example **70 employees**. Additionally Plaintiff visited the court and was provided an empty copy of the Subpoena

and he filed it as he was told in good faith, he sent it as every Lawyers in this land has exercised in the past by sending their Subpoena, as Plaintiff via First Class Mail and was Delivered by the United State Postal Worker, and who is over 18 years of age. Moreover Plaintiff requested the copies from a third party as defined by law. Attorney Lisa Gaulin is derailing her self by representing AVAYA INC., and Patricia Russo for Lucent Technologies. **Moreover Plaintiff did not request the following**:

**(E) The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1):**

**(i) an action for review on an administrative record;**

**(ii) a petition for habeas corpus or other proceeding to challenge a criminal conviction or sentence;**

**(iii) an action brought without counsel by a person in custody of the United States, a state, or a state subdivision;**

**(iv) an action to enforce or quash an administrative summons or subpoena;**

**(v) an action by the United States to recover benefit payments;**

**(vi) an action by the United States to collect on a student loan guaranteed by the United States;**

**(vii) a proceeding ancillary to proceedings in other courts; and**

**(viii) an action to enforce an arbitration award.**

## I I. CONCLUSION

At this time, Plaintiff wish to correct the numerous misstatements set forth in AVAYA INC.' motion quashes Subpoena for leave. Plaintiff would also like to take this opportunity to ask for the court help, Based upon the type of conduct exemplified in this Motion, Plaintiff **is afraid** that every discovery issue that arises in this case will be incredibly **contentious**. There is no need for **hostility** and **unfairness**. Discovery is not a

war. Plaintiff would not object to the referral of discovery matters to the court discretions and would ask for this Court ' help in assuring that any abusive conduct ( by either sided) be curtailed.

Date:   April  5 , 2004

ANTHON BAYAD
PLAINTFF PRO SE
2 MAGOUN AVENUE
MEDFORD, MA 02155
(781) 704-8982

*Anthony Bayad*

4

## **CERTIFICATE OF SERVICE**

I certify that on April 5, 2004, a copy of this document was served by Anthony Bayad personally and by hand on :

**Lisa Gaulin Esq.**
**Exchange place**
**53 State Street**
**Boston, MA 02109-2804**
**(617) 2480-5000**

**&**

**Mark Batten Esq.**
**150 Federal Street**
**Boston, MA 02148**