UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,

           Plaintiff,

v.

JOHN CHAMBERS,
PATRICIA RUSSO, ANTHONY SAVASTANO,
and CARL WIESE,

           Defendants.

CIVIL ACTION
NO. 04-10468-GAO

## CISCO DEFENDANTS' MOTION TO STAY DISCOVERY AND TO PREVENT PERSONAL SERVICE BY THE PLAINTIFF

Defendants John Chambers, Anthony Savastano, and Carl Wiese ("defendants") respectfully move the Court (a) to stay discovery pending the defendants' response to the Complaint and a scheduling conference, and (b) to direct that service of pleadings and other papers in this matter need not be made on counsel personally. Plaintiff has threatened to begin serving papers on defense counsel at home.

### I.  BACKGROUND

The defendants are employees of Cisco Systems, Inc. Defendant Chambers is the president and chief executive officer of the company; Savastano is Vice President of Finance; and Wiese is an Area Vice President for U.S. Sales. *See, e.g.*, Complaint Ex. R. Plaintiff alleges that defendants Savastano and Wiese were formerly employees of Lucent Technologies, Inc., where he was also employed between 1995 and 1997. Complaint ¶¶12, 35ff. Plaintiff claims that the defendants have discriminated against him on the basis of his race and ethnicity on a variety of occasions since 1997. He asserts violations of Title VII and 42 U.S.C.

§1981, as well as several state law causes of action, but all apparently founded on the claim that defendants' alleged conduct was motivated by discriminatory animus.

This action was filed on March 8, 2004. All defendants have returned waivers of service of summons, pursuant to Fed. R. Civ. P. 4, and their responses to the Complaint accordingly are due in early May, 2004.

Nevertheless, plaintiff has already commenced discovery. He has served two subpoenas on undersigned counsel directed to Cisco, and has also served a subpoena on Avaya, Inc. Those companies have objected to the subpoenae on several grounds, pursuant to Fed. R. Civ. P. 45. Plaintiff has repeatedly appeared, without prior notice, at the offices of undersigned defense counsel insisting that counsel accept service of these documents personally, and on April 6, 2004, threatened several times to begin serving such papers at counsel's home.

## II.   ARGUMENT

### A. Discovery Should Be Stayed Until Defendants' Motion to Dismiss is Resolved and a Scheduling Conference Held.

The Federal Rules of Civil Procedure prohibit discovery until after a scheduling conference held in accordance with Local Rule 16.1. Fed. R. Civ. P. 26(d), 26(f).[1] That limitation is eminently reasonable; at the moment the defendants have not even had an opportunity to respond to the Complaint, or for that matter even to investigate the claims sufficiently to permit them to respond.

The Cisco defendants anticipate that they will respond to the Complaint with a motion to dismiss, arguing among other things that this action is barred by applicable statutes of limitation, by a release, and by the requirement that claims of employment discrimination be pursued first at the Equal Employment Opportunity

---

[1] The Rules also prohibit discovery until after initial disclosures are made. Fed. R. Civ. P. 26(a); Local Rule 26.2(A).

Commission and the applicable state agency, in this case the Massachusetts Commission Against Discrimination. Exercise of this Court's power to stay discovery is warranted because the motion to dismiss may resolve this case entirely. Permitting discovery to proceed now not only violates the Federal Rules of Civil Procedure and the Local Rules but threatens a wasteful and unnecessary use of the Cisco defendants' resources to defend claims that may be defective as a matter of law. Even if the Complaint is not entirely dismissed, the motion may narrow the issues on which relevant discovery may be had, and a stay therefore helps ensure a just, speedy, and inexpensive resolution of this case.

Even if discovery were currently permitted by the rules, which it is not, this Court nevertheless would have the power to issue a protective order staying discovery if the moving party shows "good cause" for such action. Fed. R. Civ. P. 26(c) ("Upon motion by a party . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had . . . .").

The expected filing of the Cisco Defendants' motion to dismiss constitutes such "good cause." As stated by one leading commentator:

> Ever since the days of the former equity bill for discovery there has been applied to discovery "the principle of judicial parsimony," by which, when one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided.

