IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

ANTHONY BAYAD,           )
                         )
                         )
    Plaintiff,           )         CIVIL ACTION
                         )
                         )
                         )         CASE NO. 04-cv-10468-GAO
                         )
JOHN CHAMBERS, PATRICIA  )
RUSSO, ANTHONY           )
SAVASTANO and CARL       )
WIESE,                   )
    Defendants,          )
                         )

### PLAINTIFF'S MOTION TO COMPEL DISCLOSURE AND FOR APPROPRIATE SANCTION ACCORDINGLY TO RULE 37 F. R. C. P

## Initial Disclosures

**Federal Rule 26 of Civil Procedure** state the following: Except in categories of proceeding specified in Rule **26(a) (1) (E)**, or to the extend otherwise stipulated or directed by order, a party must **without awaiting a discovery** request, provide to other parties; **a)** such as names, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claim or defenses unless solely for impeachment, identifying the subjects of the information;

**B)** a copy of, or a description by description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

1

**C)** a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under **Rule 34** the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extend of injuries suffered; **D)** for inspection and copying as under **Rule 34** any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Additionally, **Federal Rule 5(a)** and **77(d)** of Civil Procedure define **Service** on a party as Defendants or their lawyers or any other person in charge, or if **no one is in charge**; **A)** leaving it in a conspicuous place in the office; or if the person has no office or the office is closed, leaving **it at the person's dwelling "house"** or usual place of abode with someone of suitable age and discretion residing there.(B) Mailing a copy to the last known address of the person served. Service by mail is complete on mailing. (C) If the person served has no known address, leaving a copy with the clerk of the court.

### Statement of fact

Therefore, the contents as was provided by Counselor Mark Batten in his Cisco Motion to **stay discovery**, has proven as an **"opinion"** and not true in regard of Plaintiff ' requirement that a claim of **intentional discrimination** as he admitted should be pursued by first the **Equal Employment opportunity** and the applicable state agency in this case **the Massachusetts Commission Against Discrimination**. In the absence of anything as matter of record to lead to a

2

contrary to his opinion, as it is concluded that an opinion made by a counselor in any **Federal Courts** is not a part of the record proper; See **United States v. Midstate Horticultural Co., 318 U.S.442, 446**. Although Counselor Mark Batten in his opinion has mentioned that he is in process to "**dismiss**" Plaintiff's case and knowingly his opinion has no **merit**. Statement of opinion of Counsel in his Motion or argument are not sufficient for purposes of granting a motion to **dismiss** or for summary judgment; See **Trinsey v. Pagliaro, D.C. Pa 1964, 229 Supp. 647**. Additionally, in deciding a motion to dismiss, the "**Court**" must accept as true all well-pleaded material facts and make all reasonable inferences from these facts in the light **most favorable to the Plaintiff**; See **Rovira v. AT&T (Lucent spin off of AT&T), S.D.N.Y. 1991, 760F.Supp.376.**, additionally case of plaintiff was brought under the **Civil Rights Act** and should not be dismissed at the pleading stage unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim; **28 U.S.C.A. §§ 1331,1334, 1334 (3); 42 U.S.C.A. §§ 1981,1985, 407**. Unfortunately, Plaintiff has more direct evidence and facts in his claim that defendants are over whelmed and don't know how to defend nor to respond to his complain.

### Statement of Interest

Because plaintiff is Pro Se, **Defendants** or their **counselors** for both Firms have ignored their legal duty, as they should review **General Rule 11 of pleading** in particular, was rewriting in an effort to deter dilatory or **abuse tactics** and **frivolous Motions** and claims. **Sanctions**, once permissive, are now **mandatory** for any improper pleading, and Defendants Counselors, **Mark Batten, Tom Shirley and Lisa Gaulin** have an **affirmative duty** to inquire into the facts of a

3

matter and its merits before filing. Whereof the concomitant **amendment of Rule 7** further attempted to streamline litigation by extending the requirements and sanctions of **Rule 11** to **all motions**. Additionally the **1983 amendment to Rule 16** was directed at shifting the role of the **Honorable Judge** from that of a passive **adjudicator** to that of an **active case manager**. **Inscriptively**, Defendants 'counselors from both firms are "**exposing**" John Chambers, Patricia Russo, Anthony Savastano, and Carl Wiese, **have no cause** or **defense** in plaintiff Anthony Bayad' litigation, and Counselors are aware of their clients determination to continue it, the lawyer be warranted in **withdrawing or otherwise proceeding** as deemed and appropriate on due notice to their clients; **See Carr v. State, App. 2 Dist., 180 So. 2d 381 (1965).**

## Argument

**Counselor Mark Batten** should not act in desperation by introducing his frivolous motion and make it a big circus out of Plaintiff's Subpoena that was provided to him as matter of rights and not as matter of privilege, and which was provided by the United States District of Massachusetts, and was served in good faith by Plaintiff via **First Class** Mail, first time, and then was **quashed** by one Law firm (**Tom Shirley and Lisa Gaulin**). Plaintiff **Pro Se** is always visiting the court and proceeding with the help of the Clerk in order to comply with the law of proceeding of the United States Court for the District of Massachusetts. Plaintiff has served them by hand as they **mandated** and there is no need for Counselor Mark Batten to panic; **( Defendant were published on April 6, 2004 in Wall Street journal for Corporate Fraud**

