UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTHONY BAYAD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-10468-GAO |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN CHAMBERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AVAYA INC.'S MOTION TO QUASH PLAINTIFF'S RULE 45 SUBPOENA OF APRIL 6, 2004

Pursuant to Federal Rules of Civil Procedure 45 ("Rule 45"), Avaya Inc. ("Avaya"), a nonparty to the above-entitled action, hereby moves to quash in its entirety the subpoena duces tecum that Plaintiff Anthony Bayad attempted to serve on it on April 6, 2004. The subpoena is attached hereto as Exhibit 1. Avaya incorporates by reference the grounds for quashing set forth in its previous Motion to Quash, which was filed with this Court on April 1, 2004 and is attached hereto as Exhibit 2. As further grounds, Avaya states as follows:

1. Plaintiff filed the Complaint in the above-captioned matter on March 8, 2004. Three weeks later, on March 29, 2004, Pamela Craven, Avaya's General Counsel, received a subpoena (the "March 29 subpoena") via certified mail. The March 29 subpoena commanded Avaya, a nonparty, to produce documents to the U.S. District Court (without specifying which court) or to Plaintiff by April 2, 2004, thus giving Avaya only four days to respond.

2. On April 1, 2004, Avaya moved to quash the March 29 subpoena because (1) it was procedurally and substantively deficient, and (2) it failed to allow a reasonable time for compliance. See Exhibit 2. This Court has not yet ruled on the this motion.

3. On April 6, 2004, Plaintiff attempted to serve the undersigned counsel with another subpoena (the "April 6 subpoena") directed to Avaya. Plaintiff insisted that counsel meet him in the lobby of her building so that he could personally hand the subpoena to her. Federal Rules of Civil Procedure 45(b)(1) states that "[a] subpoena may be served by any person who is *not* a party and is not less than 18 years of age." (emphasis supplied). Because Plaintiff is a party to the above-referenced matter, his delivery of the subpoena to undersigned counsel renders service of it invalid.

4. Federal Rules of Civil Procedure 45(c)(3)(A) provides that "the court . . . *shall* quash or modify the subpoena if it . . . fails to allow reasonable time for compliance." (emphasis added). In this regard, the April 6 subpoena is facially unreasonable and, accordingly, must be quashed. First, the above-referenced action was commenced a little over one month ago. The defendants' responses are not even due for another month. Discovery in the matter cannot begin until an even later date. Avaya, a nonparty, should not be required to produce documents at this stage of the litigation, which comes well before the parties themselves are even allowed to request documents from each other. Finally, the April 6 subpoena commands Avaya to produce documents by April 19, 2004, thus giving Avaya an unreasonably short period of time to respond.

5. In addition to the above-referenced deficiencies, the subpoena at issue, like the March 29 subpoena, is substantively deficient in that Avaya cannot ascertain what is being sought because the requests are unintelligible. Accordingly, Avaya is unable to assess at this time whether the subpoena subjects it "to undue burden" pursuant to Rule 45(c)(3)(A)(iv).

WHEREFORE, Avaya respectfully requests that the Court quash Plaintiff's April 6 subpoena duces tecum in its entirety.

AVAYA INC.

By its attorneys,

Thomas E. Shirley, Esq. (BBO# 542777)
Lisa M. Gaulin, Esq. (BBO# 654655)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109-2891
617-248-5000

I HEREBY CERTIFY THAT A TRUE COPY OF
THE ABOVE DOCUMENT WAS SERVED
UPON THE ATTORNEY OF RECORD FOR
EACH OTHER PARTY BY MAIL/HAND ON
DATE 4·16·04 SIGNATURE _____

Dated: April 16, 2004

## Certification of Conference

Pursuant to Local Rule 7.1(A)(2), I, Lisa M. Gaulin, hereby certify that I have made a good-faith effort to confer on this issue with the *pro se* Plaintiff prior to filing this motion by speaking with Plaintiff on April 16, 2004. We were unable to resolve the issue.

Lisa M. Gaulin

3688683v1