IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| *ANTHONY BAYAD* , *Plaintiff* , | ) | CIVIL ACTION |
| | ) | CASE NO. 04-cv-10468-GAO |
| *JOHN CHAMBERS, PATRICIA RUSSO, ANTHONY SAVASTANO and CARL WIESE*, *Defendants* , | ) | |

**PLAINTIFF 'S MOTION MANDATING SANCTION/DEFAULT AGAINST DEFENDANTS ATTORNEYS FOR BOTH FIRMS ( TOM SHIRLEY & MARK BATTEN) FOR THEIR DISOBEDIENCE WITH COURT SUBPOENA ( CONTEMPT AND DISBARMENT)**

CONTEMPT 18 U. S. C. S §2 J 1.1

Because misconduct constituting contempt varies significantly and the nature of the contemptuous conduct, the circumstances under which the contempt was committed, the effect the Lawyers misconduct had on the administration of justice, and the need to vindicate the authority of the court are highly context-dependant, the guideline for **intentional disobedience** with the **Court Subpoena** issued and ***"signed"*** by the United States District Court, the offense of conduct will be sufficiently analogous is similarity of **Title 18 U. S. C. S § 2J1.2** ( **Obstruction of Justice**) as these lawyers willful failure to comply with rule of Law ( **United States Civil Rule of Procedures**); additionally numerous offenses of varying seriousness may constitute obstruction of justice:

**Obstructing a civil** or **administrative proceeding**; **alter evidence, evade legal process**, or **influence a juror or a federal officer**, or **obstruct information** or **evidence in a federal proceeding**. The conduct that gives rise to the violation may, therefore range from a mere threat to civil act to an act of extreme misconduct; and the motive or intend of these lawyers is obvious characterized the reflection of Smoking Gun, because their misconduct is a part of an effort to deter dilatory or abuse tactics and frivolous Motions and claims since their Defendants are in violation with Security Exchange Commission, Attorneys are assisting their clients to escape punishment for violation of the law; See ***United States v. Weston (1992, CA1 Me) 960 F.2d 212***; See also ***United States v. Del Salvo ( 1994, Ca2 NY) 26 F.3d 1216***, cert den (1994, U.S.) ***130 L Ed 2.d 124***, 115 S Ct 192; And since their misconduct is a first offense under ***18 U. S. C. § 228*** is not covered by the court guideline because is a class B misdemeanor, therefore the penalty for failure of party, in this case Defendants, against whom a judgment for affirmative relieve is sought to plead or otherwise defend as provided by the Federal Rules of Civil Procedure is entry of default.( **The default might be entered under Rule 55 (b) (2) upon application therefore by plaintiff; See *interstate Commerce Commission v. Daley 26F.Supp 421***).

STATEMENT OF FACT

Plaintiff in this litigation is seeking aid of the court in these circumstances, Wherefore Defendants and their attorneys (**Tom Shirley, Lisa Gaulin, and Mark batten**) are deliberately disobeying the District Court Clerk ' Subpoena, and they are attempting to take upon them selves the power to determine what

is the law and in doing so, subjected them selves to Civil Contempt and disbarment; See ***United States v. United Mine Workers of America, 330 U.S. 258, 307, 67 S.C.t.677,91 L.Ed.884 (1947)***. We are well aware that **Federal Rule of Civil Procedure and the Professional Ethics** are meant to be applied in such away to promote justice; ***See Fed. R. Civ. P. 1, and the rule of Professional Ethics***. Additionally the integrity of Judicial process demands compliance with court rule and orders, whether for defendants attorneys may be called to the **bar of justice** is not for them selves to **decide**, and thus the district court **has jurisdiction** to enter its orders in plaintiff' case, at least jurisdiction sufficient to uphold these attorneys Tom Shirley, Lisa Gaulin, and Mark Batten with an order of civil contempt and disciplinary action. Furthermore no type of dispute is more met for judicial resolution than one calling into question the power of a court to decide and to enforce its own rules. And in such circumstances, the direction of the court must be sustained; else we would risk rejecting the requirement of judicial process; ***See Choate, Hall & Stewart v. SCA Servs., Inc., 378 Mass.535,392 N.E.2d 1045 (1979),*** **Tom Shirley and Lisa Gaulin with the Firm Choate, Hall & Stewart is well connected firm in Massachusetts and this is why these attorneys are acting discriminatory against Plaintiff Pro Se.**

