UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD,<br><br>        Plaintiff,<br>v.<br><br>JOHN CHAMBERS, et al.,<br><br>        Defendants. | Civil Action No. 04-10468-GAO |

## AVAYA INC.'S MOTION TO QUASH PLAINTIFF'S THIRD SUBPOENA DUCES TECUM

Pursuant to Federal Rules of Civil Procedure 45 ("Rule 45"), Avaya Inc. ("Avaya"), a nonparty to the above-captioned action, hereby moves to quash in its entirety the subpoena duces tecum that Plaintiff Anthony Bayad attempted to serve on it on April 19, 2004. The subpoena is attached hereto as Exhibit 1. Avaya incorporates by reference the grounds for quashing set forth in its previous motions to quash, which were filed with this Court on April 1, 2004 and April 16, 2004. As further grounds, Avaya states as follows:

1.    Plaintiff filed the Complaint in the above-captioned matter on March 8, 2004. Three weeks later, on March 29, 2004, Pamela Craven, Avaya's General Counsel, received a subpoena (the "March 29 subpoena") via certified mail. The March 29 subpoena commanded Avaya, a nonparty, to produce documents to the U.S. District Court (without specifying which court) or to Plaintiff by April 2, 2004, thus giving Avaya only four days to respond.

2.    On April 1, 2004, Avaya moved to quash the March 29 subpoena because (1) it was procedurally and substantively deficient, and (2) it failed to allow a reasonable time for compliance. This Court has not yet ruled on this motion.

3693271v1

3. On April 6, 2004, Plaintiff attempted to serve the undersigned counsel with another subpoena (the "April 6 subpoena") directed to Avaya. On April 16, 2004, Avaya moved to quash the April 6 subpoena because (1) it was procedurally and substantively deficient, and (2) it failed to allow a reasonable time for compliance. This Court has not yet ruled on this motion.

4. On April 19, 2004, Plaintiff attempted to serve yet another subpoena directed to Avaya (the "April 19 subpoena"). The documents requested in the April 19 subpoena are the exact same documents requested in the April 6 subpoena. As such, the April 19 subpoena suffers from the same substantive deficiencies found in the April 6 subpoena, namely that, because the requests are unintelligible, Avaya cannot ascertain what documents are being sought. Accordingly, Avaya is unable to assess at this time whether the subpoena subjects it "to undue burden" pursuant to Rule 45(c)(3)(A)(iv).

5. On April 6, 2004, Defendants John Chambers, Anthony Savastano, and Carl Wiese, all employees of Cisco Systems, Inc. ("Cisco"), moved to stay discovery in the matter until defendants have had an opportunity to respond to Plaintiff's Complaint, which responses are not even due until May 17, 2004. Messrs. Chambers, Savastano and Wiese explained that they intend to file a motion to dismiss, and to allow discovery to go forward at this stage of the litigation would risk an unnecessary use of defendants' resources to defend claims that may be defective as a matter of law. The Court has not yet ruled on this motion.

6. Federal Rules of Civil Procedure 45(c)(3)(A) provides that "the court . . . *shall* quash or modify the subpoena if it . . . fails to allow reasonable time for compliance." (emphasis added). In this regard, the April 19 subpoena is facially unreasonable and, accordingly, must be quashed. First, the above-captioned action was commenced only one and one-half months ago.

3693271v1

The defendants' responses are not even due for several more weeks. Moreover, discovery in the matter cannot begin until an even later date and, in any event, is subject to a pending motion to stay. Avaya, a nonparty, should not be required to produce documents at this stage of the litigation, which comes well before the parties themselves are even allowed to request documents from each other.

WHEREFORE, Avaya respectfully requests that the Court quash Plaintiff's April 19 subpoena duces tecum in its entirety.

AVAYA INC.

By its attorneys,

*Lisa Gaulin*
Thomas E. Shirley, Esq. (BBO# 542777)
Lisa M. Gaulin, Esq. (BBO# 654655)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109-2891
617-248-5000

Dated: April 30, 2004

Certification of Conference

Pursuant to Local Rule 7.1(A)(2), I, Lisa M. Gaulin, hereby certify that I have made a good-faith effort to confer on this issue with the *pro se* Plaintiff prior to filing this motion by leaving voice messages with him on April 29, 2004 and April 30, 2004. As Plaintiff did not return my phone calls prior to filing this motion, we were not able to resolve the issue.

*Lisa Gaulin*
Lisa M. Gaulin

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY (MAIL)/HAND ON
DATE 4·30·04 SIGNATURE *L Gaulin*

3693271v1