UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,

        Plaintiff,

v.

JOHN CHAMBERS, et al.,

        Defendants.

Civil Action No. 04-10468-GAO

## LUCENT TECHNOLOGIES INC.'S MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM

Pursuant to Federal Rules of Civil Procedure 45 ("Rule 45"), Lucent Technologies Inc. ("Lucent"), a nonparty to the above-captioned action, hereby moves to quash in its entirety the subpoena duces tecum that Plaintiff Anthony Bayad attempted to serve on it on March 31, 2004. The subpoena is attached hereto as Exhibit A. Lucent incorporates by reference the grounds for quashing set forth in Avaya Inc.'s Motion to Quash filed with this Court on April 1, 2004. As further grounds, Lucent states as follows:

1.     Plaintiff filed the Complaint in the above-captioned matter on March 8, 2004. Three weeks later, on March 31, 2004, Defendant Patricia Russo received the subpoena at issue, even though the subpoena is directed to Lucent Technologies and not Ms. Russo.[1] The subpoena commands Lucent, a nonparty, to produce documents to the U.S. District Court (without specifying which court) or to Plaintiff by April 2, 2004.

2.     Plaintiff has attempted to serve similar subpoenae on Avaya Inc. ("Avaya"), also a nonparty, on March 29, 2004 and April 6, 2004. Avaya moved to quash these subpoenae on April 1, 2004 and April 16, 2004, respectively. To date, this Court has not ruled on these

---

[1] The subpoena at issue was not forwarded to the undersigned counsel until the week of April 23.

3693321v1

motions. Plaintiff has also attempted to serve Cisco Systems, Inc. ("Cisco") with similar subpoenae; Cisco has objected to the subpoenae on various grounds.

3. On April 6, 2004, Defendants John Chambers, Anthony Savastano, and Carl Wiese, all employees of Cisco, moved to stay discovery in the matter until defendants have had an opportunity to respond to Plaintiff's Complaint, which responses are not even due until May 17, 2004. Messrs. Chambers, Savastano and Wiese explained that they intend to file a motion to dismiss, and to allow discovery to go forward at this stage of the litigation would risk an unnecessary use of defendants' resources to defend claims that may be defective as a matter of law. The Court has not yet ruled on this motion.

4. Rule 45(c)(3)(A) provides that "the court . . . *shall* quash or modify the subpoena if it . . . fails to allow reasonable time for compliance." (emphasis added). In this regard, the subpoena at issue here is facially unreasonable and, accordingly, must be quashed. First, the above-captioned action was commenced only one and one-half months ago. The defendants' responses are not even due for several more weeks. Moreover, discovery in the matter cannot begin until an even later date and, in any event, is subject to a pending motion to stay. Lucent, a nonparty, should not be required to produce documents at this stage of the litigation, which comes well before the parties themselves are even allowed to request documents from each other.

5. In addition to being premature, Plaintiff's subpoena is also procedurally deficient. Most notably, the subpoena was issued by the *pro se* Plaintiff himself and not by a court clerk or an attorney as required by Rule 45(a)(3)(A)-(B). Thus, the subpoena is not authorized and, consequently, is invalid.[2]

---

[2] The subpoena also fails to indicate the court in which the matter is pending as required by Rule 45(a)(1)(B).

3693321v1

6. In addition to the above-referenced deficiencies, the subpoena at issue is substantively deficient in that Lucent cannot ascertain what is being sought because the requests are unintelligible. Accordingly, Lucent is unable to assess at this time whether the subpoena subjects it "to undue burden" pursuant to Rule 45(c)(3)(A)(iv).

WHEREFORE, Lucent Technologies Inc. respectfully requests that the Court quash Plaintiff's subpoena duces tecum in its entirety.

LUCENT TECHNOLOGIES INC.,

By its attorneys,

*Lisa Gaulin*
Thomas E. Shirley, Esq. (BBO# 542777)
Lisa M. Gaulin, Esq. (BBO# 654655)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109-2891
617-248-5000

Dated: April 30, 2004

### Certification of Conference

Pursuant to Local Rule 7.1(A)(2), I, Lisa M. Gaulin, hereby certify that I have made a good-faith effort to confer on this issue with the *pro se* Plaintiff prior to filing this motion by leaving voice messages with him on April 29, 2004 and April 30, 2004. As Plaintiff did not return my phone calls prior to filing this motion, we were not able to resolve the issue.

_____
Lisa M. Gaulin

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY (MAIL)/HAND ON
DATE 4-30-04   SIGNATURE *Lisa Gaulin*

3693321v1