## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| *ANTHONY BAYAD* , | ) | |
| | ) | |
| | ) | |
| *Plaintiff* , | ) | **CIVIL ACTION** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **CASE NO. 04-cv-10468-GAO** |
| | ) | |
| *JOHN CHAMBERS, PATRICIA* | ) | |
| *RUSSO, ANTHONY* | ) | |
| *SAVASTANO and CARL* | ) | |
| *WIESE,* | ) | |
| *Defendants ,* | ) | |
| | ) | |

### <u>Notice of perjury</u>
(falsifying U.S. District Court ' waiver of service summons)

AVAYA Inc.,
LUCENT TECHNOLOGIES Inc.,
DEFENDANT PATRICIA RUSSO
Lisa Gaulin Esq.
Tom Shirley Esq.
Exchange place
53 State Street
Boston, MA 02109-2804

*YOU ARE PROHIBITED* to misrepresent malice, intend, knowledge, and *falsify* an *official document* or official act, in this case the U.S. District Court 'waiver of service summons, provided by the U.S. Clerk. You have submitted to Plaintiff your waiver on *April 27, 2004* that was sent to you on *March 9, 2004* and you have received it on *March 11, 2004*, additionally you signed the Waiver of service and *[y]ou* <u>falsified</u> the section that indicate "date request was sent" in the waiver of service summons of the U.S. Clerk. Your misconduct constitute fraud and

perjury, and embezzlement or forgery warrants disbarment; See **Florida Bar v. Greenberg, 247 So.2d 151 (1970)**; moreover the Rule of Professional Ethics clearly define the misconduct ( of these lawyers, Tom Shirley & Lisa Gaulin) of falsifying the date of the waiver of Service in order to avoid time limitation which was "**pass due**" **March 19, 2004**, and their misconduct was intent, as element for discipline an attorneys ( Tom Shirley & Lisa Gaulin) for engaging in conduct involving dishonesty, fraud, or misrepresentation, is proven by fact and exhibits furnished in support of this notice that the conduct was in fact deliberate and knowing; See **The Florida Bar v. Mogil, 763 So.2d 303 (2002)**; furthermore the liability falls also on the very **Senior partners of Choate, Hall & Stewart** as they are responsible for ethical violation resulting from directing associate in firm ( Tom Shirley & Lisa Gaulin);See The **ABA Rule 5.1** Responsibilities of Firm **Partner/Supervisors**, Define the Rule as Follows:

" A partner and Lawyers ( as Tom Shirley & Lisa Gaulin) with similar managerial authority must take all reasonable efforts to ensure that other attorneys in the firm conform to the Rules of Professional Conduct and the Rule of Law", in this case the rule of the United States District of Massachusetts.

They ( Attorneys Tom Shirley & Lisa Gaulin) have purposely neglected the law and the rule of Professional ethics and their misconduct is matter of recurrences basis for discipline, regardless of lawyers' motives; Motives may of course influence the sanction, and the likelihood of discipline increase as the number of neglect matters increases; See **In Matter of Snow, 530 N. Y. S. 2d 886 (2d Dept. 1988)**, a pattern of neglect of several matter resulted in one year suspension, as

they ( attorneys the first misconduct,**offense 1**) *Intentional disobedience* of the United States Court Subpoena  issued and Signed by the U.S. Clerk, the first offense of conduct was in similarity with *Title 18 U. S. C. S  § 2j1.2* obstruction of Justice, willful failure to comply with rule of United States Civil Rule of Procedures; **2**) They are attempting to take upon them selves the power to determine what is the law and in doing so, subjected them selves to Civil Contempt and disbarment; See *United States v. United Mine Workers of America, 330 U.S. 258, 307, 67 S. C. t. 677, 91 LE.d. 884 (1947)*; **3**) and now they (attorneys Tom Shirley & Lisa Gaulin) are falsifying the United States official document of the Waiver of Service of Summons, and by engaging in conduct prejudicial to administration of justice which adversely on fitness to practice law warrants **Six-month suspension**; See *Florida Bar v. Jones, 403 So.2d 1340 ( 1981)*, Also filing a knowingly response in regard to U.S. Waiver of Service of Summons, They ( Tom Shirley & Lisa Gaulin) knew were false and misleading warrant suspension for ninety ( **90**) days; See *Florida bar v. Corbin , 701 So.2d 334 ("1997")*.

