UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOHN CHAMBERS,<br>PATRICIA RUSSO, ANTHONY SAVASTANO,<br>and CARL WIESE,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION<br>     NO.  04-10468-GAO |

## CISCO DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S MOTION FOR SANCTIONS

Defendants John Chambers, Anthony Savastano, and Carl Wiese (the "Cisco defendants") respectfully oppose plaintiff's motion for "sanction/default" against defense counsel. The motion has no basis and should be denied.

The Cisco defendants are all employees of Cisco Systems, Inc., and the undersigned represents those individuals as well as Cisco in this matter. The remaining defendant, Patricia Russo, is represented by the firm of Choate, Hall & Stewart, which also represents Avaya, Inc. in connection with subpoenas that plaintiff has served on Avaya. Plaintiff's chief complaint seems to be that defense counsel, on behalf of Cisco and Avaya, have objected to several subpoenas that he has served.

There was nothing inappropriate about defense counsel's response to plaintiff's premature subpoenas, let alone conduct worthy of any sanction. The Federal Rules of Civil Procedure specifically authorize a party on whom a subpoena is served requesting production of documents to object to that subpoena. See Fed. R. Civ. P. 45(c). That is all that has happened here. If plaintiff believes the

- 1 -

objections are not well founded, he can take up that position with the Court on the merits, but there is no justification for a motion for sanctions.

In particular, Cisco has objected to plaintiff's subpoenas primarily because this case has just been filed, and discovery has not yet commenced -- indeed, plaintiff has not even permitted the defendants to answer his complaint. He also has not made the initial disclosures mandated by Fed. R. Civ. P. 26, and there has been no scheduling conference in accordance with Local Rule 16.1. See Fed. R. Civ. P. 26(a), 26(d), 26(f); Local Rule 26.2. The Cisco defendants accordingly have moved for a stay of discovery. Plaintiff has filed no opposition to that motion, but continues to attempt to subpoena documents.

Plaintiff also objects to the Cisco defendants' request that he not contact Cisco or visit Cisco property, and that he not serve materials by hand. There is nothing sanctionable in those requests. They were prompted by several telephone calls from the plaintiff to the individuals named as defendants, and a call to another Cisco employee in which plaintiff apparently misrepresented the reason for his call. It is entirely reasonable for these individuals and Cisco to prefer that plaintiff communicate on this matter only through counsel.

## CONCLUSION

For all of the foregoing reasons, plaintiff's motion for sanctions should be denied.

LITDOCS/548163.1

Respectfully submitted,

**JOHN CHAMBERS**
**ANTHONY SAVASTANO**
**CARL WIESE**

By their attorneys,

Mark W. Batten, BBO #566211
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000

Dated: April 26, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on the plaintiff pro se and all counsel of record by first-class mail, postage prepaid, this 26th day of April, 2004.

Mark W. Batten

LITDOCS/548163.1