IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY BAYAD, )<br>)<br>)<br>*Plaintiff* , )<br>)<br>)<br>)<br>)<br>JOHN CHAMBERS, PATRICIA )<br>RUSSO, ANTHONY )<br>SAVASTANO & CARL )<br>WIESE, )<br>*Defendants*, )<br>) | CIVIL ACTION<br><br>CASE NO. 04-cv-10468-GAO |

**PLAINTIFF 'MOTION TO STRIKE WITH SANCTION CISCO DEFENDANTS'
PARTIAL MOTION TO DISMISS**

### THE CIVIL RIGHTS RECONSTRUCTION ERA STATUES
### 42 U. S. C 1981, 1982, 1983, 1985(3)

***1.***     Any **American** who is abused or discriminated against based on race or ethnicity, can bring suit under this act and may file a suit in Federal District Court without having to get permission to sue from any administration (***EEOC or Human Rights Division***); See As amended by the Civil Rights Act of 1991; **42 U. S. C. Sections 1981** and **section 1985** as stated in Plaintiff' complaint. Additionally 42 U. S. C § 1981 Prohibit discrimination in work places for promotions, Lay off, and discharge of employment; Whereas Section 1981 was enacted before section 1985 and that did not require pursuit exhaust of administration of administrative remedies; **See Spectronics Corp. V. TCI/TKR of Jefferson county, Inc., 17**

1

*F. Supp.2d 669 ( W.D.Ky. 1998)*, and Section 1981 is proper substantive basis for Section *1985;* Since Congress purpose in enacting the *1871 Act* was to enforce the Provisions of the pre-existing *1866 Act*. Moreover **Section 1985** was noticed by some Courts who have recognized the existence of an intra-corporate **conspiracy** as in the case of Plaintiff, where the individuals employees as Defendants in this case are found to have acted in concert either **1)** outside the scope of their employment and discriminated for personal reasons ; *See Gaza v. City of OMAHA, 814 F. 2d 553 ( 8th Cir. 1987)*, **2)** Within the scope of their supervisory authority as defendants in Plaintiff' case, **3)** also setting forth **liability** for **conspiracy** to deprive of Civil Rights were enacted by congress as enforcement vehicle for **U. S. C. A. Const. Amend. 13**, in order to provide protected class as plaintiff ( ( *See SINA v. NEW ENGLAND TELEPHONE & TELEGRAPH COMPANY, 3 F.3d 471 ( 1st Cir. 1993), cert denied, 513 U. S. 1025, 115 S. Ct.597, 130 L.E.d. 2d 509 (1994))* <u>equal protection of laws</u> of United States and to rectify preexisting moral and physical inhumanities; *See Heyn v. Board of Sup'rs of Louisiana State University, E.D.La 1976, 417 F.supp. 603.*

---

The merit of a *12 (b) (6)* motion, court must assume that all of the factual allegations of the complaint are true. A court should not dismiss a complaint for failure to state a claim unless it is clear that the Plaintiff can prove "no set of facts in support of his claim which would be entitled him relief; *See Conley v. Gibson, 355 U.S. 41, 45-46 (1957),* and material fact with strong evidence in Plaintiff's complain are not to be resolve on motion to dismiss or motion fro summary judgment introduced by defendants; *See Giffin v. U.S. Emp.App.1976, 537 F.2d 1130, certiorari denied 97 S.Ct.313, 429 U.S. 919, 50 L.E.d. 2.d 286;*

2

<u>ATTORNEY MARK BATTEN REFERENCE HIS MOTION WITH AN OLD CASE</u> :
**ANTHONY BAYAD    VS.  LUCENT   TECHNOLOGIES  INC.,
LEWIS KASLOW, MIKE REED, RONALD LAURINO, *ANTHONY SAVASTANO*
& JOAN GROHE**

