

FILED by _____ D.C.
JAN 5, 2000
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 97-6671-CIV-ROETTGER

ANTHONY BAYAD,

    Plaintiff,

v.

LUCENT TECHNOLOGIES, et al.,

    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court upon several motions of the parties to this cause. Upon consideration of the motions and the record in this cause, it is

**ORDERED AND ADJUDGED** as follows:

1. On May 18, 1999, this court granted a motion by plaintiff counsel David Sales to withdraw contingent upon the filing of a notice of appearance of substitute counsel. Plaintiff has not obtained new counsel but instead has filed pro se pleadings. Sales has renewed his request for leave to withdraw (docket entry # 76) and local counsel, Stephanie Alexander, seeks to withdraw as well (docket entry # 75). Review of counsels' respective motions indicates that the attorney client relationship has deteriorated to the point where continued representation would be inappropriate. Also, through his actions, plaintiff is proceeding pro se. Therefore, the motions for leave to withdraw are hereby **GRANTED**.

2. The motion for hearing (docket entry # 72) is hereby **DENIED**.

4. The above styled cause is hereby referred to the Honorable United States Magistrate Judge Barry S. Seltzer for

**Exhibit P**

determination of non-dispositive matters and report and recommendation concerning case-dispositive motions pursuant to 28 U.S.C. § 636(b) and Rule 1 of the Magistrate Rules for the Southern District of Florida.

**DONE AND ORDERED** this 30 day of De_____, 1999.

_____
NORMAN C. ROETTGER
UNITED STATES DISTRICT COURT JUDGE

cc: counsel of record

FILED by _____ D.C.

MAY 1 8 1999

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

RECEIVED
MAY 21 1999

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ANTHONY BAYAD,

      Plaintiff,      Case No.:97-6671-CIV-ROETTGER

v.

                            **ORDER ON MOTION TO WITHDRAW**

LUCENT TECHNOLOGIES, INC.,
et al.,
      Defendant.
_____/

    **THIS CAUSE** is before the Court on motion of David J. Sales and Searcy, Denney, Scarola, Barnhart & Shipley, P.A. for an order allowing them to withdraw as counsel of record for plaintiff in this cause. Upon consideration of the motion and the record in this cause, it is

    **ORDERED AND ADJUDGED** that the motion to withdraw as counsel of record for plaintiff is **GRANTED**, contingent upon the filing of a notice of appearance of substitute counsel in good standing and fully authorized to practice before this Court. Further action in this case is stayed for twenty days to permit plaintiff to obtain substitute counsel. The parties are to advise regarding the status of this matter within twenty days of the date of this order.

    **DONE AND ORDERED** this _18_ day of _May_, 1999.

                                          _____
                                          NORMAN C. ROETTGER
                                          UNITED STATES DISTRICT COURT JUDGE

cc: counsel of record

Exhibit K

FILED by _____ D.C.J
JAN 5, 2000
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

ANTHONY BAYAD,

      Plaintiff,

v.

LUCENT TECHNOLOGIES, et al.,

      Defendants.
_____/

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 97-6671-CIV-ROETTGER

**ORDER**

    **THIS CAUSE** is before the Court upon several motions of the parties to this cause. Upon consideration of the motions and the record in this cause, it is

    **ORDERED AND ADJUDGED** as follows:

1.    On May 18, 1999, this court granted a motion by plaintiff counsel David Sales to withdraw contingent upon the filing of a notice of appearance of substitute counsel. Plaintiff has not obtained new counsel but instead has filed pro se pleadings. Sales has renewed his request for leave to withdraw (docket entry # 76) and local counsel, Stephanie Alexander, seeks to withdraw as well (docket entry # 75). Review of counsels' respective motions indicates that the attorney client relationship has deteriorated to the point where continued representation would be inappropriate. Also, through his actions, plaintiff is proceeding pro se. Therefore, the motions for leave to withdraw are hereby **GRANTED**.

2.    The motion for hearing (docket entry # 72) is hereby **DENIED**.

4.    The above styled cause is hereby referred to the Honorable United States Magistrate Judge Barry S. Seltzer for

determination of non-dispositive matters and report and recommendation concerning case-dispositive motions pursuant to 28 U.S.C. § 636(b) and Rule 1 of the Magistrate Rules for the Southern District of Florida.

**DONE AND ORDERED** this 30 day of De_____, 1999.

_____
NORMAN C. ROETTGER
UNITED STATES DISTRICT COURT JUDGE

cc: counsel of record

May 20, 1999

Via Federal Express

The Honarable Norman C. Roettger
Via Clerck, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
299 E.BROWARD BOULEVARD
300 Ft Lauderdale, FL 33301

RE: Anthony Bayad vs. Lucent Technologies, Inc., et al.
Case No.97-6671-C.I.V.-ROETTGER

Honorable Judge Roettger:

(Notice: I apologize for my broken English, as you know Your Honor, English is my third language after French, and Arabic. I am trying my best.)

I received a letter regarding a request made by Mr. David Sales calling for an emergency hearing on his pending motion to withdraw. Mr David Sales is using this emergency meeting to have your attention and the court's attention and drop everything that we are all doing, and grant him his motion to withdraw. The same route that my former Attorney Stephanie Alexander has taken with My former Lucent Technologies Manager, Mr. Amado Navas, case No 972374-CIV In Tampa Federal court (Amado Navas vs. Lucent Technologies,Inc.,et al. But Honorable Judge Henry Adams, aware of her intentions has moved Mr Navas' case to trial.

