UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY BAYAD, )<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>JOHN CHAMBERS, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 04-10468-GAO |

### DEFENDANT PATRICIA RUSSO'S OPPOSITION
### TO PLAINTIFF'S REQUEST FOR SANCTIONS

On April 26, 2004, Plaintiff moved for "sanction[s]/default" against defense counsel in the above-captioned matter. One of Plaintiff's complaints, apparently, is that defense counsel, on behalf of Avaya Inc. ("Avaya"), Lucent Technologies Inc. ("Lucent") and Cisco Systems, Inc. ("Cisco"), have objected to all of Plaintiff's various subpoenae. Despite the fact that this Court has not yet ruled on these parties' motions to quash, Plaintiff claims that defense counsel are deliberately disobeying the court and that they have attempted to "evade legal process" and "obstruct information." To the contrary, Avaya, Lucent and Cisco are acting well within their rights under Rule 45, which explicitly allows a party to object to any subpoena served on it. Moreover, a party may be deemed in contempt for failure to respond to a subpoena only if it is "without adequate excuse." Fed. R. Civ. Pro. 45(e). As set forth in the motions to quash filed with this Court on April 1, 2004, April 16, 2004, and April 30, 2004, there are a variety of adequate and legitimate reasons that Avaya and/or Lucent should not be made to comply with Plaintiff's subpoenae.

Plaintiff also maintains, apparently, that Ms. Russo is in default because she did not file her waiver of service in a timely manner and, therefore, was required to respond to his complaint within 20 days of receiving the waiver of service. Plaintiff is mistaken. First, as Plaintiff has previously acknowledged, Ms. Russo's waiver of service was sent to him on April 2, 2004. This was in accordance with both the waiver of service he provided, which instructed the recipient to return the waiver to him to be filed, and Federal Rules of Civil Procedure 4(d)(4), which states that "[w]hen the *plaintiff* files a waiver of service with the court, the action shall proceed . . . as if a summons and complaint had been served at the time of filing the waiver." (emphasis supplied). Thus, it is Plaintiff's obligation to file Ms. Russo's waiver of service with the Court. To date, Plaintiff has not done so.

Moreover, Ms. Russo did return her waiver of service in a timely manner. Rule 4(d)(2)(F) provides that a defendant must be allowed a "reasonable time to return the waiver, which shall be at least 30 days from the date on which the request was sent." Plaintiff sent his waiver to Ms. Russo on March 10, 2004. Ms. Russo returned it on April 2, 2004, well within the minimum time period for response under the rules. Finally, even if the waiver of service was not returned in a timely manner, Plaintiff has yet to serve Ms. Russo. Accordingly, the time for Ms. Russo to respond has not expired.

        Respectfully submitted,

        PATRICIA RUSSO

        By her attorneys,

        */s/ Lisa Gaulin*
        Thomas E. Shirley, Esq. (BBO# 542777)
        Lisa M. Gaulin, Esq. (BBO# 654655)
        CHOATE, HALL & STEWART
        Exchange Place
        53 State Street
        Boston, MA 02109-2891
        617-248-5000

Dated: May 12, 2004

### Certification of Conference

Pursuant to Local Rule 7.1(A)(2), I, Lisa M. Gaulin, hereby certify that I have made a good-faith effort to confer on this issue with the *pro se* Plaintiff prior to filing this motion by speaking with Plaintiff and asking him to withdraw his requests for sanctions/default. We were unable to resolve the issue.

        */s/ Lisa Gaulin*
        Lisa M. Gaulin

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON
DATE 5-12-04 SIGNATURE */s/ Lisa Gaulin*

3693780v1