IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, <br><br> Plaintiff, <br><br><br><br> JOHN CHAMBERS, PATRICIA RUSSO, ANTHONY SAVASTANO and CARL WIESE, <br> Defendants, | CIVIL ACTION <br><br><br> CASE NO. 04-cv-10468-GAO |

## PLAINTIFF' MOTION OF FINAL DEFAULT JUDGMENT DECREE ON THE MERITS AGAINST DEFENDANT PATRICIA RUSSO [Rules of Civil Procedure Rule 55(b)(2)]

### *PROOF OF PROPER SERVICE AND FILING WERE ESTABLISHED PURSUANT OF Federal Rule of Civil Procedure 4 & 5.*

Defendant Patricia Russo "**willfully**" ignored the processes of the court, failed to answer or otherwise defend, and time to otherwise move or plead has expired and had not been extended in this action, and default is obvious pursuant to District Court Rules of Civil Procedure, **Rule 12 & 55(b)(2)** and based on previous declaration and records and files submitted to the U.S. District Court. Defendant Patricia Russo argues that Service was improper even if summons and complaint were served properly. Such argument by Defendant is meritless. [i]f this hyper technical argument were to be accepted by this court, then other defendants would be accepted by this court, then other defendants would be encouraged to engage in similar machinations to avoid service of process and thereby obstruction

and delay the administration of Justice.

Wherefore Plaintiff Pro Se under the **guidance** of the U.S. District Court was told that service of summons and complaint is proper under **Rule 5(b)** and **Waiver of Service of summons** is also proper under **Rule 4** and Federal District Court of Massachusetts statues did prescribe manner of service by **First Class mail** is a **proper and legal**.

Hence Service was complete upon mailing with the complaint, summons, and Waiver of Service; See Rules of Civil Procedure rule **5 (b), 4, & 60 (b) 28 U. S. C. A**. Since defendant does not claim excusable neglect, surprise, newly, discovered evidence or otherwise like, but the only excuse is improper service and it is an admittance of her unlawful violation of Plaintiff 'Civil Rights & constitutional right. Rule **55 (c)** Provides: For good cause shown the court should set aside an entry of default and, if a judgment by default has entered (as in this case).

Because Defendant Patricia Russo was served at her Lucent Technologies Inc., using United States postal Service <u>via first and Certified mail</u>, there can be no question but that service was legally authorized in this case by this Court. Moreover, When ever a statue of the United States * * * <u>provides service of a summons</u> * * * upon a party not inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statue * * or, if there is no provision there in prescribing the manner of service, in a manner stated by United States District Court; See Rule 4(e) and 5(d); Also See **the United Stated Security and Exchange Commission, Plaintiff, v. Dumont Corporation et al., Defendants. No 69 Civ. 1420. U.S. District Court, S.D. New York. Nov. 13, 1969. ( U.S. Security Exchange Commission v. Dumont Corp., D. C. N.Y.**

2

*1969, 49 F. R. D. 342).*

## OBSTRUCTION TACTICS

Wherefore, Defendant Patricia Russo has shown her endeavor at every stage of this proceeding, to create unnecessary trouble by willful failure to comply with rule of Law ( **Rules of Civil Procedures**); Additionally she committed numerous offenses varying of seriousness that has constitute of obstruction of justice. Defendant Patricia Russo and Her lead attorney Tom Shirley have <u>**falsified**</u> the *Official Document* of the *United States District Court* the Waiver of Service of Summons that was sent to her on **March 9, 2004** and she has received it on **March 11, 2004**, in the <u>**section**</u> of the Waiver of Service of Summons, ""**[<u>Section request was sent</u>]**"", it should have been entered as **March 9, 2004** as the others have done and complied, But it is a shame that an attorney such as **Tom Shirley** an *officer* of the court and member of the **Massachusetts Bar**, a well respected branch of the **Massachusetts Supreme Court**, *mislead* the <u>**Court**</u> and *Plaintiff* by Inserting the **April 2, 2004 date** in the Waiver of Service of Summons and knowingly it should be entered *truthfully* dated as **March 9, 2004**; His action was for the purpose to <u>**evade the time limitation**</u> and by doing so he has committed <u>**perjury**</u>; And *deliberately disobeying* the District Court Clerk ` Subpoena, Attorney is attempting to take upon himself the power to determine what is the law and in doing so, subjected himself to Civil Contempt and disbarment; See *United States v. United Mine Workers of America, 330 U.S. 258, 307, 67 S.C.t.677,91 L.Ed.884 (1947,* the final default judgment decree on the merit of his client Patricia is mandated and the U.S. District Court will not abuse its discretion nor will prejudice his client in the contest of legality when the contest of **Obstructing a civil, administrative proceeding, alter evidence, evade legal process,** and

