IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, ) | |
| ) | |
| ) | |
| *Plaintiff*, ) | CIVIL ACTION |
| ) | |
| ) | |
| ) | |
| ) | CASE NO. 04-cv-10468-GAO |
| ) | |
| JOHN CHAMBERS, PATRICIA ) | |
| RUSSO, ANTHONY ) | |
| SAVASTANO and CARL ) | |
| WIESE, ) | |
| *Defendants*, ) | |
| ) | |

## AFFIDAVIT IN SUPPORT OF REQUEST TO ENTER DEFAULT FORFEITURE BY WRONGDOING
## (CHAMBERS et, al.)

Anthony Bayad, being duly sworn, depose and states: My name is Anthony Bayad.

I am United States Citizens and over 18 years of age. I am the Plaintiff in this action against *Defendants John Chambers, Patricia Russo, Anthony Savastano, and Carl Wiese.*

(*Bayad v. Chambers, et al., Civil Case No. 04-CV- 10468*).

I filed my complaint with the United States District Court of Massachusetts on about March 8, 2004.

I Provided to the court an **_EXHIBIT MARKED X-11 TITLED AVAYA_** to support my claim in my case against *Chambers, et, al.,* ON ABOUT MARCH 8, 2004.

On about Sunday, March 16, 2004 7:15 PM, I received a *correspondence* from a *Coworker at Cisco Systems Inc.,*

This correspondence from Cisco Systems *Tilted Action Required – Avaya Document*, with *Importance High*, and addressed to *CISCO EMPLOYEE.*

1

The Cisco Correspondence was authored by the **<u>CISCO ETHICS PROGRAM OFFICER</u>** and was **<u>*quoted as it was stated*</u>**:

*************************************************************************

" **From:** Shawna Callahan [scallaha@cisco.com]
**Sent:** Tuesday, March 16, 2004 7:15 PM
**To:** scallaha@cisco.com
**Cc:** nrubin@cisco.com
**Subject:** Immediate Action Required - **<u>Avaya Document</u>**

**Importance:** High
Dear Employee,

It has come to our attention that on or about February 20 you may have received an email with the header, "Avaya response to CiscoCallManager4.0". The email contained an attached document that was entitled "Avaya Competitive Alert".

There is some question as to whether Cisco should have been given this document. To ensure that Cisco employees meet our company's high ethical standards and act in accordance with the law, do not forward this document. **Please <u>destroy</u> any hard or soft copies of this document, including any soft copies stored on your computer's hard drive or in your email box.** Please respond to this email identifying whether you had this document in your possession, listing the email addresses of anyone to whom you forwarded the document and confirming that the required action was taken to destroy any copies in your possession.

Distribution of confidential competitive documents is a violation of company policy and future violations could be subject to disciplinary action. For your reference, here is the Legal Policy on Using Competitive Documents: http://wwwin-tools.cisco.com/sales/go/marketingmi/copyright?ServiceId=86&ServiceType=1&ModuleId=18120&message_id=85101&module_id=18120.

If you have any questions, please contact Shawna Callahan (scallaha@cisco.com or 408-853-0290) or Neal Rubin (nrubin@cisco.com or 408-853-1705).

Thank you for your prompt attention to this matter.

Shawna Callahan
Ethics Program

*Shawna Callahan*
*Ethics Program Office*
*WW Diversity & Ethics*
*Cisco Systems, Inc.*

*phone: 408-853-0290*
*email: scallaha@cisco.com* " *************************************************************

2

*[THIS DOCUMENT IS HERETO ATTACHED AS EVIDENCE OF THE WRONG DOING BY DEFENDANTS AS <u>EXHIBIT 1</u> .]*

I understand under **STATUTORY PROVISIONS** that once documents or other evidence have been subpoenaed, intentional destruction is clearly **CRIMINAL CONTEMPT** or **OBSTRUCTION OF JUSTICE** under **FEDERAL LAW**. Even before the ISSUANCE of SUBPOENA, destruction of documents has been held to be **CRIMINAL OFFENSE** .

