UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                          )
ANTHONY BAYAD,                            )
                                          )   Civil Action No. 04-10468-GAO
              Plaintiff,                  )
      v.                                  )
                                          )
JOHN CHAMBERS, et al.,                    )
                                          )
              Defendants.                 )
                                          )
```

*FILED IN CLERK'S OFFICE
2004 MAY 24 P 12: 27
U.S. DISTRICT COURT
DISTRICT OF MASS.*

## DEFENDANT PATRICIA RUSSO'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT

Defendant Patricia Russo hereby opposes Plaintiff's motion for entry of default against her in the above-captioned matter.

### BACKGROUND

On March 11, 2004, Defendant Patricia Russo received the Complaint in the above-captioned matter via certified mail. Along with the Complaint, she also received a "Notice of Lawsuit and Request for Waiver of Service" (the "Request"); a form Waiver of Service of Summons (the "Waiver"); and a form Summons. The Request informed that "[t]his is not a formal summons or notification from the court, but rather [plaintiff's] request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons." The Waiver directed the recipient to return the Waiver to Plaintiff "to save the cost of service of a summons."

Ms. Russo is the Chairman and CEO of Lucent Technologies, Inc. ("Lucent"). Upon receipt, Ms. Russo apparently forwarded the Complaint to in-house counsel for Lucent. Lucent spun off its enterprise networking group in 2000 to form a separate entity, Avaya Inc. ("Avaya"),

3701744v1

which assumed responsibility for any predecessor liability. Accordingly, Lucent counsel sent Plaintiff's Complaint to Avaya counsel. Avaya, in turn, sent it to the undersigned counsel at the end of March.

On April 2, 2004, one of the undersigned counsel, Lisa Gaulin, returned a completed waiver to the *pro se* Plaintiff on behalf of Ms. Russo. Even though Ms. Gaulin made a timely return of the Waiver under Rule 4(d)(2)(F), Plaintiff began to assert that Ms. Russo was in "default." On April 23, he filed a "default judgment" motion in which he asserted that he had sent the Complaint, Request and Waiver to Ms. Russo and that, because Ms. Russo did not file the Waiver with the Court within 30 days of service, "Plaintiff is entitled to relief from entry of default judgment."[1]

Ms. Gaulin responded with a letter to Plaintiff on April 27, 2004 and, later, a phone call asking Plaintiff to withdraw his motion. Ms. Gaulin explained her belief that the Waiver had been timely returned and, therefore, Ms. Russo's response to his Complaint was not yet due. She further explained that if Plaintiff felt the Waiver was returned improperly, he could simply serve Ms. Russo. Plaintiff was also informed that Ms. Russo would be filing a motion to dismiss. Plaintiff, however, rejected this explanation and asserted again that Ms. Russo was in "default" because she had not filed the Waiver with the Court.

On May 12, 2004, Plaintiff filed yet another Motion for Default Judgment against Ms. Russo (the "Motion"). In his Motion, Plaintiff argues that Ms. Russo is in default because she did not answer his Complaint within 20 days.

As of the date of this opposition, Plaintiff has neither filed the Waiver nor a return of service with the Court.

---

[1] Plaintiff also claimed (erroneously) that Ms. Russo was in default because (1) defense counsel had not filed a Notice of Appearance with the Court; (2) defense counsel had moved to quash Plaintiff's subpoena duces tecum directed to Avaya; and (3) Ms. Russo did not respond to his motion requesting the Attorney General to intervene.

2

3701744v1

ARGUMENT

I. **Ms. Russo Is Not In Default.**

Plaintiff's argument that Ms. Russo is in default because she did not answer the Complaint within 20 days must fail. On March 11, 2004, Ms. Russo received, along with the Complaint, a Request for Waiver of Service via certified mail. She returned the Waiver on April 2, 2004, well within the 30 days allowed under Rule 4(d)(2)(F). Accordingly, she had 60 days to respond to Plaintiff's Complaint.

Plaintiff, however, has maintained that the Waiver was not returned properly because Ms. Russo "failed to serve or to file the waiver of service according[] to [Rule] 5(d)." Plaintiff's Affidavit in Support of Motion, at p. 4. Therefore, argues Plaintiff, Ms. Russo had only 20 days to answer his Complaint under Rule 12. Id. at pp. 3-4. Plaintiff's attempt to revoke his request for waiver after Ms. Russo waived service, and then default her for not responding to his Complaint and Summons within 20 days, is simply not valid. Id.

Moreover, even though Plaintiff claims Ms. Russo did not properly respond to his request for a waiver of service, he never served her thereafter. In any event, Ms. Russo will file a motion to dismiss the Complaint in its entirety by May 28, 2004.

II. **The Court Should Set Aside Any Entry Of Default.**

Even if *arguendo* Ms. Russo is in default, this Court should set aside an entry of default. Federal Rules of Civil Procedure 55(c) provides that the Court may do so "[f]or good cause shown." This standard has been described by the First Circuit as a "liberal one" because of the policy that "actions should ordinarily be resolved on their merits." Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). In assessing whether or not a party can demonstrate good cause, a court generally considers (1) whether the default was willful; (2) whether a meritorious defense is

3

presented; and (3) whether Plaintiff would be prejudiced by setting aside the default. Id. at 76. Here, each of the factors strongly favors setting aside any default entered against Ms. Russo.

