IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) |
| | ) CASE NO. 04-cv-10468-GAO |
| | ) |
| JOHN CHAMBERS, PATRICIA | ) |
| RUSSO, ANTHONY | ) |
| SAVASTANO and CARL | ) |
| WIESE, | ) |
| Defendants, | ) |

FILED
CLERKS OFFICE
2004 MAY 27 A 11: 27
U.S. DISTRICT COURT
DISTRICT OF MASS.

PLAINTIFF'S RESPONSE TO DEFENDANT CHAMBERS ET, AL. 'MOTION
OPPOSING THE DEFAULT JUDGMENT FORFEITURE BY WRONG DOING

**A.    DESTRUCTION OF EVIDENCE AFTER NOTICE OF CLAIM IS
GROUND   FOR MOTION FOR DEFAULT JUDGMENT SUAPONTE.
Acolyte  Electric  Corp. v. New York, 165 A.D.2d 802, 564 N.Y.S.2d 62
(1990); See also In Rockwell International Corp v. Menzies, 561
So. 2d 677  (Fla. Dist. Ct. App. 1990).**

**§3.11, Destruction of Evidence,** Attorney Mark Batten for defendants [a]rgues that Destroying **Plaintiff' evidence Exhibit X-11** included in the complaint filed on March 8, 2004, to support his claim against Defendants Carl Wiese and Patricia Russo with Avaya Inc., and Lucent Technologies, that this **Exhibits X-11** was destroyed in a manner consistent with the company's standard destruction procedures. Attorney Mark Batten has further added that even though the **Evidence Exhibit X-11** in the complain was destroyed, Defendants Chambers et, al., have kept a hard copy on file, such argument is

1

found to be very **offending**, where Plaintiff and the Court have provided them **3 copies**, **Two copies** of **Exhibit X-11** attached to the complain and the third copies was attached to the Motion filed by Plaintiff and titled "Cisco Systems in Support of Plaintiff ' motion to notify the attorney General". Hence Plaintiff has subpoenaed documents for Cisco Systems Inc., and Avaya Inc. and defendants have denied such request and then Plaintiff filed a motion to compel discovery and Defendants were still destroying evidence and specially **Exhibit X-11**. Plaintiff is not seeking the hard copies but the **Data** which support the attachment ( **Data binary files used in the Emails or Data Computer files**), called Soft Copy for abbreviation Software or Data stored files usually are binary or Hex format, and will help plaintiff define the source of the Email or Protocol Internet Protocol Addresses from the Originator. Unfortunately **Mark Batten and Defendants Chambers et, al.** as stated and Quoted as Follow in their correspondence to Cisco Employees by instructing them to *obstruct Justice* in this Federal Litigation and it is a clear criminal intent to violate to Law:

> *** "Please **destroy** any hard or soft copies of this document, including any **soft copies stored on your computer's hard drive** or in your **email box**. Please respond to this email identifying whether you had this document in your possession, listing the email addresses of anyone to whom you forwarded the document and confirming that the required action was taken **to destroy** any copies in your possession".*********

**§ 8.5 destruction of Relevant Evidence** similar in Plaintiff 's case the District Court in **Computer Associates International, Inc. v. American Fundware Inc., 133 F.R.D. 166 ( D. Colo 1990)**, held that defendants as Chambers et, al. were subject to a duty to preserve the [ computer data]

2

compute software and source code no later than . . . when [they] were served with the complaint, because in the normal course of proceedings, [they]had a duty by then to investigate the matter and file and answer, or otherwise respond, to the complaint. Even assuming that maintenance of only a single, computer Data File was, in other circumstances, a bona fide business practice, any destruction of versions of the Data File or soft copy after [ t]he date on which the complaint was [*served*] could not be excused as *a bona fide business* practice, as attorney Mark Batten for Defendants chambers et, al., used as an excuse to give [defendants] the benefit of every doubt. The District Court in Computer Associates International v. American Fundware, entered a default against the defendants for **erasing** the **Data files** both after the **complaint** was **served** and after the Plaintiff as in this case **requested** protection of the Data Files of the Exhibit-11 in the complaint filed on about 8th of March the year of 2004 and was Subpoenaed the Document from March 19 to Present time and also moved to compel discovery.

