IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE

2004 MAY 27 A 11: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

ANTHONY BAYAD, )
)
)
Plaintiff, ) CIVIL ACTION
)
)
)
) CASE NO. 04-cv-10468-GAO
)
JOHN CHAMBERS, PATRICIA )
RUSSO, ANTHONY )
SAVASTANO and CARL )
WIESE, )
Defendants, )
)

**PLAINTIFF' SECOND TIME  RESPONDING TO  DEFENDANT PATRICIA RUSSO OPPOSITION TO  MOTION FOR HER  DEFAULT IN THIS LITIGATION**

*INTRODUCTION.*

**Defendant Patricia Russo** has only filed a notice of appearance on **April 27, 2004**, that does not refer to the merits of the claim does demonstrate a termination to defend against the claim and will not "*preclude*" the entry of default; **See 10 Moore' Federal Practice, § 55.10[2][C] (Matthew bender, 3d ed.).** Additionally Entry of Default severely limits Party as defendant Patricia Russo's subsequent participation in action. The most important consequence of the fact that a default is entered is that the defaulting party is no longer entitled in the determination of its Liability in the action; **See Dow Chem. Pac. Ltd. V. Rascator Maritime S. A., 782 F.2d 329, 336 ( 2d Cir. 1986).**

1

## STATEMENT OF FACT

Moreover no type of dispute is more met for judicial resolution than one calling into question the **power of a court** to decide and to enforce its own rules, and in such circumstances, the direction of the court must be **sustained**, else we would be rejecting the requirement of judicial process. Wherefore, Defendant Patricia Russo has shown her endeavor at every stage of this proceeding, to create unnecessary trouble by willful failure to comply with rule of Law ( **Rules of Civil Procedures**); Additionally she committed numerous offenses varying of seriousness that has constitute of obstruction of justice. Defendant Patricia Russo and Her lead attorney Tom Shirley have **falsified** the **Official Document** of the **United States District Court** the Waiver of Service of Summons that was sent to her on **March 9, 2004** and she has received it on **March 11, 2004**, in the <u>section</u> of the Waiver of Service of Summons, ""**[Section request was sent]**"", it should have been entered as **March 9, 2004** as the others have done and complied with rule of law, But it is a shame that an attorney such as **Tom Shirley** an **officer** of the court and member of the **Massachusetts Bar**, a well respected branch of the **Massachusetts Supreme Court**, **mislead** the <u>Court</u> and **Plaintiff** by Inserting the **April 2, 2004 date** in the Waiver of Service of Summons and knowingly it should be entered **truthfully** dated as **March 9, 2004**; His action was for the purpose to **evade the time limitation** and by doing so he has committed **perjury**; And **deliberately disobeying** the District Court Clerk ' Subpoena, Attorney is attempting to take upon himself the power to determine what is the law and in doing so, subjected himself to Civil Contempt and disbarment; See **United States v. United Mine**

***Workers of America, 330 U.S. 258, 307, 67 S.C.t.677,91 L.Ed.884 (1947,*** the final default judgment decree on the merit of his client Patricia is mandated and the U.S. District Court will not abuse its discretion nor will prejudice his client in the contest of legality when Defendant Patricia Russo and her lead attorney Tom Shirley are **Obstructing a civil, administrative proceeding, alter evidence, evade legal process,** and **obstruct information evidence in this federal proceeding case.** Defendant Patricia Russo "**willfully**" ignored the processes of the court, failed to answer or otherwise defend, and time to otherwise move or plead has expired and had not been extended in this action, and default is obvious pursuant to District Court Rules of Civil Procedure, **Rule 12 & 55(b)(2)** and based on previous declaration and records and files submitted to the U.S. District Court. Defendant Patricia Russo once argued that Service was improper even if summons and complaint were served properly. Such argument by Defendant is meritless. [i]f this hyper technical argument were to be accepted by this court, then other defendants would be accepted by this court, then other defendants would be encouraged to engage in similar machinations to avoid service of process and thereby obstruction and delay the administration of Justice. Wherefore Plaintiff Pro Se under the **guidance** of the U.S. District Court was told that service of summons and complaint is proper under **Rule 5(b)** and **Waiver of Service of summons** is also proper under **Rule 4** and Federal District Court of Massachusetts statues did prescribe manner of service by **First Class mail** is a **proper and legal**. Hence Service was complete upon mailing with the complaint, summons, and Waiver of Service; See Rules of Civil Procedure rule **5 (b), 4, & 60 (b) 28 U. S. C. A.**

