UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD, )
 )
             Plaintiff, ) Civil Action No. 04-10468-GAO
 )
       v. )
 )
JOHN CHAMBERS, et al., )
 )
             Defendants. )

**DEFENDANT PATRICIA RUSSO'S MEMORANDUM IN
SUPPORT OF HER MOTION TO DISMISS**

Defendant Patricia Russo respectfully submits this memorandum in support of her Rule 12(b)(6) motion to dismiss with prejudice all nine claims asserted against her in the complaint.

**PLAINTIFF'S COMPLAINT**

Plaintiff Anthony Bayad ("Bayad") was employed by Lucent Technologies Inc. ("Lucent") from December 1995 until January 1997. Complaint ("Compl."), §§ 12, 35, 52.[1] He brings this action against Patricia Russo ("Russo"), an employee of Lucent, and John Chambers, Anthony Savastano, and Carl Wiese (collectively, the "Cisco Defendants"), all employees of Cisco Systems, Inc. ("Cisco") who, Plaintiff alleges, have worked for or been associated with Lucent. Id., ¶¶ 8, 9.

Plaintiff is *pro se*. His Complaint is 46 pages long and contains 205 separately numbered paragraphs. Attached to it are what appear to be several hundred pages of exhibits ("Compl. Ex."). The following sets forth Russo's best summary of Plaintiff's factual allegations.

---

[1] Consistent with Fed. R. Civ. P. 12(b)(6), the facts alleged in Plaintiff's Complaint are assumed to be true for purposes of Russo's Motion.

1

Plaintiff was discriminated against as an employee of Lucent and ultimately terminated on January 23, 1997 because of his Arab race and Moroccan ancestry. Id., ¶¶ 1, 12-59. His termination was carried out in a particularly abusive and actionable manner. Id., ¶¶ 29-58. All facts relating to his Lucent employment and termination occurred in Florida. Id., ¶¶ 12-58.

At some point "between the year of 1997 and 1999", Russo and two of the Cisco Defendants told another company, Bay Network Inc. ("Bay Network"), not to hire Plaintiff. Id., ¶ 63. The same Defendants also conspired with a second company, International Network Services, Inc. ("INS"), to revoke an offer of employment to Plaintiff on July 30, 1997. Id., ¶ 64; Compl. Ex. N.[2] All facts relating to INS appear to have occurred in Florida. Compl. Ex. N. It is unclear where Bay Network was located.

From April 2000 until May 2001, Plaintiff was employed by Cisco in Lexington, Massachusetts. Id., ¶¶ 68-103. Plaintiff believes that Cisco, like Lucent, terminated him because of his Arab race and Moroccan ancestry, and in an abusive and actionable manner. Id., ¶¶ 103-107. Plaintiff has repeatedly sought reemployment with Cisco since his termination. Id., ¶¶ 132-150. He attributes his lack of success to continuing unlawful discrimination against him by Cisco. Id., ¶¶ 144-150. Plaintiff appears to believe that the Cisco Defendants also interfered with his ability to take something called the "CCIE [Cisco Certification Internetworking Expert] lab exam" in February 2004. Id., ¶¶ 117-118.

Finally, Plaintiff also apparently formed a company, Global Internetworking Consulting Inc. ("GIC"), in September 2001. Id., ¶¶ 125-126. He is "aware" that neither "John Chambers for Cisco nor Patricia Russo for Lucent Technologies . . . promote or support small business minority owner[s] of companies . . . ." Id., ¶ 128 (emphasis in original omitted). He also

---

[2] In fact, Compl. Ex. N appears clearly to establish that INS revoked its offer to Plaintiff because he had failed to include his employment with Lucent in his application.

2

believes that a joint venture that Lucent and Cisco entered into in February 2004 is unlawful. Id., ¶ 168.

