IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

FILED
CLERKS OFFICE

2005 FEB -7 A 9:30

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ANTHONY BAYAD, | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) CASE NO. 04-cv-10468-GAO |
| JOHN CHAMBERS, PATRICIA RUSSO, ANTHONY SAVASTANO and CARL WIESE, | ) |
| Defendants, | ) |

**SECOND MOTION IN SUPPORT TO PLAINTIFF MOTION TO GRANT ALL RELIEF OF DAMAGES SOUGHT AGAINST CHAMBERS ET,AL.**

**BACKGROUND**

Plaintiff Bayad Pro Se introduced a motion to grant all relief of damages¹ sought against Chambers et., al., on about January 31, 2005, because **Defendants willfully ignored the process of the court and the Federal Rule of Civil Procedure** of time limitation said set forth by said Rules , **34, and 36,** and the time to otherwise answer has **expired** and had not been **extended**. Defendants Chambers et.,al., served their answer **on about January 24/28, 2005 , over the time prescribed by said Rule or set by both parties,** and not Within the time

---

¹( Defendants and their attorneys engaged for the second time in conduct involving dishonesty, misrepresentation by committing perjury, lying and cheating in regard of a concrete evidence that was introduced to them so called **Cisco-No-hire-Policy** or list where Defendants classified or positioned or announced in it and state as follow: "**DO NOT HIRE/PROMOTE/TRANSFER ANTHONY BAYAD EMPLOYEE ID#73799, SHOULD YOU HAVE QUESTION CONTACT TONY SAVASTANO**")

1

provided for in **Rule 36, Fed. R. Civ. P.**, and in accordance with said Rule, as they have been instructed by plaintiff : "you shall serve upon Plaintiff a **written answer or objection** addressed to each matter set forth below under " **Request Admission**" Every **matter not responded to within the time provided for in Rule 36, Fed.R.Civ.P., is admitted**".

## STATEMENT OF FACT

According to the Federal Rule of Civil Procedures , Rule **16**, **26**, and **34** , Plaintiff Bayad provided to Defendants a copy of a **Concrete Evidence** called **Cisco-No-hire-Policy** or list where Defendants **classified** or **positioned** or **announced** Bayad in it and state as follow: "**DO NOT HIRE/PROMOTE/TRANSFER ANTHONY BAYAD EMPLOYEE ID#73799, SHOULD YOU HAVE QUESTION CONTACT TONY SAVASTANO**", also the list contains Cisco Agents or Representatives in contact of all the **Potential Employers** where Plaintiff Bayad may be hire, also the list ( Cisco-No-Hire-list) contains Hundred to Thousand of names of **Minorities** not to be hired;   On about **November 23, 2004, December 10, 2004, December 13, 2004**, Plaintiff served his Set of Interrogatories and Request of Admission, and Request of Production of Documents on  Chambers, Savastano, and Wiese;  and on About January 24 and 28 , 2005, Defendants and their attorneys **responded** to Plaintiff ' Request of Interrogatories and Request of Admission , Where they engaged in dishonesty, lies, and misrepresentation in refer of the Concrete Evidence  the **Cisco-No-Hire-Police, was asked and subjected  in the** Interrogatories and Admission , additionally Bayad provided them a hard and soft copy;  Hence Intentionally   attorneys and Defendants " responded" with lies to cover up the **Cisco-No-Hire-List, they responded it did not Exist,  not one time but for  10 times of denial that it exists.** It  was denied that  it **did not Exist** , not once but **10 Times "No Existence" of the Cisco-No-Hire-List**; and On about **February 3, 2005** Attorney **Robin Tarr** with the Firm Piper Rudnick and Gray Carry **served and provided** to Plaintiff of some request of Production of Documents

2

where She , Mark Chandlers, Bruce Falby, Bob Mathiews, Lisa Goodheart ( They believe they are above the Law) without understanding the severity of their misconduct , included in their package the **copy of Cisco-No-Hire-Policy** list that did not exists in their answer of written interrogatories, and <u>now it does exists</u> and then they [p]roduced it to Plaintiff Bayad; Hence this is the second time that Defendants and their attorneys have misrepresented malice, Intend with knowledge to commit perjury in this litigation, as they are acting prejudicially to the administration of Justice and to Plaintiff because he is from Morocco and **proceeding Pro Se**.

