UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 FEB -4  P 4:57
U.S. DISTRICT COURT
DISTRICT OF MASS.

ANTHONY BAYAD, )
)
Plaintiff, )
)
v. ) CIVIL ACTION
) NO. 04-10468-GAO
JOHN CHAMBERS, PATRICIA RUSSO, ANTHONY )
SAVASTANO and CARL WIESE, )
)
Defendants. )
)
)
)

## RESPONSE TO PLAINTIFF'S MOTION TO GRANT PLAINTIFF ALL RELIEF OF DAMAGES SOUGHT AGAINST CHAMBERS ET AL. AND MOTION OF DEFENDANT JOHN CHAMBERS TO AMEND ADMISSIONS

Defendants John Chambers, Anthony Savastano and Carl Wiese (the "Cisco Defendants"), by and through their undersigned counsel, DLA Piper Rudnick Gray Cary US LLP, hereby submit this Response to Plaintiff's Motion to Grant Plaintiff All Relief of Damages Sought Against Chambers et al. and defendant Chambers submits this Motion to Amend Admissions. For the reasons that follow Plaintiff's Motion should be denied and Mr. Chambers' responses dated January 28, 2005 to Plaintiff's requests for admission should constitute the responses of record.

Plaintiff filed his Complaint in this alleged employment discrimination case on March 8, 2004. On November 23, December 6, and December 10, 2004 Plaintiff served his first set of Requests for Admission on Messrs. Chambers, Savastano and Wiese, respectively. On December 13, 2004, Plaintiff served his First Set of Interrogatories and his First Request for Production of Documents on Messrs. Chambers, Savastano and Wiese. On December 23, 2004,

the parties agreed to extend the Cisco Defendants' time to respond to all of Plaintiff's discovery requests to and including January 21, 2005. (See Affidavit of Bruce E. Falby ("Falby Aff.") Ex. A.)

On January 21, 2005, the Cisco Defendants timely served responses to all of Plaintiff's requests, with the exception of the responses of Defendant John Chambers, President and Chief Executive Officer of Cisco Systems, to Plaintiff's First Requests for Admission and Interrogatories. (See Falby Aff. Ex. B; Declaration of Robin C. Tarr ("Tarr Decl.") Ex. A.) The January 21, 2005 cover letter accompanying those responses advised Plaintiff that Mr. Chambers' responses were delayed and would be served the following week. Falby Aff. Ex. B. Counsel for defendants had already advised Plaintiff and the Court at the November 12, 2004 initial conference that Mr. Chambers has no personal knowledge regarding Plaintiff's claims or employment with Cisco. Mr. Chambers' interrogatory answers and requests for admissions were served, as promised, on January 28, 2005 (See Falby Aff., Ex. C; Tarr Decl., Ex. B.), and were consistent in substance with counsel's November 12 representation. See Falby Aff. Ex. D. This brief delay in no way prejudiced Plaintiff, and therefore, we respectfully request that Mr. Chambers' January 28, 2005 responses to the requests for admissions constitute the responses of record. See Siguel v. Allstate Life Ins. Co., 1995 U.S. App. LEXIS 4666 at *12-13 (1st Cir. Mar. 10, 1995) (upholding withdrawal of admissions in the absence of prejudice), cert. denied, 516 U.S. 1027 (1995); Farr Man & Co., Inc., v. M/V Rozita, 903 F.2d 871, 875-77 (1st Cir. 1990) (same); Brook Village N. Assoc. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982).

2

Accordingly, defendants request that the Court deny Plaintiff's Motion to Grant Plaintiff All Relief of Damages Sought Against Chambers et al. and allow the Motion of Defendant John Chambers to Amend Admissions.

Dated: February 4, 2005

Respectfully submitted,

*/s/ Bruce E. Falby*

Bruce E. Falby, BBO #544143
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place
Boston, MA 02110
Phone: (617) 406-6000
Fax:    (617) 406-6100

ATTORNEYS FOR DEFENDANT
JOHN CHAMBERS, ANTHONY SAVASTANO
and CARL WIESE

3895074.v2

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on 2/4/05

*/s/ Bruce E. Falby*

3