UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,           )
         Plaintiff,    )
                           )
v.                       )   CIVIL ACTION NO. 04-10468-GAO
                           )
JOHN CHAMBERS, PATRICIA RUSSO,  )
ANTHONY SAVASTANO, and   )
CARL WIESE,              )
         Defendants.   )

## DEFENDANT JOHN CHAMBERS' RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

As and for his response to Plaintiff's Request for Admissions (the "Requests"), Defendant John Chambers ("Chambers") sets forth the following:

### OBJECTIONS

The following general objections apply to and are incorporated in each individual objection to each of the Requests herein, whether or not expressly incorporated in such individual objection.

Chambers' objections are further made without in any way waiving, or intending to waive, but rather, to the contrary, preserving and intending to preserve his right to raise individual objections to any of the Requests.

## GENERAL OBJECTIONS

1. Chambers objects to the Requests to the extent that they seek to impose obligations on Chambers beyond those set forth in Rules 26 and 36 of the Federal Rules of Civil Procedure.

2. Chambers objects to the Requests to the extent they seek privileged information, including, without limitation, information that was prepared, generated or received for or in anticipation of litigation, information that constitutes attorney work-product, the attorney-client privilege, the self-evaluation or critical analysis privilege or any other applicable privilege, rule of privacy and confidentiality, immunity, protection, or restriction that makes such information otherwise non-discoverable.

3. Chambers objects to the Requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome or oppressive and further objects to the extent that the Requests seek cumulative or duplicative information.

4. Chambers objects to the Requests to the extent that they seek information not within the possession, custody or control of Chambers or otherwise seeks information which cannot practicably be ascertained by Chambers.

5. Chambers' objections to the Requests are made without in any way waiving or intending to waive, but rather, preserving and intending to preserve Chambers' rights to (1) raise all questions as to competence, relevancy, materiality, privilege and admissibility as evidence for any purpose of the responses or the subject matter thereof, in any aspect of this or any litigation, action, proceeding or investigation; (2) object on any ground to the use of the responses in any aspect of this or any other litigation, action, proceeding or investigation; (3) object at any time to

this or any other set of requests for admissions; and (4) revise or supplement these objections at any time.

6.  Chambers reserves the right to supplement or amend his answers should additional responsive information be discovered, as provided for by Rule 26(e) of the Federal Rules of Civil Procedure.

## RESPONSES TO REQUEST FOR ADMISSIONS

### Request No. 1

Please admit or deny that you and Savastano have worked at Wang Laboratories prior of [sic] joining Cisco.

### RESPONSE TO REQUEST NO. 1

Admitted. Chambers has no personal knowledge whether Savastano previously was employed at Wang Laboratories, however, upon reasonable inquiry of Cisco's Human Resources department, the department advised that Savastano previously was employed at Wang Laboratories.

Chambers objects to Request No. 1 on grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action. Chambers further objects to Request No. 1 on grounds that it seeks information beyond the temporal scope of the subject matter of the action.

### Request No. 2

Please admit or deny that Bayad, Wiese, Savastano, and Amado Navas, and [sic] Dale Ronowski according to their Cisco personal records and their Cisco employment background, have worked for Lucent Technologies prior of [sic] joining Cisco.

3

RESPONSE TO REQUEST NO. 2

Admitted. Chambers has no personal knowledge of what information exists in the personnel files, if any, of the individuals named in Request No. 2. Chambers has made reasonable inquiry of Cisco's Human Resources department, however, and the department confirmed that the individuals identified in Request No. 2 previously were employed at Lucent Technologies. The department also advised that Dale Roznowski's name is incorrectly spelled in Request No. 2.

Chambers objects to Request No. 2 on grounds that it seeks confidential information and information that is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action. Chambers further objects to Request No. 2 on grounds that it seeks information that it is beyond the temporal scope of the subject matter of the action.

