IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

ANTHONY BAYAD,                )
                              )
                              )
    Plaintiff,                )    CIVIL ACTION
                              )
                              )
                              )    CASE NO. 04-cv-10468-GAO
                              )
JOHN CHAMBERS, PATRICIA       )
RUSSO, ANTHONY                )
SAVASTANO and CARL            )
WIESE,                        )
    Defendants,               )
                              )

## THIRD MOTION OF ATTORNEY BRUCE E. FALBY ' STATEMENTS SET ON THE RECORDS BEFORE THIS COURT ON 2/7/05 IN SUPPORT TO PLAINTIFF MOTION TO GRANT ALL RELIEF OF DAMAGES SOUGHT AGAINST CHAMBERS ET,AL.

### STATEMENT OF FACT

Attorney For Defendants Bruce E. Falby stated on the record at the pretrial hearing on **February 7, 2005** that the fact behind of his misconduct of not complying with the Rule of the Court the Federal Rule of Civil Procedure, is Defendant John Chambers ' mother has passed away ( she Died), additionally he was silent (a sign of a smoking gun ) in regard of the rest or other Defendants Savastano and Wiese, who served their answer **on about January 24/28, 2005, over the time prescribed by said Rule or set by both parties,** and not Within the time provided for in **Rule 36, Fed. R. Civ. P.**, and in accordance with said Rule, as they have been instructed by plaintiff: "you shall serve upon Plaintiff a **written answer or objection** addressed to each matter set forth below under " Request Admission" Every **matter not responded to within the time provided for in Rule 36, Fed.R.Civ.P., is admitted**". Further more this

1

honorable Court directed Plaintiff Bayad that the Second Set of Interrogatories served to Defendant Savastano should be withdrawn because it did not comply with the Rule of Civil Procedure and it was over the numbers prescribed set by said Rules and the numbers are 25, and Plaintiff respectfully waived his Second Request of Interrogatories that was served to Defendants Savastano to be answered, even though it was in accordance with such Rules and Said Rules and with time prescribed by said Rules, 30 days and not 68+ days as Defendants have done.( please see the Record set at the Pretrial Hearing).

## DISCUSSION

This Honorable Court did not allow Plaintiff Bayad to go over the numbers of Written interrogatories set for by this Court the Rule of Civil Procedure and the numbers are 25 as he complied fully with said Rules and in accordance with said Rules and with time prescribed by said Rules and with the demand of Defendants Attorney Bruce E. Falby ' Discover Scheduled called the Piper Rudnick gray Carry.

Additionally this Honorable Court must also enforce its own Rules on **Defendants** the Rules of Civil Procedures of **the time prescribed by said Rule or set by both parties,** and over the time provided for in **Rule 36, Fed. R. Civ. P.**, and in accordance with said Rule, as they have been instructed by plaintiff : "you shall serve upon Plaintiff a **written answer or objection** addressed to each matter set forth below under " **Request Admission**" Every **matter not responded to within the time provided for in Rule 36, Fed.R.Civ.P., is admitted"**.

Attorney Bruce Falby for Defendants " argued" and provided a pretext reason for not complying with the Rule of Law that will not stand by introducing a pretext that John Chambers has a personal matter, knowingly that Attorney Bruce Falby has the **POWER OF ATTORNEY** over his clients Chambers et.,al., to sign and respond on Behalf of his CLIENT (Chambers), his team OF ATTORNEYS formulated by Mark Chandlers the Cisco in House attorneys who also

2

can sign on behalf of Defendant Chambers , Bob Matthias, Robin Tarr, and Lisa Goodheart with Piper Rudnick and Gray Carry, who prepared all the responses and objected to all of them, it wont be an issue to sign on behalf of his client in this case the Defendants Chambers.

Additionally if one Defendant as Chambers failed to answer as prescribed by said Rules, plaintiff argue that  why other Defendants as Savastano and Wiese who **did not comply** with time prescribed by said Rule or set by both parties;  and at last it is a matter of Principal and Ethic as it is a clear abuse of discretion of Attorney Bruce Falby who did not ask for an extension and intentionally did not comply with the Rule of law .

## CONCLUSION

This honorable Court must apply its Rules of Law a cross the board and with fairness as justice required on Defendants as it has executed  on Plaintiff Bayad proceeding Pro Se , and therefore Every **matter in Request of Admission that was not responded to within the time provided for in Rule 36,  Fed. R. Civ. P., is admitted; as matter of right** Plaintiff request the relief of damages sought in his complaint must be granted or as deemed and appropriated by this Court as prescribed of justice and the law; and declare defendants in violations of his rights; to grant him relief for inherently indefinable losses as "pain **and suffering** " must be set by tier of fact as deemed appropriate by this court in its own decision or with a decision of a Jury as Justice required.

## CERTIFICATE OF SERVICE

    IT IS HEREBY CERTIFIED that a true and correct copy of Second **MOTION IN SUPPORT GRANTING PLAINTIFF ALL RELIEF OF DAMAGES SOUGHT AGAINST CHAMBERS ET,AL.** was furnished via U.S. mail to : Bruce E. Falby, BBO #544143, PIPER RUDNICK LLP, One International Place, Boston MA 02110, this  8 . day of February 2005 .

                               ANTHONY BAYAD, PRO SE
                               2 Magoun Avenue
                               Medford, MA 02155
                               Telephone (781) 704-8982

                               *Anthony Bayad*