

**DLA PIPER RUDNICK GRAY CARY**

DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613
T 617.406.6000
F 617.406.6100
W www.dlapiper.com

BRUCE E. FALBY
bruce.falby@dlapiper.com
T 617.406.6020  F 617.406.6120

February 17, 2005

Civil Clerk
United States District Court
  for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 2300
Boston, MA  02210

Re:   *Anthony Bayad v. John Chambers, et al.*
      United States District Court for the District of Massachusetts
      Civil Action No.: 04-10468-GAO

Dear Sir or Madam:

Enclosed for filing in the above-captioned matter please find Defendants' Opposition to Plaintiff's Second and Third Motions to Grant Plaintiff All Relief of Damages Sought Against Chambers Et Al.

Sincerely,

/s/ Bruce E. Falby

Bruce E. Falby

BEF/lnf
Enclosure

cc:   Anthony Bayad
      Robert J. Mathias, Esq.
      Robin C. Tarr, Esq.

A signature = to this ;

and Not ANTHONY

~BOST1:319404.v1
**Serving clients globally**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY BAYAD,<br><br>                 Plaintiff,<br><br>v.<br><br>JOHN CHAMBERS, et al.,<br><br>                 Defendants. | CIVIL ACTION<br>NO. 04-10468-GAO |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SECOND AND THIRD MOTIONS TO GRANT PLAINTIFF ALL RELIEF OF DAMAGES SOUGHT AGAINST CHAMBERS ET AL.**

Defendants John Chambers, Anthony Savastano and Carl Wiese (the "Cisco Defendants") hereby oppose plaintiff Anthony Bayad's "Second Motion in Support To Plaintiff Motion to Grant All Relief of Damages Sought Against Chambers et al." ("Second Motion") and his "Third Motion of Attorney Bruce E. Falby Statements Set on the Records Before This Court on 2/7/05 In Support to Plaintiff Motion To Grant All Relief of Damages Sought Against Chambers et al." ("Third Motion"). The Cisco Defendants oppose these motions for the reasons stated in their "Response to Plaintiff's Motion to Grant Plaintiff All Relief of Damages Sought Against Chambers et al. and Motion of Defendant John Chambers to Amend Admissions" ("Cisco Defendants' Response and Motion"), filed February 4, 2005. In further support of this opposition, the Cisco Defendants state the following:

1. Like Plaintiff's "Motion to Grant Plaintiff All Relief of Damages Sought Against Chamber et al." filed January 31, 2005, Plaintiff's Second and Third Motions assert that the

- 2 -

Cisco Defendants' responses to requests for admissions were not timely served, that the matters therein are deemed admitted under Fed. R. Civ. P. 36, and that Plaintiff is therefore entitled to relief.

2. Defendants Anthony Savastano and Carl Wiese timely served their responses to Plaintiff's requests for admissions, as well as answers to interrogatories and documents responsive to Plaintiff's document requests, on January 21, 2005. Plaintiff had agreed to extend the time for the Cisco Defendants to serve all discovery responses until that date. See Affidavit of Bruce E. Falby ("Falby Aff."), filed February 4, 2005, ¶¶ 2-4 and Exs. A & B. There is therefore no issue as to the timeliness of the responses of Mr. Wiese or Mr. Savastano to Plaintiff's requests for admissions.

3. On January 21, 2005, defendant John Chambers timely produced documents. Mr. Chambers served his responses to Plaintiff's requests for admissions, and interrogatory answers, one week beyond the agreed-upon response date, on January 28, 2005. Falby Aff. ¶¶ 5-6 and Exs. C & D. Defendant's counsel had informed Plaintiff that Mr. Chambers' admissions responses and interrogatory answers would be delayed until the following week. Id. ¶ 4 and Ex. B. Defendant's counsel had also previously informed Plaintiff and the Court at the November 12, 2004 initial conference that Mr. Chambers has no personal knowledge about Plaintiff's claims or employment with Cisco and had no involvement therewith. Mr. Chambers' admissions responses and interrogatory responses are consistent with that representation.

4. Under Rule 36, the matters as to which Plaintiff requested admissions of Mr. Chambers are deemed admitted because Mr. Chambers' responses were not timely served. In the Cisco Defendants' Response and Motion, defendant Chambers moved the Court to amend the admissions to allow Mr. Chambers' January 28, 2005 responses to the requests for admission

(submitted as Exhibit D to the Falby Affidavit) to constitute the responses of record. The Court may permit amendment or withdrawal of admissions when "the presentation of the merits of the action will be subserved thereby and the party who obtains the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b); Siguel v. Allstate Life Ins. Co., 1995 U.S. App. LEXIS 4666 at *13 (1st Cir. Mar. 10, 1995), cert. denied, 516 U.S. 1027 (1995).

5. The presentation of the merits of this case will be served by amendment of Mr. Chambers' admissions. In Siguel v. Allstate Life Ins. Co., the First Circuit held that presentation of the merits of a case was clearly served when matters deemed admitted determined material facts. Id. at *14. Here, as in Siguel, Plaintiff's requests for admissions relate to material facts in issue, including Mr. Chambers' involvement in alleged discrimination against Mr. Bayad. See Defendant John Chambers' Responses to Plaintiff's Request for Admissions, Falby Aff. Ex. D.

6. Further, Plaintiff suffered no prejudice from the brief, one week delay in receiving Mr. Chambers' responses of which counsel had informed him beforehand. "The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." Brook Village N. Assoc. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982). There is no such prejudice here, where defendants' counsel informed Mr. Bayad months ago that that Mr. Chambers had no knowledge or involvement and Plaintiff knew that responses consistent with that position would be forthcoming within a week of their due date. Siguel v.

~BOST1:319385.v1

Allstate Life Ins. Co., 1995 U.S. App. LEXIS 4666 at *15 (no prejudice from withdrawal of admission when no sudden and unanticipated need to obtain evidence). See also Farr Man & Co., Inc., v. M/V Rozita, 903 F.2d 871, 875-77 (1st Cir. 1990).

7.  For these reasons and the reasons stated in the Cisco Defendants' Response and Motion, the Cisco Defendants request that Plaintiff's First, Second and Third Motions for All Relief be denied, that Mr. Chambers' motion to amend admissions be allowed, and that Mr. Chambers' January 28, 2005 responses to the requests to admit constitute the responses of record.

Respectfully submitted,

/ Bruce E. Falby

Bruce E. Falby, BBO #544143
DLA PIPER RUDNICK GRAY
CARY US LLP
One International Place
Boston, MA 02110
Phone: (617) 406-6000
Fax:    (617) 406-6100
ATTORNEYS FOR DEFENDANT
JOHN CHAMBERS, ANTHONY
SAVASTANO and CARL WIESE

Dated: February 17, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Anthony Bayad, Jr., 2 Magoun Avenue, Medford, MA 02155 by first class U.S. mail on February 17, 2005.

/ Bruce E. Falby

Bruce E. Falby