UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, ) | FILED |
| ) | IN CLERKS OFFICE |
| Plaintiff, ) | |
| ) | 2005 FEB 28  P 3: 46 |
| v. ) | U.S. DISTRICT COURT |
| ) | DISTRICT OF MASS |
| ) | CIVIL ACTION NO. 04-10468-GAO |
| JOHN CHAMBERS, PATRICIA RUSSO, ) | |
| ANTHONY SAVASTANO, and ) | |
| CARL WIESE, ) | |
| ) | |
| Defendants. ) | |

### MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS
### JOHN CHAMBERS, ANTHONY SAVASTANO, AND CARL WIESE

Pursuant to Fed. R. Civ. P. 56, defendants John Chambers, Anthony Savastano and Carl Wiese (collectively, the "Cisco Defendants") move for summary judgment on the remaining employment discrimination and conspiracy counts of the Complaint of plaintiff Anthony Bayad. The Cisco Defendants are entitled to summary judgment on two independent grounds.

First, the Cisco Defendants have no personal knowledge concerning, had no involvement with, and never discussed with each other Mr. Bayad's employment with Cisco Systems, Inc. ("Cisco"), his termination, his alleged subsequent employment applications, or his alleged attempts to do business with Cisco. The Cisco Defendants' lack of knowledge, involvement, and concerted activity entitle them to summary judgment on Mr. Bayad's claims.

~BOST1:320258.v1

Second, there is no genuine issue that Mr. Bayad was not subjected to employment discrimination by <u>anyone</u> at Cisco.[1] Mr. Bayad worked at Cisco for one year, from May 2000 to May 2001. Cisco has no record that he applied for or was denied a promotion. Cisco's transfer and promotion policies made him ineligible for a promotion during his first year of employment in any event. Cisco terminated Mr. Bayad's employment as part of a reduction in force ("RIF") of 8,500 Cisco employees. Mr. Bayad's team manager laid off four people on her team, two white males, one other person, and Mr. Bayad, the team's most junior member. Cisco's records demonstrate that Cisco's decisions not to rehire him thereafter were based on his lack of qualifications for the positions for which he applied. Therefore, even if the Cisco Defendants had participated in these employment decisions, they would still be entitled to summary judgment.

In support of this motion, the Cisco Defendants rely on the Memorandum of Law, the Local Rule 56.1 Statement of Undisputed Facts, and the Declarations of John Chambers, Anthony Savastano, Carl Wiese, Paula Hughes, Lynn Fraser, and Bruce E. Falby submitted herewith.

                                        Respectfully submitted,
                                        DEFENDANTS
                                        JOHN CHAMBERS, ANTHONY
                                        SAVASTANO and CARL WIESE
                                        By their attorneys,

                                        /s/ Bruce E. Falby
                                        Bruce E. Falby, BBO #544143
                                        DLA PIPER RUDNICK GRAY
                                        CARY US LLP
                                        One International Place
                                        Boston, MA 02110
                                        Phone: (617) 406-6000
                                        Fax:   (617) 406-6100

Dated: February 28, 2005

---

[1] Cisco is not, and never was, a defendant in this action.