UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
ANTHONY BAYAD,                              )
                                            )
                    Plaintiff,              )
                                            )
          v.                                )     ANSWER
                                            )
                                            )     CIVIL ACTION
JOHN CHAMBERS, PATRICIA RUSSO, ANTHONY      )     NO. 04-10468-GAO
SAVASTANO and CARL WIESE,                   )
                                            )
                    Defendants.             )
                                            )
                                            )
_____ )

Defendant John Chambers, Anthony Savastano and Carl Wiese (collectively, the "Cisco Defendants") submit this answer to the Complaint of Anthony Bayad.

## FIRST DEFENSE

As and for a first defense, the Cisco Defendants respond to the allegations of the Complaint as follows:

1.   Paragraph 1 is descriptive only and requires no response. To the extent it contains factual allegations, the Cisco Defendants deny the allegations of paragraph 1 of the Complaint.

## JURISDICTION

2.   The allegations of paragraph 2 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Cisco Defendants deny the allegations of paragraph 2 of the Complaint.

3.   The Cisco Defendants do not contest the jurisdiction of this Court.

4.   The allegations of paragraph 4 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Cisco Defendants deny that Plaintiff is entitled to any of the relief he seeks.

1

5.     The allegations of paragraph 5 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Cisco Defendants deny that Plaintiff is entitled to any of the relief he seeks.

## VENUE

6.     The Cisco Defendants do not contest that venue is proper in this Court.

7.     The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8.     The Cisco Defendants deny the allegations of the first sentence of paragraph 8 of the Complaint. They are without knowledge or information sufficient to form a belief as to the truth of the allegations the second sentence of paragraph 8 of the Complaint.

9.     The Cisco Defendants admit that they work at Cisco, that Savastano and Wiese worked at Lucent, and that Chambers and Savastano worked at Wang. The Cisco Defendants deny that Chambers, Savastano, Wiese, and Patricia Russo are very close friends. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Complaint.

## ALLEGATIONS

10.     The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.     The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12-67.     The allegations of paragraphs 12-67 of the Complaint do not require a response because the Court by Order dated October 25, 2004 dismissed all of Plaintiff's claims arising of out conduct alleged to have occurred before March 8, 2000.

68.     Upon information and belief, the Cisco Defendants admit the allegations of paragraph 68 of the Complaint.

69. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint.

70. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint, except the Cisco Defendants admit upon information and belief that Plaintiff received an overall job performance rating of "E" on his employment evaluation in 2001.

71-78. There are no paragraphs 71-78 in the Complaint.

79. Savastano denies the allegations of paragraph 79 of the Complaint, except admits that he is a Vice President of Finance for Cisco. Chambers admits that all Cisco employees ultimately report to Chambers because he is the President and Chief Executive Officer of Cisco. Chambers and Wiese admit that Savastano is a Vice President of Finance for Cisco. Chambers and Wiese are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 121 of the Complaint.

80. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 of the Complaint.

81. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Complaint.

82. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the Complaint.

83. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Complaint.

84. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Complaint.

85. The Cisco Defendants deny the allegations of paragraph 85 of the Complaint.

86. The Cisco Defendants deny the allegations of paragraph 86 of the Complaint, except admit that Savastano's job responsibilities include the preparation of financial information for Cisco.

87. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations about what Plaintiff understood and deny the remaining allegations of paragraph 87 of the Complaint.

88. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 of the Complaint.

89. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Complaint.

90. The Cisco Defendants deny the allegations of paragraph 90 of the Complaint, except admit that all Cisco employees ultimately report to Chambers because he is the President and Chief Executive Officer of Cisco.

91. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Complaint.

92. The Cisco Defendants deny the allegations of paragraph 92 of the Complaint.

93. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 of the Complaint.

94. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 of the Complaint.

95. Wiese denies that he made the statements attributed to him in paragraph 95 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 95 of the Complaint. Savastano and Chambers are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 of the Complaint.

96. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the Complaint.

97. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 of the Complaint.

98. The Cisco Defendants deny that they ever admitted or participated in any misconduct with respect to Plaintiff's employment and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 98 of the Complaint.

99. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 of the Complaint.

100. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 of the Complaint.

101. Chambers denies that he ignored and disliked Plaintiff and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 101 of the Complaint. Savastano and Wiese are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 of the Complaint.

102. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 of the Complaint.

103. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 of the Complaint, except admit upon information and belief that Cisco terminated Plaintiff's employment effective May 21, 2001 and further state that on or around the same date, Cisco underwent a reduction in force of approximately 8,500 employees of which Plaintiff was one.

104. The Cisco Defendants deny the allegations of paragraph 104 of the Complaint.

105. The Cisco Defendants deny the allegations of paragraph 105 of the Complaint.

106. The Cisco Defendants deny the allegations of paragraph 106 of the Complaint.

107.   The Cisco Defendants deny the allegations of paragraph 107 of the Complaint.

108.   The Cisco Defendants deny the allegations of paragraph 108 of the Complaint.

109.   The Cisco Defendants deny the allegations of paragraph 109 of the Complaint.

110.   The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110 of the Complaint.

111.   The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111 of the Complaint.

112.   The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112 of the Complaint.

113.   The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113 of the Complaint.

114.   The Cisco Defendants deny the allegations of paragraph 114 of the Complaint except state that they are without knowledge or information sufficient to form a belief as to the truth of allegations pertaining to Rick Justice or Bruce Bastian.

115.   The Cisco Defendants admit the allegations of paragraph 115 of the Complaint.

116.   Savastano denies he ever engaged in the conduct attributed to him in paragraph 116 of the Complaint.  Chambers and Wiese are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 116 of the Complaint.

117.   The Cisco Defendants deny that Chambers designed the Cisco Certification and Internetworking Expert examination ("CCIE") but admit that Cisco designed the CCIE and that the CCIE is comprised of two parts, a written examination and a lab examination.  The Cisco Defendants further are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 117 of the Complaint.

118.   The Cisco Defendants deny the allegations of paragraph 118 of the Complaint, except admit that they have no control over which individuals pass or fail the written

examination portion of the CCIE and further state that they have no control over which individuals pass and fail the lab examination portion of the CCIE.

119.   The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 119 of the Complaint.

120.   Savastano denies the allegations of paragraph 120 of the Complaint. Chambers and Wiese are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 120 of the Complaint.

121.   Savastano denies the allegations of paragraph 121 of the Complaint. Chambers and Wiese are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 121 of the Complaint.

122.   The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 122 of the Complaint.

123.   Savastano denies the allegations of paragraph 123 of the Complaint. Chambers and Wiese are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 123 of the Complaint.

124.   Chambers and Savastano deny the allegations of paragraph 124 of the Complaint. Wiese is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 124 of the Complaint.

125.   The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 125 of the Complaint.

126.   The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126 of the Complaint.

127.   The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 127 of the Complaint.

128.   Chambers denies the allegations of paragraph 128 of the Complaint, except states that he is without knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 128 relating to the conduct of Patricia Russo. Wiese and Savastano are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128 of the Complaint.

129.   Chambers denies the allegations of paragraph 129 of the Complaint, except states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 129 relating to Nick Brandaleone and "Jim Skeele." Savastano and Wiese are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 129.

130.   The Cisco Defendants deny the allegations of paragraph 130 of the Complaint, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 130 relating to the conduct of "Jim Skeely" and other Sales Manager(s) of Cisco's Lexington office, and Nick Brandaleone.

131.   The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 131 of the Complaint.

132.   The Cisco Defendants deny that they in any way acted to deprive Plaintiff of his rights and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 132 of the Complaint.

133.   The Cisco Defendants deny that they caused any injury to Plaintiff and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 133 of the Complaint.

134.   The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134 of the Complaint.

135.   The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 135 of the Complaint.

136.   The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 136 of the Complaint.

137. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 137 of the Complaint, except they deny any conspiracy and further state that Cisco terminated Plaintiff's employment with Cisco as a result of a reduction-in-force of approximately 8,500 Cisco employees.

138. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 138 of the Complaint.

139. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 139 of the Complaint.

140. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 140 of the Complaint.

141. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 141 of the Complaint except that they deny that Cisco has a "[c]orporate intention of discriminating against Mr. Bayad" or any Cisco employee.

142. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 142 of the Complaint except that they deny that they made a decision not to hire Plaintiff and deny any pattern of behavior and conspiracy against Plaintiff.

143. The Cisco Defendants deny the allegations of paragraph 143 of the Complaint.

144. The Cisco Defendants deny the allegations of paragraph 144 of the Complaint.

145. The Cisco Defendants deny the allegations of paragraph 145 of the Complaint.

146. The Cisco Defendants deny the allegations of paragraph 146 of the Complaint.

147. The Cisco Defendants deny the allegations of paragraph 147 of the Complaint and state that Chambers was not involved in any way with any decision with respect to Plaintiff's employment with Cisco.

148. The Cisco Defendants deny the allegations of paragraph 148 of the Complaint.

149. The Cisco Defendants deny the allegations of paragraph 149 of the Complaint.

150. The Cisco Defendants deny the allegations of paragraph 150 of the Complaint, except are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 150 relating to Patricia Russo.

151. The allegations of paragraph 151 of the Complaint pertaining to Lucent do not require a response because the Court dismissed all of Plaintiff's claims arising of out alleged conduct occurring before March 8, 2000, by Order dated October 25, 2004. The Cisco Defendants deny the allegations of paragraph 151 of the Complaint pertaining to them or Cisco.

152. The allegations of paragraph 152 of the Complaint pertaining to Lucent do not require a response because the Court dismissed all of Plaintiff's claims arising of out alleged conduct occurring before March 8, 2000, by Order dated October 25, 2004. The Cisco Defendants deny the allegations of paragraph 152 of the Complaint pertaining to them or Cisco.

153. The allegations of paragraph 153 of the Complaint pertaining to Lucent do not require a response because the Court dismissed all of Plaintiff's claims arising of out alleged conduct occurring before March 8, 2000, by Order dated October 25, 2004. The Cisco Defendants deny the allegations of paragraph 153 of the Complaint pertaining to them or Cisco.

154. The Cisco Defendants deny that they were in any way involved any decision with respect to Plaintiff's employment with Cisco and further are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 154 of the Complaint.

155. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 155 of the Complaint.

156. The Cisco Defendants deny the allegations of paragraph 156 of the Complaint.

157. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 157 of the Complaint and deny the remaining allegations of paragraph 157.

158. The Cisco Defendants deny they caused Plaintiff any harm or emotional distress or that they engaged in any misconduct. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 158 of the Complaint.

159. The Cisco Defendants deny any action attributed to them in paragraph 159 and, further answering, state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 159 of the Complaint.

160. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 160 of the Complaint.

161. The Cisco Defendants deny any action attributed to them in paragraph 161 of the Complaint and, further answering, state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 161 of the Complaint.

162. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 162 of the Complaint.

163. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 163 of the Complaint, except Chambers denies that he sent the letters and e-mails in Exhibit X-9 to Plaintiff.

164. The Cisco Defendants deny the allegations of paragraph 164 of the Complaint.

165. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165 of the Complaint.

166. The allegations of paragraph 166 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the Cisco Defendants deny the allegations of paragraph 166 of the Complaint.

167. The Cisco Defendants deny the allegations of paragraph 167 of the Complaint.

168. The Cisco Defendants deny the allegations of paragraph 168 of the Complaint.

169. The Cisco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 169 of the Complaint.

170. The Cisco Defendants deny the allegations of paragraph 170 of the Complaint.

## COUNT I

171. The Cisco Defendants incorporate their responses to the allegations of paragraphs 1-170 of the Complaint as if fully set forth herein.

172. The Cisco Defendants deny the allegations of paragraph 172 of the Complaint.

173. The Cisco Defendants deny the allegations of paragraph 173 of the Complaint.

## COUNT II

174. The Cisco Defendants incorporate their responses to the allegations of paragraphs 1-173 of the Complaint as if fully set forth herein.

