IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| ANTHONY BAYAD, )<br>)<br>)<br>Plaintiff , )<br>)<br>)<br>)<br>)<br>JOHN CHAMBERS, PATRICIA )<br>RUSSO, ANTHONY )<br>SAVASTANO and CARL )<br>WIESE, )<br>Defendants , )<br>) | CIVIL ACTION<br><br>CASE NO. 04-cv-10468-GAO<br><br>ADMIT |

## PLAINTIFF ' NOTICE OF FILING ALL THE INTERROGATORIES AND REQUEST FOR ADMISSION SERVED TO DEFENDANTS CHAMBERS ET, AL. (THIS NOTICE SERVES FOR ALL THE FILING AND ASSUMED ADMITTED)

By the amendment "answers to interrogatories" are included among the materials which may be considered on motion for summary judgment. Every matter not responded to within the time provided for in *Rule 34 and 36, Fed. R . Civ. P.*, is admitted ). Unless otherwise decided by this court and therefore all the Interrogatories and Request of admission are admitted according to such governing Rules. Herein Bayad is filing all the interrogatories and all the request of admission , **assuming** that all the interrogatories and all the request of admission are admitted, because Defendants ' failure to extend the time ( 20 to 30 days and not 68 + days) , with the accordance of said Rules by said Rules and with the Court own policies and ruling in enforcing its own Rules even on its officers ( such as Lawyers and big firms as Piper Rudnick Gray Carry LLP. Therefore Plaintiff presume and consider that all the Interrogatories and Admission are admitted or the Court Decision of otherwise.

1

## STATEMENT OF FACT

Bayad filed three [3] Motions before this Court, under " Request Admission" Every matter not responded to within the time provided for in *Rule 36, Fed. R. Civ. P.*, is admitted for the failure of the Defendants and their attorneys ' compliances under such Rules and according to said Rules.  On about "November 23, 2004" (the response should be served on December 23 2004, but absolutely not January 28, 2005), Plaintiff Bayad Pro Se and pursuant to Rule 36, Fed. R. Civ. P., propounded the Request for admission upon Defendant John Chambers to be responded to in accordance with Said Rule, within the time prescribed by said Rule ( the time prescribed is 30 days and not 68 + days). Plaintiff Bayad also instructed defendant Chambers as stated in the Request of Admission served to him as Follows:

" Within the time provided for in *Rule 36, Fed. R. Civ. P.*, and in accordance with said Rule, you shall serve upon Plaintiff a written answer or objection addressed to each matter set forth below under " Request Admission" Every matter not responded to within the time provided for in *Rule 36, Fed.R.Civ.P.*, is admitted".  Additionally Plaintiff also propounded the Interrogatories and the request for admission on December 13 , 2004 (to be answered and served on *January 13 2005* , but absolutely not *January 24 , 2005* ) to Defendants Wiese and Savastano , in accordance with Defendant Attorney Bruce Falby instruction and time dead lines, introduced by him to Plaintiff and to the Court, what he called the Piper Rudnick Gray Carry 'schedule of discovery.

## ARGUMENT

Defendants willfully ignored the process of the court and *the Federal Rule of Civil Procedure* of time limitation said set forth by said *Rules , 34, and 36,* and the time to otherwise answer has expired and had not been extended. Defendants Savastano and Wiese served their answer on about January 24, 2005 , over the time prescribed by said Rule or set by both parties, and Defendant Chambers served his answer separately using other mean of delivery

2

as the hand delivery and not the US. Postal Services to evade the stamp or the seal of the U.S Postal Services, on about January 28, 2005 not as prescribed by said Rule ( 30 days and not 68 +). Defendants and their attorneys must understand that this Court has construed deadline and rules that litigants and attorneys must follow and obey, the Court also provided in its premises the so Called **the Night Box** to meet the deadlines of Filing as prescribes by the Rule of Law. Additionally ***Fed. Fed. R. Civ. P 34 and 36 prescribed*** of every matter not responded to within the time provided in said **Rule 34 and 36 of Fed. Fed. R. Civ. P is admitted no exception to both parties.**

## CONCLUSION

The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial; which permits the pleadings themselves to stand in the way of granting an otherwise justified summary judgment, is incompatible with the basic purpose Of the rule. *See 6 Moore's Federal Practice 2069 (2d ed 1953)*; *3 Barron & Holtzoff, supra, § 1235.1*. The amendment is not intended to derogate from the solemnity of the pleadings. Rather it recognizes that, despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary.

3

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of PLAINTIFF ' NOTICE OF FILINGALL THE INTERROGATORIES AND REQUEST FOR ADMISSION SERVEDTODEFENDANTS CHAMBERS ET, AL.(THIS NOTICE SERVES FOR ALL THE FILING AND ASSUMED ADMITTED)was furnished via U.S. mail to : Bruce E. Falby, BBO #544143, PIPER RUDNICK GRAY CARRY LLP, One International Place, Boston MA 02110, this 9 day of March 2005 .

ANTHONY BAYAD, PRO SE
2 Magoun Avenue
Medford, MA 02155
Telephone (781) 704-8982

Anthony Bayad