UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD,<br>    Plaintiff,<br><br>v.<br><br>JOHN CHAMBERS, PATRICIA RUSSO,<br>ANTHONY SAVASTANO, and<br>CARL WIESE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)  NO. 04-10468-GAO<br>)<br>)<br>)<br>)<br>) |

## CISCO DEFENDANTS' OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendants John Chambers, Anthony Savastano, and Carl Wiese (the "Cisco Defendants") oppose Plaintiff's Cross-Motion for Summary Judgment. Plaintiff's motion should be denied for the reasons set forth in the "Memorandum of Law in Support of Motion for Summary Judgment of Defendants John Chambers, Anthony Savastano and Carl Wiese" dated February 28, 2005.

In support of this opposition, the Cisco Defendants also rely on their "Statement of Undisputed Facts," to which plaintiff has not responded, and the declarations of John Chambers, Anthony Savastano, Carl Wiese, Paula Hughes, Lynn Fraser, and Bruce Falby, all submitted on February 28, 2005 in support of their summary judgment motion. The Cisco Defendants also rely on the Declaration of Robin L. Tarr, submitted herewith.

In further support of this opposition, the Cisco Defendants state the following:

1.  Among all the paper submitted by plaintiff in opposition to the Cisco Defendants' summary judgment motion and in support of his cross-motion, the only even facially competent and possibly relevant evidence submitted by plaintiff is a single statement in the affidavit of

Amado Navas. At page 3, Mr. Navas' affidavit states, "He [Anthony Savastano] told Amado Navas to relay a message to Bayad ' . . . tell that monkey Bayad that his days at Cisco are numbered, my friend Lynn Frazer will take care of him soon, that he and his people need to go back where they came from, ha ha . . .'" Tellingly, this statement uses the third person to refer to Mr. Navas, the supposed affiant.

2. This statement is insufficient to create an issue of genuine fact as to any material issue. The circumstances surrounding plaintiff's relationship with Mr. Navas thoroughly discredit the supposed testimony. As set forth in the accompanying declaration of Robin L. Tarr ("Tarr Declaration"), Mr. Navas, like Mr. Bayad, is a disgruntled ex-employee of Cisco. He brought his own pro se employment discrimination lawsuit against Cisco and Cisco employees, based in part on the same far-fetched allegations as made in this case. Tarr Declaration ¶¶ 2, 9-10. His lawsuit was dismissed with prejudice. Id. ¶¶ 14, 17. Plaintiff and Mr. Navas have an ongoing relationship and have conducted themselves similarly in prosecuting their respective claims. Id. ¶¶ 4-8. Mr. Bayad was intimately involved with Mr. Navas' lawsuit, calling counsel and submitting materials on Mr. Navas' behalf. Id. ¶¶ 7, 13. The third person affidavit statement of Mr. Navas seems quite clearly to have been concocted by plaintiff. Mr. Bayad has therefore submitted no credible, competent evidence in support of his claims.

3. In addition, plaintiff has not submitted in opposition to defendants' summary judgment motion the required Local Rule 56.1 statement of material facts as to which there exists a genuine issue to be tried. Nor has he submitted in support of his own motion the required Local Rule 56.1 statement of material facts as to which there exists no genuine issue to be tried. Under Local Rule 56.1, this is sufficient ground for granting the Cisco Defendants' motion for summary judgment and denying plaintiff's cross-motion for summary judgment.

~BOST1:320770.v1

- 3 -

## CONCLUSION

      For these reasons, and for all the reasons set forth in the materials submitted in support of their motion for summary judgment, the Cisco Defendants request that the Court deny plaintiff's cross-motion for summary judgment and grant their summary judgment motion.

                              Respectfully submitted,

                              DEFENDANTS JOHN CHAMBERS,
                              ANTHONY SAVASTANO and
                              CARL WIESE
                              By their attorneys,

                              /s/ Bruce E. Falby
                              _____
                              Bruce E. Falby, BBO #544143
                              DLA PIPER RUDNICK GRAY CARY US LLP
                              One International Place
                              Boston, MA  02110
                              Phone: (617) 406-6000
                              Fax:    (617) 406-6100

Dated:  March 21, 2005