IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| ANTHONY BAYAD, | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) |
| | ) CASE NO. 04-cv-10468-GAO |
| JOHN CHAMBERS, PATRICIA RUSSO, ANTHONY SAVASTANO and CARL WIESE, | ) |
| | ) HONORABLE DISTRICT JUDGE O'TOOLE |
| Defendants, | ) |

**PLAINTIFF PRO SE BAYAD OBJECT TO THE MAGISTRATE REPORT AND RECOMMENDATION**

I.  **STATEMENT OF FACT**

Wherefore, Defendants and their Lawyers, at different times, has given "**different**" and arguable inconsistent explanations for terminating Bayad' employment with Cisco and with other claims stated herein, Jury may infer that articulated reasons are pretexts for race discrimination.

See *Dominguez-Cruz v. Shuttle Caribbean, Inc*. 202 F.3d 424, 431-32, (1st Cir.). (Defendant inconsistent or changing Explanation). And *In Reeves v. Sanderson plumbing Products, Inc.* 530 **U.S.** 133, 147-49 (2000). The Supreme Court states:

> " that proffering a false reason for the challenged action would ordinarily support the inference that real reason was unlawful, and such proffer may be made in the Defendants' origin explanation to the plaintiff, in its position statement to the (EEOC) or other enforcement agency, in its response to discovery, in its pretrial Court Filing, or in its efforts to confuse Jury during opening or closing statements. In none of these Situations is the Plaintiff barred from relying on the employer's deceit unless the employer attempts to repeat the deceit in the evidence it offers at trial. Nowhere in the law is there rule that a **liar** suffers adverse consequences **only if he or she repeats the lie in Court.** "

1

Defendants and their attorneys various explanation and statements and records, attempt to conceal its true reason for taking the challenge action, which is considered a lie and a conduct aimed to evade this federal proceeding.

## II.  DEFINITION OF DISCRIMINATION

To discriminate is to make a distinction, to make a difference in treatment or favor, and those distinctions or differences in treatment or favor which are prohibited . . . are those which are based on any five of the forbidden-criteria : " **Race**" **( applies Title 42 § § 1981, 1985(3) )**, Religion, Sex , and National Origin.

## III.  STATEMENT OF ISSUE AND OBJECTION

Plaintiff Pro Se Bayad respectfully object to the Magistrate Report and recommendation to allow Defendants Motion for Summary Judgment as it is premature at this stage of this litigation, (objected) on [3] ground(s) and stating the following facts:

### 1. On Ground One

**The rules of law was designed and introduced to enforce the compliance of the proceeding of Discovery** as matter of rights and to recognized that natural person (such as Bayad) have right to represent him self as matter of rights, which is described as " a basic right of free people". <u>Farretta v. California</u>, 422 **U.S.** 806, 95 S.C.t. 2525, 45 LE.d 562 (1975); and the Court should endeavor to construe *Pro Se* complaint and the Cross-Motion for protection of Civil Rights with utmost liberal reading and interpretation of Law, and without regard to technicalities . *Gale v. Wagg*, E.D. Mich.1956, 140 F. Supp. 6., also *Stambler v. Dillon*, S.D.N.Y. 1969, 302

F. Supp.1250. Defendants' attorneys did not allow the discovery to be proceeded and was denied to Bayad Pro Se, wherein the applicable Law set forth by the American Bar Association Rules, the Massachusetts Bar Association Rules of Professional Ethics, including the Office of the Judicial commission Rules and Regulations, and the Constitution of our land, are meant to be applied and served with the Integrity of judicial process, that demands compliance and protection and equality to minority litigants similar situated as Bayad, demand for the attorneys of Piper Rudnick (officers of the Court) to comply fully with the Rules of Law and the Court Rules and Orders, and it is not for them (attorneys of Piper Rudnick) call <u>to bar of justice is not for them to decide</u>, and their "opinion" is not a record set forth in <u>Federal Proceedings</u>. They cannot insert Declaration of their own as they are not defendants absent of facts and evidence, to decide on behalf of the Court who at their discretion granted them with prejudice to cut short Discovery in civil rights case, where state of mind is at stake. the Magistrate Judge did not provide any means to cooperate discovery materials as the subpoena or the name or background of the Cisco White Engineer nominated the best Engineer or even his name as stated in the Magistrate Report and Recommendation etc.., but the only action the magistrate took is to order the United State Marshall to conduct a criminal background check on Bayad *Pro Se* and to post his smiling picture on the wall of this Court, and without justification or any violation of the law ( What can we say? is because Bayad is a Moroccan or it is a crime to pursue Justice that is secure by the Right of Due Process of the law of his land).

