IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| ANTHONY BAYAD, )<br>)<br>)<br>)<br>Plaintiff , )<br>)<br>)<br>)<br>)<br>)<br>JOHN CHAMBERS, PATRICIA )<br>RUSSO, ANTHONY SAVASTANO )<br>CARL WIESE )<br>WIESE, )<br>Defendants , )<br>) | CIVIL ACTION<br><br>CASE NO. 04-cv-10468-GAO<br><br>HONORABLE DISTRICT JUDGE O' TOOLE |

**DECLARATION OF PLAINTIFF PRO SE 'NEWLY DISCOVERED EVIDENCE IN SUPPORT OF HIS MOTION OBJECTING TO THE MAGISTRATE REPORT & RECOMMENDATION**

I, Anthony Bayad introduce Exhibits of Evidence proving as required by law that Defendants intentionally discriminated against me because of My Moroccan Race. I have established prima facie case of discrimination against defendants absent ( with prejudice) of discovery, deposition, or any means of such rights denied to me, such rights is an essential tools under the law and the applicable Rule of Law governing such action accordingly to the Federal Rules of civil Procedures (34) (16), that will facilitate the finding of prove of my case and to help other minorities in the nearest future not to go thru what I went thru with these Defendants, and not being able to conduct Discovery of such treatment I take such action against my rights and against Litigants proceeding Pro Se ' rights and against our Civil Rights law Seth forth by our

1

United States Constitution, that defines clearly that all Citizens of this land Whites and Blacks or any race as proscribe under the Civil Rights Reconstruction Era Statues, 42 U.S.C Section (§) 1981, 1985 as amended by the Civil Rights Act of 1991, the Civil Act of 1871, are considered free people and are treated with fairness and equality under the Law, like wise defendants whom are very rich and very connected and are Executives of Cisco as John Chambers, Carl Wiese, Tony Savastano , and Chair Man Bob Matthias of the firm Piper Rudnick and Gray Carry ( one Billion in revenue), (They) are not immune from the law and there are not above the Law and the take of their depositions is not a privilege, but it is a must of process as matter of rights, additionally the doctrine of discrimination proscribed is to discriminate is to make a distinction, to make a difference in treatment or favor, and those distinctions or differences in treatment or favor which are prohibited and against the law. Unfortunately it was not the case in my case and my right of conducting discovery was denied to me and prejudice me in this litigation. Defendants and their attorneys 'motion for summary judgment Absent of discovery is considered as premature and as a reoccurrences of their Motion under Rule 12 introduced before the Court and did not survive. Therefore, I pray to the Honorable District Judge in this case, a Man of the highest Integrity and Honor and well respected in our State of Massachusetts to distinguish between opinions of attorneys and my evidences that allows for a reasonable inference of discrimination, as I am unemployed and I am tired of proving my self in this land that I really love and I am ready to defend at all

2

cost as I took an oath to defend and serve (registered in Selective Services).

<u>I declare under the pains and penalties the following:</u>

1.  I was discharged from my employment with Defendants Cisco in context of laid off that the sole reason is the economy, and someone Such as Bob Tracy and Mike Ippoliolito and others in my group of a different race were treated differently and were given to keep their positions, I introduce the time tracker evidencing that I was more hourly utilized than them. **Exhibit A attached hereto** to my Declaration.

2.  In context of a reduction in force, where employee such as I (Bayad) is laid off and replaced, I must establishes ( **it was done**) that **(1)** am member of a protected class; **(2)** I was adequately performing my job; **( 3)** I was laid off in a reduction in force; and **( 4)** employees outside the protected class were treated more favorably than I.

3.  Defendants and their attorneys failed to rebut My Prima Facie , only provided the obscured documents a well designed to evade liability in regard of my termination, and well drafted a 30 to 40 pages to be signed in close doors at present of Cisco Police and the Lexington police hiding in another office waiting for action , mandating me to sign them without prior review or what is the reason for such agreements ( they have the Surveillance Video evidencing the false imprisonment like wise Lucent), and the last time I recall refusing to sign company documents in close doors in such stressful environment and as in this case with Defendant Tony Savastano and Carl Wiese, I ended up in fountain and in an ambulance and in hospital , was transferred to a confined prison against my will( not a hospital), and I was put homeless and now unemployed and disabled (In the eyes of the Defendants I am a Moroccan). I am still not recovering from such act of racism executed against me once in Florida and now with Cisco and with the same Defendants. It is a shame

