UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD,<br><br>    *Plaintiff*,<br><br>v.<br><br>JOHN CHAMBERS, PATRICIA RUSSO,<br>ANTHONY SAVASTANO, and<br>CARL WIESE,<br><br>    *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 04-10468-GAO<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS JOHN CHAMBERS, ANTHONY SAVASTANO, AND CARL WIESE'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

Defendants John Chambers, Anthony Savastano, and Carl Wiese[1] ("defendants") respectfully request that the Court adopt Magistrate Judge Marianne Bowler's Report and Recommendation ("Recommendation"), Docket Entry #88, and enter summary judgment in favor of defendants on all counts. The Magistrate correctly determined that there are no material factual disputes and that defendants are entitled to judgment as a matter of law.

### PROCEDURAL BACKGROUND

The Magistrate accurately stated the procedural background of this case. Recommendation at 1-3. On May 31, 2005, Bayad filed three additional documents, captioned as follows: (1) "Plaintiff Pro Se Bayad Object to the Magistrate Report and Recommendation" ("Plaintiff's Objections"), Docket Entry #89; (2) "The Magistrate Report and Recommendation Misstates the Facts & the Law of Employment Discrimination and the Civil Rights Law &

Prejudice Plaintiff Pro Se" ("Plaintiff's Statement of Error"), Docket Entry #90; and (3) "Declaration of Anthony Bayad in Support of his Motion Objecting to the Magistrate Recommendation" ("Plaintiff's Declaration"), Docket Entry #91. Defendants interpret Plaintiff's Objections and Plaintiff's Statement of Error to be objections to the Magistrate's Recommendation. Plaintiff's Declaration is a post-recommendation factual submission. On June 6, 2005, Bayad filed "Declaration of Plaintiff Pro Se 'Newly Discovered Evidence in Support of his Motion Objecting to the Magistrate Report & Recommendation" ("Plaintiff's Newly Discovered Evidence"), Docket Entry #92. Defendants interpret this as another post-recommendation factual submission.[2]

## FACTUAL BACKGROUND

The Magistrate accurately stated the factual background. Recommendation at 5-12. Bayad failed to submit a statement of undisputed facts as required by Local Rule 56.1, and the Magistrate consequently deemed defendants' statement of undisputed facts to be admitted pursuant to that rule. Recommendation at 5 n.3. The Magistrate also refused to consider Bayad's evidentiary submissions, with the exception of the Affidavit of Amado Navas, Docket Entry #75, because they failed to meet the requirements of Fed. R. Civ. P. 56(e). Bayad gives no explanation for his failure to comply with either Local Rule 56.1 or Fed. R. Civ. P. 56(e).

---

[1] All of the claims against the remaining named defendant, Patricia Russo, were dismissed by this Court on October 25, 2004. See Memorandum and Order, Docket Entry #44 at 10.

[2] Defendants also were served with a fifth document, entitled "Plaintiff Motion Demanding the Court to Subject Defendants to Strict Scrutiny Review of the Discriminatory Animus Policy the Cisco-No-Hire-List (Violation of the Equal Protection Clause)," time-stamped as filed on May 31, 2005. This document does not appear in the docket for this case. In any event, the document addresses claims stemming from the alleged "no-hire" list that the Magistrate determined was not properly authenticated. Recommendation at 11. Bayad submitted the alleged "no-hire" list in support of his claims that he was discriminated against during his employment at Cisco. The Magistrate concluded that all such claims had been released. See infra, Part B. Bayad's fifth filing makes no argument or factual proffer relevant to the validity of that release.

## STANDARD OF REVIEW

The Magistrate accurately stated the law governing summary judgment. Recommendation at 3-5. If a party objects to a Magistrate's recommendation, those portions objected to are reviewed de novo by the Court. Fed. R. Civ. P. 72(b); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980). Those portions not objected to are accepted without further review. Id.

## ARGUMENT

Bayad's post-recommendation filings consist primarily of arguments and assertions that have no bearing on the issues which formed the basis for the Recommendation. As explained below, those arguments and assertions that are relevant to the Recommendation do not undermine its accuracy.

### A. Bayad's Post-Recommendation Factual Filings Should be Rejected as Untimely.

The Federal Rules of Civil Procedure require that affidavits in support of a summary judgment motion be served prior to the day of the hearing. Fed. R. Civ. P. 6(d), 56(c); Lujan v. National Wildlife Fed'n, 497 U.S. 871, 895 (1990). While courts retain the discretion to accept untimely affidavits under certain circumstances, see Fed. R. Civ. P. 6(b), "any *post*deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" Lujan v. National Wildlife Fed'n, 497 U.S. at 895-96 (rejecting post-argument affidavits in opposition to summary judgment). Bayad filed and served Plaintiff's Declaration on May 31, 2005, over two months after the March 22, 2005,

hearing. He filed and served Plaintiff's Newly Discovered Evidence one week later.[3] No motion requesting an extension of the deadline for service of summary judgment affidavits has ever been filed.[4] Moreover, Bayad has failed to explain what "excusable neglect" prevented him from serving and filing these documents before the publication of the Recommendation.

