FILED

**IN THE   UNITED STATES DISTRICT COURT**
**FOR THE   DISTRICT OF MASSACHUSETTS**

2005 SEP 27  P 1: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ANTHONY BAYAD , | ) |
| | ) |
| | ) |
| Plaintiff , | )   **CIVIL ACTION** |
| | ) |
| | ) |
| | )   **CASE NO. 04-cv-10468-PBS** |
| | ) |
| JOHN CHAMBERS, PATRICIA | ) |
| RUSSO, ANTHONY | ) |
| SAVASTANO and CARL | ) |
| WIESE, | ) |
| Defendants , | ) |

**HONORABLE DISTRICT JUDGE PATTI B. SARIS**

## NOTICE OF PERJURY AND   MOTION FOR JURY TRIAL DEMANDED

## THE 7 TH AMENDMENT OF THE U. S CONSTITUTION

### DEFINITION OF PERJURY (18 U. S. C. CHAPTER 79 - PERJURY )

(1)     Perjury is the "willful and corrupt taking of a false ca h in regard to a material matter in a judicial proceeding". It is sometimes called "lying under oath"; that is, deliberately tel ing a lie in a courtroom proceeding after having taken an oath to all the truth. It is important that the false statement be materia to the case at hand—that it could affect the outcome of the case.

(2)   **in any declaration,** certificate, verification, or statemat under penalty of perjury as permitted under section **1746 of ti le 28, United States Code,** willfully subscribes as true any mater al

1

matter which he or she  does not believe to be true; is guilty of
perjury and shall, except as otherwise expressly provided by law,
be fined under this title or imprisoned not more than five years,
or both. This section is applicable whether the statement or
subscription is made within or without the United States.

Defendant **Carl Wiese** provided his declaration that his job
description title is **Area Vice president for Advance Technology**
But the record(s) filed before the Court evidence otherwise,
That his real job description with Cisco is **"Area Vice president
U.S Sales of Cisco"**, and  he declared pursuant to *28 U. S. C.
1746*,  docketed before this court **Docket.# 68**, also attached
herein as **Exhibit A** for the convenience of the Court to review
Defendant Carl Wiese declared under the pains and penalties of
perjury, pursuant to *28 U.S.C § 1746*, the following:

_____ . _____

" I CARL WIESE, declare under the pains and penalties of

perjury, pursuant to *28 U.S.C. § 1746*, the following:

1.   I am the **Area Vice president for Advance Technology**
     with Cisco Systems, Inc. ("Cisco"). I have worked
     at Cisco at its Edison, New Jersey facility since
     August 27, 2002.

2.   I submit this declaration in support of the Motion
     for Summary Judgment of myself, John Chambers and
     Anthony Savastano in connection with the captioned
     matter . . . .

5.   Although I knew Mr. Bayad when we both worked at
     lucent in 1997, I did not interact in any way with
     Mr. Bayad during the period of his employment with
     Cisco or at any time thereafter."

COMES NOW,    Plaintiff *Pro Se*  states for the record tha

he is again shocked and amazed by the Defendants ' false

declaration(s) filed before the Court  and with their prematu e

Motion for  summary Judgment ( introduce absent of any discove /

proceeding or Deposition(s)or any other means to prove his case

as proscribed by law and the court),  ( Summary Judgment)  was

only  a reoccurrence/conversion of their Motion under Rule 12

once before filed before the Court that did not survive.

