UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD,<br><br>    *Plaintiff*,<br><br>v.<br><br>JOHN CHAMBERS, PATRICIA RUSSO,<br>ANTHONY SAVASTANO, and<br>CARL WIESE,<br><br>    *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 04-10468-GAO<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS JOHN CHAMBERS, ANTHONY SAVASTANO, AND
CARL WIESE'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**

Defendants John Chambers, Anthony Savastano, and Carl Wiese[1] (the "Defendants") have moved to strike Plaintiff's "Notice of Liability on Decision-Makers John Chambers, Anthony Savastano & Carl Wiese Executive(s) of Cisco Systems and Declaration in Support of Newly Discovered Evidence(s)" (the "Notice"). The Notice purports to be an unsworn declaration made pursuant to 28 U.S.C. § 1746, but fails to comply with the requirements of that statute. In addition, Bayad has failed to comply with the requirements of Fed. R. Civ. P. 6(b) in filing it.

---

[1] All of the claims against the remaining named defendant, Patricia Russo, were dismissed by this Court on October 25, 2004. See Memorandum and Order, Docket Entry #44 at 10.

### A. The Notice Should Be Rejected Because It Was Not Signed Under the Penalty of Perjury.

The Court may not consider the Notice because Bayad did not sign it under penalty of perjury as required by 28 U. S. C. § 1746.[2] See Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988) (failure to comply with § 1746 renders unsworn affidavit inadmissible). This omission is fatal. While a minor deviation in the form required by § 1746 may be excused, a failure to sign under penalty of perjury may not. See Bransford & Petz, P.C. v. Bank of Am. Commercial Fin. Corp., 2005 U. S. Dist. LEXIS 14243, *22 n.7 (D. Mass. June 13, 2005) (unsworn declaration must be signed under penalty of perjury to be considered for summary judgment purposes).

### B. The Notice Should Be Rejected As Untimely.

The Federal Rules of Civil Procedure require that affidavits in support of a summary judgment motion be served prior to the day of the hearing. Fed. R. Civ. P. 6(d), 56(c); Lujan v. National Wildlife Fed'n, 497 U.S. 871, 895 (1990). While courts retain the discretion to accept untimely affidavits under certain circumstances, see Fed. R. Civ. P. 6(b), "any *post*deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" Lujan v. National Wildlife Fed'n, 497 U.S. at 895-96 (rejecting post-argument affidavits in opposition to summary judgment). Bayad filed the Notice on October 3, 2005, over five months after the March 22, 2005, hearing. No motion requesting an extension of the deadline for service of summary judgment affidavits has ever been filed. Moreover,

---

[2] To comply with 28 U. S. C. § 1746 an unsworn statement executed within the United States must contain a statement that "under penalty of perjury . . . the foregoing is true and correct." Id.

Bayad has failed to explain what "excusable neglect" prevented him from serving and filing these documents before the publication of the Recommendation.

Absent even an attempt to comply with Rule 6(b)'s prerequisites for obtaining an enlargement, Bayad's untimely filings should be disregarded. <u>Lujan v. National Wildlife Fed'n</u>, 497 U.S. at 895-96. Bayad's pro se status does not change the analysis. <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1998) ("pro se status does not insulate a party from complying with procedural and substantive law").

        Respectfully submitted,

        DEFENDANTS JOHN CHAMBERS,
        ANTHONY SAVASTANO, and
        CARL WIESE

        By their attorneys,

        /s/ Matthew Iverson

        Bruce E. Falby, BBO #544143
        Matthew Iverson, BBO #653880
        DLA PIPER RUDNICK GRAY CARY US LLP
        One International Place, 21st Floor
        100 Oliver Street
        Boston, MA  02110-2613
        (617) 406-6000 (*telephone*)
        (617) 406-6100 (*fax*)

Dated:  October 4, 2005