IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| ) | CASE NO. 04-cv-10468-PBS |
| ) | |
| JOHN CHAMBERS, PATRICIA ) | |
| RUSSO, ANTHONY ) | |
| SAVASTANO and CARL ) | |
| WIESE, ) | |
| Defendants, ) | |
| | HONORABLE DISTRICT JUDGE PATTI B. SARIS |

### NOTICE OF LIABILITY ON DECISION-MAKERS JOHN CHAMBERS, ANTHONY SAVASTANO & CARL WIESE EXECUTIVE(S) OF CISCO SYSTEMS AND DECLARATION IN SUPPORT OF NEWLY DISCOVERED EVIDENCE(S)

I, ANTHONY BAYAD PLAINTIFF PRO SE IN THIS FORGOING ABOVE ACTION MATTER, declare pursuant to 28 U.S. § 1746 the following:

1. I, state the forgoing as I am not a Lawyer but only Plaintiff proceeding Pro Se that definition of ownership or partnership in legal contest and defined by the United States District Court of Massachusetts First Circuit; see *Serapion v. Martinez*, 119 F.3d 982, 990 (**1st Cir. 1997**), cert. Denied, 118 S.Ct. 690 (1998). Where the Court of First Circuit (**1st Cir.**) defines the **ownership/partnership** and states the follow:

1

> "**Ownership of an organization** (such as Cisco), an individual(s)(such **Chambers, Savastano,** and **Wiese**) are owners when showing have ownership in organization receives compensation based on its profit, and participate in managing the organization would qualify as an " **owner(s)**" or "**Partner(s)**".

._____

Therefore John Chambers is white person and the President of Cisco, Anthony Savastano is white person the Vice President of Cisco, and Carl Wiese is also a white person the Vice President of Cisco, and they are all owner(s) or Partner(s) of Cisco Systems a publicly traded company on NASDAQ (Wall Street), That alone is prove of their membership in class and their purpose of race discrimination is invidious discrimination. At 519 F.2d at 1360,

    2.   I state that Defendant  Tony Savastano  Cisco Vice President good  buddy of Defendant John Chambers President of Cisco, their friendship  goes way back during  their employment at **WANG LABORATORY**, and the same Defendant Savastano Cisco Vice President  is also an old buddy of Defendant Carl Wiese Cisco Vice President, their bond of **Brotherhood/friendship/ partnership dated way back** during their employment at **Lucent technologies**, when they used it to take down minorities Mr. Hamdi Elsiah an Arab descend, MR. Amado Navas a Spanish Descend and  two other women,  one a

2

Spanish descend and the other women I believe a Jewish, fired because of their race , but defendants Savastano and Wiese has a surprise for me when they orchestrated and directed others to take me down and to terminate me using the **Gestapo Tactics style,** while I was reporting to them at Lucent Technologies Tampa Florida from the year of 1995 to 1997, and now Cisco to present.

**Exhibit 1 attached hereto.**

    3. I state that I am not a lawyer but a Plaintiff proceeding Pro Se that once before the First Circuit ruled, the biases of those (Defendants) who do made or influence the employment decision(s) are Probative, and Columbia Circuit Court of Appeal also adopted the same ruling; in Stoller v. Marsh, 682 F.2d 971, 972 (D.C. Cir. 1982) states:

> " [a]n unfavorable employment decision resulting from inaccurate, discriminatorily motivated evaluation by the employee' violates the Statue Clause even though the decision maker was completely free of animus. . . "When a **supervisor** . . . deliberately places an inaccurate, discriminatory evaluation into an employee file, he intends to cause harm to the employee. . . [T]h employer -that is, the organization as a whole -cannot escape the statue Clause Title VII {-in similar § Title 42 §

3

1981; *Roxas v. Presentation College*, 90 F.3d 310, 315 (8th Cir.1996), *Brown v. American Honda Motor Co.*, 939 F.2d 946, 949 (11th 1991), cert. denied, 502. 1058, 112 S.C.t. 935, 117 L.E.D. 2d (1997)}- (cannot escape) liability simply because the final decision maker was not personally motivated by discrimination. 682 F.2d at 977.

._____

4. I state from my understanding of Court ruling that Defendants Savastano posted my name in the Discriminatory list the **CISCO-NO-HIRE-LIST,** denying me the position Systems Engineer in North Africa, he intend to cause me harm by interfering with my employment and with any opportunities given to me at Cisco, and with my very basic Federally Protected Civil Rights, by stating my name in such discriminatory Cisco an outrageous list where 100 to 1000 of names of minorities were also listed in it and state the following:

> " **Do not hire/Promote/transfer Anthony Bayad Cisco Employee # 73799, should you have question, contact Savastano"**

**Exhibit 2 attached hereto.**

._____.

