IN THE   UNITED STATES DISTRICT COURT
FOR THE   DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 OCT -3  P 12: 0 7

U.S. DISTRICT COURT
DISTRICT OF MASS.

ANTHONY BAYAD ,                )
                               )
                               )
      Plaintiff ,              )          **CIVIL ACTION**
                               )
                               )
                               )          **CASE NO. 04-cv-10468-PBS**
                               )
JOHN CHAMBERS, PATRICIA        )
RUSSO, ANTHONY                 )
SAVASTANO and CARL             )
WIESE,                         )
   Defendants ,               )

**HONORABLE DISTRICT JUDGE PATTI B. SARIS**

## NOTICE  OF  LIABILITY ON DECISION-MAKERS  JOHN CHAMBERS,

## ANTHONY SAVASTANO & CARL WIESE EXECUTIVE(S) OF  CISCO SYSTEMS

## AND   DECLARATION IN SUPPORT OF NEWLY DISCOVERED EVIDENCE(S)

I,   ANTHONY BAYAD PLAINTIFF PRO SE IN THIS FORGOING

ABOVE ACTION MATTER, declare pursuant to 28 U.S. § 1746  the

following:

1.   I, state  the forgoing as I am not a Lawyer but only

Plaintiff proceeding Pro Se that definition of ownership or

partnership in legal contest and defined by the United States

District Court of Massachusetts First Circuit; see *Serapion    v.*

*Martinez*, 119 F.3d 982, 990 (**1st Cir. 1997**), cert. Denied, 118

S.Ct. 690 (1998). Where the Court  of First Circuit (**1st Cir.**)

defines the **ownership/partnership** and states the follow:

1

> **"Ownership of an organization** (such as Cisco), an
> individual(s)(such **Chambers, Savastano,** and **Wiese**) are
> owners when showing have ownership in organization
> receives compensation based on its profit, and
> participate in managing the organization would qualify as
> an " **owner(s)**" or "**Partner(s)**".

.———————————————————————

Therefore John Chambers is white person and  the  President of
Cisco, Anthony Savastano is white person the Vice President of
Cisco,  and Carl Wiese is also a white person the Vice President of
Cisco, and they are  all owner(s) or Partner(s) of Cisco Systems a
publicly traded company on NASDAQ (Wall Street), That alone is  :
prove of their membership in class and their  purpose of   race
discrimination is invidious discrimination. At 519 F.2d at 1360,

    2.   I state that Defendant  Tony Savastano  Cisco Vice
President good  buddy of Defendant John Chambers President of
Cisco,  their friendship  goes way back during  their
employment at **WANG LABORATORY,** and the same Defendant
Savastano Cisco Vice President  is also an old buddy of
Defendant Carl Wiese Cisco Vice President, their bond of
**Brotherhood/friendship/ partnership dated way back**  during
their employment at **Lucent technologies,** when they used it to
take down minorities Mr. Hamdi Elsiah an Arab descend, MR.
Amado Navas a Spanish Descend and  two other women,  one a

2

Spanish descend and the other women I believe a Jewish, fired because of their race , but defendants Savastano and Wiese has a surprise for me when they orchestrated and directed others to take me down and to terminate me using the **Gestapo Tactics style**, while I was reporting to them at Lucent Technologies Tampa Florida from the year of 1995 to 1997, and now Cisco to present.

**Exhibit 1 attached hereto.**

3.   I state that I am not a lawyer but a Plaintiff proceeding Pro Se that once before the First Circuit ruled, the biases of those (Defendants) who do made or influence the employment decision(s) are Probative, and Columbia Circuit Court of Appeal also adopted the same ruling; in Stoller v. Marsh, 682 F.2d 971, 972 (D.C. Cir. 1982) states:

> " [a]n unfavorable employment decision resulting
> from inaccurate, discriminatorily motivated
> evaluation by the employee' violates the Statue
> Clause even though the decision maker was completely
> free of animus. . . "When a **supervisor** . . .
> deliberately places an inaccurate, discriminatory
> evaluation into an employee file, he intends to
> cause harm to the employee. . . [T]h employer -that
> is, the organization as a whole -cannot escape the
> statue Clause Title VII {-in similar § Title 42 §

1981; *Roxas    v.    Presentation College*, 90 F.3d 310,
315 (8th Cir.1996), *Brown    v.    American Honda Motor
Co.*, 939 F.2d 946, 949 (11th 1991), cert. denied,
502. 1058, 112 S.C.t. 935, 117 L.E.D. 2d (1997)}-
(cannot escape) liability simply because the final
decision maker was not personally motivated by
discrimination. 682 F.2d at 977.

