FILED
IN CLERKS OFFICE

**IN THE   UNITED STATES DISTRICT COURT**
**FOR THE   DISTRICT OF MASSACHUSETTS**

2005 SEP 27  P 1: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| ANTHONY BAYAD , | ) | |
| | ) | |
| | ) | |
| Plaintiff , | ) | **CIVIL ACTION** |
| | ) | |
| | ) | |
| | ) | **CASE NO. 04-cv-10468-PBS** |
| | ) | |
| JOHN CHAMBERS, PATRICIA | ) | |
| RUSSO, ANTHONY | ) | |
| SAVASTANO and CARL | ) | |
| WIESE, | ) | |
| Defendants , | ) | |

**HONORABLE DISTRICT JUDGE PATTI B. SARIS**

## NOTICE  OF  SUPPORT  OF  NEWLY  DISCOVERED EVIDENCE  AND

## DECLARATION IN SUPPORT OF NOTICE OF PERJURY AND   MOTION

## FOR  JURY  TRIAL  DEMANDED

## THE 7 TH AMENDMENT OF THE U. S CONSTITUTION

I,    ANTHONY BAYAD PLAINTIFF PRO SE IN THIS FORGOING ABOVE
ACTION MATTER, declare under the pains and perjury,
pursuant to 28 U.S.C. § 1746, the following:

1.    I am a proud American native North African
Morocco, and I came as an Immigrant as the Defendant(s) to
the United States of America, a country of the Free and the
Brave, a country known of its law(s) and justice of all its

1

abiding citizen(s), when I was 17 years old I entered legally this country of law(s, on about early 1987 and I reside in the U.S since then.( about 20 years).

2.   I have never had any criminal record(s) during my entire life and I have never sued or being sued in any state, federal or at any foreign land, until I met these defend(s) Anthony Savastano and Carl Wiese.

3.   I am an honest citizen with moral, I have never committed any sin as I sleep in my bed with a clean conscience under God and I believe in God and I respect every religion.

4.   I am a Tax payer ( did not pay any taxes since 2001 because I am unemployed), and I voted for the Honorable President Clinton and now I voted for Senator John Kerry and I am a proud Democrat. I love every race as I love every body of every race. I am not racist and I don't comprehend what is racism against humanity and Americans.

.5   I was considered during my employment with Cisco Defendant(s) for multiple sets of phone screening interviews and technology tests by Cisco Europe Manager(s), Thereafter they were very impressed and decided to meet with me in person in three (3) foreign countries, first the United Arab Emirates ( city Dubai), France ( city Paris),

2

and England ( city Paris), and I passed such screening interviews.

6.   I was flown at the expense of Cisco to these three(3) Countries, United Arab Emirate city of Dubai, France city of Paris, and England city of London, on about **November 3, 2000** with **British Airways** at the expenses of Cisco as it was considered an **official Cisco business trip**.

7.   I was required to apply for a **"VISA"** ( PERMIT )to enter the country the **United Arab Emirate** and **Cisco took care of it** and one of the visa requirement for me to obtain such a visa is to produce the following :  **Visa Requirement for U.S Citizens**

> (a)   Two (2) application forms ( The particulars of Sponsor/host section must be filled out)
>
> (b)   An original passport signed by the bearer, valid for at least six month.
>
> (c)   An employment letter stating your position, or if you are self employed, copy of your license, or if you are retired/ home maker/student, letter from you bank stating that your is in good standing.
>
> (d)   The processing fee is $51 ( money order only).

3

Cisco took care of my visa as I provided to them the entire requirement that is mandated to obtain of such VISA.

8.   I was required to be **sponsored** and **Cisco Systems** sponsored me to enter the United  Arab Emirates and once again it was at the Expense of Cisco and the Processing fee for the Visa also Cisco paid for it,  again  Cisco took care of all the paper works necessary to obtain  such visa for such country.

