IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 OCT 19 P 1:18

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ANTHONY BAYAD, ) | |
| ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| ) | |
| ) | CASE NO. 04-cv-10468-PBS |
| ) | |
| JOHN CHAMBERS, PATRICIA ) | |
| RUSSO, ANTHONY ) | |
| SAVASTANO and CARL ) | |
| WIESE, ) | |
| Defendants, ) | |
| | HONORABLE DISTRICT JUDGE PATTI B. SARIS |

-- **MOTION -- "RESPECTFULLY DEMANDING"   THE AFFIDAVIT** OF THE AFFIANT AND WITNESS MR. AMADO NAVAS  TO BE REVIEWED &   ADMITTED AS ADMISSIBLE AS  IT IS SWORN TO BEFORE  NOTARY PUBLIC IN COMPLIANCE WITH  FEDERAL RULES OF CIVIL PROCEDURE  **RULE  6(B)**  SAID BY SUCH  RULE 6(B)    AND    **28 U.S.C § 1746**

&

--**NOTICE**--: THE  MAGISTRATE  JUDGE  MARIANNE  B. BOWLER REJECTED SUCH AFFIANT  OF SPAINISH RACE -MR. AMADO NAVAS'   **SWORN  UNDER OATH** AFFIDAVIT IN SUPPORT OF PRO SE CROSS -MOTION AND HIS SUPPORT OF HIS CLAIM

**MATTERS TO BE CONSIDERED**

The United Stated Magistrate Judge Bowler should reconsider   her report and recommendations as it contains discrepancies and misstates the facts,  must be " **cautious**"

1

with **Civil Rights** and **discrimination cases**, since sometimes in the absence of direct evidence of discrimination, motivation and intent must often be decided though the use " **circumstantial evidence**" which can raise conflict inference, a task peculiarly within the province of " **the Jury**". Wherein Plaintiff Pro Se can present (as he has done herein) his Prima Facie case of discrimination by (1) showing direct proof of discrimination and direct evidence is evidence sufficient to prove discrimination without inference or presumption and was done/proven in this case and absent of any discovery or deposition(s), (2) satisfying the scheme of "circumstantial" evidence of discrimination established by <u>Mc Donnell Douglas Corp v. Green</u>, 411 **U.S.** 792 (1973) and such theory was adopted by the <u>Magistrate Judge Bowler</u> and Pro Se Plaintiff Prevailed and established his Prima Facie absent of Discovery or deposition(s), and (3) demonstrating, though history, pattern, or statistic of discrimination . <u>Cruz-Ramos v. Puerto Rico Sun Oil Co.</u>, 202 F.3d 381, 385 (1st Cir.2000). Furthermore Motion for dismissal made by one defendant was not motion by which all defendants were controlled. <u>Tiernan v. Westext Transport, Inc.</u>, D.C.R.I. 1969, 295 F. Supp. 1256.

Therefore 28 U.S.C. § (Federal Question) **U.S.** District Court shall have origin jurisdiction of all " Civil Actions" arising under the United Stated Constitutions, Law, or Treaties of the United States as amended **Oct. 21, 1976, Pub. L. 94-574 § 2, 90 Sat.2721; Dec 1, 1980, Pub. L 96-486, 94 Stat. 2369**, and in particularly when state of mind of its Minorities Citizen(s) is at stake and the **U. S** Constitution , Massachusetts Constitution, human rights and Civil Liberties are in question(s), and Magistrate Judge Bowler respectfully has clearly abused her discretion when she did not allowed Deposition(s) to be taken nor discovery to be proceeded and for not accepting or admitting sworn affidavit of

the Affiant Mr. Amado Navas, introduced with the compliance **Fed. R. Civ. P. 6(B)** and **28 U.S.C. § 1746** and knowingly <u>Discover and deposition(s) were denied</u>, matters to be considered, and in deciding whether an asserted fact is not genuinely in dispute, the Tribunal or Court shall consider stipulations, admissions, and, to the extent filed, the following: **(1)** deposition(s) ( denied by the Magistrate Judge Bowler), interrogatory answer(s) were not responded in good faith nor responded in timely matter 30 days and not 80 days as they have done even though they were instructed accordingly to the Fed. R. Civ. P. rule 36 said by said rules 36, and affidavits provided only by Pro Se ' WITNESS Mr. Amado Navas and was AVOIDED by the Magistrate Judge Bowler to the extent such evidence would be admissible if the affiant ( Witness Mr. Amado Navas) is willing to testify at trial and, with respect to an affidavit, it affirmatively shows that the affiant Mr. Amado Navas about 54 years old is competent as he is to testify to the matters stated therein; and **(2)** documentary evidence to the extent such evidence would, if authenticated and was authenticated and has shown to be an accurate copy of original documents, must be admissible at trial in the light of other evidence as the CISCO-NO-HIRE-LIST TARGETING ONLY MINORITIES AND -- <u>As The Exhibit(s) Attached Hereto That Are Already Provided And Filed Before The Honorable Court In Support Of Newly Discovered Evidence(s), The Pro Se Cross-**Motion, and His Claim.**</u>

    WHEREFORE, Plaintiff Pro Se Bayad respectfully demands the Honorable Court and the Magistrate Judge Bowler to admit the affidavit of the affiant Mr. Amado Navas that is sworn under oath before the notary public to as a witness and support for Docket #.*96* & Docket#.*103* and the reconsideration of the Magistrate Judge Bowler report and

recommendation as it contains discrepancy and misstatements of facts, and again attached are Exhibits(s) in support of Mr. Amado Navas sworn affidavit are attached hereto:

    I, ANTHONY BAYAD PLAINTIFF PRO SE INTRODUCE IN THE FORGOING ABOVE CAPTION MATTER A TUE COPIES OF EVIDENCE(S) ABSENT OF DISCOVERY OR DEPOSITION(S) OR ANY SUBPOENAS(S) OR ANY OTHER MEANS THAT HAS PREJUDICE ME IN THIS FORGOING ABOVE ACTION MATTER, declare pursuant to 28 U.S. § 1746 SEE ATTACHED DOCUMENT(S):

 

Anthony Bayad
2 MAGOUN AVENUE
MEDFORD, MA 02155
TEL: (781 704-8982

_____
Anthony Bayad

## CERTIFICATE OF SERVICE

It is hereby Certify that a true and correct copy of the Forgoing motion in the above caption matter in Chambers et, al,, was furnished via U.S mail to : Mr. Bruce E. Falby, BBO # 544143, DLA Piper Rudnick Gray Carry, One International Place, Boston MA 02110, this .19. day of October, 2005

ANTHONY BAYAD
2 MAGOUN AVENUE
MEDFORD, MA 02155
TEL: (781 704-8982

ANTHONY BAYAD