8 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2040 (1994). *See Sebago, Inc. v. Beazer East, Inc.*, 18 F. Supp. 2d 70, 77-78 (D. Mass. 1998) (allowing motion to stay discovery pending resolution of motion to dismiss pursuant to Rules 12(b)(6) and 9(b)); *LTX Corp. v. Daewoo Corp.*, 979 F. Supp. 51, 54 (D. Mass. 1997) (motion to stay discovery pending determination of motion to dismiss allowed); *Zuk v. Eastern Pennsylvania Psychiatric Inst. of the Medical College of Pennsylvania*, 103 F.3d 294, 299 (3d Cir. 1996) ("discovery is not intended as a

fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it"). The Court should stay discovery briefly to permit the Cisco defendants to assert their preliminary challenge to the Complaint without incurring the expense of discovery.

Such a stay will not prejudice the plaintiff. If the Cisco Defendants' motion is denied, Mr. Bayad can pursue the discovery permitted by the rules, and a brief delay to permit the Court to consider the Cisco defendants' motion and to hold a scheduling conference, as dictated by the rules, will not result in the loss of any evidence or any other prejudice to his ability to collect admissible evidence to support his claims.

On the other hand, if a stay is denied, the Cisco defendants are threatened with irreparable harm -- the unrecoverable expense of responding to discovery that may prove unnecessary because plaintiffs' claims are defective as a matter of law. A brief stay is warranted and should be granted.

> B. **The Court Should Prohibit the Plaintiff From Serving Papers Personally, and From Approaching Defense Counsel Individually.**

On at least three occasions since this action was filed, plaintiff has arrived without warning at the offices of undersigned defense counsel to serve subpoenae and other papers in this case -- notwithstanding the requirement of Fed. R. Civ. P. 45(b) that a subpoena be served by someone who is not a party to the action, and despite notice of that rule in a March 26 letter to the plaintiff.

Further, on each occasion, plaintiff has refused to leave defense counsel's offices without a signed receipt for the material he was serving. To date those receipts have been supplied by counsel's assistants. On April 6, 2004, Mr. Bayad appeared at defense counsel's office and was met by undersigned counsel's assistant, who again offered a receipt. Mr. Bayad declared that he would accept the receipt this time, but not again; and that if the undersigned did not accept service

- 4 -

personally in the future, he would begin serving papers on defense counsel at home.

Such conduct is wholly improper, regardless of whether a party is proceeding with counsel or pro se. The rules, of course, do not require service on counsel personally; service may be by mail, see Fed. R. Civ. P. 5(b)(2)(B), or by "any other means . . . consented to in writing by the person served." Fed. R. Civ. P. 5(b)(2)(D). Service by mail is complete upon mailing, id. 5(b)(2)(B), and there is no requirement for any receipt.

Counsel has specifically and in writing confirmed to the plaintiff that service by mail is sufficient and will be accepted in all circumstances. (A copy of counsel's April 6, 2004 letter to the plaintiff on this subject is attached hereto). There is neither any need nor any justification for plaintiff to seek out defense counsel at home, and the Court should not permit such threatening behavior from any litigant.

The Cisco defendants accordingly request that the Court issue an order requiring service of all pleadings and other papers solely by mail, and directing the plaintiff not to approach defense counsel for any purpose, other than in appearances for hearings in this Court.

## CONCLUSION

For all of the foregoing reasons, the Cisco defendants respectfully request that the Court (a) stay discovery pending resolution of defendants' motion to dismiss and a scheduling conference, and (b) order plaintiff to serve all pleadings and other papers in this matter by mail, and not to approach defense counsel for any purpose other than in appearances for hearings in this Court.

Respectfully submitted,

**JOHN CHAMBERS
ANTHONY SAVASTANO
CARL WIESE**

By their attorneys,

Mark W. Batten, BBO #566211
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
(617) 951-8000

Dated: April 6, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on the plaintiff pro se and all counsel of record by first-class mail, postage prepaid, this 6th day of April, 2004.

Mark W. Batten