**and Theft, please see exhibits attached hereto of this motion**);his Exhibit in his motion has **evidenced** of a **smoking gun** in this litigation in favor of Plaintiff and not the defendant, and he simply wanted to retaliate against Plaintiff by introducing a **frivolous** Motion with his opinion without reviewing the rule of Law and Civil Rights Act. Hence Plaintiff has **corrected** the **numerous misstatements** by defendants counselor **Mark Batten** for John Chambers, Anthony Savastano, and Carl Wiese, and this include also Defendant Counselors **Tom Shirley** and **Lisa Gaulin** for Patricia Russo set forth in **Cisco** Systems' motion to stay Discovery and **AVAYA Inc**. Plaintiff would also like to take this opportunity to ask for the court to **sanction** these attorneys for Plaintiff **expenses as defined by Rule 37 of Federal Civil Procedure,** in response to their baseless Motions of the burden of hide and see with the Plaintiff and the Court; along with manipulating the Rule of law in order to bill their clients as they are putting pressure on them.

### Conclusion

A this time, based upon the type of conduct exemplified in this Motion, Defendants have not complied fully with the rule of law as they should have and by showing in every discovery issue that arises in this case is being incredibly contentious. There is **no need for hostility and unfairness**. As was stated earlier in AVAYA INC. ' motion, discovery **is not a war**. Plaintiff would not object to the **authority** of discovery matters to the court Discretions and would ask for this Court 'help in assuring that any abusive conduct **( by either sided)** be curtailed.

## CERTIFICATE OF SERVICE

I certify that on April 12, 2004, a copy of this document was ~~Mailed via U.S. Mail~~ By hand by Anthony Bayad as mandated by Counselor in his motion :

Lisa Gaulin Esq.
Tom Shirley Esq.
Exchange place
53 State Street
Boston, MA 02109-2804
(617) 2480-5000

&

Mark Batten Esq.
150 Federal Street
Boston, MA 02148

ANTHON BAYAD
PLAINTFF PRO SE
2 MAGOUN AVENUE
MEDFORD, MA 02155
(781) 704-8982

*Anthony Bayad*

**A8** WEDNESDAY, APRIL 7, 2004                                                                                   THE WALL STF

# Lucent Fires Top China Executives

By KEN BROWN
And GEE L. LEE

Lucent Technologies Inc. dismissed its two top executives in China, its second-biggest market, after it found potential violations of U.S. rules that bar American companies from paying bribes abroad.

In a filing with the Securities and Exchange Commission, Lucent said an investigation by an outside counsel "found incidents and internal control deficiencies in its operations in China" that could violate the Foreign Corrupt Practices Act. The telecommunications-equipment maker reported the findings to the Department of Justice and the SEC.

While Lucent said it believes the findings won't have a material effect on its financial results, it said it didn't know how they would affect its business operations in China. That could be a tough blow for Lucent, which received 11% of its revenue from China during its 2003 fiscal year. The company didn't break out its 2002 revenue from China because it was below 10% of company revenue. Besides the U.S., which accounted for 60% of Lucent's 2003 revenue, no other country topped 10% of revenue.

Asia, and China in particular, have been Lucent's top growth areas, particularly after the collapse of much of its U.S. business during the telecommunications meltdown. "The majority of their growth is coming from China this year and next year," said Susan Kalla, an analyst at Friedman Billings Ramsey & Co.

Lucent, Murray Hill, N.J., has 3,000 employees in China in eight regional offices, two Bell Labs branches and five research-and-development facilities. It has signed multimillion-dollar contracts with many of the country's biggest telecom companies.

Lucent said it "separated" four people from the company, including the president of its China operations, its chief operating officer, a marketing executive and a finance manager. The company didn't identify the executives. But people close to the situation said the president of Lucent's China operations was Jason Chi and the chief operating officer was Michael Kwan. An article on Lucent's Web site from January quoted Mr. Chi as saying, "China's growth in demand for advanced telecom services is enormous." Mr. Chi declined to comment, and Mr. Kwan couldn't be reached for comment.

Mr. Kwan, who began his career as a software engineer at AT&T Bell Laboratories in 1984, had been president of Lucent Technologies Qingdao Telecommunications Systems Ltd., a Lucent joint venture in China, before assuming his most recent post in January 2001.

The filing didn't provide additional information, and a company spokesman declined to provide details. Lucent shares fell 10 cents to $4.32 in 4 p.m. New York Stock Exchange composite trading.

Spokesmen for the SEC and Justice Department declined to comment. Last year, Lucent reached a preliminary settlement with the SEC on its investigation of revenue-recognition issues, though the U.S. agency proposed a $25 million fine last month, citing Lucent's "lack of cooperation during the investigation."

Lucent said it has taken actions to improve its controls and policies overseas. The company said its operations in China will report to Robert Wartsler, president of global sales, until a new president is named.

## ACLU Files Suit As Challenge To 'No Fly' List

By AMY SCHATZ

WASHINGTON—The American Civil Liberties Union filed the first national challenge to the federal government's "no fly" list that stops travelers sus-