ATTORNEYS MISCONDUCT

Attorneys Lisa Gaulin & Tom Shirley with Choate, Hall & Stewart for both companies Lucent Technologies Inc. and AVAYA Inc., and Mark Batten for Cisco Systems Inc., are engage in misconduct in connection with practice of law that is prejudicial and discriminatory to the administration of

justice, including or through callous indifference, disparage, humiliation, and discriminatory against Plaintiff Anthony Bayad; Knowingly they are officers of the Court and an essential component of the administration of justice, and such, they conduct is subject to judicial supervision and scrutiny; ***See ex rel. Florida Bar v. Evans, 94 So.2d 730 (1957)***; additionally these lawyers shall not violate or attempt to violate the rules of the court or the rules of professional conduct, knowingly assist (Mark Batten is doing with Lisa Gaulin and tom Shirley) or induce another to do so, or to do so through the acts of another; or in disobedience with the court ( Civil Contempt), that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects; engage in conduct in connection with practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate; Attorney's dishonesty and conduct prejudicial to the administration of justice warranted disbarment, even though the misconduct occurred while the attorney was a judge; See ***The Florida Bar v. Mogil, 763 So.2d 303 (2000).*** Attorneys Mark batten, Lisa Gaulin, and Tom Shirley have legal duly upheld with obedience of the Rule of Professional Ethics and the Constitutional law Section Equal protection Clause bans discrimination on the basis of race, color, ethnicity; See ***Strauder v. West Virginia, 100 U.S. 303 (1979)***, and national origin; See ***City of Cleburn v. Cleburn living Center, 473 U.S. 432 (1985)***; While racial tension exists each time plaintiff is dealing with these attorneys, the Disparate treatment and the language used in their both defamatory motions demanding plaintiff not to serve them personally or

his family of any documents in their High class luxury offices, even though they have demanded to be served by hand. it is clear evidence their authority has shown on many occasions that Plaintiff is without right of due process. The Court or any court of this land subject them to strict review as they are engaged in conduct prejudicial to the administration of Justice; See ***the Florida bar v. Varner, 780 So.2d 1 ( 2001).*** Tome Shirley, Lisa Gaulin, and Mark Batten misconduct and disparate treatments are racially motivated and discriminatory against Plaintiff; See ***Florida Bar v. Frederick, 756 So.2d 79 (2000);*** they have obligation to act professionally and an obligation to comply with Plaintiff Subpoena as matter of law and not as matter of privilege, while their compliance is mandatory with Court Rules and Laws. Additionally **Attorneys Tom Shirley, Lisa Gaulin, and Mark Batten** have purposely ignored to comply with proper discovery or Court subpoena requested by opposing party, as in this case by Plaintiff and the United States District Court, They ( attorneys ) engaged in conduct prejudicial to administration of justice will be *suspended* form practice of law for ***91 days*** and will not be reinstated until they ( Tom Shirley, Lisa Gaulin, and Mark Batten) demonstrated their fitness to practice law, which includes proof of satisfaction of judgment entered against them in underlying civil action on which disciplinary action is predicted; See ***The Florida Bar v. Bloom, 632 So.2d 1016, (1994)***, and engaging in conduct prejudicial to administration of justice which adversely on fitness to practice law warrants six-month suspension; See ***The Florida Bar v. Jones, 403 So.2d 1340 (1981),*** Also filing a knowingly false response in regard to court Subpoena

and making the court looks without jurisdiction on discovery-Subpoena, and intentionally discriminating against Plaintiff ( minority) by representing material to him and to the Court , submitting affidavit, motions, they knew were false and misleading Plaintiff and Court ( Disobeying the rule of the Court and the Law) by misstatement in their initial response to the Court warrant ( **Tom Sirley, Lisa Gaulin, and Mark Batten**) ' suspension for ninety days; See ***Florida bar v. Corbin, 701 So.2d 334 (1997)***, as their misconduct was shown ;***1)*** They( Attorneys) threatened Plaintiff to be arrested if attempted to attend a training classsat Cisco Systems that he will be arrested as a criminal; ***2)*** They have sent to plaintiff many harassing and humiliating Correspondence containing the ***Badge of Law Enforcement Sheriff 3)*** They instructed their Private investigator to follow Plaintiff every where he goes as he was criminal or Terrorist;***4)*** they have quashed Plaintiff ' Court Subpoena for no reason and in their unfounded response they wanted the Subpoena to be signed and issued by the United Stated Clerk; ***5)*** plaintiff and the United Stated Court have complied with their demand and issued a signed Subpoena and sealed as they ( **attorney mandated**); ***6)*** then they squashed the Subpoena once again and this time their excuses were it need not to be served by Mail but they mandated it to be served by hand; ***7)*** Plaintiff with the consent of the clerk, Plaintiff served them by hand and they objected to be served by hand even though they mandated as it is stated in the record; they filed with the court that Plaintiff should not serve them with any papers in their office even though plaintiff is complying with the Federal Rule of Civil Procedure in Particular