---

Rule **15** of the federal Rule of Civil Procedure provides that once time for amending a pleading as of right has expired, in this case it is  Defendant Patricia Russo and her attorneys ( Tom Shirley and Lisa Gaulin) may request leave of court to amend, which " shall be freely given when justice so requires; Fed. R. Civ. P. **15 (a)**. It has been liberally construed, and leave to amend should be granted absent undue prejudice; **See Foman v. Davis, 371 U.S. 178, 182 (1967)**;

## **SERVICE & SUMMONS**

On about **March 18, 2004** Defendants John Chambers, Anthony Savastano, and Carl Wiese have all returned the waiver of service of summons and filed it accordingly with rule 5(d) with the Clerk of the court and plaintiff. Defendant Patricia Russo did not return the waiver of service of summons as directed **March 19 2004** nor she has filed any answer with Clerk of the court as required to Federal Rule of Civil Procedure 5(d) or the time to respond to the complain as governed by **12 (a)** ( in this case is **20 days**); **please See Exhibits attached**, the First Page of the Complaint with the Clerk Docketed numbers, The United States Service Summon that was served with the Complain on About **March 9th, 2004** , The United States Postal Service proof and proper service, the united States Postal Service Track & Confirm document showing the date of proper service summons was properly executed and notified Defendant Patricia Russo of Plaintiff law suit against her, The U.S. Summon was commanding Defendant Patricia Russo to respond on **Marsh 19, 2004** and all the defendants John Chambers, Carl Wiese, and Anthony Savastano, with their attorney Mark batten have complied with the United States Summon, but **"Ms. Patricia Russo"**.

---

Additionally if Defendant Patricia Russo and her Attorneys (Tom Shirley and Lisa Gaulin) cannot demur to the complain or make an **equivalent 12 (b) (6)** motion or dispose of it on any of the grounds listed **in Fed. R. P. 12(b)**; Wherefore Plaintiff have shown that Defendant in particular Patricia Russo and her Attorneys were under the honest but mistaken impression that a filing with united States Court Clerk; See **Rule 5(d)** govern the filing with court or an answer to Plaintiff complain had been timely filed; See **rule 12(a)** define time and when the paper must by filed ( time allowed is 20 days); such mistaken impression constitutes good cause to set aside the default under **Rule 55 (c)**; See **Kennerly ARO, Inc., V. Air Engineering Metal Traders, 447 F. Supp 1083 (EL Tenn. 1977.**

Ms. Russo as always did not, additionally plaintiff provided her 20 more days to respond and she failed to comply with Federal of Civil Proceeding, **_Rule 5 ( d) and 12 ( a)_**, and **_on about march 27, 2004_**;she ( **_Patricia Russo and her Attorneys_**) filed the **_notice of appearance_** and did not file the Waiver of Service of Summon, and the motive for not complying with the rule of the Court is because she was in default and by changing the date in the waiver of summon she and her attorneys were thinking to avoid the statue of limitation and by doing so they committed **_perjury_**.

## CONCLUSION

Plaintiff's motion for default judgment  under **Rule 55** will be granted where Defendant `Counsels (<u>Tom Shirley and Patricia Russo</u>), although having **knowledge** of the **Law** suits and the proper service of the complain and being **aware** of a possible defense of release, permitted the date for filing answer to **pass** without seeking an <u>extension</u> and give <u>no excuse</u> for delay inadvertence, and a resolution on the merits is preferable to judgment by default, court should liberally allow relief under **Rule 60** for setting aside default judgment; additionally **_Rule 60_** and **_Rule 55_** of these Rules providing for setting aside default judgment are to be liberally construed in order to provide onerous consequences of default judgments; See **_Tolson v. Hodge, C. A. N. C. 1969, 411 F.2d 123_**, also See Horn **_v. Electron Corp., D.C.N.Y.1968, 294 F.Supp.1153_**, and **_Pulliam v. Pulliam, 1973, 478, F.2d 935, 56 U.S. App D.C.25._**