2. In reference to the "**old**" case Plaintiff and other minorities were suing Lucent Technologies Inc., for Discrimination under **Title VII** and <u>not</u> **Title 42 U.S.C. §1985 and §704**. In this case there was corruption by Law Student Clerk Internship who was helped by Co-counsel Todd Legon for Lucent Technologies and Attorneys David Sales and Stephanies Alexander for Plaintiff. These attorneys have all attended <u>**Chicago Law school**</u> and have worked together to file the court Documents With Intern Clerk on behalf of the Honorable Judge Norman C. Roettger who during Plaintiff litigation in 1999 and 2000, was suffering **health** problem ( **heart problem**) and have passed away. Honorable Judge has never seen Plaintiff case, but the case was handled by Lucent Attorneys and former Plaintiff Corrupted lawyers, they filed all the papers on behalf of the judge and all the recommendation was prepared and falsified by the Law Student Internship clerk and lucent Technologies co-counsel. Please See Exhibits hereto attached of all the forms already prepared and signed without the knowledge of the Honorable Judge. It is a shame.

Moreover Plaintiff has introduced Exhibit of Patricia Russo and her Executive of Lucent Technologies were caught in <u>**bribery**</u> of foreign official in order to gain access to business contracts with Chinese and Saudi Arabia (Please See Docket 9 of Patricia Russo in Support of Plaintiff 'motion to notify the attorney general to intervene).

3

Plaintiff has reason to file a motion under rule 24 invoking Attorney General is because Patricia Russo and Henry Schacht for lucent are corrupted individuals, and for those reason Plaintiff also has provided to the court Patricia Russo posing and photographed with Chinese official and Lucent officials who are found stealing money. It is clear that in year 2000 Patricia Russo has paid off plaintiff ` Attorneys and the Intern of the clerk, and Plaintiff attorneys have introduced a Florida Federal Local Rule 11.1 as an excuse to abandon Plaintiff ` case and knowingly plaintiff was prevailing under the law against Lucent Technologies and Anthony Savastano. Lucent technologies ` co counsel took advantage of the plaintiff ` s situation and introduced a well calculated timing of motion that should not have been granted. Whereof Fort Lauderdale District Court may not decide questions of fact on motion to dismiss ; See **Matusuak v. Pennsylvania R.o., D.C.N.J. 1995, 134 F.supp.681**, Where material issues of fact are unresolved in plaintiff Bayad ` case against Lucent , motion to dismiss should not be granted; See **Home-Stake Production Co. v. Security litigation, D.C.Okl.1975, 76 F.R.D.337**, the Fort Lauderdale Law Student Intern for the Magistrate, who is connected with Lucent co counsel should not granted summary judgment to defendants Lucent and Anthony Savastano unless moving party has established the right to a judgment with such clarity as to leave no room for controversy;See **Quoting Snell v.Untied States , 680 F,2d 545, 547 ( 8th Cir.), 459 U.S. 989, 103 S.Ct. 344, 74 L.Ed.2d 384 (1982).** Furthermore <u>Florida Federal Local Rule 11.1</u> was falsely utilized and purposely served as an avenue well served to

4

allow the abandonment of Plaintiff Attorneys to withdraw of their legal obligation, and <u>Federal Rule of Civil Procedure 60 (b)</u> state and clarify as follows : " ***The phrase Legal representation"*** as used in Rule providing that a court may relieve a party as Plaintiff or his legal representative from a final judgment or order or proceeding , it ***doesn't*** include legal counsel within the context of the <u>Attorney-client relationship</u>, but such phrase as used in such rule means one who stands in the place and stand of another, such as an heir at law, and clearly neither **<u>rule 11.1 nor rule 60 (b)</u>** permit the abandonment of plaintiff ' s attorneys. Moreover Rule Regulating **the Florida Bar Rule 4-1.16**, under Florida law, Plaintiff attorneys and their firms may withdraw from representation if they can show that withdrawal will not prejudice their client, in this case is the Plaintiff or that there is good cause , affecting relationship between Attorneys and client, for their Withdrawal; See ***Davis, Bkrtcy.M.D.Fla. 2001, 258 B.R.510***, and **Fort Lauderdale District** Court abused its discretion by allowing plaintiff to withdraw without securing plaintiff ' right of due process and knowingly it is the end of discovery and it will be hard for plaintiff who lives in Massachusetts to find an attorney to represent him and protect his right accordingly to the Fourteen Amendments of right of due process. It is a shame.