Mr. David Sales is duplicating the same tactics of Attorney Stephanie Alexander, and he is implying it very well with me and with the court; by fabricating the issue of ethical conflicts. In reality it is a personality conflict between his client and him self as a Lawyer. I believe this issue needs to be taken to the Florida Bar association and not with the court. As you know your Honor, Mr. David Sales is sending a negative message to the legal community that there is a problem with my case, and simply the problem is a personality conflict created by his own actions and no one else.

I believe Mr David Sales needs to stop this behavior immediately which is favoring Mr. Todd Legon in this lawsuit. But the fact of the matter is that Mr. David Sales has forgotten that there are large amounts of evidence found during the discovery phase implicating all the defendants in this case. Not to mention the missing evidence (the surveillance cameras video for the Lucent facility fromely located at 8545 126th Avenue North Largo FL. And the hard drives for the AT&T Paradyne Electronic Mail Server and others Personal Computer hard drives).

I feel very much without doubt in my mind that the defendants have violated the federal Law of this land, violated all human right laws, violated Florida law, violated their own Company's code of conduct that CEO of Lucent Technologies Mr. Henry Schadt wrote for

his company. Lucent Technologies has violated all my civil right as an American Citizen and as a law abiding member of the American society.

Mr. David Sales has also mentioned not to involve the opposing counsel. I disagree with Mr Sales' request. Mr Todd Legon needs to be involved because Mr. Sales' actions are trying to favor Mr. Legon and Lucent.

I must tell the court that I, Anthony Bayad, have nothing to hide and I am not holding any evidence nor obstructing justice. to get my point across. Honorable Judge Roettger, this case has large amounts of evidence implicating all the defendants. I believe with your permission, I would rather use my Vacation time from my employer and my savings to attend a trial. As you know your Honor, I reside in Boston Mass. and I don't have any family in Florida to help me with accommodation, or airline tickets cost. for this none sense hearing requested by Mr David Sales.

Your honor I hereby request that the emergency hearing not be granted to Mr. Sales on the grounds that it is not fair to the court, and to me to drop everything, and pay attention to Mr. David Sales issues, issues that should be addressed by the Florida Bar Association (Responsible for disciplinary action against Lawyers).

I also want to point out to your court that Mr. David Sales is doing what ever he wants in this legal process. It is against the rules and regulations for a lawyer to create problems for his or her clients, in the middle of summary judgement proceedings; it is also against the rules to point the finger toward his or her client, by fabricating false allegations (Lawyer's ethical conflict) to get themselves out of the case. A big case which they know it is going to be a scheduled for a trial soon.

This nonsense excuse of having an ethical conflicts with me, borught up by David Sales is not and will not taking him any where; therefore I don't appreciate Mr. Sales his personality conflict and his own ego making it a big deal with the court. please It must stop!!.

Mr David Sales is only bringing embarrassment to him self, and to his reputable law firm, and to me Anthony Bayad.

Thank you for your consideration and your decision is highly accepted in this regard,

Respectfully your,


Anthony Bayad

Via telex
Cc: Todd R. Legon, Esquire
David J. Sales Esquire

ANTHONY BAYAD,  UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

    Plaintiff,  Case No.:97-6671-CIV-ROETTGER

v.  **ORDER**

LUCENT TECHNOLOGIES, INC.,
et al.,
    Defendants.
_____/

    **THIS CAUSE** is before the court upon the Report and Recommendation for this cause prepared by United States Magistrate Judge Barry S. Seltzer.

    Plaintiff has filed a motion for prayer requesting emergency hearing. While plaintiff contends that such action is necessary as he is proceeding pro se, review of the record indicates that the motion for summary judgment may be resolved without a hearing. Magistrate Judge Seltzer has filed a report and recommendation regarding the motion for summary judgment which this court has under advisement. Plaintiff may file written objections to this report if he so chooses.

    Plaintiff should be aware of certain burdens which the law places upon him irrespective of the fact he has chosen to proceed without a lawyer. Summary judgment is appropriate only where there is no genuine issue as to any material fact and where the party filing the motion is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A movant, in this case the defendant, who files a motion for summary judgment must demonstrate that there are no genuine disputes as to any material facts with respect to issues for which that party bears the burden of proof at trial. As

to issues for which the non-moving party, in this case the plaintiff, bears the burden, the movant need only establish that, after adequate time for discovery, there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

In determining whether the movant has met these burdens, the court must view the evidence and all permissible factual inferences in a light most favorable to the non-moving party. Matsushita Elec. Ind. Co. v. Zenith Radio, 475 U.S. 574 (1986). The non-movant, for its part, "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586; Samples v. City of Atlanta, 846 F.2d 1328, 1331 (11th Cir. 1988). Rather than merely alleging the existence of some factual dispute, the non-moving party must rebut any facts properly presented by way of affidavits or other evidence demonstrating the existence of a genuine and material issue of fact for trial. Anderson v. Liberty Lobby, Ins. 477 U.S. 242, 247-48 (1986). Thus, to survive a motion for summary judgment, plaintiff must come forward with specific evidence of every element material to his case so as to create a genuine issue for trial. Celotex, 477 U.S. at 323.

Upon consideration of the plaintiff's motion and the record in this cause, it is

**ORDERED AND ADJUDGED** that plaintiff's motion for hearing (docket entry # 89) is hereby **DENIED**. The Court will consider defendants' motion for Summary Judgment and the Magistrate's report and recommendation without a hearing at a time following fifteen (15) days from the date of this Order. Any pleadings in support of

or in opposition to report and recommendation or the motion for Summary Judgment shall be filed with the Court within the fifteen (15) day period.

DONE AND ORDERED this **10** day of **OCT**, 2000.

*[signature]*
NORMAN C. ROETTGER
UNITED STATES DISTRICT COURT JUDGE

cc: counsel of record