**obstruct information evidence in this federal proceeding case.**

## ARGUMENT

*Frow v. De La Vega 1872, 15 wall. ( 82 U.S.) 552, 21 L. E. d. 60.*

Under **Rule 55 (c)**, the principal factors bearing on the appropriateness of relieving a party of a default, in this case the default is willful, and setting it aside would not prejudice the adversary nor it will be illegal in the contest of Frow ` extended theory; Whereof **the extended Frow** ` theory prescribed that District Court did not abuse its discretion in entering default judgment against one Defendant (as Patricia Russo) after failing to answer, or otherwise defend, and time to otherwise move or plead has expired and has not been extended in this case, when one party defaults while the action is still pending as to the others and the liability is severals, relief should be available against each defendant and judgment should be entered against the defaulting party ( as Patricia Russo). The liability of one defendant can be adjudicated without affecting the rights of others and a final decree should be entered against the one found to be liable ( as Patricia Russo);See **Farzetta v. Turner & Newall, Ltd., C.A.3d, 1986, 797 F2.d 151**; See also **Carter v. District of Colombia, C.A.D.C. 1986, 795 F.2d 116, 137**( action asserting constitutional law as plaintiff inserting the right of due process invoking the fourth Amendment and others). Plaintiff Pro Se was explained to him the extended Frow' Theory was put in context by University Law scholar, based of the Logical Reasoning explained to him that the Frow extended Theory is likewise a **Crew members of a U.S. Air** company, the Airline operated and base in United States of America, is scheduled to Fly from Boston, Massachusetts destined to Tampa, Florida; one of the **crew members** was declared fired for violation of company policy and was not allowed to

Fly. The Chief of the Crew and also a Captain decided to Fly any where without that one crew member, was aware the decision making must be within the contest of the Rules and Policies of the Company, and it must not discomfort nor it must put his passengers in dangers nor it must violated the legality Seth forth by the FAA or the company, and then he proceeded with the trip, as it was concluded at final destination of the trip by corporate that the lead decision maker to proceed without that one crew member was legal and right, and by applying the Law Scholar theory the elimination of Defaulting party Patricia Russo will **not prejudice** any one in this proceeding and therefore the Final Default Decree should be Granted without any abuse of discretion of this Court and with accordance of Corporate in this case is the Appeal Court of Justice, and FAA is the Supreme Court Decision in regard to Fraw.

## CONCLUSION

Wherefore the Plaintiff' Motion of final default decree will be granted when he has shown that not prejudice will result to the non defaulting defendants John Chambers, Anthony Savastano, and Carl Wiese who are employed by Cisco Systems Inc., and not Lucent Technologies Inc., and where they are represented by their own attorney Mark Batten for Cisco Systems Inc., and not Tom Shirley for Lucent Technologies Inc. and the conditions based of legalities of default were met. Furthermore the power of a court to decide and to enforce its own rules, and in such circumstances, the direction of the court must be sustained; else we would risk rejecting the requirement of judicial process.

## CERTIFICATE OF SERVICE

I certify that on May 17, 2004, a copy of this document was

SERVED BY HAND ON ;


AVAYA Inc.,
LUCENT TECHNOLOGIES Inc.,
DEFENDANT PATRICIA RUSSO
Lisa Gaulin Esq.
Tom Shirley Esq.
Exchange place
53 State Street
Boston, MA 02109-2804
(617) 2480-5000


&

CISCO SYSTEMS Inc.,
DEFENDANTS
JOHN CHAMBERS,
ANTHONY SAVASTANO
CARL WIESE
Mark Batten Esq.
150 Federal Street
Boston, MA 02148

ANTHON BAYAD
PLAINTFF PRO SE
2 MAGOUN AVENUE
MEDFORD, MA 02155
(781) 704-8982

ANTHONY BAYAD