I understand the legality of an act that is intend to obstruct justice should not depend on such fortuities as whether s **SUBPOENA** has been served or whether a judicial proceeding has begun. I understand the **MODEL PENAL CODE**, prohibit destroying documents or other evidence with intent to impair their availability in a prospective proceeding when evidence is " <u>ABOUT TO BE PRODUCED</u>" , currently six states, extended the prohibition against by making destruction of real evidence a **CRIMINAL OFFENSE** if done with intent to prevent its production in a trial or other **LEGAL PROCEEDING** regardless of the time of the Act ., similarly the proposed **CRIMINAL JUSTICE** Improvement *Act of 1978* included a section that proscribed DESTRUCTION OF DOCUMENTS.

I understand that American Bar association ( *ABA*), **Rule 3.4 –Fairness to Party Opponents** define the role of attorneys as **MARK BATTEN, TOM SHIRLEY, & LISA GAULIN** are prohibited from :

<u>**Obstructing, destroying or concealing**</u> a party opponents ( as in my case it is I Anthony Bayad) ' access to evidence or instructing another to do so (See Morrell v. State, 575 P.2d 1200 ( Alaska 1978); Knowingly *disobeying* an *order* or *Rule of the Court*; fabricating a frivolous discovery request or <u>**FAILING TO REASONABLY COMPLY WITH THE REQUEST OF OTHERS**</u>. Attorneys for Chambers et, al. have quashed the Untied States District Court 'Subpoena that was provided to Plaintiff and it was signed by the U.S. Clerk according the Federal Rules of Civil Procedure.

3

*[THE SUBPOEAN ARE HERETO ATTACHED OF DISOBYING THE COURT OWN RULING BY DEFENDANTS AND THEIR ATTORNEYS AS <u>EXHIBIT 2.</u>]*

On about April 27, 2004, Attorneys for Chambers, et al. sent my by mail a WAIVER OF SERVICE OF SUMMONS.

*I NOTICED* in the *WAIVER OF SERVICE OF SUMMONS* the section [*<u>request of date sent</u>*] was misrepresented or falsified, the date was entered as <u>*April 2 , 2004*</u> and the truth full and correct date should be entered as request of date sent <u>*March 9, 2004*</u> and not April 2 2004.

*[THE OFFICIAL DOCUMENT OF UNITED STATES DISTRICT COURT OF WAVER OF SERVICE OF SUMMONS IS HERETO ATTACHED AS EXHIBIT " <u>A</u> " , IN SUPPORT OF THE MISREPRESENTATION OR FALSIFICATION OF WAVER OF SERVICE OF SUMMONS BY THE ATTORNEYS].*

Attorneys and defendants in Bayad v. chambers et, al., are not an *<u>infant or incompetent</u>* person I am personally familiar with and I know

They are working as Executives Officer of Lucent Technologies Inc., and Cisco Systems Inc., as they are not and could not be an infants or *<u>incompetent persons</u>* within the meaning of **Rule 55 (a) of the Federal Rule of Civil Procedure.**

*In BAYAD V. CHAMBERS* et, al., all defendants are represented by Co-counsel of Lucent Technologies and Attorney Tom Shirely and Lisa Gaulin, and Mark Batten Cisco Systems who have filed notice of appearance on behalf of them.

All of Defendants are not in *<u>Military service</u>*.

Signed by Anthony Bayad on . 17 .day at . May ._____.Boston, Massachusetts.

_____
SIGNATURE OF AFFIANT

.ANTHONY BAYAD_
TYPED NAME OF AFFIANT

MATTHEW A. PAINE
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 25, 2008

## CERTIFICATE OF SERVICE

I certify that on May 17, 2004 a copy of this documents was served by HAND ON:

LUCENT TECHNOLOGIES INC.,

AVAYA INC.,

CHOATE, HALL & STEWARD INC.,

TOM SHIRLEY & LISA GAULIN

EXCHANGE PLACE

53 STATE STREEET,

BOSTON, MA 02109

&

CISCO SYSTEMS

BINGHAM MCCUTCHEN LLP,

MARK BATTEN,

150 FEDERAL STREET,

BOSTON, MA 02148


ANTHONY BAYAD

2 MAGOUN AVENUE

MEDFORD, MA 02155

Tel: (781) 704-8982

_____
ANTHONY BAYAD PRO SE