    A.    *Ms. Russo's "default" was not willful.*

The circumstances underlying Ms. Russo's failure to answer the Complaint within 20 days simply do not warrant an inference of willfulness. First, a response was not filed in this time period because of counsel's good faith belief, formed in light of Plaintiff's request for a waiver of service, that Ms. Russo had not yet been served and, therefore, the 20-day time period for response under Rule 12(a)(1)(A) was not applicable. This confusion was amplified by communications with Plaintiff in which he continued to claim that Ms. Russo had not responded to his *request for waiver* properly. See Debreceni v. Route USA Real Estate, Inc., 773 F. Supp. 498, 499 (D. Mass. 1990) (setting aside default where "inadvertent and unintentional problems of communication resulted in defendants' failure to timely file their answer"). Had defense counsel believed that Plaintiff had already served Ms. Russo, they would have simply filed a motion to extend time for a reply.

Moreover, Ms. Russo has by no means simply ignored Plaintiff since receiving the Complaint. Since bringing suit on March 8, 2004, Plaintiff has inundated this Court and counsel for all defendants with various motions and subpoenae. Counsel has made a good faith effort to respond to these pleadings where necessary and have, for example, filed four motions to quash the subpoenae and an opposition to Plaintiff's request for sanctions. Additionally, Ms. Gaulin has had a handful of conversations with Plaintiff in a futile attempt to clarify the substance of his motions and various assertions. Finally, as Plaintiff is well aware, counsel intends to file a motion to dismiss Plaintiff's Complaint in its entirety by the end of the month.

    B.    *Ms. Russo has a meritorious defense.*

Ms. Russo has a complete and meritorious defense to all of Plaintiff's claims asserted against her and, therefore, the interests of justice are best served by setting aside any default entry. Plaintiff purports to assert against Ms. Russo various discrimination claims under both state and federal law, as well as claims of false imprisonment, intentional infliction of emotional distress, conspiracy, and breach of contract. As set forth in more detail in Ms. Russo's pending motion to dismiss, Plaintiff's allegations as to Ms. Russo generally concern conduct that allegedly occurred during his employment at Lucent over seven years ago. All such claims are barred by applicable statutes of limitation and/or Plaintiff's failure to comply with statutory prerequisites to bring an action in court. Moreover, Plaintiff's discrimination claims have already been the subject of prior litigation in federal court in Florida[2] and, accordingly, are barred by the doctrine of *res judicata*. Thus, the policy favoring resolution of disputes on the merits strongly favors setting aside any entry of default against Ms. Russo.

C.   *Removal of default will not prejudice Plaintiff.*

Plaintiff will not, in anyway, be prejudiced by the Court allowing this case to proceed on its merits. This Court has not yet even entered default against Ms. Russo. Moreover, Ms. Russo will file a motion to dismiss by May 28, 2004.

---

[2] Summary judgment was entered against Plaintiff in the Florida litigation.

5

3701744v1

## CONCLUSION

For the reasons stated above, Defendant Patricia Russo opposes an entry of default against her in the above-captioned matter.

Respectfully submitted,

PATRICIA RUSSO

By her attorneys,

*/s/ Gaulin*

Thomas E. Shirley, Esq. (BBO# 542777)
Lisa M. Gaulin, Esq. (BBO# 654655)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109-2891
617-248-5000

Dated: May 24, 2004

### Certification of Conference

Pursuant to Local Rule 7.1(A)(2), I, Lisa M. Gaulin, hereby certify that I have made a good-faith effort to confer on this issue with the *pro se* Plaintiff prior to filing this motion but was unable to resolve the issue.

*/s/ Gaulin*
Lisa M. Gaulin

I CERTIFY THAT A TRUE COPY OF ABOVE DOCUMENT WAS SERVED ON ATTORNEY OF RECORD FOR OTHER PARTY BY MAIL/HAND ON
5-24-04  SIGNATURE /s/ Gaulin

3701744v1

**CHOATE, HALL & STEWART**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

EXCHANGE PLACE
53 STATE STREET
BOSTON, MASSACHUSETTS 02109-2804
TELEPHONE (617) 248-5000 • FAX (617) 248-4000
WWW.CHOATE.COM

LISA GAULIN
DIRECT DIAL: (617) 248-5141
EMAIL: LGAULIN@CHOATE.COM

*FILED IN CLERK'S OFFICE 2004 MAY 24 P 12: 27 U.S. DISTRICT COURT DISTRICT OF MASS.*

May 24, 2004

**BY HAND**

Clerk of Court
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

    RE:   *Bayad v. Chambers*, et al.
           **Civil Action No. 04-10468-GAO**

Dear Sir/Madam:

Enclosed for filing in the above-referenced matter, please find (1) Defendant Patricia Russo's Opposition to Plaintiff's Motion for Default, and (2) Affidavit of Lisa Gaulin.

Kindly acknowledge receipt of these documents by date stamping the enclosed copy of this letter and handing it to my awaiting messenger. If you have any questions, please do not hesitate to call me at 617-248-5141.

                                      Very truly yours,

                                      Lisa Gaulin

cc:    Anthony Bayad (*by regular mail* w/enc.)
       Thomas E. Shirley, Esq. (w/enc.)

3700209v1