Hence even if the court finds the policy to be reasonable given the nature of the documents as **Exhibit X-11** subject to the policy, the court has found that under this particular circumstances certain Data called Soft copies or documents should have been retain as in this case, notwithstanding the Policy. For example, if Cisco the Corporation knew or should have known that the **Exhibit X-11** in the complaint is a critical material in this Federal litigation as they knew is because such document was in deed being asked to be produced at some point then such documents is expected to be shield by a seemingly

3

innocuous document retention policy, and the argument that a Hard copies is retained this argument is meritless and very offending to Plaintiff and the Court; See **Capellupo v. FMC Corp., 126 F.R.D. 545 ( D. Minn. 1989)**

**§ 7.8 EVIDENCE DESTRUCTION** IS PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE.

The approach of the **1983 opinion** was recently codified in D.C. Rule of Professional Conduct Rule 3.4(a). The new *provides:*

*** A lawyer shall not: a) Obstruct party's access to evidence or alter, destroy, or conceal evidence, [or] counsel or assist another to do so, if the lawyer reasonably should know that the evidence is or may be the subject of discovery or subpoena in and pending or imminent proceeding.*****

D.C. Rules of Professional Conduct **Rule 3.4(a).** The new provision represents an important step in the evolution of professional responsibility law governing the destruction of [*evidence*]. The District of Columbia jurisdiction to adopt a rule of professional conduct explicitly and unambiguously **prohibiting Lawyers** as **Mark Batten and Cisco Co-counsel** from <u>destroying evidence</u> or <u>advising others to do so</u>, even if the action would not be unlawful and lawsuit has not been formally institute, unfortunately in this case the evidence as **Exhibit X-11** is attached in the complaint and was subpoenaed.

In addition, Under **Statutory Provisions** that once documents as Exhibits X-11 in the Complaint or other evidence have been subpoenaed, intentional destruction is clearly **Criminal Contempt** or **Obstruction of Justice** under **Federal Law**, even before the Issuance of Subpoena, **destruction** of

4

documents have been held to be Criminal Offense. **The Penal Code** prohibits **destroying documents** or **other evidence** is " **about to be produced** " and currently Six States extended the prohibition against by making destruction of real evidence a **criminal offense** if done with intent to prevent its production in a trial or other Legal Proceeding as in this case regardless of the time of the Act; And Several **Massachusetts cases** have identified States Constitutional right against Prosecutorial Destruction of Evidence; **See Commonwealth v. Henderson, 411 Mass.309, 582 N.E.2d 496 (1991).**

## CONCLUSION

Plaintiff moves for an **<u>Order Granting Default Judgment</u>** against Defendants Chambers et, al. for obstructing a civil, legal proceeding, alter evidence, **evade legal process**, and **obstructing evidence** in this Federal proceeding case; and have **<u>failed to answer</u>**, appear or otherwise defend, and the time to otherwise move or plead has **expired** and has **not** been **extended** in this action. Plaintiff ' motion before the District Court should be granted wherefore made pursuant to Federal Rule of Civil Procedure, Rule **55(b)(2)**,and is based upon the accompanying Plaintiff '**affidavit of support** default forfeiture by wrong doing against Chambers et, al. Attached Exhibits 1, 2, and A.

## CERTIFICATE OF SERVICE

I certify that on May 22, 2004, a copy of this document was

SERVED BY HAND ON ;


AVAYA Inc.,
LUCENT TECHNOLOGIES Inc.,
DEFENDANT PATRICIA RUSSO
Lisa Gaulin Esq.
Tom Shirley Esq.
Exchange place
53 State Street
Boston, MA 02109-2804
(617) 2480-5000


&

CISCO SYSTEMS Inc.,
DEFENDANTS
JOHN CHAMBERS,
ANTHONY SAVASTANO
CARL WIESE
Mark Batten Esq.
150 Federal Street
Boston, MA 02148

ANTHON BAYAD
PLAINTFF PRO SE
2 MAGOUN AVENUE
MEDFORD, MA 02155
(781) 704-8982

*Anthony Bayad*