3

Since defendant does not claim excusable neglect, surprise, newly, discovered evidence or otherwise like, but the only excuse is improper service and it is an admittance of her unlawful violation of Plaintiff 'Civil Rights & constitutional right. Since **Defendant Patricia Russo** was served at her Lucent Technologies Inc., using United States postal Service _via first and Certified mail_, there can be no question but that service was legally authorized in this case by this Court. Moreover, When ever a statue of the United States * * * _provides service of a summons_ * * * upon a party not inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statue * * or, if there is no provision there in prescribing the manner of service, in a manner stated by United States District Court; See **Rule 4(e) and 5(d)**; Also See **U.S. Security Exchange Commission v. Dumont Corp., D. C. N.Y. 1969, 49 F. R. D.342.** Hence Plaintiff is entitled to relief from entry of default judgment where it appear that Attorneys for Defendant Patricia Russo were under the honest but mistaken impression that a **filing with United Stated Court Clerk** or _an answer to Plaintiff complain_ had been timely filed, such mistaken impression constitutes good cause to set aside the default under **rule 55 ( c)**. See; **Kennerly ARO, Inc. v. Air Engineering Metal Traders, 447 F. Supp 1083 ( ED Tenn. 1977)**, _for damages arising from delivery of allegedly damage goods_ would be granted where the default in answering plaintiff ' complain resulted from **excusable neglect** or **inadvertence** on the part of Defendant Patricia Russo 's **attorney** claim **agent** who did not review the **rules of the Court** and who did not

4

*note the expiration date for answering **in his diary**.* Moreover Plaintiff's motion for default judgment under **Rule 55** will be granted where defendants 's Counsels ( Tom Shirley and Lisa Gaulin), although having knowledge of the case and being aware of a possible defense of release, permitted the date for filing answer to pass without seeking any extension and gave no excuse for delay except inadvertence. The Firm whom employed Attorney Tome Shirley and Lisa for defendant Patricia Russo is a well established , City Boston High Class High rise firm' situated and employed more than thirty Paralegals and attorneys that are very informed of the law and the U.S. District Rule of Civil Procedures, especially Rule 4, 5, 11,12, and 55 (b) (2).

## CONCLUSION

Hence Plaintiff moves for **an order granting default judgment** against defendant Patricia Russo who has failed to answer, appear or otherwise defend, and the time to otherwise move or plead has expired (**90 days have passed**), and has **not** been **extended** in this action, and default should be **granted** against defendant Patricia Russo pursuant ' plaintiff motion made to **District Court under the Federal Rule of Civil Procedure, Rule 55 (b) (2)**.

5

# CERTIFICATE OF SERVICE

I certify that on May 27, 2004, a copy of this document was

SERVED BY HAND ON ;

AVAYA Inc.,
LUCENT TECHNOLOGIES Inc.,
DEFENDANT PATRICIA RUSSO
Lisa Gaulin Esq.
Tom Shirley Esq.
Exchange place
53 State Street
Boston, MA 02109-2804
(617) 2480-5000

&

CISCO SYSTEMS Inc.,
DEFENDANTS
JOHN CHAMBERS,
ANTHONY SAVASTANO
CARL WIESE
Mark Batten Esq.
150 Federal Street
Boston, MA 02148

ANTHON BAYAD
PLAINTFF PRO SE
2 MAGOUN AVENUE
MEDFORD, MA 02155
(781) 704-8982

*Anthony Bayad*