Based on these facts, Plaintiff's Complaint sets out nine Counts, all of which appear to lie against all four Defendants. The Counts are styled in the following way: "Race, Ethnic National Origin in Violation of Massachusetts law" (Count I); "Disparate Treatment" (Count II); "False Imprisonment" (Count III); "Intentional Inflict[ion] of Emotional Distress & Enjoyment of Life" (Count IV); "Conspiracy" (Count V); "Breach of Contractual of Obligation Business & Employment Relationship" (Count VI); "Wrongful Denial of Certification to Candidate of Arab Race" (Count VII); "Reconstructed Era Civil Rights Act Claim" (Count VIII); and "Retaliation" (Count IX).

The legal basis for the Counts is unclear. Generally, Plaintiff appears to believe that Defendants have violated Massachusetts law; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"); and 42 U.S.C. § 1985(3) ("Section 1985"). Id., ¶¶ 2-5; see generally ¶¶ 173, 180, 182, 186, 192, 196, 201, 205.[3]

## ARGUMENT

For purposes of the instant Motion, Plaintiff's allegations may be clustered into three groups based upon the time period in which they occurred. The first cluster of allegations relates to Plaintiff's employment with Lucent and his allegedly discriminatory termination in 1997. The second cluster involves Plaintiff's allegation that, between 1997 and 1999, Defendants prevented him from obtaining employment with Bay Network and INS. The third cluster generally concerns allegations relating to the period of Plaintiff's employment with Cisco and thereafter.

---

[3] Based upon Plaintiff's "Motion to Strike With Sanction Cisco Defendants' Partial Motion to Dismiss," filed with the Court on or about May 10, 2004 ("Plaintiff's Cisco Opposition"), it appears that Plaintiff's Title VII claim is based on Title VII's anti-retaliation provision, set forth at 42 U.S.C. § 2000e-3. See Plaintiff's Cisco Opposition at pp. 3, 6-8. Plaintiff mistakenly refers to this as 42 U.S.C. § 704; in fact, it was initially Section 704 of Public Law 88-352, which became part of Title VII at 42 U.S.C. § 2000e-3.

3

For the reasons set forth below, Plaintiff's Complaint fails to state a claim against Russo with respect to any of these three clusters of allegations.

## I. PLAINTIFF DOES NOT HAVE ANY CLAIM AGAINST RUSSO WITH RESPECT TO HIS LUCENT EMPLOYMENT.

Plaintiff's claims against Russo relative to his Lucent employment must be dismissed for at least four reasons: (1) any such claim is barred under the doctrines of res judicata and collateral estoppel; (2) Massachusetts law is inapplicable to any such claim; (3) any such claim is time-barred; and (4) any claim brought under Title VII must fail because Russo, an individual, is not subject to suit under Title VII.

### A. Plaintiff's Claims Are Barred By Res Judicata and Collateral Estoppel.

In 1997, after his termination from Lucent, Plaintiff filed a seven-count complaint in the United States District Court for the Southern District of Florida against Lucent and several individual Lucent employees (the "Florida Litigation"). Although he did not name Russo as a defendant there, the allegations are familiar: just as he does in the instant matter, Plaintiff asserted allegations pertaining to employment discrimination at Lucent and his alleged wrongful termination in 1997. See Complaint, Bayad v. Lucent Tech. Inc., et al., Case No. 97-6671-Civ-Roettger/Seltzer (S.D. Fla. 1997) (the "Fla. Complaint"), attached hereto as Exhibit A.[4] In this regard, the Complaint contains virtually identical allegations to those presented in the Florida Litigation. For example, in both complaints Plaintiff alleges that: he was treated differently by Lucent personnel "simply because he was an Arab from North Africa" (Compl., ¶¶ 17, 22 & See Fla. Compl., ¶ 28); Lucent officials stripped Plaintiff of his "status" as Group Manager for no

---

[4] The Court may take judicial notice of matters of public record, such as court proceedings, without converting a 12(b)(6) motion into a motion for summary judgment. See Henson v. CSC Credit Serv., 29 F.3d 280, 284 (7th Cir. 1994). See also Rasheed v. Duval, 57 F.3d 1061, 1995 WL 365994, at *1 (1st Cir. 1995) (unpublished opinion) (citing Henson; noting that courts routinely regard documents from prior court cases as public records subject to judicial notice).