### DISCUSSION

**Perjury** is lying or making verifiable false statements under oath in a <u>court</u> of law. Perjury is a <u>crime</u> because the Defendants has sworn to tell the truth, and for the credibility of the court, Defendants testimony must be relied on as being truthful. It is seen as a very serious crime as it seeks to usurp the authority of the courts, because it can lead to <u>miscarriages of justice</u>.

Defendants and their attorneys have *affirmed* they are telling the truth. (Affirmation is used by Defendants unable to swear to tell the truth. For example, in the <u>United Kingdom</u> a witness may swear on the <u>Bible</u> or other holy book. But if a witness has no religion, or does not wish to swear on a holy book, they may make an affirmation that they are telling the truth instead.)

**Perjury** also applies when Defendants have made a statement *under penalty of perjury*, even if they have not been sworn or affirmed before an appropriate official. An example of this is the <u>United States'</u> <u>income tax</u> return, which, for public policy reasons, must be signed as true and correct under penalty of perjury as with **the Interrogatories and admission** ( Rule 34 and 36).

Statements of interpretation of fact are not perjury because people often make inaccurate statements unwittingly and not deliberately but that was not the fact in this case with the Defendants. Defendants and their attorneys may have honest but mistaken beliefs about certain

facts or their recollection may be inaccurate but that was not the case here. Like all other crimes in the common law system, to be convicted of perjury you have to have had the intention (the *mens rea*) to commit the act, and to have actually committed the act (the *actus reus*) as in this case with the Defendants Chambers et.,al.,and their attorneys Mark Chandlers, Bruce Falby, Bob Mathiews, Lisa Goodheart.

Defendants and their attorneys ( Mark Chandlers, Bob Matthias, Bruce Falby, Robbin Tarr, and Lisa Good Heart), have purposely neglected the Law of this Land, the Federal Rule of Civil Procedures of This Honorable Court, and the Rule of Professional Ethics of the Bar, their ( Both Defendants and their Attorneys) misconduct is matter of recurrences basis for discipline, regardless of lawyers' motives; and motives may of course influence the sanction, and the likelihood of discipline increase as the number of neglect matters increase; **See in Matter of Snow, 530 N.Y.S.2d 886 ( 2d Dept.1988),** a pattern of neglect of several matter resulted in one year suspension; additionally their misconduct provide onerous consequences of **Default judgment**, for willful failure to comply with the Rule of Law as they attempting to take upon them selves the power to misrepresent malice, Destroying Evidence once Before in this litigation, Attorneys and their Defendants acting in concert to commit fraud and perjury, as they are attempting to take upon them selves the power to "**CON**" the law and in doing so, found them selves in **Default Judgment** , **Civil Contempt,** and **probably disbarment**.

## CONCLUSION

It is the responsibility of the lawyer in this case to probe; testimonial interrogation, and examination in particular, is a probing, prying, pressing form of inquiry. If a Defendants evades, it is the lawyer's responsibility to recognize the evasion and to bring his Defendants back to the mark, to flush out the whole truth with the tools of honest examination, and it is very wrong to misrepresent malice with intend to commit dishonesty perjury as it is against our ethics, and

4

therefore Every **matter in Request of Admission that was not responded to within the time provided for in Rule 36, Fed. R. Civ. P., is admitted; as matter of right** Plaintiff request the relief of damages sought in his complaint must be granted or as deemed and appropriated by this Court as prescribed of justice and the law; and declare defendants in violations of his rights; to grant him relief for inherently indefinable losses as "pain **and suffering** " must be set by tier of fact as deemed appropriate by this court in its own decision or with a decision of a Jury as Justice required.

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a true and correct copy of Second **MOTION IN SUPPORT GRANTING PLAINTIFF ALL RELIEF OF DAMAGES SOUGHT AGAINSTCHAMBERS ET,AL.** was furnished via U.S. mail to : Bruce E. Falby, BBO #544143, PIPER RUDNICK LLP,One International Place, Boston MA 02110, this 7 day of February 2005 .

> ANTHONY BAYAD, PRO SE
> 2 Magoun Avenue
> Medford, MA 02155
> Telephone (781) 704-8982
>
> _____
> Anthony Bayad