Request No. 3

Please admit or deny that Exhibit 3 attached is a letter from Lucent Technologies signed, and dated January 24th, 1997 by 'Savastano' (now Cisco Vice President of Finance), executing the termination of Bayad's employment with Lucent Technologies.

RESPONSE TO REQUEST NO. 3

Chambers can neither admit nor deny Request No. 3 because he has no personal knowledge concerning the document attached as Exhibit 3 to Plaintiff's Request for Admissions. Chambers has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable him to admit or deny Request No. 3.

Chambers objects to Request No. 3 on grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action.

4

Chambers further objects to Request No. 3 on grounds that it is beyond the temporal scope of the subject matter of the action.

Request No. 4

Please admit or deny that Exhibit 4 attached contains 3 Letters from the company International Network Services (prior of [sic] being acquired by Lucent Technologies: The 1st Letter was sent to Bayad and stating Bayad's employment offer and dated July 21, 1997 with starting salary of $67,000.18 annualized; 2nd Letter dated July 30th and is also from INS and it is addressed to Bayad and stating his employment termination; and 3rd is also a letter from INS to Stephanie Alexander Esq., and it is in Reference to Bayad dated August 8, 1997, and state [sic]: 'enclosed is all communication between International Network Services and Lucent Technologies."

RESPONSE TO REQUEST NO. 4

Chambers can neither admit nor deny Request No. 4 because he has no personal knowledge concerning the document attached as Exhibit 4 to Plaintiff's Request for Admissions. Chambers has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable him to admit or deny Request No. 4.

Chambers objects to Request No. 4 on grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action. Chambers further objects to Request No. 4 on grounds that it seeks information that it is beyond the temporal scope of the subject matter of the action.

Request No. 5

Please admit or deny that Bayad correspond with you during his employment at Cisco, complaining of discrimination against your Cisco Vice President of Finance, by emails and Cisco Mail on November 29, 2000[,] subject of: Employment Discrimination and Retaliation by Anthony Savastano Director of Finance, because Savastano placed his name in NO-HIRE LIST [attached as Exhibit 5 to Plaintiff's Request for Admissions].

5

RESPONSE TO REQUEST NO. 5

Chambers can neither admit nor deny Request No. 5 because he does not recall receiving any of the documents identified in Request No. 5. Chambers has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable him to admit or deny Request No. 5.

Chambers objects to Request No. 5 on grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action. Chambers further objects to Request No. 5 on grounds that it is beyond the temporal scope of the subject matter of the action.

Request No. 6

Please admit or deny that you and Savastano 'reside in the State of California and work from Cisco Corporate office. Building is SJ-10 and both are on 5th Floor located at 300 East Tasmania Drive, San Jose, California 95134, and 'your' cube number is 537 and Savastano's cube number 558 and you hold a title of President of Cisco and Savastano hold title of Vice President of Finance.

RESPONSE TO REQUEST NO. 6

Admitted except that Chambers' title is President and Chief Executive Officer of Cisco and that the correct street address for Cisco's San Jose, California office is 300 Tasman Drive. Chambers has no personal knowledge concerning Savastano's office location or title but upon inquiry of Cisco's Human Resources Department, the department confirms that Request No. 6 accurately describes Savastano's office location at Cisco but that Savastano's title is Vice President, Finance.

Chambers objects to Request No. 6 on grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action.

Request No. 7

Please admit or deny that on or about November 4, 2000, Cisco paid Bayad travel expenses for one-to-one job interview for an SE position for North African region that was conducted at Cisco Dubai (United Arab Emirate), Cisco Paris (France), and Cisco London (England).

RESPONSE TO REQUEST NO. 7

Chambers can neither admit nor deny Request No. 7 because Chambers has no personal knowledge responsive to Request No. 7. Chambers has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable him to admit or deny Request No. 7.

Chambers objects to Request No. 7 on grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action. Chambers further objects to Request No. 7 on grounds that it is beyond the temporal scope of the subject matter of the action.