175. The Cisco Defendants deny the allegations of paragraph 175 of the Complaint.

176. The Cisco Defendants deny the allegations of paragraph 176 of the Complaint.

177. The Cisco Defendants deny the allegations of paragraph 177 of the Complaint.

178. The Cisco Defendants deny the allegations of paragraph 178 of the Complaint.

179. The Cisco Defendants deny the allegations of paragraph 179 of the Complaint.

180. The Cisco Defendants deny the allegations of paragraph 180 of the Complaint.

## COUNT III

181. The Cisco Defendants incorporate their responses to the allegations of paragraphs 1-180 of the Complaint as if fully set forth herein.

182. The allegations of paragraph 182 of the Complaint do not require a response because the Court dismissed Count III as to all Defendants, by Order dated October 25, 2004.

## COUNT IV

183. The Cisco Defendants incorporate their responses to the allegations of paragraphs 1-182 of the Complaint as if fully set forth herein.

184-186.    The allegations of paragraphs 184-186 of the Complaint do not require a response because the Court dismissed Count IV as to all Defendants, by Order dated October 25, 2004.

## COUNT V

187.    The Cisco Defendants incorporate their responses to the allegations of paragraphs 1-186 of the Complaint as if fully set forth herein.

188.    The Cisco Defendants deny the allegations of paragraph 188 of the Complaint.

189.    The Cisco Defendants deny the allegations of paragraph 189 of the Complaint.

## COUNT VI

190.    The Cisco Defendants incorporate their responses to the allegations of paragraphs 1-189 of the Complaint as if fully set forth herein.

191.-192.    The allegations of paragraphs 191-192 of the Complaint do not require a response because the Court dismissed Count VI as to all Defendants, by Order dated October 25, 2004.

## COUNT VII

193.    The Cisco Defendants incorporate their responses to the allegations of paragraphs 1-192 of the Complaint as if fully set forth herein.

194.    The Cisco Defendants deny the allegations of paragraph 194 of the Complaint.

195.    The Cisco Defendants deny the allegations of paragraph 195 of the Complaint.

196.    The Cisco Defendants deny the allegations of paragraph 196 of the Complaint.

## COUNT VIII

197.    The Cisco Defendants incorporate their responses to the allegations of paragraphs 1-196 of the Complaint as if fully set forth herein.

198.    The Cisco Defendants deny the allegations of paragraph 198 of the Complaint.

199.    The Cisco Defendants deny the allegations of paragraph 199 of the Complaint.

200.    The Cisco Defendants deny the allegations of paragraph 200 of the Complaint.

201. The Cisco Defendants deny the allegations of paragraph 201 of the Complaint.

## COUNT IX

202. The Cisco Defendants incorporate their responses to the allegations of paragraphs 1-201 of the Complaint as if fully set forth herein.

203. The Cisco Defendants deny the allegations of paragraph 203 of the Complaint.

204. The Cisco Defendants deny the allegations of paragraph 204 of the Complaint.

205. The Cisco Defendants deny the allegations of paragraph 205 of the Complaint.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff released some or all of the claims in his Complaint.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by the statute of limitations.

## FIFTH DEFENSE

Some or all of Plaintiff's Claims are barred by the doctrines of estoppel and laches.

WHEREFORE, the Cisco Defendants respectfully seek dismissal with prejudice of Plaintiff's Complaint, an award of attorneys fees, costs and expenses, and such other and further relief as the Court deems just and proper.

Dated: March 7, 2005

        Respectfully submitted,

        /s/ Bruce E. Falby
        Bruce E. Falby, BBO #544143
        DLA PIPER RUDNICK GRAY
        CARY US LLP
        One International Place
        Boston, MA 02110
        Phone: (617) 406-6000
        Fax:    (617) 406-6100

        ATTORNEYS FOR DEFENDANTS
        JOHN CHAMBERS, ANTHONY
        SAVASTANO and CARL WIESE

## CERTIFICATE OF SERVICE

I, Bruce E. Falby, hereby certify that on this 7th day of March, 2005, a true and correct copy of the foregoing document was served upon Anthony R. Bayad, Jr., 2 Magoun Avenue, Medford, MA 02155, by first class U.S. mail.

        /s/ Bruce E. Falby