3

However the facts proven that each time Bayad secure a Job in his field that he was trained to do and that it is the only thing he knows to do and nothing else, he gets fired and humiliated By Savastano and Wiese, it is a shame. The Court must not promote Racism and send a message to individuals and to corporate of America that it is Ok to discriminated upon Minorities similar situated as Bayad, but must act with the arm of justice as prescribed under the law, that it is not Ok to classify Minorities ( Arabs) in the list as Cisco-No-Hire-List not to be hired, that it is not Ok to create a policy as Cisco Equal Opportunity to entertain the flow of minorities that is sent to them during the interview process. That it is not Ok to promote racism in the making of Certification, pay scale, hiring and firing, that it is not Ok to openly allow Cisco Manager (s) to defame the minority engineers each time they are trying to secure a job to support them selves and their families in their country the United States of America, and that is not Ok to humiliate , disgrace Minorities similar situated as Bayad,  with any mean(s), action(s ) or language(s) or Email(s) or Audio(s) about the way they speak, communicate, and look or act on the basis of their race , Gender , Origin, Religious, Handicap statue, and the list goes on and on and does not stop …it is shame.

The message that the Court must sent is if you are an Executive, you are not above the law and you must obey the law and respect the equality and fairness of the people of the land that are struggling every day to bring food to their table, and Even though  you are the  Chief Officer of the Company and White of Race with public money and with the Golden Parachute, and

4

the Millions of money stashed and hidden in numbered Suisse Account , you are not immune from participating in the Federal litigation and you are going to be treated as any citizen of the land.

## 2.   On Ground Two

However, in the absence of Discovery the Magistrate Judge " must Careful" distinguish between opinions of Attorneys and Plaintiff' evidence, that allows for a reasonable inference of discrimination". *Bickerstaff v. Vassar College*, 196 F.3d 435, 448 ( 2d Cir);   See also *Straughn v. Delta Airlines, Inc.*, 250 F.3d 23,  33 ( 1st Cir. 2001),  the court states :

> "Caution must be exercised in particular before [sustaining] Summary judgment[s]  for employers on such issues as pretext, motive, and intent.

In considering allowing Defendants motion for Summary even  in the absence of discovery, the Magistrate Judge must construe the evidence and the interference drawn from the underlying facts  in the light most favorable the nonmoving party (Pro Se Bayad) opposing the motion. *United States v. Diebold, Inc.*, 369 **U.S.** 654, 655, 82 S.Ct. 993, 994, 8LE.d. 2d 176 (1962); Hence,  [T]he weighing of the evidence, and drawing of legitimate inference from the facts are [tier of act] function, not the opinion of an attorney or the Magistrate Judge (in absence of Discovery ). who may influence the ruling on the motion for summary ( as they have done with Discovery). The evidence of the nonmoving Bayad is to be believed, and all justifiable inferences are to be drawn in his favor; Nor do any one suggest that district Court should act than with caution in granting summary judgment or that the district Court may not deny summary judgment in a case where there is

5

reason to believe that <u>the better course would be to proceed to "**full trial**"</u>. Furthermore, facts asserted by the nonmoving party Bayad opposing the summary judgment <u>must be regarded as true</u> when it is supported by affidavit or other evidentiary material. *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 595 ( 5th Cir. 1981) ( quoting 10c Charles A. Wright and Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 2727 at 524-30 ( 1973)). Hence the court must consider all the facts under the law introduced by Bayad , therefore he has prevailed and Prima Facie is established on his counts under the Civil Rights Law of title 42 Section (§) 1981 ( the count stated in Dkt.1, Retaliation, Disparate Treatment, Conspiracy, Denying the CCIE to Arabs and Violation of section 1981 and 1985), but that was not the case said by such report and recommendation .