4.  I introduce my technical expertise and my educational background to be compared by tier of fact and to draw a conclusion in comparison to Bob Tracy a coworker of mine and the fact I am unemployed for such a long time since the year of 2001 to present time. I provide prove to the Court or the Jury that the Experience and Background supersede those found in Bob Tracey ' Cisco Resume, He (Bob Tracey does not have a college degree, or any certification in the data field and he is not even a CCIE candidate nor with any strong experience in LAN/WAN Routing and Switching or Voice over IP a main technology core of Cisco Daily Business of profit. **Exhibit B attached hereto**

5.  During my employment with Defendants at Cisco, as I was told By Cisco Manager Lynn Fraser to Cross Train Bob Tracy and Mike Ippolito, to provide them

with knowledge that I have, as She put it to me to connect one side of a cable to my head and connect the other side to their head ( Bob Tracey and Mike Ippolito) and to download all my information and knowledge to them. I did comply with her request and I trained them as I was told. I was rated overall **job performance as an "E"**, which in Cisco performance rating means: Employee is successful; meets or exceeds all key performance expectations, and my review input Summary my Manager Lynn Fraser evidencing of such action with her signature from my employment review and state in part and quoted in part the following:

> " Anthony is very dedicated to Customer satisfaction. He works hard and is very conscientious . . . Anthony has been **mentoring a former Strata-Com Engineer** who is working hard to **cross-train** on LAN technologies. Anthony has been an integral part of the Engineer's success, who is constantly giving me positive feedback on Anthony' mentoring and reasoning capabilities. . . he is also very impress with Anthony' s technical capabilities. . . Anthony is clearly a Team Player. He is very supportive of his Team, and encourages other's success. . .

Under the law I fulfilled my requirement and I proved under the law that I was qualified than others employees outside the protected class were treated more favorably.

6.   I know of fact that Mike Ippolito was hired after me during my employment at Cisco, I was informed about the fact my co-worker Mike Ippolito that after my termination with Cisco about 4 to 6 month My manager Lynn Fraser helped him ( Ippolito ) to transfer to another group within Cisco and he did not perform well in his new position and because he was not protected by Lynn Fraser he was immediately terminated from his new position by his new manager of Cisco.

7.   I introduce a document stating as it is already filed before this court of all my co-workers time of their utilization at Cisco ( like a time sheets) and it shows that I have more hours and more unitized than others in my group and it means I am more utilized than Mike Ippolito and Bob Tracy as well as others for a duration of I believe it is a 3 to 6 months time frame.**Exhibit C attached hereto of such proof**.

8.   Defendants and their attorneys introduced in their defense as stated in the Magistrate Report and recommendation that the position for re-hire me back with Cisco, as I was discriminatory denied such position, Defendants and their attorneys used a pretext that such position was given to the Best Cisco employee of the year. I introduce a letter herein proving when Cisco employee is nominated as the best employee of the year like Mr. Amado Navas and others at Cisco who provided me with the letter of rebut tabled of their defense of such pretext, that shows Mr. Amado Navas was nominated the best Cisco World Wide

4

Channels' top development employees and top performer at Cisco , he ( Mr. Amado Navas) was not provide a job transfer by Cisco but he was provide of an opportunity to be promoted as a Manager and to enter to the leadership program. The letter is an Evidence of prove that the attorneys did not provide a good defense and they failed. The Cisco employee of the year who was provided presumably with my position as a Systems Engineer that I was qualified for it or otherwise the Manager Bardani and others will not waste their time to call me 3 times and interviewed me for such position. Respectfully to their defense is a baloney defense and it is a joke. They could simply used a defense such the position was closed because the customer change his or her commitment to Cisco and chose another vendor as Cyberguard Inc., or Check Point Software Technologies ( Security) or any other vendors. **Exhibit D attached hereto** evidencing of a copy of the prestige medallion and the letter stating that Mr. Amado Navas is welcomed to the Leadership program that is offered by Cisco when an employee such as Amado Navas is nominated as the Best employee of the year. The Cisco best employee of the year do not look to transfer to another position but Cisco gives him the opportunity to enter the leadership program and not to be transferred to another position with a new boss while his old boss took care of him if such pretext it true as it is not true and such pretext was taken as true by the Magistrate Report and Recommendation.