Absent even an attempt to comply with Rule 6(b)'s prerequisites for obtaining an enlargement, Bayad's untimely filings should be disregarded. Lujan v. National Wildlife Fed'n, 497 U.S. at 895-96. Bayad's pro se status does not change the analysis. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1998) ("pro se status does not insulate a party from complying with procedural and substantive law").[5] Late filing is particularly inappropriate where, as here, the untimely submissions represent a last ditch attempt to rescue an argument that has already failed before the magistrate:

> Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing and -- having received an unfavorable recommendation -- shift gears before the district judge.

Patterson-Leitch Co., Inc., v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

---

[3] Contrary to its title, the information contained in Plaintiff's Newly Discovered Evidence is yet another amalgamation of Bayad's personal knowledge, opinions, conclusory accusations, and irrelevant documents. It is neither newly discovered nor evidence.

[4] Although Bayad's opposition to the Defendants' Motion for Summary Judgment was entitled "Plaintiff's Cross-Motion for Summary Judgment (As Premature) with Support By Preponderance Evidence and with Memorandum of Laws and with Federal Rule of Evidence [404] and Civil Procedure [56(F)] to Permit Further Discovery by the Opposing Party, Defendants Chamber et al.," Docket Entry #73, the body of that document made no reference to Rule 56(f) and made no request for an extension. The motion also failed to make a proffer sufficient to meet the minimum requirements of the rule. See Resolution Trust Co. v. North Bridge Assoc., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994) (setting forth minimum requirements for motion under Rule 56(f)).

[5] Defendants note that at the first conference with Magistrate Judge Bowler on November 12, 2004, the Magistrate urged Bayad to obtain counsel. In reply, Bayad made clear that he wanted to represent himself.

### B. The Magistrate Correctly Concluded that All Claims Arising From Bayad's Employment and Termination by Cisco Systems Were Released.

After examining the admissible evidence contained in the record, the Magistrate found as undisputed that Bayad signed a release waiving all employment discrimination claims stemming from his employment at Cisco Systems, including his termination on May 1, 2001. Recommendation at 7-8, 14; Docket Entry #68, Att. 3, Ex. A. The Magistrate further concluded that all of the admissible evidence, including Bayad's hand-written statement under his signature, "Thank you to all of you and Good Luck," indicated that Bayad had knowingly and voluntarily signed that release. Recommendation at 7-8, 14-15; Docket Entry #68, Att. 3, Ex. A. The Magistrate rejected Bayad's claim of duress because he had submitted no admissible evidence to support it, and. determined that summary judgment should enter for defendants on the released claims. Recommendation at 8 n.5, 14-15.

The Magistrate's conclusion is correct as a matter of law. See Melanson v. Browning-Ferris Indus., Inc., 281 F.3d 272, 278 (1st Cir. 2002) (summary judgment proper absent dispute of fact regarding voluntariness of release of employment discrimination claims). While Bayad apparently disagrees, see Plaintiff's Statement of Error at 5-6, he cites no authority and provides no justification for a contrary proposition. Moreover, while Bayad's post-recommendation factual filings do repeat his contention that he signed the release "in [sic] close doors," and that when he did so he felt pressured by memories of his prior termination at Lucent, Plaintiff's Declaration ¶ 10; Plaintiff's Newly Discovered Evidence ¶ 3, these allegations do nothing to salvage Bayad's claims. Even if the Court were to excuse his failure to comply with Rule 6(b), see supra Part A, Bayad's declarations, absent expert corroboration, would still be insufficient to create a genuine issue regarding his capacity to knowingly and voluntarily execute the release. See Rivera-Flores v. Bristol-Myers Squibb Caribbean, 112 F.3d 9, 13 (1st Cir. 1997)

(plaintiff's statement that he lacked capacity to knowingly and voluntarily execute release due to depression and anxiety insufficient to defeat motion for summary judgment absent expert evidence). The Magistrate properly found no genuine issue as to the validity of the release.

### C. The Magistrate Correctly Determined that Defendants Were Entitled to Summary Judgment on the Remaining Claims.

The Magistrate correctly concluded that there was insufficient evidence to support claims arising from events subsequent to Bayad's termination from Cisco. Recommendation at 5 n.3, 9 n.7, 10. As to post-termination claims, Bayad focuses his objections on the portion of the Magistrate's Recommendation discussing Cisco's denial of his applications in the fall of 2003 for two positions with Cisco Systems, a Systems Engineer II position in Lexington, Massachusetts, and a Voice Specialist position in California. Recommendation at 8-9; Docket Entry #68, Att. 7, ¶¶ 11-13. Bayad's objections to this portion of the Recommendation are without merit.