Attorneys are not for the record as Paula Hughes and Robin Tai

who introduced their  declaration(s) of their own as they are

not named defendants  in the above caption matter. They took

advantage of the Situation that they designed to influence the

Magistrate Judge Bowler to rule on their behalf; attorneys

introduce false declaration(s) and in particular [t]he

declaration of Defendant Carl Wiese that his Title with Cisco

Systems is  **"Area Vice President for Advance Technology with**

**Cisco",**  and the Magistrate took it as true as it was stated i

her Recommendation that was adopted or will be adopted,

knowingly the  Record of Cisco Directory provided by Cisco

Systems  and submitted and already  filed  with the Court on  y

16, 2004, docketed (**Dkt.1 Exhibit R**) and attached herein as

**Exhibit B**    for the convenience of the Court to Review,  openl

contradict Carl Wiese 'Declaration and evidencing of his real

3

Title with Cisco is **"Area Vice president   U.S Sales of Cisco**'
and absolutely not "**Area Vice President for Advance Technolog**y
as was provided by his Attorney Bruce Falby. Additionally in
support of Plaintiff Pro Se fact introduced herein, the Court
will find also in **Dkt.1 Exhibit(s) R**, the complete Defendant(s '
Cisco personal  Contact(s) and their title(s) of
information(s)and name(s) of their manager(s) whom they report
to included in the Cisco [D]irectory and dated **November   12,**
**2003** of Carl Wiese,  Anthony Savastano, John Chambers, Brian
Low, Brian Low, Bob Tracy, and Jeremy Noomman. Attached here o
as **Exhibit C**.

Wherein, Plaintiff *Pro* Se  in  his state of shock and
amazement,  states to the Court as follows:
As usual,  Defendant Carl Wiese motive of lying solely to
separate him self from the Cisco sale organization, and
Plaintiff Pro Se called it " Déjà vu" when he ( Carl Wiese)
ordered once upon time in the year of 1997 Lewis Kaslow a
technician with no college degree who was promoted by Car Wies
to a Lucent Manager that Plaintiff Pro Se had sought but was
denied on discrimination ground (lewis Kaslow  resided and
worked out  Denver with  him "Carl Wiese"),under Carl Wiese '
direction Lewis Kaslow begin  with other(s) Lucent Employees t
verbally abuse  Plaintiff Bayad bay calling him racist name an

4

telling the entire floor of Lucent that he ( Kaslow) very
proudly as he is backed up by Wiese that he did not care if
Plaintiff Bayad had to take a flying carpet to attend a meetin
and he is but a SAND NIGER , and when Plaintiff arrived to th
facility Carl Wiese and Anthony Savastano plan is to execute
upon Bayad the Nazi Gestapo tactics of abuse and torture  in
house at Lucent Technology Inc., thereafter the law suit was
filed in Florida against Lucent, and Defendant Carl Wiese
immediately relocated from Lucent Denver to Lucent New Jersey  ɔ
separate him self from the law Suit as he is doing right here,
he pull "the trigger" and he run away hoping to get away,
additionally he discriminate against minorities ( called stern
the pot)  for the sole purpose to keep his job by involving th
company in lengthy and risky law suits as this one where short y
all the minorities listed in the CISCO-NO-HIRE-LIST will be
notified and sue cisco ( the Cisco-No Hire- List is now a pub. ɔ
records), and  because he knows law suits can last up to 4
years, a plenty of time for him to be fully invested with the
millions of Sotcks Options that Cisco has given him ( shares ɔ
the company). Hence herein in the above caption matter, he is
doing the same trick by retaliating against Plaintiff a
discriminatory act of a clear pattern of behavior  that goes ɴ y
back since the year of 1997, and by lying under oath a
misconduct that **fooled** and **bullied** the Magistrate Judge Bowle:

5

who took it as true and such lie by Carl Wiese and his
Attorney(s) Bruce Falby is against the law and has prejudiced
Plaintiff Pro Se,  and he (Carl Wiese) has  benefited greatly
from it, when he submitted a lies to the Court under oath in his
"declaration" that his not an **"Area Vice president of Cisco
Sales organization"** to separate him self from the Cisco
Sales organization, knowingly Plaintiff Pro So ' s group or
organization is also an organization within the Cisco sale team
and his office is located with the sale team, let alone explain
that the sale team led by Defendant Carl Wiese ( Cisco VP of
Sales) , Chuck Robin (Cisco Director of Sales and the author o.
the Racial E-mail), and Bruce Bastian ( also Cisco Manager of
Sales and author of the Racial E-mail)denied Plaintiff Pro Se
owner of/and founder of Global Internetworking Consulting Firm
access in conducting Business with  Cisco from the year 2001 to
present time or to any potential Customer(s) as he (Defendant
Carl Wiese)and his attorney(s) on discrimination ground and
absent to Plaintiff Pro Se, **swearing  a trespassing** against him
by implying the Massachusetts Law that person who remains with
right, on property such as Cisco System commits a **continuing
misdemeanor,** even Plaintiff Pro Se is owner of company and Cisco
Partner/reseller. Their goal and motive is to humiliate
Plaintiff Pro Se as they have done with him during their