4

5.   I state that the Human Resources personnel Ms. Celia Harper- Guerra is the administrator responsible for the Cisco-Hire-List, and Kate Dcamp is using it to entertain the maximum flow of Minorities at Cisco, and used with the Cisco Equal Employment Opportunity List, sent to Minorities as they have done with me.

6.   I state that Ms. Paula Hughes introduced her Declaration in Support of Defendants Summary Judgment when she was not even employed by Cisco during my travel to Europe and Africa for the Position Systems Engineer for North Africa Region on about **November 3, 2000**, and **Ms. Paula Hughes joined** Cisco on about **December 18, 2000**, provided her own declaration as she is not named defendant, attached printed hard copy of the discriminatory animus list the **Cisco-No-Hire** dated **the year 2000 dkt.68 Exhibit D**, evidencing of such discrimination against me, where Defendant Anthony Savastano posted my name on about November the **year** 2000, such hard is filed before Court as Paula Hughes 'Declaration and **Docketed # 68 Exhibit D. Exhibit 3 attached hereto**.

7.   I state that **Celia Harper-Guerra** was put personally by the Defendant Savastano Cisco Vice President, to over see my employment from the start to the finish, where her name is pop in out appearing in every communication and an email is

evidencing provided by Ms. Paula Hughes ' Declaration (Dkt. 68) Exhibit C that state the following:

" He ( Anthony Bayad) contacted me on my cell phone directly for an interest in returning to Cisco. " **Celia"** (Harper-guerra) wanted me to send this to you"

._____.

8.   I state that I have never heard, met, known, worked , nor discussed my employment at Cisco With Ms. Paula Hughes, and I don't  know who she is until now, where she  was only hired on about December 18, 2000 , let alone her declaring that she is aware of my travel to Europe and Africa on about **November 3** , 2000 when only  she joined Cisco **December 18, 2000.**

9.   I state that Bruce Falby attorney for the records and his partner in crime Ms. Robin Tarr and Ms. Paula Hughes provided me a copy of the **Cisco-No-Hire-List** dated **sept-2000** and evidencing of such discrimination against me dated  the **year of 2000 and not the year of 2004 to present**, and provided only 26 copies stamped  marked **CISCO 00059-thru- CISCO 00085** on the far right bottom, printed from the Cisco-No-Hire list to cover up the rest of it where it is showing  my name in it not to be hired , Therefore the employer Cisco-that is, the organization as a whole  -cannot escape the liability simply because the final decision maker ( Defendants John Chambers

6

Carl Wiese and Anthony Savastano) was not personally motivated by discrimination as they were proven with concrete evidence field before Court . 682 F.2d at 977. **Exhibit 4 attached hereto.**

    10.  I state as I am not an attorney buy only Plaintiff proceeding Pro Se my  understanding  Court ruling that my manager Lynn Fraser was directed by defendants in particular defendant savastano, to interfere with my job and my opportunities at Cisco, her action(s)is considered under the **law** an act  against my Federally **Protected Civil Rights**, when a correspondence between her and liz Bacchi, direct evidence of proof  that Lynn Fraser was and is interfering with my employment at Cisco and my career and my life, by  providing false statement(s) on discriminatory basis about my  personal reference to potential employer(s)  about me, and  she ( Lynn Fraser)intended to cause me harm,  her discriminatory action(s) was  proven by such direct evidence of  her communication between her and Liz Bacchi a hiring  Cisco Manager, and such evidence was provided to me and the Court(Dkt.68) by Human Resources Paula Hughes' own declaration in support of Defendants Summary Judgment as an  **attached Exhibit C** docketed #68 before the Court,  introduced  pursuant to 28 U.S. § 1746 , and   state the following:

7

" From what I remember, Anthon called me on my cell phone and wanted to speak to me about the position that I had open in California for a Voice Specialist. **He mentioned that he used to work for Lynn Fraser and that I could call her.** I called Lyn directly and she was very hesitated on speaking with me. Since I was an internal HR Manager, She felt better. **She said that she would not recommend Anthony to come back to Cisco that he worked for I believe 1 year . I think he is still stating that he taking the CCIE.** She was nervous about speaking to me anymore about him. She was uncomfortable. "
**(quoted from Liz Bacchi and Lynn Fraser).**
**Exhibit 5 attached hereto.**