_____

4.    I state from my understanding of  Court ruling that
Defendants Savastano posted my name in the Discriminatory list
the **CISCO-NO-HIRE-LIST**, denying me the  position  Systems
Engineer in North Africa, he intend   to cause me harm by
interfering with  my employment and with any opportunities
given to me at Cisco,  and with my very basic Federally
Protected Civil Rights, by  stating my name in such
discriminatory Cisco an outrageous list where 100 to 1000 of
names of minorities were also  listed in it   and state the
following:

**" Do not hire/Promote/transfer Anthony Bayad Cisco
Employee # 73799, should you have question, contact
Savastano"**

**Exhibit 2 attached hereto.**

._____ .

4

5.    I state that the Human Resources personnel Ms. Celia
Harper- Guerra is the administrator responsible for the Cisco·
Hire-List, and Kate Dcamp is using it to entertain the maximum
flow of Minorities at Cisco, and  used with the Cisco Equal
Employment Opportunity List, sent to Minorities as they have
done with me.

6.    I state that Ms. Paula Hughes  introduced her
Declaration in Support of Defendants Summary Judgment when she
was not even employed by Cisco during my  travel  to Europe
and Africa for the Position Systems  Engineer for North Africa
Region on about **November 3, 2000**, and **Ms. Paula Hughes joined**
Cisco on about **December 18, 2000**, provided her own declaration
as she is not named defendant,    attached printed hard copy
of the discriminatory animus list the **Cisco-No-Hire** dated **the**
**year 2000 dkt.68 Exhibit D**, evidencing of such discrimination
against me, where Defendant Anthony Savastano posted my name
on about November the **year**    **2000**, such hard  is filed before
Court as Paula Hughes 'Declaration and **Docketed # 68 Exhibit**

**D. Exhibit 3 attached hereto**.

7.    I state that **Celia Harper-Guerra** was put personally
by the Defendant Savastano  Cisco Vice President, to over see
my employment from the start to the finish, where her name is
pop in out appearing  in every communication and an  email is

5

evidencing provided by Ms. Paula Hughes ' Declaration (Dkt. 68) Exhibit C that state the following:

" He ( Anthony Bayad) contacted me on my cell phone directly for an interest in returning to Cisco. " **Celia"** (Harper-guerra) wanted me to send this to you"

.——————————————————————————.

8.    I state that I have never heard, met, known, worked , nor discussed my employment at Cisco With Ms. Paula Hughes, and I don't  know who she is until now, where she  was only hired on about December 18, 2000 , let alone her declaring that she is aware of my travel to Europe and Africa on about **November 3** , 2000 when only  she joined Cisco **December 18, 2000.**

9.    I state that Bruce Falby attorney for the records and his partner in crime Ms. Robin Tarr and Ms. Paula Hughes provided me a copy of the **Cisco-No-Hire-List** dated **sept-2000** and evidencing of such discrimination against me dated  the **year of 2000 and not the year of 2004 to present,** and provided only 26 copies stamped  marked **CISCO 00059-thru- CISCO 00085** on the far right bottom, printed from the Cisco-No-Hire list to cover up the rest of it where it is showing  my name in it not to be hired ,  Therefore the employer Cisco-that is, the organization as a whole  -cannot escape the liability simply because the final decision maker ( Defendants John Chambers