9.   I include herein copies of the United Arab Emirates Embassy Visa Requirement. ATTACHED HERETO AS EXHIBIT 1.

I attached  copies of my U.S passport proving I entered the United Arab Emirates, and the proof of the United Arab Emirates Customs of Immigration that  stamped my passport (visa stamp) dated **November 5, the of 2000**. ATTACHED HERETO AS EXHIBIT 2.

10.   I believe in the above matter to the regard for the  Position of North Africa, Bruce Falby introduced and filed a **false Declaration of PAULA HUGHES** who lied pursuant to 28 U.S.C. § 1746 ( perjury committed), and stated the following declaration and  quoted from page 2 line 4 -5 Docket # 68: ATTACHED HERETO AS EXHIBIT 3.

4

._____.

" 4.    Mr. Bayad alleges that on or about November 2,
2000, while he was employed by Cisco, he applied for a
transfer to Cisco Europe for a position as a Systems
Manager or a Systems    Engineer for Cisco's North
Africa Region ( the " North Africa Position"), that he
was given a oral offer the North Africa position, but
that Cisco Corporate headquarters declined to approve
the oral offer based upon discriminatory reasons."

5.      I have undertaken an exhaust search of Cisco '
s records, **and have located "NO" documents, memoranda,
vouchers or any other such materials that substantiate
Mr. Bayad 's allegations that (1) he applied for the
position, (2) he was flown at Cisco ' expense to
Europe or to Africa to interview for the position or
(3) he interviewed with Cisco engineers for the
position." (PAULA HUGHES QUOTED)**

._____.


11.  I am not in any capacity to take action against
such individual "**Ms. PAULA HUGHES**", but the Court is
obligated to take action at whatever discretion level
deemed and appropriate. Paula Hughes and her attorney Bruce
Falby has falsified this  declaration,  and she lied as she

5

was not "even" employed by Cisco Systems until **December 18,**
**2000** and who was not even involve during my  termination
with Cisco and **PAULA HUGHES** as she stated on the record in
her Declaration and quoted as follows: SEE ATTACHED HERETO
AS EXHIBIT 3.

._____.

"      I PAULA HUGHES, declare under the pain and
penalties of perjury, pursuant to **28 U.S.C. § 1746,**
the following:

1.   I am human Resources manager, World Wide Employee
     Relations ( it is shame that she only speaks
     English and hold such World Wide position),
     Employed by Cisco Systems, Inc ( " Cisco"). I
     have worked at Cisco out of its San Jose,
     California facility since **December 18, 2000.**

2.      in my capacity as Human Resources, **I am fully**
**familiar with the facts and circumstances of Cisco'**
**employment policies generally and with respect to**
**Anthony Bayad ' employment specifically."**
**(PAULA HUGHES QUOTED)**

._____.

12.   I state in this declaration such **record exist**
in regard to North Africa Position that was offered to me

6

and I was denied on discriminatory ground and my name was posted in the **CISCO-NO-HIRE-LIST** a discriminatory animus list, even though I was offered an oral offer and I was flown half the World not just to shake my hand but to be hired , indeed I was hired and I was at Cisco Europe middle East Africa ("Cisco EMA region") and all the Record(S is with Cisco Systems and that proof of fact is easily discoverable if discovery was permitted but unfortunately it was not allowed, and it is proof of genius issues to be brought before the Jury and it is a proof of facts that is contradicting of what Ms. **Paula Hughes** ' declaration states, the Cisco Europe phone records are proof of such facts.

    13.    I state that I "**called**" my elderly parent living in the city of **Melrose Massachusetts** form the office of Cisco in the **United Arab Emirates Dubai** to let them know I got the job, and I am not going to be discriminated once again or fired once again from my job at Cisco as I was fired from International Networking Services and from Lucent Technologies, by Defendant Anthony Savastano, who has "spotted" me on about **October 16, 2000** during my business trip to Cisco Headquarters San Jose California, where defendant Savastano work and reside with his buddy Defendant John Chambers; and the record proof I flown to

Cisco Europe , on about **November 3 ,2000,** and the court can draw its conclusion as to why I am fleeing the country to survive and to be able to put food on the table and to pay my bills as an ordinary US citizen and to be able to get married and have children and to pay my outstanding student loans over $50,000.00,owe to the American people. ATTACHED HERETO AS EXHIBIT 4 EVIDENCING OF MY CISCO BUSINESS TRAVEL TRIP TO SAN JOSE CALIFORNIA WHERE DEFENDANT ANTHONY SAVASTANO WORK AND RESIDE AND SPOTTED ME THERE.