Rule of service; ***8)*** plaintiff has complied with every demand introduced by these attorneys as they are aware that **Lawyers have obligation** to automatically disclose this information; See ***Rule 26 (a) (2) (A),*** as revised in **1993,** and state the Following: A party as in this case Defendants shall disclose to other parties the identity of any person who may be used at trial to present [expert] evidence, This disclosure is **" automatic"** in the sense that the adversary doesn't have to ask for it , as in this case Plaintiff and the United States District Court,. The disclosure must be made at the commencement of the filing of complain and before the trial at least 90 days. Also ***26 (a) (1)*** *state* ***automatic*** disclosure regarding liability insurance was made mandatory as part of the **1993 F.R.C.P Amendments,** Particularly under ***Rule 26 (a) (1)*** A party ( Defendants) shall, without awaiting a discovery request, provide to other parties: For inspection and copying... any insurance agreement under which an person carrying on an insurance business may be liable to satisfy part or all of a judgment as it is going to be entered in default or to indemnify or reimburse for payment made to satisfy the judgment as it is going to be entered for disobeying the Court. This mandatory disclosure must occur early on the case. Their action is discriminatory as they (**Attorneys**) presee Plaintiff as a class Citizen or banana Boat, and they need to change their culture and to be aware of the law, Plaintiff or his family came to this country **legally** and with the **right** to **exist** and to enjoy the same **protection** as these defendants who are also **immigrant, who** came to this country in the boat seeking better life that this wonderful country has to offer. Furthermore Plaintiff and his elderly parent

are not criminals nor terrorists; Only the court or the military necessity can justify such treatment against plaintiff and his elderly parent, in exclusion order, that is initiated as it was done during World War II ( **Plaintiff's members of his family served in World War II under the Flag of the French, The French Foreign Legion of North Africa; See United Stated Pentagon Archives and the United States Department of States**), against U.S. Citizens of Japanese ancestry from Areas held justified; See ***Korematsu v. United States, 323 U.S. 214( 1944)***,

CONCLUSION

Federal Rule of Civil Procedure, in particular ***Rule 15 (a)***; Declare that Leave to amend "shall be freely given when justice so required", and denial of motion without any apparent justification reason was abuse of discretion; Where error is due failure of Attorneys or other agent to act on behalf of their clients, in this case the Defendants attorneys **Tom Shirley, Lisa Gaulin, and Mark Batten**; See ***Greenspun v. Bogan, C.A.Mass.1974, 492 F.2d 375***, and a resolution on the merits is preferable to judgment by default, Court should liberally allow relief under Rule ***60*** for setting aside **default** judgment; See ***Pulliam v Pulliam, 1973, 478 F.2d 935, 56 U.S.App D.C.25***. Additionally ***Rule 60 and Rule 55*** of these Rules providing for setting aside default judgment and final judgment are to be liberally construed in order to provide onerous consequences of default and default judgments; See ***Tolson v. Hodge, C.A.N.C.1969, 411 F.2d 123***, also See ***Horn v. In electron Corp.,D.C.N.Y.1968, 294 F.Supp.1153***, setting aside of default and judgment should be given of these Rule 60 and 55;Exhibit Attached hereto .

**CERTIFICATE OF SERVICE**

I certify that on April 26 2004, a copy of this document was

SERVED BY HAND ON ;

**AVAYA Inc.,**
**LUCENT TECHNOLOGIES Inc.,**
**DEFENDANT PATRICIA RUSSO**
**Lisa Gaulin Esq.**
**Tom Shirley Esq.**
**Exchange place**
**53 State Street**
**Boston, MA 02109-2804**
**(617) 2480-5000**

**&**

**CISCO SYSTEMS Inc.,**
**DEFENDANTS**
**JOHN CHAMBERS,**
**ANTHONY SAVASTANO**
**CARL WIESE**
**Mark Batten Esq.**
**150 Federal Street**
**Boston, MA 02148**

**ANTHON BAYAD**
**PLAINTFF PRO SE**
**2 MAGOUN AVENUE**
**MEDFORD, MA 02155**
**(781) 704-8982**

*Anthony Bayad*

**EXHIBITS**