# **CERTIFICATE OF SERVICE**

I certify that on April 2?, 2004, a copy of this document was

SERVED BY HAND ON ;

**AVAYA Inc.,**
**LUCENT TECHNOLOGIES Inc.,**
**DEFENDANT PATRICIA RUSSO**
**Lisa Gaulin Esq.**
**Tom Shirley Esq.**
**Exchange place**
**53 State Street**
**Boston, MA 02109-2804**
**(617) 2480-5000**

**&**

**CISCO SYSTEMS Inc.,**
**DEFENDANTS**
**JOHN CHAMBERS,**
**ANTHONY SAVASTANO**
**CARL WIESE**
**Mark Batten Esq.**
**150 Federal Street**
**Boston, MA 02148**

**ANTHON BAYAD**
**PLAINTFF PRO SE**
**2 MAGOUN AVENUE**
**MEDFORD, MA 02155**
**(781) 704-8982**

*Anthony Bayad*

**EXHIBITS**

CHOATE, HALL & STEWART
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
EXCHANGE PLACE
53 STATE STREET
BOSTON, MASSACHUSETTS 02109-2804

Anthony Bayad
2 Magoun Avenue
Medford, MA 02155



U.S. POSTAGE
00.60

Anthony Bayad
April 27, 2004
Page 2


     For your convenience, I have enclosed a copy of Ms. Russo's waiver of service. Please call me if you have any further questions or concerns.


                Very truly yours,

                Lisa Gaulin

Enclosure

cc:    Thomas E. Shirley

*AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO:  Anthony Bayad, pro se
_____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Patricia Russo
_____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of
_____   Bayad v. Chambers, et al.
(CAPTION OF ACTION)

which is case number   04-10468-GAO
_____ in the United States District Court
(DOCKET NUMBER)

for the _____ District of   Massachusetts

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after
April 2, 2004
_____
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

4-2-04
_____
(DATE)

_Lisa M Gaulin_
Lisa M. Gaulin, Esq.,   (SIGNATURE) on behalf of Patricia Russo

Printed/Typed Name:   Lisa M. Gaulin, Esq.

As _____ of _____
(TITLE)                         (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of  MASSACHUSETTS

ANTHONY BAYAD

**SUMMONS IN A CIVIL CASE**

v.

John CHAMBERS
PATRICIA RUSSO
ANTHONY SAVASTANO
CARL WIESE

CASE NUMBER:

**04  10468 GAO**

TO: (Name and address of Defendant)

PATRICIA RUSSO
600 MOUNTAIN AVENUE
MURRAY HILL, NJ 07974-0636

Telephone 908 508 8080

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

ANTHONY BAYAD
2 MAGOUN AVENUE
MEDFORD, MA 02155

Telephone 781-704 8982

an answer to the complaint which is served on you with this summons, within _____10_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

(By) DEPUTY CLERK

DATE          3-8-04



**UNITED STATES**
**POSTAL SERVICE**

```
***** WELCOME TO *****
     MILK ST STATION
   BOSTON MA 02109-5121
     03/09/04 12:32PM

Store USPS          Trans   64
Wkstn sys5013       Cashier D5FV60
Cashier's Name      jim
Stock Unit Id       1AJIM
PO Phone Number     617-482-1956
USPS #              2407980009

1. Pad Bag 14x20-RP              1.89
2. Pad Bag 14x20-RP              1.89
3. Pad Bag 14x20-RP              1.89
4. Pad Bag 14x20-RP              1.89
5. Priority Mail                 9.35
   Destination:     20549
   Weight:          3lb 14.00oz
   Postage Type:    PVI
   Total Cost:      9.35
   Base Rate:       7.05
         SERVICES
   Certified Mail                2.30
    70032260000466692382
6. Priority Mail                 7.60
   Destination:     07974
   Weight:          3lb 15.10oz
   Postage Type:    PVI
   Total Cost:      7.60
   Base Rate:       5.30
         SERVICES
   Certified Mail                2.30
    70032260000466710673
7. Priority Mail                12.65
   Destination:     95134
   Weight:          3lb 15.00oz
   Postage Type:    PVI
   Total Cost:      12.65
   Base Rate:       10.35
         SERVICES
   Certified Mail                2.30
    70032260000466692375
8. Priority Mail                 7.60
   Destination:     08837
   Weight:          3lb 14.00oz
   Postage Type:    PVI
   Total Cost:      7.60
   Base Rate:       5.30
         SERVICES
   Certified Mail                2.30
    70032260000466692368

Subtotal                        44.76
Total                           44.76

Cash                            60.00
Change Due
  Cash                          15.24

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to
USPS.com/clicknship to print shipping
labels with postage.  For other
information call 1-800-ASK-USPS.


Number of Items Sold: 8

         Thank You
     collect US stamps
       united america
```