---

Also motion to dismiss the complain should not be granted if material issues of fact are unresolved; *See Powell South Western Bell Tel. Co., C.A.Tex.1974, 494 F.2d 485, rehearing denied 498 F.2d 1402;* Whereof material issues of facts in Plaintiff ' complain are strong and are unresolved and motion to dismiss *should not be granted ; See Home-Stake Production Co. v. Security Litigation,* D.C.Okl. 1975, 76 F.R.D. 337; And Statements of Defendants 'counsel in their motion, Briefs or arguments are not sufficient fro purposes of granting a motion to dismiss or for summary judgment; *See Trinsey v. pagliaro , D.C. Pa. 1964, 229 F.Supp.647;* additionally for purpose of motion to dismiss , Pro Se complaints are to be read with especially liberality; *See Mowrey v. Romero, M.D.Fla. 1990, 749 F.Supp.1097.*

## FACT FINDINGS OF LAW
## IN RESPONSE OF DEFENDANTS ATTORNEY MARK BATTEN

*3.*   Plaintiff is **not suing** Cisco Systems, but he is suing **Defendants John Chambers , Paticia Russo. Anthony Savastano, and Carl Weise**, if Cisco, Lucent , Avaya , or any organization who which to defend them it is up to them and Attorney Mark batten cannot insert in his motion that Plaintiff is suing Cisco Systems for the purpose to use Lucent technologies ' old case as his defense to protect Attorneys Lisa Gaulin and Tom Shirley for their falsification of Plaintiff ' Date of Summon and knowingly his motion for engaging in conduct involving dishonesty, fraud, or misrepresentation, is proven by facts that the conduct was in fact deliberate and knowing; See **The Florida Bar v. Mogil, 763 So.2d 303 (2002).**

*4.*   It is easy to play with the law to confuse the court but this misconduct has some risk as Plaintiff is proving to the court that Attorney Mark Batten is engaging in misconduct prejudicial to administration of justice which adversely on fitness to practice law warrants **Six-month suspension**; See **Florida Bar v. Jones, 403 So.2d 1340 (1981),** Wherefore Attorney Batten introduce his misleading statements of plaintiff 'claims are barred by Applicable statues of limitation and are the subject of pending litigation, by introducing **42 U. S. § 2000e-5(e) (1)** and he weighted heavily on **Title VII.** His statement is misleading and is a work of intent to confuse the court, and he ( Mr. Batten ) has duty to review Plaintiff'

6

complaint and he will spot that Plaintiff have stated that he has once obtained a right-to-sue Letter and has exhausted of all administration remedies as he was provided a right to sue Letter back in 1997, additionally **Title VII of Civil Act of 1964, codified at 42 U. S. C. § 704** as Defendant has violated the Law by engaging once again in discriminatory action against Plaintiff while associating or working Internetworking Network Services Inc., (Year 1997), and Cisco Systems Inc., **(Year 2000- 2004)**, when Plaintiff filed a complain with the **EEOC**, he (Plaintiff) was engage in protected activity under **Title 42 U. S. C. § 704** which state " filing suit against one' employer, in this case Defendants, Plaintiff is put in a protected activity; **See Soto v. Adams Elevator Equip. Co., 941 F.2d 543 ( 7th Cir. 1991)**, courts have even held former employers as Lucent Technologies liable for violating Title 42 U. S. C. § 704; **See Meek v. Untied states, 136 F.2d 679 (6th Cir. 1943)**, also court has found even if an employee as plaintiff did not file a complaint, the fact that he was discharged because it was believed that a complaint had been filed against the employer was enough to bring the employee **under the protection** of **Title 42 § 704** and this also applied to fair labor act laws of **29 U. S. C. § 215 (a) (3); See Brock v. Richardson, 812 F.2d 121 (3d Cir. 1987),** the statement of Mark batten is unfounded and baseless when he stated in his Motion to dismiss that Plaintiff failed to State a claim under Title VII as he (Mark Batten) was trying to make the court believe