4

cause and promoted a white employee, Lewis Kaslow, instead of him (See Compl., ¶¶ 21, 28 & See Fla. Compl., ¶¶ 18, 31); and, the Plaintiff's termination from Lucent was the result of a conspiracy against him on account of his race and national origin. (See Compl., ¶¶ 34, 38 & See Fla. Compl., ¶ 68). Of relevance here, Plaintiff alleged violations under Title VII and the Florida Civil Rights Act of 1992 (the "FCRA") against Lucent and violations under Section 1981 against all of the defendants.

On March 31, 1999, the defendants in the Florida Litigation moved for summary judgment on all counts. Magistrate Barry S. Seltzer recommended that their motions be granted with respect to Plaintiff's claims under Title VII, Section 1981 and the FCRA, the three counts premised upon alleged employment discrimination. See Report and Recommendation to District Judge, Bayad v. Lucent Tech. Inc., et al., Case No. 97-6671-Civ-Roettger/Seltzer (S.D. Fla. Aug. 16, 2000) (the "Fla. Order"), attached hereto as Exhibit B. Relative to these claims, Magistrate Seltzer made the following findings:

(1) The record contained no direct evidence to support Plaintiff's allegations that he was terminated for discriminatory reasons. Id., p. 13.

(2) Plaintiff did not provide circumstantial evidence of discrimination, i.e., he did not establish that similarly-situated employees received more favorable treatment. Id., p. 20.

(3) Even if Plaintiff did meet his initial burden in establishing a prima facie case of discrimination, the defendants rebutted any presumption of discrimination by articulating a legitimate, non-discriminatory reason for terminating Plaintiff. Id.

(4) Plaintiff did not provide any evidence to show that the defendants' proffered reason for his termination—misuse of his corporate credit card—was a pretext for discrimination. Id., p. 21.

On October 28, 2000, Judge Norman C. Roettger Jr. issued an Order approving and adopting Magistrate Seltzer's report and recommendation with respect to the federal law claims.

5

See Exhibit C. On February 6, 2004, Plaintiff attempted to appeal the district court's order. The Eleventh Circuit dismissed the appeal, sua sponte, on March 18, 2004 as untimely.

Plaintiff now seeks a second opinion in Massachusetts. His attempt to do so must fail under the doctrines of res judicata and collateral estoppel. Under the doctrine of res judicata, or claim preclusion, a plaintiff is barred from re-litigating claims that were or could have been brought in an earlier action. Under federal law,[5] res judicata applies to foreclose a subsequent action where: (1) there is a final judgment on the merits in an earlier action; (2) there is an identity of parties or privies in the two suits; and (3) there is an identity between the causes of action in the two suits. See Massachusetts Sch. of Law, 142 F.3d at 37; Kale v. Combined Ins. Co. of America, 924 F.2d 1161, 1165 (1st Cir. 1991).

Relative to Plaintiff's Section 1981 and Section 1985 claims, each of the factors is satisfied in the present case. First, the Florida court's grant of summary judgment to the defendants was "a final judgment on the merits" under the res judicata doctrine. See Dowd v. Soc'y of St. Columbans, 861 F.2d 761, 764 (1st Cir. 1988) (noting that "[s]ummary judgment constitutes a final judgment on the merits for purposes of applying res judicata"); see also Caballaro-Rivera v. Chase Manhattan Bank, 276 F.3d 85, 87 (1st Cir. 2002), cert denied 536 U.S. 905 (2002) (same).

Second, the parties to the two actions are virtually identical—in each suit, the same plaintiff named Lucent employees as defendants. That Russo was not a party to the Florida Litigation has no effect on the application of res judicata here. The First Circuit has stated that such "nonmutual" application of res judicata is appropriate if "the old party cannot show any good reasons to justify a second chance." In Re El San Juan Hotel, 841 F.2d 6, 10 (1st Cir.

---

[5] Where, as here, a federal court has rendered an earlier decision in a suit, federal law controls in determining the res judicata effect of a previous opinion. Massachusetts Sch. of Law, Inc. v. American Bar Ass'n., 142 F.3d 26, 37 (1st Cir. 1998).