Request No. 8

Please admit or deny that your Cisco director of Human Resources Celia Harper-Guerra at ceharper@cisco.com, is responsible of updating the confidential and sensitive Cisco No-Hiring-List [attached as Exhibit 8 to Plaintiff's Request for Admissions].

RESPONSE TO REQUEST NO. 8

Chambers states that he has no personal knowledge concerning the document attached as Exhibit 8 to Plaintiff's Request for Admissions. Upon reasonable inquiry of Cisco's Human Resources department, the department confirmed and Chambers therefore admits that Ms.

Harper-Guerra is a Director, Human Resources for Cisco based in the United Kingdom. Chambers further states that he can neither admit nor deny the remainder of Request No. 8 based on known or readily available information.

Chambers objects to Request No. 8 on grounds that it seeks confidential information and information that is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action.

Request No. 9

Please admit or deny that you met with Bayad and his Cisco client Key Span Energy Inc., at Cisco New York located at One Penn Plaza, 5th Floor, NY, it's on 34th St. and 8th Avenue, right across the street from Madison Square Garden of the Month of August of 2000 (Exhibit 9 attached and if we have to, we will subpoena the client travel log and expenses including yours).

RESPONSE TO REQUEST NO. 9

Chambers can neither admit nor deny Request No. 9 because he does not recall any meeting as described in Request No. 9. Chambers has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable him to admit or deny Request No. 9.

Chambers objects to Request No. 9 on grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action. Chambers further objects to Request No. 9 on grounds that it is beyond the temporal scope of the subject matter of the action.

Request No. 10

Please admit or deny that month of August the year of 2000 Bayad also was at Cisco New York Located One Penn Plaza, 5th Floor, NY and met with you and he complained personally to you about Discrimination by your Director of Finance Savastano.

RESPONSE TO REQUEST NO. 10

Chambers can neither admit nor deny Request No. 10 because he does not recall any meeting as described in Request No. 10. Chambers has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable him to admit or deny Request No. 10.

Chambers objects to Request No. 10 on grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action. Chambers further objects to Request No. 10 on grounds that it is beyond the temporal scope of the subject matter of the action.

Request No. 11

Please admit or deny that you conducted a mandatory town meeting with Cisco Employees in Massachusetts April the year 2001.

RESPONSE TO REQUEST NO. 11

Denied.

Request No. 12

Please admit or deny that Bayad's termination was effective May 1, 2001 with subject approval to be binding on Cisco must be signed personally by Kate Dcamp your Vice President of Human Resources.

9

RESPONSE TO REQUEST NO. 12

Chambers states he has no personal knowledge concerning Plaintiff's termination of employment, however, upon reasonable inquiry of Cisco's Human Resources department, the department confirms and Chambers therefore admits that Plaintiff's termination was effective May 21, 2001. Chambers can neither admit nor deny the remainder of Request No. 12 because the remainder of Request No. 12 as framed is unintelligible and therefore incapable of a meaningful response. Chambers nonetheless has made reasonable inquiry concerning the general subject matter of Request No. 12 and the information known or readily obtainable by him is insufficient to enable him to admit or deny the remainder of Request No. 12.

Request No. 13

Please admit or deny that you sent a letter addressed to his home address, being with Dear Anthony (not Mr. Bayad), signed personally by and dated 21st of August 2000, personally congratulating Bayad for his individual contributions that have played a significant role in making Cisco fiscal year 2000 a success, and you gave Bayad Cisco Incentive Plan (CIP) Bonus for $5,858.05 in recognition of his accomplishments this year.

RESPONSE TO REQUEST NO. 13

Chambers can neither admit nor deny Request No. 13 because he has no personal knowledge concerning the document described in Request No. 13. Chambers has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable him to admit or deny Request No. 13. Chambers states, however, that upon inquiry of Cisco's Human Resources department, the department advised that in and around 2000, Cisco sent similar letters, each machine-stamped with Chambers' signature, to the majority of the approximately 40,000 individuals then-employed at Cisco,.