### 3. **On Ground Three**

The analysis applied to cases under § 1981 is the same as applied in Title VII cases. *Roxas   v.   Presentation College*, 90 F.3d 310, 315 (8th Cir. 19960).  *Brown v. American Honda Motor Co.*, 939 F.2d 946, 949 ( 11th 1991), cert. denied, 502 U.S. 1058, 112 S. C. t. 935, 117 L.E.d.2d 106 (1997). Therefore, accordingly to the Magistrate Report and Recommendation the court decided to pursue in analyzing Bayad claims under the *McDonnell Douglas* standard; And under the *McDonnell Douglas* Standard of proof, Bayad Pro Se **established** Prima Facie case of intentional discrimination. *McDonnell Douglas*, 411 U.S. at 802, Bayad met this burden, there was a presumption that intentional discrimination has occurred. Burdine, 450 **U.S.** at 254 ;  See *Fernandez v. Costa Brothers*

6

*Masonry, Inc.*, 199 F.3d 572, 584 (1st Cir.), in section C, 10, See also *White v. New Hampshire Department of Corrections*, 221 F.3d 254, 262, (1st Cir. 2000); See also *Cruz-Ramos v. Puerto Rico Sun Oil Co*. 202 F.3d 381, 384 (1st Cir.). Thereafter, the presumption raised by Bayad's prima Facie case was not rebutted by Cisco Defendants's articulation of a legitimate, Although Defendants did not meet the burden at the stage of the litigation as it should be and is one of production, and not persuasion, and thus not onerous, the burden cannot be met by mere formality as they have done in this litigation. *Walker v. Mortham*, 158 F.3d 1177, 1184 ( 11st Cir. 1998). Instead " [t] he defendant(s) must clearly set forth, through the introduction of <u>admissible evidence</u>," the reason for its adverse action, and that reason " must be legally sufficient to justify a judgment for Defendants." Unfortunately they failed to do so. Burdine, 450 U.S. at 255. the Defendants did not carry its burden by producing evidence of legitimate of nondiscriminatory reason for its action, the presumption of discrimination raised by Plaintiff' *Prima Facie* case was established by Preponderance of evidences and past history of disparate treatment while back in Florida with Lucent Technologies and now with Cisco . Bayad was able to prevail by demonstrating that the defendant's reason was but a pretext for discrimination – not credible or was not real basis for its decision, then judgment must be entered in favor of Plaintiff and not the Defendants as the Magistrate' report and recommendation suggest otherwise and introduced herein. *Mauro v. Southern New England Telecommunication*, Inc., 208 F3.d 384, 387-88 ( 2d Cir.); See also *Cruz Ramos v. Puerto Rico Sun Oil*

7

*Co.*, 202 F.3d 381,385 (1st Cir.) ; See *Arrington v. Cobb County*,139 F.3d 865, 873  11th Cir. 1998) ( citing Burding, 450  U.S. at 252-53, 101 S.Ct. at 1093).  Additionally Bayad  has proven with proof of <u>concrete evidences</u> and strong  proof 's proof that Defendants reason  was disbelieved coupled with elements  of his prima Facie case raises an inference of intentional discrimination to  defeat Defendants Summary Judgment motion . *Mary 's honor Center  v.  hicks*, 509 U.S. 502, 511 ( 1993);   *Combs   v. Plantation Patterns*, 106 F. 3d 1519 ( 11th Cir. 1997).  See also *Fernandes v. Costa Brothers Massonry* , Inc., 199 F.3d  572 , 584 n.4 ( 1st Cir); Also see *Smith     v.   Davis,* 248 F.3d 249, 251, ( 3d Cir. 2001).   Therefore the weighting of the  evidence,  and drawing of  legitimate inference from the facts are [**tier of fact**] function and the evidence of  nonmoving is to be believed, and  all justifiable inferences are to be drawn in Bayad ` favor by [**tier of fact**] and  not by the  Attorney' opinion of record is not  a record set forth in Federal  Proceeding  in this Court.

## **CONCLUSION**

There is, within this understanding, no right to freedom from distinction in treatment of hate crimes , executed upon Bayad  at Lucent Technologies Florida and now Cisco Systems Massachusetts at the  hand of Defendants Tony Savastano and Carl Wiese at  [3] companies Lucent Technologies, International Network Services and now Cisco Systems . There is no right to freedom from refusal to hire, discharge, lay off or other employment-related action  on discriminatory grounds, and therefore justice must intervene and protect its Citizens similar situated as Bayad. Defendants

8

Defendants ' Summary Judgment must not be allowed and the applicable the 7th amendment of the United stated of Constitutions must be granted or as deemed and required by Law and by the Honorable District Judge O" Toole.

*ANTHONY BAYAD*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of Plaintiff Bayad ' objection to the Magistrate Report and Recommendation, was furnished via U.S. mail to : Bruce E. Falby, BBO #544143, PIPER RUDNICK LLP, One International Place, Boston MA 02110, this **31**. day of May 2005 .

Pro Se ANTHONY BAYAD
2 MAGOUN AVENUE
MEDFORD, MA 02155
(781) 704-8982

ANTHONY BAYAD