9.   I was informed and provided by Cisco Paula Hughes of a disturbing of an Email of correspondence between My Manager Lynn Fraser and Liz Bacchi a recruiter, who was considering me for a position with Cisco Systems, unfortunately Lynn Fraser as always as she was told by Defendants Savastano and Wiese, to provide a defamatory and discriminatory references about me and statement aimed to deny me the right to be employed with Cisco or with any other potential companies, and quoted as stated:

> " ... I called Lynn directly and she was very heisted on speaking with me. Since I was an internal HR Manager, she felt better. <u>She said that she would not recommended Anthony to come back to Cisco</u> that he worked for her I believe 1 year, That he made commitments for his CCIE but never took the lab or any classes. I think he still stating that he is taking the CCIE."

10.   During my employment with Cisco defendants failed me intentionally and discriminatory for about a 11 times the exam of the Cisco Certification Internetworking Expert making it impossible for me to pass. My manager Lynn Fraser was told not to pay for any of my accrued expenses of the CCIE because she was put in notice by her co-workers Savastano and Wiese of such discriminatory actions by Defendants.

11.   I am a Certify Internetworking Expert with Bay Networks/Nortel Networks, I took all the Cisco Classes and all the prerequisite Courses designed with the

5

guarantee of the passing the CCIE exams. I even took a week long course called the CCIE BOOT camp that simulate the exams provided by Cisco Systems, also it guarantee the passing of the CCIE Exam if it is taken, and all the Courses taking for such tasks are filed before this court **(Dkt1.)** also all my credential. **Exhibit E attached hereto of Cisco Letters evidencing my prerequisites into the program of the CCIE Exam and the letter from Defendant Chambers welcoming me into the CCIE program that was before I was spotted by his friend Savastano.**

12.  During my employment with Cisco, I was preparing for the CCIE exam on my own time, I was given all the actual exams of the CCIE, and defendants are raging a discriminatory vendetta against me as they did at Lucent Technologies, Internetworking Network Services and now Cisco Systems, in Particularly Savastano and Wiese, to never allow me to become a Cisco Certify nor to be employed to support my family at any time or in the nearest future. I am ready to provide to the court about 22 actual exams and answers that was provided to me. Any one cane studies them and can pass without a problem. I cannot pass because I am marked by Savastano and Wiese. **Exhibit F attached hereto of the actual exams**.

13.  I founded a company called **Global Internetworking Consulting** and I become an official Cisco Partners' reseller, again I endour discrimination and I was denied access to Cisco business and training is offered to all partners and resellers as me and I was threaten by attorneys First By Mark Batten and Know By Bruce Falby and his Chairman Bob Matthias with the Firm Piper Rudnick to be arrested and departed like my people if found at any Cisco premises or in communication with any of my Cisco CO-workers in the State of Florida , the European County or the African Region. Defendant Chambers ' Cisco Code of Business states in part and quoted in part as follows:

> " **Investments in Private Companies**: Cisco employees will occasionally find them selves in a position to invest in Cisco partners or customers. It is imperative that employees presented with such opportunities understand the potential conflict c interest that may occur in these circumstances. Cisco employees must always serve our shareholders first. Investing in companies that Cisco has an actual or potential    business relationship with may not be in our shareholders' best interests.  The guidelines a re intended to cover such circumstances:..."

14.  [T]hey cannot Convert Their Motion once before introduced   under the **Rule 12** to **Motion for Summary Judgment** without a proper time allowed for discovery as proscribed by the Federal Rule of Civil Procedure and by doing so they evaded the Legal proceeding in this case  that is prejudicing me, additionally attorneys and Defendants at different times have given different and arguable inconsistent explanations for discriminating against me, and it is a

6

prove that articulated reasons are thus a reason of a race discrimination. They failed to carry the burden of proof, by producing evidence of legitimate, nondiscriminatory reason for its action and therefore summary judgment must not be allowed and full course to trial by Jury is required a matter of rights.

_____
Anthony Bayad

## CERTIFICATE OF SERVICE

    IT IS HEREBY CERTIFIED that a true and correct copy of, DECLARATION OF PLAINTIFF PRO SE 'NEWLY DISCOVERED EVIDENCE IN SUPPORT OF HIS MOTION OBJECTING TO THE MAGISTRATE REPORT & RECOMMENDATION was furnished via U.S mail to : Bruce E. Falby, BBO #544143, PIPER RUDNICK LLP, One International Place, Boston MA 02110, this __6__. day of jun 2005 .

ANTHONY BAYAD, PRO SE
2 Magoun Avenue
Medford, MA 02155
Telephone (781) 704-8982

_____
ANTHONY BAYAD