#### 1. The Claims Under 42 U.S.C. § 1981.

In analyzing Bayad's § 1981 claims arising from Cisco's failure to hire him in 2003, the Magistrate applied the familiar three-stage burden shifting framework first articulated by the Supreme Court of the United States in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-05 (1973), and then refined in <u>Texas Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 253-54 (1981). Recommendation at 16-17. Under that framework Bayad bears the initial burden of establishing each element of his prima facie case. <u>Id</u>. at 802. Because Bayad claimed that Cisco Systems refused to hire him, the Magistrate concluded that his prima facie case must include evidence that "(1) he is a member of a protected class . . .; (2) he applied for an open position; (3) he was not hired; and (4) the [employer] sought to fill the positions with individuals who had qualifications similar to his." Recommendation at 17, quoting <u>Lewis v. City of Boston</u>, 321 F.3d

207, 217 (1st Cir. 2003). If Bayad successfully established a prima facie case, the burden would then shift to defendants to "articulate some legitimate, non-discriminatory reason" for refusing to hire him. McDonnell Douglas Corp. v. Green, 411 U.S. 792 at 804. Were defendants to do so, Bayad would bear the final burden of showing that the alleged non-discriminatory reason was a pretext. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. at 253. Both defendants and Bayad agree that the Magistrate correctly stated the law on this point. Plaintiff's Statement of Error at 3-5.

Bayad first objects that the Magistrate ignored direct evidence of discriminatory treatment and thus prematurely resorted to the McDonnell Douglas framework. Plaintiff's Statement of Error at 2. Direct evidence of discrimination, sometimes referred to as "smoking gun" evidence, is an outright admission or its equivalent that an employer acted out of a discriminatory motive. See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000). Although Bayad refers generally to his various filings, Plaintiff's Statement of Error at 2, he fails to point to anything resembling a smoking gun. He could not do so, as none exists in this case.

Bayad also takes issue with the Magistrate's conclusions regarding Cisco's failure to hire him for the System Engineer II position. Plaintiff's Statement of Error at 8. The Magistrate determined that Bayad failed to establish the fourth element of his prima facie case: he presented no evidence that Cisco ever sought to fill the System Engineer II position with a person of Bayad's qualifications. Recommendation at 18. With the exception of conclusory statements, Bayad still fails to address the fact that he did not qualify for that position, which required "extensive experience in Network Security" that Bayad did not possess. Recommendation at 8, 18; Docket Entry #68, Att. 7, ¶ 11. He likewise ignores the undisputed fact that Cisco eventually

~BOST1:374338.v1
26573-15

hired an applicant with Network Security experience to fill the position. Recommendation at 8, 18; Docket Entry #68, Att. 7, ¶ 12. Bayad's new factual submissions, far from plugging this evidentiary hole, have in fact made it wider: Bayad's resume fails to mention any Network Security experience. Plaintiff's Newly Discovered Evidence, Ex. B. Bayad acknowledges that, as part of his prima facie case, he must present evidence that he was qualified for the position that he sought. See Plaintiff's Statement of Error at 7. His failure to do so disposes of his claim.

Bayad next objects to the portion of the Magistrate's Recommendation addressing Cisco's failure to hire him for the Voice Specialist position. Plaintiff's Objections at 7. The Magistrate concluded that defendants presented evidence of two legitimate, non-discriminatory reasons for failing to hire Bayad for that position, and further determined that Bayad had presented no evidence indicating that those reasons were pretextual. Recommendation at 18. The non-discriminatory reasons for rejecting Bayad's application were (1) Bayad's failure to complete his CCIE certification, and (2) that the position was in California, Bayad lived in Massachusetts, and at the time Cisco would not pay to relocate applicants. Recommendation at 9, 18 & n.12. Contrary to Bayad's assertions, defendants' non-discriminatory reasons were properly articulated in affidavits as required by Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. at 253. Docket Entry #68, Att. 7, ¶ 13. Bayad's only response is a series of conclusory statements maintaining that the proffered non-discriminatory reasons were pretexts. Plaintiff's Objections at 7-8. As the Magistrate pointed out, Recommendation at 18-19, the only evidence of pretext offered by Bayad was a series of discriminatory comments allegedly made by Anthony Savastano to Amado Navas. Because Savastano did not participate in the decision to reject Bayad's application for the Voice Specialist position, the Magistrate correctly concluded that, as a matter of law, these comments would be "insufficient, standing alone, to establish either

pretext or the requisite discriminatory animus." Id. at 19-20 (quoting Gonzalez v. El Dia, Inc., 304 F.3d 63, 69 (1st Cir. 2002)), Docket #68, Att. 1, ¶ 5.[6] It follows that defendants are entitled to summary judgment on this point. See Cruz-Ramos v. P.R. Sun Oil, 202 F.3d 381, 384-85 (1st Cir. 2000) (summary judgment for employer is proper where plaintiff fails to present adequate evidence of pretext).[7]