employment at Lucent Technologies. In addition Defendant Carl
Wiese and Anthony Savastano directed as they have done in the
past, Bruce Bastian a Cisco Manager  to sent a **racial e-mail** on
the same month of Plaintiff Pro Se wrongful termination with
Cisco May 2001,for the purpose of  making fun of him and
humiliating and defaming  the way Pro Se Plaintiff speaks
English as they have also done during their  employment with
Plaintiff Pro Se at Lucent Technology,  by ordering a Lucent
manager to sent a racial e-mail title "it is done",  sent on his
termination day; additionally   Chuck Robin  reporting to
Defendant Carl Wiese within the Cisco  Sale organization, who
disgracefully sent an e-mail using the Word **"NIGEL"** for **Niger**
and **"Pupil"** for **Black** as way of jokes and communicating among
them selves, and  because Carl Wiese is known to promote Racism
in the work Force as he did at Lucent, a sick behavior that he
is known of and always exercise upon  minorities similar
situated as Plaintiff Pro Se. Defendant Carl Wiese' s
declaration under the pains and penalties of perjury  was used
intentionally as a false affidavit/Declaration  to support his
response to summary judgment that was allowed by the Magistrate
Judge and it did prejudice Plaintiff Pro Se.  Attorney Bruce
Falby for the record has advise other(s) as **Paula Hughes**  to
file with the Court false declaration(s), lie(s),and   tampered
with other  evidence in their previous  response to motion to

7

dismiss, as he and other(s)  was caught destroying evidence in
the beginning of this litigation and the United States Justice
Department and the Court was notified of such illegal conduct
that is called obstruction of Justice and a motion of default
Judgment was once filed with the Court by Plaintiff Pro Se. And
E-mail From Cisco Legal Team instructing Cisco Sales
Organization to destroy Evidence in this litigation
is attached hereto as **Exhibit D** stating in it to destroy
evidence that Plaintiff Pro Se introduced and filed before the
court.

As matter of law the court should not tolerate this type of
misconduct by neither Defendant(s) themselves nor their
Attorney(s) for the record Mr. Bruce Falby who was nominated in
Massachusetts by his firm " **the Super Lawyer",** and now I wonder
why he is a Super Lawyer because he knows the short cuts and the
tricks as he is doing in this above caption matter. The Court
must  strike their premature Motion for Summary Judgment and
move for **jury trial** as proscribed by **the 7ᵗʰ Amendment of the
United States Constitution.** Additionally a lawyer such Bruce
Falby is prohibited and shall not knowingly make false statement
of material fact or law to tribunal, or fail to disclose a
material fact to tribunal when disclose is necessary to avoid
assisting a criminal or fraudulent act by his client Defendant

Carl Wiese, or offer evidence that Attorney for the record Bruce
Falby knows to be false like the Declaration of his client
Defendant Carl Wiese, that Bruce Falby has offered in this
forgoing caption matter, and/or witness testify on behalf
of his client as he did in the pretrial conference and have
given such evidence comes to know, and he already knew of its
falsity, Mr. Bruce Falby shall take reasonable remedial measure
Finally, when evidence that a lawyer such as falby knows to be
false and is provided by Defendant Carl Wiese , **"Mr. Flaby"**
[t]he Lawyer  must refuse to offer any false declaration(s) or
false statement(s) regardless of Cisco Client(s) and this
include Paula Hughes or Defendant Carl Wiese 's wishes.
( please see the Massachusetts Professional Ethics guidelines)