_____.

11.    I state that Cisco Human Resources Liz Bacchi had opened a position for a **Voice Specialist** and I applied for such position as I was qualified,  because I took all the training for AVVID technologies ( Voice of IP ) and  I was involve of converting Cisco offices and this include the New York Office to such new technologies Voice Over IP , but on discriminatory ground and defamatory. ground proved by direct evidence, I was denied such position, and liz Bacchi state the following:

( such evidence taking from the **Exhibit C** of Paula Hughes ' declaration **Dkt.68**)

> " From what I remember, Anthony called me on my Cell Phone and wanted to speak to me about the position that I had open in California for a **Voice Specialist.** He mentioned that he used to work for **Lynn Fraser** and that I could call her ( My Manager Lynn Fraser). I called Lyn directly. . . . She said that **she would not recommend Anthony to come back to Cisco** that he worked for I believe 1 year .
> ■ . .[T]hat "when" I sent this email to Anthony about the relocation **issues.** . . . "

( **Notice Filling the Blanc**: when **Lynn Fraser my Manager** said don't 'hire me ( Anthony Bayad)— " that 'When'" Liz Bacchi came up with the excuses that Cisco do not relocate Engineer(s)From Massachusetts to San Jose California and that I should seek an opening in Massachusetts only, again "That When" is evidence of discrimination and it is for Court to draw its conclusion).

._____

12. I state that My manager Lynn Fraser openly acted on discriminatory ground and defamatory ground, she intentionally interfered with my employment at Cisco in the past and the present time, and with my Federally Protected

9

Civil Rights under the law , and such illegal conduct proven with concrete evidence, wherefore a "genuine" issue is one support by such evidence that " a reasonable Jury" , will draw favorably such inferences, and could resolve it in my favor (I) the nonmoving party, thus Direct Evidence is evidence sufficient to prove discrimination without inference or presumption. Presumption. *Santiago-Ramos v. Centennial P.R. Wireless Corp*., 217 F.3d 46, 56 (1st Cir.)

    13. I state with an understanding of Law as I am not an attorney but only Plaintiff proceeding as Pro Se that when My manager Lynn Fraser deliberately bad mounted me, placed inaccurate information about me, and gave me a be references on discriminatory ground to potential employers, she intend to cause me harm. See *McCone v. New England Tel. and Tel Co.*, 471 N.E. 2d 47 (Mass.1984). hence Massachusetts Supreme Court stated:

> " **An employer** can lose a contractual privilege through unnecessary, unreasonable or excessive publication or proof that the **defendant acted 'recklessly' "**

therefore defendants ` summary judgment must not be allowed and **the Magistrate Report and Recommendation must be reconsidered as matter of law and jury trial must be provided according to our U.S. Constitution amendment 7.**

10

14. I state that I recall with an understanding that Cisco has a policy in place, prohibiting any one at Cisco from providing bad references about its present or former employee(s) as (I), and the only information that Cisco is allowed or could provide about its employee(s) is the date of the hiring of such person and the date of it separation from the company Cisco.

15. I state that I was denied the position for Voice Specialist on discrimination ground and it was proven with direct evidence provided as declaration of Paula Hughes by the Defendants 's attorney Bruce Falby, who obviously is running out of ammunitions and lies in this forgoing caption matter and it is a prove of a Smoking Gun. **Exhibit 6 attached hereto** of all the communication with Cisco Hiring Manager Mr. Mike Kent

16. I state that I have applied for another open position with Cisco as Network Security Engineer and I was interviewed over the phone in two occasions with the Hiring Manager Mr. Bardani, who asked me who I was reporting to during my employment at Cisco, was given the name of Lynn Fraser, and told me he will call her and get back with me after, thereafter I have never heard from him since, and the reason is the fact Defendant Savastano and Wiese directing Lynn Fraser on discriminatory ground to defame me, interfere with

my Civil rights and with my life as she did during my employment at Cisco such evidence is found in Paula Hughes declaration dkt.#68 attachment No. C, and quoted by Liz Bacchi that state the following: **Exhibit 7 attached hereto** of all the communication with Cisco Hiring Manager Mr. Bardani

> I called Lyn directly. . . . She said that **she would not recommend Anthony to come back to Cisco** that he worked for I believe 1 year .
> -- . .[**T]hat "when"** I sent this email to Anthony about the relocation **issues**. . . . "

**(Liz Bacchi conversation with my Manager quoted)**

17. I state that have applied for another position as Security Systems Engineer as I was qualified but again denied such position on discriminatory ground as they denied me the Cisco Voice Specialist position and system Engineer for North Africa.