6

Carl Wiese and Anthony Savastano) was not personally motivated

by discrimination as they were proven with concrete evidence

field before Court . 682 F.2d at 977. **Exhibit 4 attached**

**hereto.**

10. I state as I am not an attorney buy only Plaintiff

proceeding Pro Se my understanding Court ruling that my

manager Lynn Fraser was directed by defendants in particular

defendant savastano, to interfere with my job and my

opportunities at Cisco, her action(s)is considered under the

**law** an act against my Federally **Protected Civil Rights**, when

a correspondence between her and liz Bacchi, direct evidence

of proof that Lynn Fraser was and is interfering with my

employment at Cisco and my career and my life, by providing

false statement(s) on discriminatory basis about my personal

reference to potential employer(s) about me, and she ( Lynn

Fraser)intended to cause me harm, her discriminatory

action(s) was proven by such direct evidence of her

communication between her and Liz Bacchi a hiring Cisco

Manager, and such evidence was provided to me and the

Court(Dkt.68) by Human Resources Paula Hughes' own declaration

in support of Defendants Summary Judgment as an **attached**

**Exhibit C** docketed #68 before the Court, introduced pursuant

to 28 U.S. § 1746 , and state the following:

7

" From what I remember, Anthon called me on my cell
phone and wanted to speak to me about the position
that I had open in California for a Voice
Specialist. **He mentioned that he used to work for
Lynn Fraser and that I could call her.** I called Lyn
directly and she was very hesitated on speaking with
me. Since I was an internal HR Manager, She felt
better. **She said that she would not recommend
Anthony to come back to Cisco that he worked for I
believe 1 year . I think he is still stating that he
taking the CCIE.** She was nervous about speaking to
me anymore about him. She was uncomfortable. "

**(quoted from Liz Bacchi and Lynn Fraser).**

**Exhibit 5 attached hereto.**

_____.

11.    I state that Cisco Human Resources Liz Bacchi had
opened a position for a **Voice Specialist** and I applied for
such position as I was qualified,  because I took all the
training for AVVID technologies ( Voice of IP ) and  I was
involve of converting Cisco offices and this include the New
York Office to such new technologies Voice Over IP , but on
discriminatory ground and defamatory  ground proved by direct
evidence, I was denied such position, and liz Bacchi state the
following:

8

( such evidence taking from the **Exhibit C** of Paula Hughes `
declaration **Dkt.68**)

> " From what I remember, Anthony called me on my Cel..
> Phone and wanted to speak to me about the position
> that I had open in California for a **Voice**
> **Specialist.** He mentioned that he used to work for
> **Lynn Fraser** and that I could call her ( My Manager
> Lynn Fraser). I called Lyn directly. . . . She
> said that **she would not recommend Anthony to come**
> **back to Cisco** that he worked for I believe 1 year .
> ■ . .**[T]hat "when"** I sent this email to Anthony
> about the relocation **issues**. . . . "

( **Notice Filling the Blanc**: when **Lynn Fraser my Manager** said
**don't 'hire me ( Anthony Bayad)— " that 'When'"** Liz Bacchi
came up with the excuses  that Cisco do not relocate
Engineer(s)From Massachusetts  to San Jose California and that
I should seek an opening in Massachusetts only, again "That
When" is evidence of discrimination and it is for  Court to
draw its conclusion).

.\_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_

12.  I state that My manager Lynn Fraser openly acted on
discriminatory ground and defamatory  ground,  she
intentionally interfered with my employment at Cisco in the
past and the present time, and  with my Federally Protected

Civil Rights under the law , and such illegal conduct  proven

with concrete evidence, wherefore  a "genuine" issue is one

support by such evidence that " a reasonable Jury" , will draw

favorably such inferences, and could resolve it in my favor

(I) the nonmoving party, thus Direct Evidence is evidence

sufficient to prove discrimination without inference or

presumption. Presumption. *Santiago-Ramos  v.  Centennial P.R.*

*Wireless Corp.*, 217 F.3d 46, 56 (1st Cir.)