14.   I state in this declaration such record exist and it is with the  British Airways proof of fact that I flew with them on about November 3, 4, 5, 6, 7, and 8 the year of 2000 "to" and "from" those three (3) Countries the United Arab Emirates (City  Dubai), France ( city Paris), and England ( city England), the British Airways has such record, additionally Cisco paid for the Airplane Tickets. Such record of proof that I fly to Those countries at Cisco Expenses and it is with Cisco possession.

15.   I state in this declaration such record exist and it is a concrete proof of such a fact that on about November **6-7, 2000** item(s) in  my luggage were stolen from my trip from the United Arab Emirate Dubai to England London and British Airways personal were notify at upon my arrival at Heathrow Airport , and I filed a complaint in

8

England and I was reimbursed of a some of $600 dollars and
those records is with the British airways and Cisco
American travel services. Also my bank has such records of
such **CHECK** issued by **British Airways**. For the lost of my
belonging.

16.  I state in this declaration that Cisco American
Travel Services also the British Airways have the records
of the Airplane Tickets that was purchased by Cisco
Systems.

17.  I state in this declaration that Cisco has the
record of the Hotel that they booked me in called **Crown
Plaza Hotel Dubai Sheik Zayed  al Nahyan Road, City Dubai
Country United Arab Emirates**, and Cisco Systems paid for it
at their own expenses and copy of my U.S passport was taken
as ordinarily process by the hotel an action conducted to
all foreign guess, and I stayed in Crown Plaza during my
interview and meeting with managers of  Cisco systems Dubai
and Cisco Systems and the hotel address are:

:_____.

**CROWNE PLAZA HOTEL DUBAI**
**Sheikh Zayed Road**
Dubai, UAE
Tel: 9714 331 1111
Fax: 9714 331 0572
Email: hicpdxb@emirates.net.ae
Deluxe single/double room about 300dhs. Fifteen minutes
from airport.

9

**Cisco Systems Dubai**
4rd Floor Building 10, **Sheikh Zayed Road**
P.O. Box 500321, Dubai Internet City
Dubai, DUBAYY
United Arab Emirates

._____.

18.  I was absent from U.S Cisco Lexington sales 'office

during my trip to Europe and Africa and did not take any

vacation time called **PTO** , I did not take any **Time OFF** for the

**month of November** as I did not, because such trip was Called

Business trip for the entire duration of such trip, and I was

absent for such duration and was not in the    office because my

Manager Lynn Fraser was aware and Okayed  such trip, being

absent will be abandoning my job, and **PAULA HUGHES** admitted that

I did not seek or received paid time off ( " PTO") or any other

time off during my trip of such  month of November 2000, and I

was paid for such trip because it was considered a business trip

and Cisco paid for it and PAULA HUGHES DECLARATION states to

following: (re: docket# 68 page 3 line 9) SEE ATTACHED

HERETO AS EXHIBIT 3.