# CHOATE, HALL & STEWART

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

EXCHANGE PLACE

53 STATE STREET

BOSTON, MASSACHUSETTS 02109-2804

TELEPHONE (617) 248-5000 · FAX (617) 248-4000

WWW.CHOATE.COM

LISA GAULIN
DIRECT DIAL: (617) 248-5141
EMAIL: LGAULIN@CHOATE.COM

April 27, 2004

**BY HAND**

Clerk of Court
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

> RE: *Bayad v. Chambers,* et al.
> Civil Action No. 04-10468-GAO

Dear Sir/Madam:

Enclosed for filing in the above-referenced matter, please find the Notice of Appearance for Thomas E. Shirley and Lisa M. Gaulin. Please date stamp the enclosed copy of this letter and return it to my messenger. Thank you for your assistance in this matter.

Very truly yours,

Lisa Gaulin

Enclosure

cc:   Anthony Bayad (*via regular mail* w/enc.)
      Mark Batten, Esq. (*via regular mail* w/enc.)
      Thomas E. Shirley, Esq. (w/enc.)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTHONY BAYAD, | ) | |
| | ) | |
| | ) | Civil Action No. 04-10468-GAO |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JOHN CHAMBERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### NOTICE OF APPEARANCE

Kindly enter the appearance of Thomas E. Shirley and Lisa M. Gaulin on behalf of

Defendant Patricia Russo.

PATRICIA RUSSO

By her attorneys,

*Lisa Gaulin*

Thomas E. Shirley, Esq. (BBO# 542777)
Lisa M. Gaulin, Esq. (BBO# 654655)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109-2891
617-248-5000

Dated April 27, 2004

I HEREBY CERTIFY THAT A TRUE COPY OF
THE ABOVE DOCUMENT WAS SERVED
UPON THE ATTORNEY OF RECORD FOR
EACH OTHER PARTY BY MAIL/HAND ON
DATE 4·27·04 SIGNATURE *Gaulin*

3692151v1

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of MASSACHUSSETTS

ANTHONY BAYAD

V.

**SUMMONS IN A CIVIL CASE**

JOHN CHAMBERS
PATRICIA RUSSO
ANTHONY SAVASTANO
CARL WIESE

CASE NUMBER:

## 04 10468 GAO

TO: (Name and address of Defendant)

CARL WIESE
499 THORNALL Street
6 FLOORS
EDISON, NEW Jersey 08837

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Anthony BAYAD        TelePhone 781704 898.
2 MAGOUN Avenue
MEDFORD, MA 08155

an answer to the complaint which is served on you with this summons, within _____10_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE    3-8-04

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _MASSACHUSETTS_

ANTHONY BAYAD

**SUMMONS IN A CIVIL CASE**

v.

JOHN CHAMBERS
PATRICIA RUSSO          CASE NUMBER:
ANTHONY SAVASTANO
CARL WIESE

# 04  10468 GAO

TO: (Name and address of Defendant)

John CHAMBERS          Telephone:[408] 526 8222
300 EAST TASMAN DRIVE
SAN JOSE, CALIFORNIA 95134

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

ANTHONY BAYAD          Telephone 781 704 8982
2 MAGOUN Avenue
MEDFORD, MA 02155

an answer to the complaint which is served on you with this summons, within _____10_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

_____          DATE   3-0-04

CLERK

(By) DEPUTY CLERK



# Track & Confirm

### Shipment Details

You entered 7003 2260 0004 6669 2375

Your item was delivered at 9:44 am on March 11, 2004 in SAN JOSE, CA 95134.