that Plaintiff should state claim under **VII**, and how can Plaintiff state a claim under Tile VII when he Plaintiff has only established a claim under §§ 1981, 1985, and 704 and provided supported fact in his complain that first Plaintiff is member of racial minority ; **See SHAARE TEFILA CONGREGATION V. COBB, 481 U.S. 615, 107 S.C.t. 2019, 95 L. E. d.2.d 594 (1987)**; Also **See SINA V. NEW ENGLAND LEPHONE AND TELEGRAPH, 3 F.3d 471 (1st Cir.1993) , cert. Denied, 513 U.S. 1025,115 S.Ct. 597, 130 L.E.d. 2d 509 (1994)**,( The case is similar to Plaintiff) case that he was denied employment because he was an Israeli and the jury issued a verdict in favor to the plaintiff, and defendant appeal on the ground that since it employed several Jewish individuals, the plaintiff 's was only discriminated based on his Israeli national origin. The appellate court upheld the verdict ruling that a jury could find that Israeli is one of those countries as in this case Morocco Casablanca in which the populace is composed primarily of particular race and defendant as in this case of Plaintiff , was discriminated against on the basis of his Jewish (similar as Arab/Moroccan) race by disparaging Israel (as Morocco );**See MacDisso v. Valmont Industries, Inc., 856 F.2d 1054 (8th Cir. 1988) discrimination** on basis of Lebanese descent ( Arab Christian) proscribed by **42 U. S.C. § 1981**; See **Also Kendrick v. Penske Transportation Services, 220 F.3d 1220, 1229 ( 10th Cir. 2000)**, Plaintiff alleging discrimination discharge ordinarily need not show that a person outside of protected class was hired to fill his former

8

position in order to make out a prima facie; See **Abdu-brisson v. Delta Airline, 239 F.3d. 456, 468 (2d Cir. 2001)**; while showing of disparate treatment is a common method of establishing the inference of discrimination; And **Cordova v. State Farm Insurance company, 124 F.3d 1145 (9th Cir. 1997)**, the plaintiff claimed that she was turned down for a job because she was Mexican-American and the prove included evidence that Manager responsible of hiring decision had referred to another employee a " **Dumb Mexican"** The district court granted summary judgment to the employer (Defendant) on the ground that plaintiff ( **the Mexican**) had not demonstrated that she could make out prima facie case, and Ninth Circuit reversed, and Prima facie should also be met when direct evidence exist.

**5.**   Whereas Attorney Mark Batten stated Plaintiff claim relating to his employment are barred by "**Res Judicata**" and he Mark batten knowingly that Plaintiff is not suing Lucent Technologies and the reason for Plaintiff inserting his disparaging and abuse that he undergone while working with Defendants **Patricia Russo** , **Anthony Savastano**, and **Carl Wiese** to show to the court that Plaintiff once has filed a complain with the EEOC and has sued Lucent Technologies and Anthony Savastano , Unfortunately these individuals are still <u>conspiring and intentionally discriminating against him</u>. Additionally **Plaintiff's new claim** does not arise out of "**the same**" conduct, transaction, or occurrence as the claims in the original complaint,