6

1988) (citing 18 Wright & Miller, Federal Practice and Procedure, § 4464, at 589 (1981)). There is simply no good reason that Plaintiff, who brought claims against five Lucent employees in the Florida Litigation, could not have named Russo there as well.

Third, as previously discussed, the claims Plaintiff asserts in this action relative to alleged employment discrimination arise out of the exact same factual assertions as those raised in the Florida Litigation. It is well-established that "[o]nce there has been an adjudication on the merits, federal law stipulates that all claims which are 'part of the same cause of action' are extinguished, *whether or not actually asserted in the original action.*" Kale, 924 F.2d at 1164 (emphasis added); see Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 62 (1st Cir. 2000) (no right to bring separate and successive suits arising out of a single nucleus of operative facts).

Plaintiff's claims against Russo under Title VII, Section 1981 and Section 1985 are also barred under the doctrine of collateral estoppel, or issue preclusion. Under this doctrine, once a court has decided an issue of fact or law necessary to its judgment, that decision precludes re-litigation of the issue in a different suit if the party against whom the doctrine is applied had a "full and fair opportunity" to litigate it in the earlier case. See Allen v. McCurry, 449 U.S. 90, 94 (1980); Monarch Life Ins. Co. v. Ropes & Gray, 65 F.3d 973, 978 (1st Cir. 1995). In other words, because Plaintiff had a "full and fair opportunity" to litigate his employment discrimination claims in the Southern District of Florida, that court's finding that Plaintiff was not discriminated against by Lucent or Lucent employees precludes re-litigation of this issue. Furthermore, even though Russo was not a party to the Florida Litigation, she "may use collateral estoppel 'offensively' in a new federal suit against [the Plaintiff], who lost on the decided issue in the first case." See Allen, 449 U.S. at 94; Monarch Life Ins., 65 F.3d at 978 n. 8.

In sum, Plaintiff's allegations in the instant Complaint relative to his claim of employment discrimination by Russo mirror claims and issues already asserted—and adjudicated—in the Florida Litigation. Accordingly, such claims must be dismissed.

B.   Massachusetts Law is Inapplicable to Plaintiff's Claims.

A second, independent reason that Plaintiff's claims must be dismissed is that Massachusetts law is simply not applicable to Plaintiff's allegations against Russo. At the time the alleged discrimination by Lucent and Russo occurred, Plaintiff was a Florida citizen who was employed by Lucent at a Florida office. The alleged discriminatory acts, including those at a January 23, 1997 meeting in Largo, occurred in Florida, as did Plaintiff's termination. In fact, relative to his employment at Lucent, Plaintiff alleges no contact with Massachusetts whatsoever. Accordingly, Plaintiff was subject to the protections afforded under Florida law, not Massachusetts law. In any event, Plaintiff's allegations are time-barred whether Massachusetts or Florida law is applied. See infra, pp. 8-10 & n. 11.

C.   Plaintiff's Claims Are Time-Barred.

A third reason that Plaintiff's claims against Russo relative to his Lucent employment must fail is that they are all time-barred.

1.   Massachusetts State Law Claims

Plaintiff purports to assert various claims under Massachusetts law, including, apparently, claims under the Massachusetts Fair Employment Practices Act ("Chapter 151B").[6] Each of these claims must fail because it is time-barred.

First, Plaintiff's discrimination claims relative to his Lucent employment and termination concern events that allegedly occurred at least seven years ago. See Compl., ¶¶ 1, 12-59. Under

---

[6] Plaintiff does not identify which Massachusetts state law the defendants have allegedly violated, but, construing the *pro se* Plaintiff's pleading broadly, Russo assumes he purports to allege violations under Chapter 151B. In any event, the exact styling of a discrimination claim against Russo is inapposite, as any such claim is time-barred.

8

Chapter 151B, employment discrimination claims must be filed in court within three years of the alleged discriminatory act. MGL ch. 151B, § 9. Thus, Plaintiff's allegations come well outside the limitations period and are, accordingly, time-barred.[7] Id.