Chambers objects to Request No. 13 on grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action. Chambers further objects to Request No. 13 on grounds that it is beyond the temporal scope of the subject matter of the action.

Request No. 14

Please admit or deny that Cisco Director Sigrund Sheomaker and Cisco Area Manager Lynn Fraser rated Bayad job performance a scale of letter E (means Employee (Bayad) is successful, meets or exceeded all key performance expectations; and their input summary Anthony (Bayad) has been successful at meeting his performance objectives for this period. He is always willing to do whatever it takes in order for the Team to be successful (Exhibit 14 attached Bayad Cisco job performance review).

RESPONSE TO REQUEST NO. 14

Admitted. Chambers states that he has no personal knowledge concerning Plaintiff's job performance ratings, however, upon reasonable inquiry of Cisco's Human Resources department, the department advised that Plaintiff's personnel file reflects an "E" rating on his annual review in 2000.

Chambers objects to Request No. 14 on grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action. Chambers further objects to Request No. 14 on grounds that it seeks information beyond the temporal scope of the action.

Request No. 15

Please admit or deny that the same month, May, 2001 of Mr. Bayad termination of employment with Cisco, and on or about May 30th of 2001, Bruce Bastian a Cisco Manager, sent a 'wicked racial Audio' [sic] via Electronic mail within the authority of Cisco System's way of mailing communications, intentionally to Bayad's co-workers Amado Navas with Cisco

11

Systems, Inc., the directive audio was controlled with 'multifarious racial jokes' about Bayad's ineptitude to verbalize the expression of the English tongue, clearly ridicule Bayad and any foreign nationals, and sound stylish and feebleminded of the of English palaver, and relate to Bayad getting terminated and titled as Follow: hate this 'Fucking' job, and I will be fired; I have just been fired, and By-By [sic] everybody; I need a 'P' quick and my etc. . . ) and it goes on and on (Bruce Bastian is a Friend of Cisco Manager Dale Ronowski and Friend of Cisco Director Savastano who travel from California to Tampa on many occasions at Cisco's expense.

RESPONSE TO REQUEST NO. 15

Chambers can neither admit nor deny Request No. 15 because Request No. 15 as framed is unintelligible and therefore incapable of a meaningful response.

Request No. 16

Please admit or deny that Global Internetworking Consulting is business partner with Cyberguard Inc. (Security specialized company), owned by Bayad a Moroccan and an American (Exhibit 16 attached is a letter of President Cyberguard welcoming Bayad and his company as partners and reseller and providing him a plaque certifying Global Internetworking consultants as Cyberguard Certify Partner. You never sent a letter nor acknowledge Bayad even though he is legally a Cisco Partner.

RESPONSE TO REQUEST NO. 16

Chambers admits that he "never sent a letter nor acknowledge Bayad." Chambers can neither admit nor deny the remainder of Request No. 16 because he has no personal knowledge responsive to the remainder of Request No. 16. Chambers has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable him to admit or deny the remainder of Request No. 16.

Request No. 17

Please admit or deny that you invested money in Sir Donald McKinney a white person who founded the company called International Networking Services Located at 1213 Innsbruck Drive, Sunnyvale, California Zip Code 94089, and was acquired by Lucent Technologies for approximately 2 Billion Dollars.

RESPONSE TO REQUEST NO. 17

Denied.

Chambers objects to Request No. 17 on grounds that it seeks information that is confidential and is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action. Chambers further objects to Request No. 17 on the grounds that it vague and ambiguous.

Request No. 18

Please admit or deny that you do not invest money in Cisco Partners/Resellers as Bayad Moroccan/American company or companies of Arabs/American, African/American, or Spanish.

RESPONSE TO REQUEST NO. 18

Chambers can neither admit nor deny Request No. 18 because Request No. 18 as framed is unintelligible and therefore incapable of a meaningful response.