### 2. The Claims Under 42 U.S.C. § 1985.

Magistrate correctly noted that granting summary judgment on Bayad's § 1981 claims also disposes of his § 1985 claims because, absent evidence of a discriminatory hiring decision, Bayad cannot show that he has been denied a constitutionally protected right or privilege, a necessary element of any § 1985 claim. Recommendation at 20-21; Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (citing Griffin v. Breckinridge, 403 U.S. 88, 102 (1971)). Bayad does not object to this analysis, so it may stand without further review. See Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d at 604-05. Although Plaintiff's Statement of Error makes reference to claims made under § 1985(3), that reference is to claims arising from Bayad's employment with Lucent Technologies in 1997 and his later employment at Cisco Systems.

---

[6] Plaintiff's Statement of Error includes a section entitled "Definition Decision-Makers Decision Maker." Id. at 18-21. The contents of this section, despite its title, have no bearing on the question of pretext. The section actually relates to respondeat superior liability for the alleged "no-hire" list supposedly created while Bayad was a Cisco employee. Id. at 19. All claims regarding the alleged "no-hire" list (which is neither authenticated nor discriminatory on its face) have been released. See supra Part B.

[7] The other cases cited by Bayad, Plaintiff's Objections at 7-8, are not to the contrary. See Smith v. Davis, 248 F.3d 249, 252-53 (3d Cir. 2001) (no summary judgment where employers failed to adequately support alleged non-discriminatory reason); Mauro v. S. New England Telecomm., Inc., 208 F.3d 384, 388 (2d Cir. 2000) (failure to offer evidence of pretext entitles employer to summary judgment); Fernandes v. Costa Bros. Masonry, Inc., 199 F.3d 572, 588-89 (1st Cir. 1999) (record "replete" with discriminatory comments by employment decision makers sufficient to defeat summary judgment on pretext grounds), overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90, 92, 95 (2003); Arrington v. Cobb County, 139 F.3d 865, 875 & n.19 (11th Cir. 1998) (summary judgment improper where plaintiff presented "substantial evidence" of pretext); Combs v. Plantation Patterns, Meadowcraft, Inc., 106 F.3d 1519, 1543 (11th Cir. 1997) (employer entitled to summary judgment where plaintiff produced insufficient evidence of pretext). Bayad also cites St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993), which deals with the proper application of the McDonnell Douglas framework to a trial. Id. at 504. It has no relevance here.

~BOST1:374338.v1
26573-15

Plaintiff's Statement of Error at 11-12. The former claim was dismissed as time barred by this Court on October 25, 2004, and thus was not before the Magistrate. Recommendation at 2 n.1; Memorandum and Order, Docket Entry #44 at 10. It may not be considered here. Patterson-Leitch Co., Inc., v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d at 990-91 ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate"). The latter claim was released. See supra Part B.

### 3. The State Law Conspiracy Claims.

The Magistrate determined that summary judgment for defendants was warranted because Bayad failed to present evidence of "action in unison" or "concerted action" as required by Massachusetts law. See Recommendation at 21-24; see also Massachusetts Laborers' Health & Welfare Fund v. Phillip Morris, Inc., 62 F. Supp. 2d 236, 244 (D. Mass. 1999). Because Bayad has not objected to this conclusion, it needs no further review. Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d at 604-05.

### D. Bayad's Previously Dismissed Claims Were Not Before the Magistrate and Should Not Be Considered at this Stage of the Proceedings.

Plaintiff's Statement of Error attempts to resurrect Bayad's claims for employment discrimination under Massachusetts law, breach of contract, and intentional infliction of emotional distress. Id. at 17-18. These claims were previously dismissed by the Court on October 25, 2004, for failing to exhaust administrative remedies and failing to state a claim. See Memorandum and Order, Docket Entry #44 at 7, 9-10. As discussed previously, see supra Part C(2), these claims were not before the Magistrate and should not be addressed by the Court. Patterson-Leitch Co., Inc., v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d at 991.

## CONCLUSION

For the foregoing reasons, and for all the reasons stated in defendants' summary judgment motion and memoranda and in the Recommendation, defendants request that the Court accept the Recommendation of the Magistrate and allow their motion for summary judgment.

Respectfully submitted,

DEFENDANTS JOHN CHAMBERS,
ANTHONY SAVASTANO, and
CARL WIESE

By their attorneys,

/s/ Bruce E. Falby
_____
Bruce E. Falby, BBO #544143
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA  02110-2613
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated:  June 13, 2005

~BOST1:374338.v1
26573-15