## STATEMENT OF FACT

The  Magistrate Judge Bowler did not  allowed defendant(s)
to be depose nor did she ordered/directed them to comply with
any discovery proceeding as matter of law , nor did she provide
any subpoena(s) to gain access  of any discoverable material,
that will be utilized in  support of the Plaintiff Pro Se '
claim(s), and Plaintiff Pro Se believed with her action in this
litigation, provided "La Card Blanche" and signaled a green
light(s) to attorney(s) Bruce Falby in this forgoing caption
matter, to introduce prematurely summary judgment without  the
process and/or the mandatory of discovery compliance as was

9

recommended by the district Judge and the law; Attorney Bruce
Falby as an officer of this honorable Court has duty to comply
fully with the law as he took an oath to protect the
constitution of United States and to comply with the
professional Ethics, (he) was allowed to introduce lies in the
pretrial conference hearing and misleading statement as the one
found in **Docket. 67 page 2 line 6** Statement of **Undisputed
facts**, and Bruce Falby State the Following: (the page of such
misleading statement is attached as **Exhibit E** hereto). Mr.
Falby stated the following:

._____

> " **Mr. Chamber** does not "**recall**" ever meeting Anthony
> Savastano (" his **Vice President** of Finance and his
> Office is in the same Floor in San Jose CA as him") or
> Carl Wiese ( "his **Vice President** of Sales") let alone
> communicating with them about Mr. Bayad.

._____

As it is outrageously a lie when a President of Cisco has never
met his Cisco Executives VP of Finance and VP of Sales such
statement of Bruce Flaby on behalf of defendant Chambers cannot
be allowed as it is baloney, knowingly he Bruce Falby is an
officer of the Court, who is entering in denial and introducing
to the Court false Statement(s) that is prejudicing Plaintiff
Pro Se, that " the " two Vice President(s)one of them is a
Cisco Vice President of Finance and the other is Vice President

10

of Cisco Sales, having said that Defendant Chambers has  neve:
met them  nor he knew each other(s) Defendants Carl Wiese and
Anthony Savastano, that is a lie and  it is a shame and as it  з
like saying that the president of United States has never met
his secretary of Treasure nor he has met his secretary of sta⊳ .
It is a shame. The  fact proven and introduced before the Cou :
that Savastano is best buddy of Defendants Chambers and both
have worked together at **WAN LABORATORY INC.** and Carl Wiese
worked with Defendant Chambers at **IBM**, also Carl Wiese worked
with Defendant Savastano and Plaintiff Pro Se at **Lucent**
**Technologies**, where a  discrimination law suit was filed agaii :
one of them, was pending against one of them in U.S district
Court of Southern District of Fort Lauderdale for about 3 yea⊓ .
as the old saying states " that the friend of my friend are my
friends", and the Court can draw its conclusion.

In addition of the forgoing above matter, Attorney Bruce
Falby provided (in his support of the Defendant(s)' summary
judgment) of unknown person to Plaintiff Pro Se named **Paula**
**Hughes** and her declaration ( **See Docket 68**) in regard of Baya:
applying and being considered for the **North Africa position** ↑↑ ↑
Systems Engineer, that he applied for it as he was qualified, : ↑
about **November 2,  2000** was invited to Fly at expense of Cisco
for a duration of week to (3) foreign Countries **England City**
**London**, **France city of Paris**, and **United Arab Emirate city Dul**↑ .