18. I state as I am not an attorney but only Plaintiff proceeding as Pro Se that *Mc Donnell* Theory was adopted by Magistrate Judge Bowler in her Report and recommendation and in applying the McDonnell Theory in my claim of discrimination, proved I established and I carried the initial burden of establishing Prima Facie case of discrimination, and this has been done absent of any depositions or discovery, that **(1)** I belong to a racial minority; **(2)** that I applied for

12

the position and I was qualified for both positions ( Voice Specialist and Network Security Engineer)for which Cisco was seeking applicants; **(3)** That despite my qualifications, I was rejected; and **(4)** that my rejection, the position remained open and Cisco continued to seek applicants from persons outside my race -the protected class as they admitted to it.

19. I state that Defendants and their attorney Bruce Falby introduced one of his defense that the Position for Voice Specialist was not granted to me simply because the position was in San Jose California and Cisco is not willing to relocate any one From Massachusetts, even Though Mike Kent and Liz Bachhi have spent a considerable time interviewing me for such Position the Cisco Voice Specialist, and the evidence filed with Court state otherwise of the real bases of Cisco not hiring me for such Position Voice Specialist as I was qualified, was the discriminatory conduct of my Manager Lynn Fraser an agent working for Defendants , and such discrimination is evidenced of Ms. Paula Hughes own Declaration Dkt. 68 Exhibit C and liz Bacchi state the following:

> I called Lyn directly. . . . She said that **she would not recommend Anthony to come back to Cisco** that he worked for I believe 1 year .

> -- . .[T]hat "when" I sent this email to Anthony about the relocation issues. . . . "

---and reading the last sentence and "**That when I sent this email to Anthony** " -that state the following:

> " Hi Anthony,
>
> Thank you to your interest in coming back Cisco. I did receive your email and I forward it to our sourcing group to have you prescreen for position in your are. The position that you applied for is in California and you are located in MA. Due to the number of candidates we have for out position, **we are not relocating anyone at this time.**
>
> Pease keep checking the web site for positions I your area"

( filing the blanc : if the Cisco is not relocating any one to San Jose and my argument why they spent their time interviewing me for such position and why they have to contact my manager Lynn Fraser about my references , I conclude that the real reason is Lynn Fraser statements of discriminatory ground stating to the Hiring Manager Liz Bacchi :

> ". . . . She said that **she would not recommend Anthony to come back to Cisco** that he worked for I believe 1 year ."

( and when **Lynn Fraser** said what she said about me that when the hiring Manager Liz Bacchi her own statement came up with the pretext of relocation not a very wise one and not a good defense and such misleading statements were evidence of a discriminatory decision) and **liz Bacchi stated** :

> "-- . .[T]hat "when" I sent this email to Anthony about the relocation **issues**. . . . "( about the relocation pretext).

20. I state in regard for the position of Security Systems Engineer that I was denied such position on discriminatory ground and defendants inserted unfounded defense that such position was given to **the best White Employee of the year,** such defense was rebutted, when I introduced Lynn Fraser communication with Liz Bacchi and when I also provided Mr. Amdado Navas Channel Systems Engineer who has been declared the Best Engineer of the Year at Cisco and was given a letter stating his promotion to leader ship program with more money and a medallion (such fact is field with Court), I draw the conclusion that when an employee at Cisco is declared or nominated the best Engineer is not offered a transfer to another position within Cisco and with different boss

( knowingly his actual boss is taking care of him by given him such status) and absolutely and very obvious he gets promoted like Mr. Amado Navas, and given an offer to enter to Cisco leadership program, contracdicting what the attorney Bruce Falby introduced in support of his motion of summary judgment , in addition Lynn Fraser discriminatory statements and her own action is the reason cause for me not being hired to those positions Cisco Voice specialist and Security Engineer with Cisco, and this include the Systems Engineer for North Africa Region. **Exhibit 8 attached hereto the prove of the offer letter to enter the leadership program with Cisco when an employee is nominated the best employee of the year and not transfer as they claim as defense.**

21. I state that during my employment at Cisco My **Manager Lynn Fraser rated my overall Job performance as an E,** which is in Cisco performance rating means "I was successful , I met or <u>exceeded all key performance expectations</u>, in addition she ( Lynn Fraser) provided her input summary and quoted as follow: **Exhibit 9 attached hereto.**

> " **Anthony** is very dedicated to Customer satisfaction. **He works hard** and is very conscientious. . . <u>Anthony has been mentoring a former Strata-Com Engineer</u> who is working hard to cross-train on LAN technologies. **Anthony** has been

> an integral part of the Engineer' success, who is constantly giving me positive feedback on Anthony ' mentoring and reasoning capabilities. . . he is also very impress with **Anthony** ' s technical capabilities. . . **Anthony** is clearly a Team Player. He is very supportive of his Team, and encourages other' success.. . "

(quoted from Lynn Fraser before I was spotted by Defendant Savastano **October 16, 2000**).