13.  I state with an understanding of Law as I am not an

attorney but only Plaintiff proceeding as Pro Se that when My

manager Lynn Fraser deliberately bad mounted me, placed

inaccurate information about me, and gave me a be references

on discriminatory ground to potential employers, she intend to

cause me harm. See *McCone  v.  New England Tel. and Tel Co.*,

471 N.E. 2d 47 (Mass.1984). hence Massachusetts Supreme Court

stated:

> " **An employer** can lose a contractual  privilege
> through unnecessary, unreasonable or excessive
> publication or proof that the **defendant acted**
> **'recklessly' "**

therefore defendants ' summary judgment must not be allowed

and **the Magistrate Report and Recommendation must be**

**reconsidered as matter of law and jury trial must be provided**

**according to our U.S. Constitution amendment 7.**

10

14.   I state that I recall with an  understanding that
Cisco has a policy in place, prohibiting any one at Cisco fron
providing bad references about its present or former
employee(s) as (I), and the only information that Cisco is
allowed or could  provide about its employee(s) is the date o1
the hiring of such person and the date of it separation from
the company Cisco.

15.   I state that I was denied the position for Voice
Specialist on discrimination ground and it was proven with
direct evidence provided as declaration of Paula Hughes by the
Defendants 's attorney Bruce Falby, who obviously  is
running out of ammunitions and  lies in this forgoing caption
matter and it is a  prove of a Smoking Gun. **Exhibit 6 attached
hereto** of all the communication with Cisco Hiring Manager Mr.
Mike Kent

16.   I state that I have applied for another open position
with Cisco as Network Security Engineer and I was interviewed
over the phone in two occasions with the Hiring Manager Mr.
Bardani, who asked me who I was reporting to during my
employment at  Cisco, was given the name of Lynn Fraser, and
told me he will call her and get back with me after,
thereafter I have never heard from him since, and the reason
is the fact Defendant Savastano and Wiese directing Lynn
Fraser on  discriminatory  ground to defame me, interfere with

11

my Civil rights and with my life as she did during my
employment at Cisco  such evidence is found in Paula Hughes
declaration dkt.#68 attachment No. C, and quoted by Liz Bacchi
that state the following: **Exhibit 7 attached hereto** of all the
communication with Cisco Hiring Manager Mr. Bardani

> I called Lyn directly. . .  . She said
> that **she would not recommend Anthony to come back to
> Cisco** that he worked for I believe 1 year .
> -- . .**[T]hat "when"** I sent this email to Anthony
> about the relocation **issues. . . . "**

**(Liz Bacchi conversation with my Manager quoted)**

17. I state that have applied  for another position  as
Security Systems Engineer as I was qualified but  again denied
such position on discriminatory ground as they denied me the
Cisco Voice Specialist position and system Engineer for North
Africa.

18. I state as I am not an attorney but only Plaintiff
proceeding as Pro Se that *Mc Donnell* Theory was adopted by
Magistrate Judge Bowler in her Report and recommendation and
in applying the McDonnell Theory in my claim of
discrimination, proved I established and I carried the initial
burden of establishing Prima Facie case of discrimination, and
this has been done absent of any depositions or discovery,
that **(1)** I belong to a racial minority; **(2)** that I applied for

12

the position and I was qualified for both positions ( Voice
Specialist and Network Security Engineer)for which Cisco was
seeking applicants; **(3)** That despite my qualifications, I was
rejected; and **(4)** that my rejection, the position remained
open and Cisco continued to seek applicants from persons
outside my race -the protected class as they admitted to it.

19.  I state that Defendants and their attorney Bruce
Falby introduced one of his  defense that the Position for
Voice Specialist  was not granted to me simply because the
position was in San Jose California and Cisco is not  willing
to relocate   any one From Massachusetts,  even Though Mike
Kent and Liz Bachhi have spent a considerable time
interviewing me for such Position the Cisco Voice Specialist,
and the evidence filed with Court state otherwise of the  real
bases of Cisco not hiring me for such Position Voice
Specialist as I was qualified, was the discriminatory conduct
of my Manager Lynn Fraser an agent working for  Defendants ,
and such discrimination is evidenced of Ms.  Paula Hughes own
Declaration Dkt. 68 Exhibit C and liz Bacchi state the
following:

> I called Lyn directly. . . .  She said that **she**
> **would not recommend Anthony to come back to Cisco**
> that he worked for I believe 1 year .