> " Cisco ' records concerning Mr. Bayad ' employment
> indicates **that he did not seek or receive paid time OFF**
> ( " PTO") at **any time during the month of November 2:00,**
> when , according to his own allegations, he was traveling
> in Europe or Africa. Instead, according to Cisco ' s
> records, **Mr. Bayad received regular pay for performing
> his usual duties at Cisco's Lexington,** Massachusetts
> facility. Attached hereto as Exhibit B is a true and
> **correct copy of Cisco ' complete records regarding Mr.
> Bayad ' PTO for the May 1, 2001 period of his employment
> with Cisco."** **(PAULA HUGHES QUOTED)**

19.  I state that  Manager Lynn Fraser was contacted by
Hiring Manger(s) of Cisco Europe Middle East Africa ( " CISC(
EMA REGION") who proceeded with the job interview and the trav:l
expenses that Cisco paid for it, otherwise the Cisco hiring
Managers of the Cisco EMA region  will not proceed of
interviewing and flying me, additionally I was  absent for suc·
trip about a week duration, and being absent for such period of
time I will be  immediately terminated on the spot if the Ok
from my manager was not granted as it was granted to me and fo:
me to be flown to Europe and Africa.

20.  I state that My manager was aware that I will be
denied the System Engineer position for  North Africa region
because when I was spotted on **October 16, 2000** by Defendant
Savastano an Executive of Cisco, I advised my Manager that I was
discriminated against by him while I was employed with him at

Lucent Technologies and that I am very afraid of him.
SEE ATTACHED HERETO AS **EXHIBIT 4** EVIDENCING,  WHEN SPOTED
OCTOBER 16,  2000 MY TRAVEL TO SAN JOSE CALIFORNIA CISCO
HEADQUATERS.

21.  I state that I issued a formal complaint according to
Cisco open policy against Anthony Savastano who posted my name
in **CISCO-NO-LIST** when  I was denied the  Systems Engineer
position for North Africa Region by posting my name in the
**CISCO-NO-HIRE-LIST**, and that they need to clear my name from the

11

Cisco-No-Hire-list, and I Communicated with them using Cisco

email and Cisco inter-mail on about November 29, 2000, to John

Chambers, Rick Justice, Kate Dcamp, Celia Harper.

ATTACHED HERETO AS **EXHIBIT 5** A LETTER OF COMPLAINT AGAINST

DEFENDANT SAVASTANO THE DISCRIMIANTORY ACT THE CISC0-NO-

HIRE-LIST).

22.   For all the forgoing above matter and I state in this

declaration that I did not have time nor given the

time nor given an opportunity to write a letter to British

Airways and the crown Plaza hotel to get the records because the

Magistrate Judge did not help me in that task as it is my rights

to obtain Subpoena(s) or at least the Magistrate should ordered

the Attorney Bruce Falby to provide them to me and to the Court

at my expense, unfortunately that was not the case and now it

did prejudiced me.

23.   I state in this declaration that the law or the case

law(s) as I am not a Lawyer but just a Pro Se that law state the

following as quoted from the ruling of the case of

*In McLaughlin  Transportation Systems, Inc.   vs.   Barbara*

R*ubinstein* , Civil Case No. **03-11545- MBB, Magistrate Judge**

**Bowler Presiding** ordered and stated in page 18 the following:

    "  . . .all reasonable inferences must be made in the light
    most favorable to the non-moving party. Barbour  v.
    Dynamics Research Corp., 63 F.3d 32, 36 ( 1ˢᵗ Circuit).

**24.** I state in this declaration as I understand from **the presiding Judge Bowler** that the [w]eighting of the evidence and the drawing of legitimate inference facts in the light most favorable of **the nonmoving party I , the NOMOVING (ME) Bayad;** re: **Civil Case No. 03-11545-,** and therefore the **Magistrate Juiça Bowler** should provide me with such right.

25.  I state in this declaration as I am not a lawyer that [T]hey cannot convert their Motion to Dismiss once before introduced under the Rule 12 to Motion for Summary Judgment without a proper time allowed for discovery as proscribed by the Law and the Court and by doing so , [t]hey evade the legal proceeding in this case that is prejudicing me.

26.  I state in this declaration as I am not a lawyer but only a Pro Se that attorney(s) and Defendant(s) at different times in this litigation on the record(s) and was  proven of such action, they have given different and arguable inconsistent explanation for discriminating against me , and such statements were introduced  under declaration(s) under the pains and penalties of perjury, pursuant to 28 U.S.C.§ 1746;  and such statement were lies;  and it is a prove that articulated reason of a race discrimination.