Here is what happened earlier:

- ARRIVAL AT UNIT, March 11, 2004, 9:07 am, SAN JOSE, CA 95134
- ACCEPTANCE, March 09, 2004, 12:35 pm, BOSTON, MA 02109

### Notification Options

▸ **Track & Confirm by email**   What is this?    Go >

**POSTAL INSPECTORS**
Preserving the Trust

site map   contact us   government services
Copyright © 1999-2002 USPS. All Rights Reserved. Terms of Use  Privacy Policy



### Track & Confirm

Enter label number:

**Track & Confirm FAQs**





**UNITED STATES POSTAL SERVICE®**

# Track & Confirm

### Shipment Details

You entered 7003 2260 0004 6669 2368

Your item was delivered at 2:14 pm on March 11, 2004 in EDISON, NJ 08837.

Here is what happened earlier:

- ACCEPTANCE, March 09, 2004, 12:37 pm, BOSTON, MA 02109

### Notification Options

▸ **Track & Confirm by email**   What is this?     Go >

**POSTAL INSPECTORS**
Preserving the Trust

site map  contact us  government services
Copyright © 1999-2002 USPS. All Rights Reserved. Terms of Use  Privacy Policy

**Track & Confirm**

Enter label number:

**Track & Confirm FAQs**



**BINGHAM McCUTCHEN**

Mark W. Batten
Direct Phone: (617) 951-8457
mark.batten@bingham.com

March 19, 2004

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

**Via Hand Delivery**

Clerk
United States District Court
for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA  02210

Re:   **Bayad v. Chambers, et al.**
      **Docket No. 0410468GAO**

Dear Sir or Madam:

Enclosed for filing in the above-captioned matter please find Waivers of Service of Summons for Carl Wiese, John Chambers and Anthony Savastano.

Thank you for your attention to this matter.

Very truly yours,

*Mark W. Batten*

Mark W. Batten

MWB/kb
Enclosures

cc:    Anthony Bayad

%AO 399  (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _ANThONY BAYAD_
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _ANThONY SAVASTANO_ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action
of _BAYAD V. ChAMBERS ETAL._
(CAPTION OF ACTION)

which is case number _04/10468 GAO_ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _MASSACHUSETTS_ .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after _MARCH 9, 2004_
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_3/16/2004_
(DATE)

_Anthony Savast_
(SIGNATURE)

Printed/Typed Name: _Anthony Savastano_

As _____ of _____
(TITLE)              (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

%AO 399  (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _ANTHONY BAYAD_
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _John Chambers_ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action
of _BAYAD V. Chambers ETAL._
(CAPTION OF ACTION)

which is case number _04/0468 GAO_ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _MASSAChUSETTS_ .

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days _MARCH 9, 2004_
after (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_3-16-04_
(DATE)

by _John Chambers_
(SIGNATURE)

Printed/Typed Name: _John Chambers_

As _____ of _____
(TITLE)            (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

AO 399  (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO:    _ANThony BAyAd_
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _CARL WiESE_, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action
of _BAyAD v. ChAmbers ETAL_
(CAPTION OF ACTION)

which is case number _04 10468GAO_ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _MASSAChuSEtts_.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means
by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit
by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the
manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to
the jurisdiction or venue of the court except for objections based on a defect in the summons or in the
service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if
an

answer or motion under Rule 12 is not served upon you within 60 days
after    _March 9 2001_
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_3/18/04_                    _Carl Wiese_
(DATE)                              (SIGNATURE)

Printed/Typed Name: _Carl Wiese_

As _____ of _____
(TITLE)                        (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons
and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States
to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and
return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought
in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives
service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later
object to the jurisdiction of the court or to the place where the action has been brought.