9

and therefore the amended complain does not relate back to the original complaint and the proposed new claims are barred by the applicable statue of limitations. Since the amended complaint could not withstand a motion to dismiss, and the district court will not abuse its discretion in dying Plaintiff complain or motion to amend his complaint; **See Moore v. Baker 989 F.2d 1129 (11th Cir. 1993)**. Additionally Plaintiff alleged acts of interfering against his civil Act by discriminating and conspiring against him at different times and involved separate distinct conduct in separate district in this case Florida and now Massachusetts, and in order to recover on the injection contained in his amended complaint, Plaintiff would have prove completely different facts as he did than would otherwise have been required to recover on the informed consent claim in the original complaint; Please **Fed. R. Civ. P 15 ( c)**, newly asserted claim of Plaintiff is barred by the applicable statue of limitations and that allowing the amendment would, therefore be futile and leave to amend will be freely given.

6. Plaintiff fails to state a claim <u>**under 42 U.S.C. § 1985**</u>. plaintiff respectfully would like to correct attorney Mark Batten of his statement which is misleading and untrue. Since that such interference with at-will employment may give rise to a claim for damages under the Civil Rights Act of 1871, ev. Stat § 1980, **42 U. S.C. § 1985**, and the terms " injured in his person or property " define the arm that the victim as plaintiff may suffer as a result of the conspiracy to intimidate or to retaliate, thus the employment at will is not " **property**" for the purposes of the **Due Process close**, does not

10

mean that loss of at-will employment may not " injur[e] [plaintiff] in his person or property" for purpose of § 1985. It clear the sort of arm alleged by Plaintiff in his complaint- essentially defendants ( third-third party in this case Patricia Russo) with at-will employment relationships-states a claim for relief **under 42 § 1985**, whereas that such arm has long been a compensable injury under tort law, in this case Plaintiff is disabled because of disparaged and intentional act of discrimination to interfere against his right to enjoy life and rights as they ( defendants ) and their families and friends enjoy, and Attorney Mark batten would not have any reason to ignore this tradition in this case as Thomas Cooley, **Law of Torts 589-591 (3d ed.1906); See Truax v. Raich, 239 U.S. 33 (1915)** emphasized:

> **One who maliciously and without justifiable cause,
> Induces an employer to discharge and employee,
> By means of false statements, threats or putting
> In fear, or perhaps by means of malevolent advice
> And persuasion, liable in action of tort to the employee
> For damages thereby sustained. And it makes no
> Difference whether the employment was for a fixed term
> Not yet expired or is terminable at the will of employer.
> The fact that the employment is at will of the parties,
> Respectively, does not make it one at the will of others.
> The employee has manifest interest in the freedom of the
> Employer to exercise his judgment without illegal
> interference Or compulsion and, by the weight of authority,
> the unjustified   Interference of third persons is
> actionable although the employment is at will.**

This protection against a third-third party, in this case defendants, interference with at will employment relations as stated in plaintiff ` complain is still afforded by state law today; **See W. Keeton, D. Dobbs, R Keeton, & D.Owen, Prosser and Keaton on Law of Torts § 129, pp.995-996, and**

11

*n. 83 (5th ed. 1984)(citing case)*. It find ample support for the plaintiff' complaint the arm occasioned by conspiracy that give rise to a claim for damages under **42 U. S. C § 1985**; See **Haddle v. Garrison 119 S. Ct. 489 (1998)**; *also See Garrison v. haddle unploshed opinion. Docket No. 96-8856 (11th Cir. 1997)*.

## THE EQUAL PROTECTION CLAUSE BANS DISCRIMINATION ON THE BASIS OF RACE ,ETHNICITY

### STATEMENT OF CONSTITUTION LAW

**7.**    Classification based Race, Ethnicity , or national origin is against the constitutional law , and the Equal protection bans discrimination on the basis of race, color, ethnicity; **See Straw v. West Virginia, 100 U.S. 303 (1879)**, and national origin; **See cf. City of Cleburne v. Cleburne living center, 473 U.S. 432 (1985)**, and racial classification was proven to facilitating racial prejudice. Whereas Defendants are conducting a racial preferences in the work place to promote and hire their favor race, as plaintiff stated in his **complaint page 29-30**, which Defendant deliberately requesting plaintiff to provide his ethnic background and his gender before being considered for a position. Defendants were engaging in classification based on race , Ethnicity, or national origin,