Plaintiff's claim of intentional infliction of emotional distress against Russo in Count IV is premised, in part, on the alleged "hostile environment" he was subjected to during his employment at Lucent and the alleged events that transpired when he met with Lucent officials on January 23, 1997, including his commitment to a psychiatric hospital in the aftermath of the meeting.[8] Under MGL ch. 260, § 2A, actions for torts must be commenced within three years. Accordingly, Plaintiff's claim for intentional infliction of emotional distress, and any other tort, is time-barred. Likewise, Plaintiff's claim of false imprisonment in Count III, which also appears to be premised on alleged events occurring at the January 23, 1997 meeting, is time-barred because it was not brought within the three-year limitations period under MGL ch. 260, § 4.

Plaintiff's breach of contract claim against Russo in Count VI is based essentially on his allegation that she, among other Lucent officials, "fail[ed] to follow [Lucent's] personnel policies and procedure and procedures on evaluating, promoting, and providing equal business and employment opportunity." Compl., ¶ 191.[9] Specifically, Plaintiff seems to allege that Russo

---

[7] Likewise, any possible claim Plaintiff may assert under the Massachusetts Equal Rights Act ("MERA") or the Massachusetts Civil Rights Act ("MCRA") is time-barred. Under MERA, all persons within the Commonwealth must be afforded the same rights enjoyed by white male citizens. The MCRA prohibits interference with a person's rights by threats, intimidation or coercion. Both statutes are subject to the three-year statute of limitations contained in MGL ch. 260, § 5B. Accordingly, any conceivable claim Plaintiff could allege against Russo under these statutes fails as a matter of law.

[8] In support of his claim, Plaintiff also makes various allegations concerning his employment at Cisco. Compl., ¶¶ 185-86. These allegations do not involve Russo.

[9] For purposes of this Motion only, it is assumed that Lucent's "personnel policies and procedures" created a contract with Plaintiff. However, if Count VI is not dismissed, Russo reserves the right to dispute the existence of such contract.

9

breached Lucent's "policies and procedures" by conducting an investigation into his misuse of a corporate credit card inappropriately. Id. ¶¶ 151-52.

Where, as is the case here, "the gravamen of [a breach of contract claim] is that the defendant has caused the plaintiff a personal injury," the three-year limitations period under MGL ch. 260, § 2A governs the claim. Pagliuca v. City of Boston, 35 Mass. App. Ct. 820, 823 (1994); see MGL ch. 260, § 2A ("actions of contract to recover for personal injuries . . . shall be commenced only within three years next after the cause of action accrues"). Plaintiff's employment with Lucent was terminated in January 1997, more than seven years before Plaintiff brought the instant Complaint on March 8, 2004. Thus, any conceivable breach of the company's personnel policies and procedures involving Plaintiff occurred, necessarily, more than seven years ago and is, therefore, outside the three-year limitations period. Accordingly, Plaintiff's breach of contract claim is time-barred and must be dismissed.[10,11]

    3.    Section 1981

Plaintiff's claim under Section 1981 is, necessarily, brought pursuant to that statute's 1991 amendment.[12] The United States Supreme Court determined recently that such a claim is governed by 28 U.S.C. § 1658, which provides for a "catch-all" four-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990. See Jones v. R.R. Donnelley & Sons Co., 124 S. Ct. 1836 (2004). Thus, to the extent that Plaintiff's Section 1981

---

[10] Contract actions not predicated on allegations of personal injury are subject to the six-year limitations period in M.G.L. ch. 260, § 2. Even if the more generous limitations period were applicable here, Plaintiff's breach of contract claim would still be time-barred.

[11] Plaintiff's claims would be time-barred under Florida law as well. See Fla. Stat. ch. § 95.11(3)(o) (four-year statute of limitations for claims of false imprisonment); id. (four-year statute of limitations for intentional torts such as civil conspiracy and intentional infliction of emotional distress); Fla. Stat. ch. 95.11(2)(b) (five-year statute of limitations for action pursuant to a contract founded on a written instrument).