Chambers objects to Request No. 18 on grounds that it appears to seek confidential information and information that is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action. Chambers further objects to Request No. 18 on grounds that it is vague and ambiguous.

Request No. 19

Please admit or deny that you have a policy in place to promote and give all Cisco sales leads to white persons founding and owning companies as Coleman Technologies Florida (you have certified 20 of their engineers as Cisco CCIE Certify in short period of time), and made the company profitable because of your known policies of promoting only white and providing them your Sales Leads as result Coleman sold approaching to 20 millions worth of Cisco equipment;

13

and not Bell South an employer of more than 1000 Engineers and more than 1000 of Sales forces.

RESPONSE TO REQUEST NO. 19

Denied.

Chambers objects to Request No. 19 on grounds that it is vague and ambiguous.

Request No. 20

Please admit or deny that you implemented several policies in Cisco targeting Arabs/African/Spanish/Indians (especially from India Bombay) called:

    A.    No-Arabs/Africans/Spanish/Indians-CCIE-List and Arab Americans as Bayad who has all the copies of the CCIE Exam and you failed him 10 times for the CCIE Written and 3 times for the CCIE Practical Lab.

    B.    No-Hiring-List policy that is put in place targeting all the None White Engineers from India-Asia and elsewhere and Arabs Americans as Bayad.

    C.    Cisco EEO-Race-Identification-List Unlawful Employment of Race Preferences and Practices that you call 'Cisco EEO' (Equal Employer [sic]) Opportunity) Race Identification'

RESPONSE TO REQUEST NO. 20

    A.    Denied.

    B.    Denied.

    C.    Denied.

Request No. 21

Please admit or deny that Cisco System Manager Dale Ronowski for Tampa, Florida, does not have a bachelors degree from College in Computer Engineering Technologies, nor he is a Proteon Certify, nor Bay Networks/Nortel Networks Certify, you and Savastano handed him the CCIE (Cisco Certify Internetworking Expert, and you and Savastano permitting him to violate Cisco Business Code of Ethics and Conduct to white employees as Dale Ronowski who engaged of humiliation and insult to the Cisco Partner/Reseller Bell South its Engineers, whom

are Blacks and Spanish by openly telling them that they were useless and stupid during a Cisco partner meeting in Tampa Florida office at the presence of white customers attending the same meeting and he get reported to Cisco and for that, he gets promoted as you did with Joe Rogers also known as the Bleu eyes Cisco SE Manager of Tampa Office who sexually harass his secretary and get reported but he gets transferred to Cisco North Carolina and now you promoted him as Cisco director back to Tampa and you took no action against none of them and simply because they are white and one of them is a good Friend of your friend Savastano (Savastano promoted Dale Ronowski as Manager at Lucent and at Cisco and please Review Dale Ronowski Cisco personal records at your possession and will be asked to provide).

RESPONSE TO REQUEST NO. 21

Chambers denies that he personally took any action attributed to him in Request No. 21. Chambers can neither admit nor deny the remainder of Request No. 21 because the remainder of Request No. 21 as framed is unintelligible and therefore incapable of a meaningful response. Chambers further states that he has no personal knowledge concerning the general subject matter of Request No. 21 and that he has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable him to admit or deny the remainder of Request No. 21.

Request No. 22

Please admit or deny that Bayad is American born in royal Kingdom of Morocco, a citizen of the United States of American, graduate from college with a GPA approaching 3.4 out of 4.0 scale, speaks Arabic, French, North African Dialect, is Proteon Certify of the first company in the industry Proteon Inc. year 1995, Bay Networks/Nortel Networks certify (fortune 500 company), and Cyber guard Security certify, was given all the copies of the CCIE Exams, and you failed him 10 times for the Cisco Certification Internetworking Expert 'CCIE' Written Exam and 3 time for Cisco CCIE practical Exam.