11

and the Manager were very impress and an oral contract was
offered/given ( binding in Massachusetts)to Pro Se Bayad , up:
his return to the States he was advise by Arab Manager(s) that
his name was classified in the Discriminatory Animus the **CISC:)
NO-HIRE-LIST** that the defendant admitted to it and only provi: i
a partial of it, where 100 to 1000 of Minorities ' names are
listed in it the **CISCO-NO-HIRE-LIST**, that Plaintiff Pro Se
provided and filed it with the Court as a  hard copy  and the
soft copy of such Cisco discriminatory animus list , that
Defendant Anthony Savastano used to classified in it Plaintiff
Pro Se ' name and stated in it the following :

### "DO NOT HIRE ANTHONY BAYAD EMPLOYEE #73799 SHOULD YOU HA\/! A QUESTION, CONTACT ANTHONY SAVASTANO"

Attorney Bruce Falby in support of the Defendants' Summar:/
Judgment that was allowed prematurely,  he introduced with it .
" declaration"  such person named **Paula Hughes** that Pro Se Ba;/. i
doesn't have a  clue who she is and have never met with her, .u i
he was not given an opportunity  to investigate  her backgrouni:
Moreover, she ( **Paula Hughes**) was "**not**" even **employed** By Cisc()
when Pro Se traveled to Cisco Europe interviewing for the  No:" i
African position the System  Engineer with Cisco Europe.  Ms.
Paula Hughes '  own declaration admitted that she was not evel.
employed with Cisco Systems! when Plaintiff  was traveling to

12

Europe on about **November 2, 2000**, and she joined Cisco on about

**December 18 of the year 2000** and the Court can draw it Conclus on;

Mr. Falby clearly introduced false and misleading declaration;

called baloney to this tribunal and it is a clear act  of per: ry,

a false fact(s) designed to prejudice Plaintiff. Attorney Bru::

Falby  advised such person Paula Hughes to state the Following

pursuant to **28 U.S.C § 1746**, and it is a lie: ( attached **Exhib: : F**

hereto)

._____.

> "I, **PAULA HUGHES**, declare under the pains and penalties
> of perjury, pursuant to **28 U.S.C. § 1746**, the following :

1.  I am a Human Resources Manager, World Wide Employee
    Relations, employed by Cisco Systems, Inc ( " Cisco").
    have worked at Cisco out of its San Jose, California
    facility since **December   18, 2000**.

    (please notice:  Bayad traveled to Europe with Cisco o:
    about **November  3,  2000** and she was not even employed  y
    Cisco until the December 2000 how does she know of any
    fact surrounding this matter and who is she?).

2.  In my capacity as Human Resources Manager, I am fully
    familiar with the facts and circumstances of Cisco 's
    employment policies generally and with respect to Anth: y
    Bayad ' employment specifically.

    (please notice: how does she knows Plaintiff Pro Se,
    when she was not even employed with Cisco until **Decemb**:.
    **18,  2000,** only 3 month before  Plaintiff Pro Se `
    wrongful termination from Cisco on about April May time
    frame and Plaintiff Pro Se has never met her. It is a
    shame that her declaration was not question by the
    **Magistrate Judge Bowler** or why Paula Hughes is involved
    his this above captioned matter).

3.    I have read Mr. Bayad 's complaint in the captioned
      matter and submit this declaration in support of the
      Motion for Summary Judgment of John Chambers, Anthony
      Savastano and Carl Wiese ( "the Cisco Defendant")

4.    Mr. Bayad alleges that on or about November 2, 2000,
      While he was employed by Cisco, he applied for a transf r
      to Cisco Europe for a position as a systems manager or
      systems lead engineer for Cisco ' North Africa region
      ( "the North Africa Position"), that he was given a ora
      offer for the North Africa Position, but that Cisco
      corporate headquarter declined to approve the oral offe
      based upon discrimination reasons.

5.    I have **undertaken** an **exhaustive** search of Cisco ' s
      records, and have located **"no"** documents, memoranda,
      vouchers or any other such materials that substantiate
      Mr. Bayad's allegations that (1) he applied for the
      position, (2) he was flown at Cisco ' expense to Europe
      or Africa to interview for the position or ( 3) he
      interviewed with Cisco engineers for the position.