._____

22.  I state that my Manager wrote " **Congratulation Anthony (!)**" on a note attached to letter that was addressed to me by the Defendant John Chambers the President of Cisco on about **August 21**, just before I was spotted by his friend Defendant Anthony Savastano **October 16 2000**, and he (John Chambers) wrote to me the following: **Exhibit 10 attached hereto.**

> "Dear **Anthony**,
>
> I want to <u>congratulate</u> you on our 42nd quarter of consecutive revenue and earning growth which was the strongest quarter and year -over-year growth . . . Your individual contributions have played a significant role in making year 2000 a success. As

17

result, **you** ( Anthony) will be receiving a Cisco Incentive Plan ( CIP) bonus for $5,858.05 in recognition of you accomplishments this past year. **You** ( Anthony) will receive your bonus ..."

23. I state that I have submitted a declaration under the pains and penalties of perjury, pursuant to 28 U.S. § 1746 of Mr. Amado Navas a Cisco Channel Systems Engineer, based out (working out) of Cisco Tampa Florida, Where Defendant Savastano traveled to **Tampa Florida** from **San Jose California Cisco Headquarters**, to deliver a personal message to me via (by mean of) Mr.Navas, and Defendant Savastano states by saying the following:

**Exhibit 11 attached hereto.**

> ". . . . tell that **monkey Bayad** that his days at Cisco are numbered, **my friend Lynn Fraser** will take care of him soon, that he and his people need to go back where they came from, ha, ha ,. . . "

**and Mr. Navas QUOTED declaration continue**

> " . . . The very day that Savastano Joined Cisco one of his agent, Mr. Dale Ronowski delivered a message to Amado Navas to announce that **Savastano had finally arrived at Cisco** and his mission to take care of Bayad and Navas"

18

Therefore the employer Cisco-that is, the organization as a whole ( such as Cisco) -cannot escape the liability, and **statement of bias** ( Monkey) from Defendant Savastano an Executive of Cisco in the corporate hierarchy can be enough to establish a *Prima Facie* that is to raise an inference of discrimination.

24. I state that I am not an attorney but only Plaintiff proceeding *Pro Se* that First Circuit (**1st Cir.**)adopted a ruling in Massachusetts, where an employer such Cisco Defendant(s) is liable under the statue Clause (similar title 42 § 1981), when discrimination animus of one or more employees affects or cause the decision to terminate, even the decision was made neutral decision maker, see *Cariglia v. Hertz Equip Rental Corp.*, 363 F.d 77 ( **1st Cir 2004**), as I understand from the First Circuit (**1st Cir.**)' ruling and in similarity to the First Circuit the fifth Circuit (**5th Cir.**) has held that:

> " discrimination animus of a manager can be imputed to the ultimate decision maker if the [manager]. . . had influence or leverage over the decision-making. *Laxton v. Gap Inc.*,333 F.3d 572, 584 (5th Cir. 2003).

25. I state that on about **October 16, 2000**, I traveled to Cisco corporate or **headquarters of San Jose California,** where defendant Savastano works and resides, has **spotted** me

there while on Business trip in such Cisco headquarters, upon my return to Massachusetts, I advised my manager Lynn Fraser about what he did to me at Lucent Technologies and that I was very afraid of him, as she put was in notice and was aware of such discrimination **Nazi Gestapo style tactics** of execution conducted upon me. **Exhibit 12 attached hereto.**

26. I state that I corresponded accordingly with Cisco open door Policy that encourages any Cisco employee to freely communicate to upper Manager(s) or Executive(s) without fear of appraisal or retaliation or termination because of such complaint, and such communication I conducted, was by Cisco inter-mail and Electronic Mail sent to defendant Cisco President John Chambers and his right hand man Vice President Rick Justice, Vice President Human Resources Kate Dcamp and Celia harper-guerra in regard to the discriminatory conduct executed upon me once again at Cisco as he has done to me at International Network Services, as he has done to me at Lucent Technologies and now at Cisco, that same individual Savastano acted in very discriminatory fashion in two venues at two different jurisdictions, once in the state of Florida and now in the commonwealth of Massachusetts, such defendant Savastano has posted my name in the **Cisco-No-Hire-list,** a discriminatory animus list used to discriminate against