13

-- . .**[T]hat "when"** I sent this email to Anthony

about the relocation **issues. . . .** "

---and reading the last sentence and **"That when I sent this email to Anthony** " -that state the following:

" Hi Anthony,

Thank you to your interest in coming back Cisco. I did receive your email and I forward it to our sourcing group  to have you prescreen for position in your are. The position that you applied for is in California and you are located in MA. Due to the number of candidates we have for out position, **we are not relocating anyone at this time.**

Pease keep checking the web site for positions I your area"

( filing the blanc : if the Cisco is not relocating any one to San Jose and my argument why they spent their time interviewing me for such position and why they have to contact my manager Lynn Fraser about my references , I conclude that the real reason is Lynn Fraser statements of discriminatory ground stating to the Hiring Manager Liz Bacchi :

". . . . She said that **she would not recommend Anthony to come back to Cisco** that he worked for I believe 1 year ."

14

( and when **Lynn Fraser** said what she said about me that when
the hiring Manager Liz Bacchi her own statement came  up with
the pretext of relocation not a very wise one and not a good
defense and such misleading statements were  evidence of a
discriminatory  decision) and **liz Bacchi stated** :

> "-- . .**[T]hat "when"** I sent this email to Anthony
> about the relocation **issues.** . . . "( about the
> relocation pretext).

. _____ .

20.  I state in regard for the position of Security
Systems  Engineer that I was denied such position on
discriminatory ground and defendants inserted unfounded
defense that such position was given to **the best White**
**Employee of the year,** such defense was  rebutted,  when I
introduced Lynn Fraser communication with Liz Bacchi and when
I also provided Mr. Amdado Navas  Channel Systems Engineer who
has been declared the Best Engineer of the Year at Cisco and
was given a letter stating his promotion to leader ship
program with more money and a medallion (such fact is field
with Court), I draw the conclusion that when an employee at
Cisco is declared or nominated the best Engineer is not
offered a  transfer to another position within Cisco and  with
different boss

( knowingly his actual boss is taking care of him by given hi:1 such status) and absolutely and very obvious he gets promoted like Mr. Amado Navas, and given an offer to enter to Cisco leadership program, contracdicting what the attorney Bruce Falby introduced in support of his motion of summary judgment , in addition Lynn Fraser discriminatory statements and her own action is the reason cause for me not being hired to those positions Cisco Voice specialist and Security Engineer with Cisco, and this include the Systems Engineer for North Africa Region. **Exhibit 8 attached hereto the prove of the offer letter to enter the leadership program with Cisco when an employee is nominated the best employee of the year and not transfer as they claim as defense.**

21. I state that during my employment at Cisco My **Manager Lynn Fraser rated my overall Job performance as an E,** which is in Cisco performance rating means "I was successful , I met or exceeded all key performance expectations, in addition she ( Lynn Fraser) provided her input summary and quoted as follow: **Exhibit 9 attached hereto.**

> " **Anthony** is very dedicated to Customer
> satisfaction. **He works hard** and is very
> conscientious. . . Anthony has been mentoring a
> former Strata-Com Engineer who is working hard to
> cross-train on LAN technologies. **Anthony** has been

16

> an integral part of the Engineer' success, who is
> constantly giving me positive feedback on Anthony '
> mentoring and reasoning capabilities. . . he is
> also very impress with **Anthony** ' s technical
> capabilities. . . **Anthony** is clearly a Team Player.
> He is very supportive of his Team, and encourages
> other' success.. . "

(quoted from Lynn Fraser before I was spotted by Defendant
Savastano **October 16, 2000**).