*Dominguez-Cruz  v. Shuttle Caribbean*, Inc. 202 F.3d 424, 431·32 (1st Cir.).

27.  I state in this declaration as I am not a lawyer but

13

only a Pro Se that Defendant(s) and their Attorney(s) have failed to carry the burden of proof, by producing evidence of legitimate, nondiscriminatory reason for its action and therefore summary judgment must not be allowed and full course to trial by Jury is required accordingly the 7th amendment of the Constitution of the United States of America.

28    I state in this declaration that Defendant **CARL WIESE** an **AREA VICE PRESIDENT U.S SALES OF CISCO** file his declaration by lying in it that his not **AREA VICE PRESIDENT U.S SALES OF CISCO** and that his **Area Vice president for Advance Technology of Cisco** and filed this misleading and lying statement and declared it  pursuant to 28 U. S. C. § 1746,  docketed before this court Docket.# 68, also attached herein as **Exhibit 6** for the convenience of the Court to review, Defendant Carl Wiese declared under the pains and penalties of perjury, pursuant to *28 U.S.C §* *1746*, the following:

_____    .

" I CARL WIESE, declare under the pains and penalties of perjury, pursuant to *28 U.S.C. § 1746*, the following:

1.    I am the **Area Vice president for Advance Technology** with Cisco Systems, Inc. ("Cisco").  I have worked at Cisco at its Edison, New Jersey facility since August 27, 2002.

2.    I submit this declaration in support of the Motion for Summary Judgment of myself, John Chambers and

14

> Anthony Savastano in connection with the captioned
> matter . . . .

5.    Although I knew Mr. Bayad when we both worked at
      lucent in 1997, I did not interact in any way with
      Mr. Bayad during the period of his employment with
      Cisco or at any time thereafter." **(CARL WIESE QUOTE)**

.                                                          .

29    state in this declaration that  the Record of

Cisco Directory provided by Cisco Systems and submitted and

filed with the Court with the complaint on May 16, 2004,

docketed (**Dkt.1 Exhibit R**) and attached herein as **Exhibit 7**

for the convenience of the Court to Review,  contradicting

his Declaration and evidencing of his real Title with Cisco

is **"Area Vice president   U.S Sales of Cisco"** and

absolutely not an **"Area Vice President for Advance**

**Technology"** as was provided by his Attorney Bruce Falby.

30.    I state in this declaration that **that Dkt.1**

**Exhibit(s) R,** has the complete Defendant(s)' Cisco personal

information in support of the perjury and falsification of

declaration in the above caption matter in Chambers et, al. and

the Cisco directory that is used by Cisco to identify its

employees. **Exhibit 8** is the copies for such Cisco Directory of

Defendants Anthony Savastano, Carl Wiese, John Chambers, Bob

Tracy, Lynn Fraser, Brian Low, Jerremy Nooman and my self

Anthony Bayad.

31.    I state in this declaration that attorneys have

Once destroy evidence in this proceeding and the **UNITED STATES JUSTICE DEPARTMENT** WAS NOTIFIED, WHEN [t]hey were caught sending internal correspondence of e-mail(s) to destroy evidence in this litigation of an Exhibits ( AVAYA DOCUMENT) was attached to the My complaint Dkt1. that was filed once before of proof that Defendant was in constant communication from Lucent with his friend at Cisco, Mr. Dale Ronowski SE Manger of Sales, and Defendant Anthony Savastano and others and were given them trade secret while waiting to be hired by Cisco. Attached is Exhibit 9 of the official letter of complaint to the United States Justice Department; and They were quoted from their Cisco Correspondence ( obstructing Justice) as follow:

._____.

" . . .to ensure that Cisco employees meet our company' high ethical standards and act in accordance with the law, do not forward this document. Please destroy any hard copies of this document, including any soft copies stored on your computer's hard drive or in you email box . . ."

._____.