   Whereof the defendants are conducting racial segregation in the making of the Cisco Certification Internetworking Expert that favor one group of Engineers and intentionally disfavoring others ( the minorities group as plaintiff), and the Cisco Reseller partnership that Plaintiff and other minorities

12

are not allowed to participate and benefits from it, and even though they were declared members as Plaintiff for his Company Global Internetworking Corporation that is registered in Boston, But Defendants purposely and discriminatory against him, but in favor of the group of similar race as Rich Mckinney the owner of International Networking Services; See page 25 thru 27 of the complain; Also **see In Anderson v. Martin, 375 U.S. 399 (1964)**; Also **see In Plessy v. Ferguson, 163 U.S. 537 (1896)**. The *unlawful conduct* of Defendants on plaintiff civil rights has also an affect on other minorities and their discriminatory actions it does have a " Disproportionate" or " disparate" impact and it is affecting on distinctive group ( minorities as Plaintiff ), where discriminatory effect on plaintiff (minorities) is great as to admit of no other conclusion than discriminatory purpose; **See Yick Wo v. Hopkins, 118 U.S.356 (1886); Also Gomillion v. Lightfoot, 364 U.S. 339 (1960)**.

### SANCTION SHOULD BE GRANTED
(please see previous pending motions)

**8.** Rule 11 is probably the most important constraint on Lawyers as Mark Batten, Lisa Gaulin, and Tom Shirley' behavior during litigation, and courts have inherent powers to discipline misbehaving lawyers, additionally rules of professional conduct make lawyers accountable to bar associations and clients and t is beyond any specific statutory authority lies the inherent power of the court to control behavior designed to thwart the just operation of the legal system; See **Chambers v. NASCO, Inc., 501 U.S. 32 (1991)**, upholding

imposition of sanction in fees on party as attorneys acting in bad faith. However, **amended Rule 11 (c )** now authorizes sanctions to be imposed on law firms , as well as the particular attorneys who signs and fail to conduct a proper inquiry, resulting in the presentation of unreasonable and false information to the court. Thus, appear that the court has the authority to sanction a counsel law firm, as well as the primary offending firm , even though co counsel did not sign the frivolous and offending pleading . Whereof this motion to dismiss inserted by the Attorney Mark Batten is Erroneous of intend to mislead the court.

## CONCLUSION

Plaintiff respectfully pray to this court to rule within the context of right of due process and the right as matter of law of Jury trial or as deemed and appropriated by the Court 'decision in favor of justice will be freely given; Wherefore **Defendant Patricia Russo** is already in **default** for not complying with United Stated District Court of Massachusetts 'Rule of Civil Procedure, and by allowing time to answer to pass. **Plaintiff once again pray to this honorable court to declare Defendants 'conduct to be in violation of his rights and enjoin them from engaging in such conduct.**

## CERTIFICATE OF SERVICE

       I certify that on May *10*, 2004, a copy of this document was served by Anthony Bayad personally and by hand on :

**Tom Shirley Esq**
**Lisa Gaulin Esq**
**Lucent Technologies,**
**AVAY A,**
**Patricia Russo**
**Exchange place**
**53 State Street**
**Boston, MA 02109-2804**
**(617) 2480-5000**

&

**Mark Batten Esq.**
**Defendants:**
**John Chambers,**
**Anthony Savastano,**
**Carl Wiese**
**150 Federal Street**
**Boston, MA 02148**


Date:    May *10*, 2004

**ANTHON BAYAD**
**PLAINTFF PRO SE**
**2 MAGOUN AVENUE**
**MEDFORD, MA 02155**
**(781) 704-8982**
_____
Anthony Bayad

EXHIBITS