[12] As the Supreme Court noted in Jones v. R. R. Donnelley & Sons Co., the original version of Section 1981 gave all persons within the United States "the same right in every State . . . to make and enforce contracts . . . as is enjoyed by white citizens." 124 S. Ct. at 1839. Its application was broadened by the 1991 amendment, which defined the term "make and enforce contracts" to include the "termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of contractual employment." Id. at 1840. Prior to the amendment, the statute did not protect against harassing conduct that occurred after the formation of a contract. Id.

claim against Russo concerns events that allegedly occurred relative to his employment at Lucent over seven years ago, Plaintiff's claim is time-barred.

### 4. Section 1985

Plaintiff apparently alleges that, by engaging in a "plan of conspiracy and discriminatory action" that included stripping Plaintiff of his "status" as head manager for no cause and promoting a white employee over him in 1997, Russo and two of the Cisco Defendants are in violation of Section 1985(3).[13] Compl., ¶¶ 21, 28. Because Section 1985 does not provide for a statute of limitations, courts generally apply the forum state's statute of limitations for personal injury torts. See, e.g., Nieves v. McSweeney, 73 F. Supp. 2d 98, 102 n. 4 (D. Mass. 1999) (applying Massachusetts' three-year statute of limitations period for personal injury torts to section 1985 claim), aff'd 241 F. 3d 46 (1st Cir. 2001); Newberger v. United States Marshals Service, 751 F. 2d 1162, 1166 (11th Cir. 1985) (applying Florida's statute of limitations for intentional torts to section 1985 claim). Accordingly, Plaintiff's claim, which concerns events allegedly occurring over seven years ago, is time-barred under Massachusetts' three-year statute of limitations for personal injury.[14] See MGL ch. 260, § 2A.

### D. Plaintiff Cannot Sue an Individual Under Title VII.

Plaintiff's Title VII claim against Russo must be dismissed because Plaintiff sues her as an individual defendant. Although the First Circuit has not taken a position on the issue, the majority view is that individuals are not subject to suit under Title VII. See, e.g., Chatman v.

---

[13] Subsection 3 of Section 1985 prohibits, in relevant part, a person from engaging in a conspiracy to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. 1985(3) (West 2004).

[14] To the extent that Plaintiff may allege a claim of civil conspiracy, such a claim is also time-barred as it is subject to the three-year limitations period for actions based on personal injury. See MGL ch. 260, § 2A; Pagliuca v. City of Boston, 35 Mass. App. Ct. 820, 823 (1994) (granting summary judgment to defendant where civil conspiracy claim was not brought within the three-year limitations period); see also Ambrister v. Roland Intern. Corp., 667 F. Supp. 802, 809 (M.D. Fla. 1987) (under Florida law, "[conspiracy] claims are . . . governed by the period applicable to 'intentional torts' . . . and must be brought within four years").

Gentle Dental Center, 1997 WL 529762 (D. Mass. Aug. 22, 1997) (dismissing Title VII claims against individual defendants because "Title VII . . . cannot be interpreted to create individual liability on the part of individual employees of the employer entity); Foley v. Univ. of Houston Sys., 355 F.3d 333, 340 n. 8 (5th Cir. 2003) (noting that "relief under Title VII is available only against an employer, not an individual supervisor or fellow employee); Akers v. Alvey, 338 F.3d 491, 500 (6th Cir. 2003) (finding that "Title VII does not create individual liability for individuals in supervisory positions").

## II. PLAINTIFF DOES NOT HAVE ANY CLAIM AGAINST RUSSO WITH RESPECT TO BAY NETWORK AND INS.

Plaintiff's second cluster of claims involves allegations that, from 1997 through 1999, the defendants conspired to prevent him from obtaining other employment. See, e.g., Compl., ¶¶ 63-66. Plaintiff claims, for instance, that Russo and two of the Cisco Defendants told personnel at Bay Network not to hire Plaintiff because he was "crazy" and had been fired for stealing from Lucent. Id., ¶ 63. Plaintiff also contends that the defendants "openly conspired" with INS to terminate his employment. Id., ¶¶ 64, 66. He even claims that Russo purchased INS in order to "demonstrate her power to all Minorities and specifically to [Plaintiff]." Id., ¶ 65. Based on these allegations, Plaintiff apparently alleges various state law violations, including claims of discrimination under Chapter 151B; intentional infliction of emotional distress; false imprisonment; and, tortious interference with contractual relations.[15] Plaintiff also purports to allege violations under federal law, including claims under Title VII, Section 1981 and Section 1985.