RESPONSE TO REQUEST NO. 22

Chambers denies that he personally took any action attributed to him in Request No. 22. Chambers can neither admit nor deny the remainder of Request No. 22 because he has no personal knowledge concerning the remaining subject matter contained in Request No. 22.

Chambers has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable him to admit or deny the remainder of Request No. 22.

Request No. 23

Please admit or deny that Cisco Systems Engineer World Wide Channels Michael Purcell is six times certify as Cisco Internetworking Expert: 1) one time certify CCIE for SNA/IP; 2) two times certify as CCIE for ISP; 3) three times certify as CCIE for Security; 4) four times certify as CCIE for Communications; 5) five times certify as Services; and 6) six times certify as CCIE for Voice; and also another white person Greg Gall Senior Systems Engineering Mgr. Worldwide channels Operations is a CCIE, CCNP (Cisco Certify Network Professional), CCDP (Cisco Certify Design Expert Professional), and CCDA (Cisco Certify Design Associates); and another white persons and very close friends of Savastano your Vice President of Finance, Dale Ronowski and Bruce Brewer are CCIE.

RESPONSE TO REQUEST NO. 23

Chambers can neither admit nor deny Request No. 23 because he has no personal knowledge concerning the subject matter contained in Request No. 23. Chambers has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable him to admit or deny Request No. 23.

Request No. 24

Please admit or deny that you are in agreement with Bayad based of all the facts introduced in this litigation that your two policies Cisco EEO-Race-Identification – List and No-Hire-List are re-enforced by Cisco and working against minorities, as it was proven when Bayad applied of multitude employment opportunities within Cisco Systems, Inc., and noted as 'Cisco requisition' 1) Requisition 714007 contact name Michael Kent; 2) Requisition 713667 contact name Niki Peleuses, 3) Requisition 713906, contact name Michael Kent; 4) Requisition 713644 contact name Niki Peleuses, 5) Requisition 713123 contact Michael Kent, 6) Requisition 711846 contact name Chuck Ramsburg, 7) Requisition 711780 contact Domick Delfino, 8) Requisition 72133 contact Scott Lovett, 9) Requisition 712669 Michael Kent, 10) and Requisition 713950, and many more.

RESPONSE TO REQUEST NO. 24

Denied.

16

Request No. 25

Please admit or deny that your records indicate you hold an Honorable Jurist Degree (Law Degree) and you understand the law of this land and you cannot deny that in American elsewhere in the world and under the law of this land, there is one existing class of Citizens and Classification base [sic] on Origin, race, Gender, Religion and Sex is against our fundamental and our United State [sic] Constitution and our State laws ad [sic] Federal Court has Jurisdiction; Destroying Evidence in Federal Proceeding is a crime and you may be subject to contempt with the Court and default judgment may be entered against you; in engaging in trade and patent secret by employing Wiese a Vice President of 'Product' from a competitor of Cisco, the Company as Avaya is Patent infringement as you are being sued in Texas at this present time, and Hiring Savastano Lucent Vice President of Finance and now Cisco, an Executive who has worked for three companies and also a shareholder of three companies Lucent Technologies, Avaya Inc., and Cisco Systems, this engagement is violation of inside trade of the Security Exchange Commissions; Savastano is aware of the financial record, business projection, and the next move of 3 companies AT&T, Cisco, Lucent and Avaya.

RESPONSE TO REQUEST NO. 25

Chambers admits that he holds a law degree. Chambers can neither admit nor deny the remainder of Request No. 25 because the remainder of Request No. 25 as framed is unintelligible and therefore incapable of a meaningful response.

Dated: January 28, 2005

Respectfully submitted,

/s/ Bruce E. Falby
Bruce E. Falby, BBO #544143
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place
Boston, MA 02110
Phone: (617) 406-6000
Fax:   (617) 406-6100

ATTORNEYS FOR DEFENDANT
JOHN CHAMBERS