      ( please notice: the **British Airways** have all the
      record(s) of Plaintiff Pro Se travel document(s), provi g
      that Cisco purchased the plan tickets to fly him around
      half the globe, **France Paris, England Paris,** and **United**
      **Arab Emirate Dubai,** also the **Cisco American Express**
      **travel** have such record, finally the **Government of Unit d**
      **Arab Emirate Dubai** also evidencing that plaintiff Pro S
      entered the country **under Cisco sponsorship** and under t e
      **direction of Cisco,** issued an **official Visa** to permit P o
      Se Bayad to enter the Country, and  to enter the countr
      of **United Arab Emirates** someone must to sponsor such
      person, and in this case Cisco did  sponsored Plaintiff
      Pro Se to obtain a **Visa** to enter the Country, as he
      entered under the sponsorship of Cisco in Dubai, and
      statement of interest to all **U.S Citizens** are mandated
      and required a **Visa to enter such Country** the **United A: b**
      **Emirates.** It is shame that Paula Hughes lied under oath
      and pursuant to 28 U.S.C § 1746).

.    _____    .

14

The Magistrate Judge Bowler must review such misleading
declaration(s) and question it(s) fact(s) and such declaration
must be striking for the record as matter of law. She ( Paula
Hughes) **"lied"** denied that even  Pro Se traveled to Europe and
Africa on Cisco Expense when the records of Cisco American
Express Travel shows that Cisco purchased the tickets from the
**British Airways** to fly Plaintiff  to **France Paris, England
London,** and **United Arab Emirate**s, and Cisco sponsored him to
**obtain visa** to enter **Dubai the United Arab Emirates,**  for the
sole purpose to meet with the Hiring Manager(s) whom some speaks
Arabic, some speaks French, and other speak English, provided
Plaintiff Pro Se with oral contract and discussed the location,
the job description and the salary,  and the contract
condition(s).  additionally  Cisco has telephone record(s) at
its possession proving Plaintiff made several phone calls from
Cisco office located in the United Arab Emirates, such calls
were generated to his Family living in the United States  the
city of Melrose with  area code (**781+ the home number is also
found in the Cisco Job  Application and if they need it (I)
Plaintiff will provided it to them**), such call was made during
his stay in such country on **November 5, and 6 of the year of
2000,** and the records is with Cisco. Also,  Plaintiff was absen
and did not take any vacation time called **PTO** as they admitted
that,  Pro Se did not take any **Time OFF** for **the month of**

15

**November** as he did not, because such trip was Called busines:
trip for the entire duration of such trip, and Plaintiff Pro :
was absent for such duration and was not in the office because
his Manager Lynn Fraser was aware and Okayed such trip, bein;
absent will be abandoning his job, furthermore Plaintiff Pro :
` Manager Lynn Fraser was contacted by Hiring Manger(s) who
proceeded with the job interview and the travel expenses that
Cisco paid for it, otherwise the Cisco hiring Managers will n>
proceed of interviewing and flying Plaintiff Pro Se, and in
addition being absent for such trip, plaintiff will be
immediately terminated on the spot, relief from his duty if ⁱⁱ
did not show up for work and if unable to be contacted as he ʷᵃ ;
out of the country and out of range even to answer his pager, ( :
his Cisco Cell-phone. Additionally Paula Hughes ( See **Dkt #68**
where she attached the **Cisco-No-hire-List)** and her Attorney
Bruce Falby denied that **CISCO-NO-HIRE-LIST** the discriminatory
animus even exist , but He and other including Paula Hughes
provided it and it is docketed with the Court. Also
another attorney for Defendants Robin Tarr also with DLA Pipe:
Rudnick provided the **CISCO-NO- HIRE-LIST**. It is a shame that
they lie and the Magistrate Judge Bowler did not take action
against them and have allowed the Summary Judgment for defendar
absent of discovery, knowingly Plaintiff Pro Se provided Facts

16

and Defendants and their attorneys provided opinion(s).

## **ARGUMENT**

In McLaughlin  Transportation Systems, Inc.   vs.   Barbar
Rubinstein, Civil Case No. **03-11545- MBB**, Magistrate Judge
Bowler presiding ordered and stated in page 18 the following:

._____.