·_____

22.    I state that my Manager wrote " **Congratulation**
**Anthony (!)**" on a note attached to letter that was addressed
to me by the Defendant John Chambers the President of Cisco on
about **August 21,** just before I was spotted by his friend
Defendant Anthony Savastano **October 16 2000,** and he (John
Chambers) wrote to me the following: **Exhibit 10 attached**

**hereto.**

> "Dear **Anthony,**
>
> I want to congratulate you on our 42nd quarter of
> consecutive revenue and earning growth which was the
> strongest quarter and year -over-year growth . . .
> Your individual contributions have played a
> significant role in making year 2000 a success. As

17

result, **you** ( Anthony) will be receiving a Cisco
Incentive Plan ( CIP) bonus for $5,858.05 in
recognition of you accomplishments this past year.
**You** ( Anthony) will receive your bonus ..."

._____.

23. I state that I have submitted a declaration under
the pains and penalties of perjury, pursuant to 28 U.S. § 1746
of Mr. Amado Navas a Cisco Channel Systems Engineer, based
out (working out) of Cisco Tampa Florida, Where Defendant
Savastano traveled to **Tampa Florida** from **San Jose California
Cisco Headquarters,** to deliver a personal message to me via
(by mean of) Mr.Navas, and Defendant Savastano states by
saying the following:

**Exhibit 11 attached hereto.**

> ". . . . tell that **monkey Bayad** that his days at
> Cisco are numbered, **my friend Lynn Fraser** will take
> care of him soon, that he and his people need to go
> back where they came from, ha, ha , . . . "

**and Mr. Navas QUOTED declaration continue**

> " . . . The very day that Savastano Joined Cisco one
> of his agent, Mr. Dale Ronowski delivered a message
> to Amado Navas to announce that **Savastano had
> finally arrived at Cisco** and his mission to take
> care of Bayad and Navas"

._____.

18

Therefore the employer Cisco-that is, the organization as a whole ( such as Cisco) -cannot escape the liability, and **statement of bias** ( Monkey) from Defendant Savastano an Executive of Cisco in the corporate hierarchy can be enough to establish a *Prima Facie* that is to raise an inference of discrimination.

24. I state that I am not an attorney but only Plaintiff proceeding *Pro Se* that First Circuit (1st **Cir.**)adopted a ruling in Massachusetts, where an employer such Cisco Defendant(s) is liable under the statue Clause (similar title 42 § 1981), when discrimination animus of one or more employees affects or cause the decision to terminate, even the decision was made neutral decision maker, see *Cariglia v. Hertz Equip Rental Corp.*, 363 F.d 77 ( 1st **Cir** **2004**), as I understand from the First Circuit (1st **Cir.**)' ruling and in similarity to the First Circuit the fifth Circuit (5th **Cir.**) has held that:

> " discrimination animus of a manager can be imputed to the ultimate decision maker if the [manager]. . . had influence or leverage over the decision-making. *Laxton v. Gap Inc.*,333 F.3d 572, 584 (5th Cir. 2003).

25. I state that on about **October 16, 2000,** I traveled to Cisco corporate or **headquarters of San Jose California,** where defendant Savastano works and resides, has **spotted** me

there while on Business trip in such Cisco headquarters, upon my

return to Massachusetts, I advised my manager Lynn Fraser

about what he did to me at Lucent Technologies and that I was

very afraid of him, as she put was in notice and was aware of

such discrimination **Nazi Gestapo style tactics** of execution

conducted upon me. **Exhibit 12 attached hereto.**

26. I state that I corresponded accordingly with Cisco

open door Policy that encourages any Cisco employee to freely

communicate to upper Manager(s) or Executive(s) without fear

of appraisal or retaliation or termination because of such

complaint, and such communication I conducted, was   by Cisco

inter-mail and Electronic Mail sent to defendant Cisco

President John  Chambers and his right hand man Vice President

Rick Justice, Vice President Human Resources Kate Dcamp and

Celia harper-guerra in regard to the discriminatory conduct

executed upon me once again at Cisco as he has done to me at

International Network Services, as he has done  to me at

Lucent Technologies and now at Cisco, that same individual

Savastano acted in very discriminatory fashion in two venues

at two different jurisdictions, once in the state of  Florida

and now in the commonwealth of Massachusetts, such defendant

Savastano has  posted my name in the **Cisco-No-Hire-list**, a

discriminatory animus list used to discriminate against