Thereafter the United States Justice department and the Court were notified, The LAW FIRM DLA PIPER RUDNICK ISSUED A PUBLICE STATEMENTS OR PAPERS TITLED AS FOLLOW: **Attached**

**Exibit 9 hereto**

"*************        PIPER RUDNICK *********************

16

Labor and Employment Law Alert
Preserving, protecting and Producing Electronic Data

.   _____   .

and now they are doing the same illegal conduct with the
CISCO-NO-HIRE-LIST, THE DISCOVERY, AND LYING TO THE
MAGISTRATE JUDGE AND INFLUENCING HER TO TAKE ME DOWN AND
DESTROY ME. DEFENDANT(S) AND THEIR ATTORNEYS(S) ARE LOST IN
THIS LITTIGATION AND I AM NOT  GOING ANYWHERE UNTILE
JUSTICE PREVAIL AND IT WILL PREVAIL BECAUSE I INTRODUCE
CONCRETE EVIDENCE AND DEFENDANT(S) AND THEIR ATTORNEY(S)
PROVIDE OPINIONS WITH FORMALITIES IN THE FORGOING ABOVE
CAPTION MATTER.

32.  I state in this declaration as I am not a lawyer
but only a Pro Se that when evidence that a lawyer such as
falby  knows to be false and is provided by his Defendant
such Carl Wiese , "Mr.Flaby" [t]he Lawyer  must refuse to
offer any false declaration(s) or false statement(s)
regardless of Cisco Client(s) and this include Paula Hughes
or Defendant Carl Wiese 's wishes. ( please see the
Massachusetts Professional Ethics guidelines).

33.   I state in this declaration as I am not a
lawyer but only a Pro Se that my understanding of
misrepresentation fact, and lying in declaration , and
committing perjury define as follow :

17

(1)    Perjury is the "willful and corrupt taking of a false oath in regard to a material matter in a judicial proceeding". It is sometimes called "lying under oath"; that is, deliberately telling a lie in a courtroom proceeding after having taken an oath to tell the truth. It is important that the false statement be material to the case at hand—that it could affect the outcome of the case.

(2)    **in any declaration**, certificate, verification, or statement under penalty of perjury as permitted under section **1746 of title 28, United States Code**, willfully subscribes as true any material matter which he or she does not believe to be true; is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.

34.    I am unemployed and living under the poverty line set forth by the guidelines of Massachusetts, and because of these Defendants Carl Wiese I am not married nor I have children, For me and my parent Children are the most important in our lives more than any fortune in the world and family is my priority and the reason for these are these defendant whom are not letting me alone and letting me to work for I can support my family of my own that I don't have and build a family of my own that I cannot

18

support even I am very educated and an expert in the field
of Telecommunication of the era for High tech technology.

35.  I pray to the honorable Court or to any human being
presiding in above caption matter to examine and conclude that I
Plaintiff Pro Se, proved my PRIMA FACIE AND THE BURDEN PF PRO)F'
fall on the defendant(s), [t]hey failed to carry the burden of
proof, by producing evidence of legitimate, nondiscriminatory
reason for its action and therefore summary judgment must not be
allowed and full course to trial by Jury is required according.ly
the **7ᵗʰ amendment of the Constitution of the United States of
America**.

```
                          ANTHONY BAYAD
                          2 MAGOUN AVENUE
                          MEDFORD, MA 02155
                          TEL: (781 704-8982
                          ANTHONY BAYAD
```

CERTIFICATE OF SERVICE


It is hereby Certify that a true and correct copy
Plaintiff Pro Se ' Declaration of Notice of perjury
and motion for jury trial demanded, was furnished
via U.S mail to : Mr. Bruce E. Falby, BBO # 544143,
DLA Piper Rudnick Gray Carry, One International
Place, Boston MA 02110, this . 2 7 . day of
September 2005


                              ANTHONY BAYAD
                              2 MAGOUN AVENUE
                              MEDFORD, MA 02155
                              TEL: (781 704-8982

                              ANTHONY BAYAD

20