Each of these claims concerns events that occurred, allegedly, over four years ago, from 1997-1999. Accordingly, each claim is time-barred and must be dismissed. See MGL ch. 151B,

---

[15] Although Plaintiff styles his claim as a breach of contract claim, Russo assumes for the purposes of this Motion that he is asserting a claim of tortious interference with contractual relations here.

§ 9 (three-year statute of limitations for claims under Chapter 151B); MGL ch. 260, § 2A (three-year statute of limitations for torts such as intentional infliction of emotional distress and tortious interference with contractual relations); MGL ch. 260, § 4 (three-year statute of limitations for claims of false imprisonment); 42 U.S.C. § 2000e-5(e)(1) (claims under Title VII must be filed within 300 days of the occurrence of the allegedly discriminatory practice); Jones, 124 S. Ct. at 1845 (holding claims under section 1981 are subject to a four-year statute of limitations); Nieves, 73 F. Supp. 2d at 102 n. 4 (applying Massachusetts' three-year statute of limitations period for personal injury torts to section 1985 claim), aff'd 241 F. 3d 46 (1st Cir. 2001).[16]

In addition to being time-barred, Plaintiff's Title VII claims against Russo must be dismissed because, as discussed supra, individuals are not subject to suit under Title VII.[17] See, e.g., Chatman v. Gentle Dental Center, 1997 WL 529762 (D. Mass. Aug. 22, 1997); Foley v. Univ. of Houston Sys., 355 F.3d 333, 340 n.8 (5th Cir. 2003); Akers v. Alvey, 338 F.3d 491, 500 (6th Cir. 2003).

### III. PLAINTIFF DOES NOT HAVE ANY CLAIM AGAINST RUSSO ARISING OUT OF ALLEGED EVENTS OCCURRING AFTER 1999.

Plaintiff's third cluster of claims concerns alleged events occurring after 1999. These allegations appear to center on Plaintiff's employment at Cisco from April 2000 through May 2001; his subsequent unsuccessful re-employment efforts; and, his belief that the Cisco Defendants blocked his ability to take a "CCIE lab exam." See Compl., ¶¶ 117-118, 132-50. None of these allegations seem to involve or implicate Russo.

In fact, the only assertions Plaintiff makes relative to Russo are (1) his belief that "Russo for Lucent" does not promote or support minority owners of companies, and (2) his assertion that

---

[16] Again, these claims are time-barred under Florida law as well. See supra, n. 11.
[17] Moreover, even if individuals were subject to liability under Title VII, Plaintiff has not satisfied the statute's administrative prerequisites, i.e., he has not filed a claim with the EEOC or the Massachusetts Commission Against Discrimination.

13

a February 2004 joint venture between Cisco and Lucent is unlawful. See id., ¶¶ 128, 168. Without more, these allegations are not even actionable against Lucent. It is beyond peradventure that they do not provide him with a basis for a claim against Russo.

## CONCLUSION

For the reasons stated herein, Defendant Patricia Russo respectfully requests that all nine counts in the Complaint asserted against her be dismissed with prejudice.

Respectfully submitted,

PATRICIA RUSSO

By her attorneys,

*Lisa Gaulin*

Thomas E. Shirley, Esq. (BBO# 542777)
Lisa M. Gaulin, Esq. (BBO# 654655)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109-2891
617-248-5000

Dated: June 2, 2004

### Certification of Conference

Pursuant to Local Rule 7.1(A)(2), I, Lisa M. Gaulin, hereby certify that I have made a good-faith effort to confer on this issue with the *pro se* Plaintiff prior to filing this motion by speaking with him on June 2, 2004.

*Lisa Gaulin*
Lisa M. Gaulin

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON
DATE 6-2-04 SIGNATURE *Gaulin*

3704867v1