" . . .**all reasonable inferences must be made in the lig t
most favorable to the non-moving party. Barbour  v.
Dynamics Research Corp., 63 F.3d 32, 36 ( 1ˢᵗ Circuit).**

._____.

Hence in Civil Right Cases and discrimination cases such as
Plaintiff Pro Se ` case, minimum of evidence is evidence
sufficient to prove discrimination without inference or
presumption and sufficient to raise inference of discrimination .
Santiago-Tamos   v.   Centennial  P.R Wireless Corp. 217 F.3d
56 ( 1ˢᵗ Cir.), and the [w]eighting of the evidence and the
drawing of legitimate inference facts in the light most
favorable of the nonmoving party Bayad; Civil Case No. 03-115  -
MBB, **Magistrate Judge Bowler Presiding;** thus Defendants or the  :
Attorney(s) did not introduced of any admissible of evidence
because they have none, unfortunately they failed to carry its
burden by producing evidence of legitimate, nondiscriminatory
reason for its action and therefore summary judgment is
precluded.   Furthermore [T]he weighting of the evidence and
drawing of legitimate inference from the facts are [**tier of**

17

**fact**] function, and not the opinion of attorney Bruce Falby or the magistrate ( absent of any discovery process against the law), who may influence the ruling on the motion for summary (as with discovery denied and deposition denied) – the evidence of the nonmovant Plaintiff Pro Se is to be believed , and all justifiable inferences are to be drawn in his favor –nor do we suggest that Magistrate Judge Bowler should act than with caution in granting summary judgment ( deposition denied) or that Such presiding authority Magistrate Judge Bowler may not deny summary judgment in a case where there is reason to believe that the better course would to proceed to full trial. [T]hey cannot convert their Motion to Dismiss once before introduced under the **Rule 12** to Motion for **Summary Judgment** without a **proper time** allowed for discovery as proscribed by the Law and the Court and by doing so , [t]hey evade the legal proceeding in this case that is prejudicing Plaintiff Pro Se, additionally attorney(s) and Defendant(s) at different times in this litigation on the record(s), have given different and arguable inconsistent explanation for discriminating against Plaintiff Pro Se , and such statements were introduced under declaration under the pains and penalties of perjury, pursuant to 28 U.S.C. § 1746; and such statement were lies; and it is a prove that articulated reason of a race discrimination. *Dominguez-Cruz v*

18

*Shuttle Caribbean*, Inc. 202 F.3d 424, 431-32 (1st Cir.)
Additionally [t]hey failed to carry the burden of proof, by
producing evidence of legitimate, nondiscriminatory reason for
its action and therefore summary judgment must not be allowed
and full course to trial by Jury is required accordingly the 7
amendment of the Constitution of the United States of America.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Pro Se prays that the Court provide
him with trial by jury or as deemed and appropriate by the
Honorable Trial Judge; and/or declare the Defendants' conduct
be in violation of his rights; and/or enjoin defendants from
engaging in such conduct; and/or award him back pay and benef. s
(with interest) that have accrued to date; and/or award him
front pay until normal retirement age; and/or award him
compensatory damages as stated in the complaint for emotional
distress, mental anguish, and loss of enjoyment of life,
humiliation and the disparate treatment, and discrimination an
false imprisonment he suffered at the hands of such defendant;

ANTHONY BAYAD
2 MAGOUN AVENUE
MEDFORD, MA 02155
TEL: (781) 704-8902

ANTHONY BAYAD

19

## CERTIFICATE OF SERVICE

It is hereby Certify that a true and correct copy of Notice
of perjury and motion for jury trial demanded, was
furnished via U.S mail to : Mr. Bruce E. Falby, BBO #
544143, DLA Piper Rudnick Gray Carry, One International
Place, Boston MA 02110, this . 27 day of September 2005

ANTHONY BAYAD
2 MAGOUN AVENUE
MEDFORD, MA 02155
TEL: (781 704-8982

ANTHONY BAYAD