IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 OCT 19 P 1: 18

DISTRICT COURT
DISTRICT OF MASS.

ANTHONY BAYAD, )
)
)
Plaintiff, ) CIVIL ACTION
)
)
) CASE NO. 04-cv-10468-PBS
)
JOHN CHAMBERS, PATRICIA )
RUSSO, ANTHONY )
SAVASTANO and CARL )
WIESE, )
Defendants, )
HONORABLE DISTRICT JUDGE PATTI B. SARIS

PRO SE ANTHONY BAYAD ' MEMORUNDUM OF LAW IN SUPPORT OF
TRIAL JUDGE ' RULING DKT. 96 . DKT. 103 .& DKT. 105 AND
PENDING MOTION(S) AND ISSUE(S)
&

Fed.R.Civ.P 6(b)(discovery and depositions denied)

(Fed. R. Civ. P 56 (c) states summary Judgment is appropriate when the pleading, depositions, answers to interrogatories, and admission on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the Defendants Chambers et, al. the moving party is entitled to judgment as a matter of law. See Federal Rule of Civil Procedure 56 ( c).

Defendants Chambers Et, Al. seeking summary judgment absent of discovery and deposition and disobedience of Subpoenas, must make a

1

preliminary showing that no genuine issue of material facts exists and they failed. *Nat' Amusment, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st **Cir.**),cert. denied, 515 **U.S** 1103 (1995), and how they can make such preliminary when they introduced only formality and opinions with absentee of discovery and stick a Summary Judgment Motion, a conversion of Motion to dismiss under **rule 12** once before introduced that did not survive. Hence once Defendants Chambers et, al. has made such showing, Pro Se Bayad the nonmovant did point to specific facts demonstrating that there is, indeed a trial worthy issue. Such an issue is genuine if a reasonable Jury could return a verdict for Pro Se Bayad the nonmoving party. *Anderson v. Liberty Lobby Inc*. 477 **U.S.** 242, 248, 106 S.C.t 2505, 2510, 91 L.E.d. 2d 202 (1986). Such fact(s) of Pro Bayad is material and has the potential to affect the outcome of the suit under the applicable law. *Santiago-Ramos v. Cential P.R. Wireless Corp*. 217 F. 3d 46, 52 (1st **Cir.2000)**, and such genuine issue is one as it is supported by evidence that a " reasonable Jury" drawing favorable inferences' could resolve it in favor of the Pro Bayad the nonmoving party. *Triangle CO., Inc. v. Robroy Indus*. 200 F.3d 1, 2, (1st Cir.1999), **quoting** *Smith v. F.W Morse & Co*. 76 F.3d 413, 428 (1st Cir. 1996). Defendants Chambers et., al summary judgment is not appropriate because there was no discovery or depositions or sworn affidavit from witnesses and such motion of theirs become inappropriate and only appropriate if they have

2

allowed adequate time for discovery and depositions and by prematurely doing so they designed their well calculated own trap, purposely against the law and prejudiced Pro Se Bayad the nonmoving party who did establish an essential on which it bears the burden of proof. <u>Celotex Corp v. Catrett</u>, 477 **U.S**. 317, 322 323, 106 S.Ct. 2548, 2552-53, 91 L.E.d 265 (1986). In such situation herein, there are genuine issues as to any material facts to be decided by Jury, since complete proof of concerning essential element(s) of the Pro Se Bayad the NonMoving party' case has rendered all fact materials, and in considering the motion, the tribunal or Court must construe the evidence and the interference drawn from the underlying facts in the light most favorable to Pro Bayad the nonmoving party opposing the motion. <u>United States v. Diebold Inc</u>. 369 **U.S** 654, 655, 82 S.Ct. 993, 994, 8 LE.d 2d 176 (1962).

**ARGUMENT OF ISSUES OF DISCOVERY AND DEPOSITIONS (denied)**

The weighting of the evidence and drawing of legitimate inference from the facts are [tier of fact] function, not the opinion of Bruce Falby and his partner in crime Robin Tarr, and Mattiew Iversen, including Chairman Sir Bob Matthias and his connection acting behind the scenes ( the Civil Rights very known act of racism among Savastano and Wiese), attorney(s) who may influence using formality the ruling on the motion for summary

judgment , and the evidence of the Pro Se Bayad the nonmovant is to be believed , and all the justifiable inference are to be drawn in his favor, nor do we suggest that **the Magistrate Judge Marianna B Bowler** should acted than with caution in **Civil Rights case** in granting summary judgment absent of **discovery and depositions**, in case where there is reason to believe that the better course of action would be to proceed to full trial according to the United States Constitution the **amendment 7th** protecting Pro Bayad and Arab American as Defendants Chambers et, al. additionally fact that was asserted by Pro Se Bayad the nonmoving party opposing the defendants summary judgment must be regarded as true when it is supported by Sworn affidavit ( R. Cir. P 6 (b)of Spanish of race and witness or Cisco-No-Hire-List or the Discriminatory Communications between Liz Bacchi and Lynn Fraser of Cisco stating that she does not recommend Pro Bayad to be Rehired meaning no Arab American must work with us and we are the better race of Cisco and rich on the American middle class' accounts ( Cisco is Publicly traded company), ( the middle class) including Pro Bayad are struggling every day to bring food to the table of their family and to afford to buy warm clothes and without medical benefit or retirement saving even though they are well educated and the reason is their race is the factor, and not like Defendants and Lynn Fraser with golden parachute and CUCCI and Prada Bags and money

4

hidden in Switzerland. *Coke   v.   General Adjustment Bureau In*. 640 F.2d 584, 595 (5th Cir. 1981)*quoting 10c Charles A. Wright and Arthur R. Miller, Federal Practices and  Procedure § 2727 at 524-30 (1973).*

## CONCLUSION

Indeed, the United States Magistrate Judge Marianna B Bowler should have been cautious with Civil Right and discrimination cases, since the absence of direct evidence of discrimination, motive and intend must be often be decided though the use of " Circumstantial evidence" which can raise conflict of inference, a task peculiarly within the province of the Jury. Nevertheless, Despite matter of the case, summary judgment allows the just inexpensive resolution of controversies, where based upon the substantive law and the evidence, a reasonable jury could not find a verdict for the Nonmoving Party. Hence direct evidence is evidence sufficient to prove discrimination without inference or presumption and in light of the forgoing restriction absent of discovery and deposition, Pro Se the nonmoving has managed to produce by preponderance of evidence and established Prima Facie of his accumulative of facts set forth  in his **complaint Docketed No.1.**

Anthony Bayad
2 MAGOUN AVENUE
MEDFORD, MA 02155
TEL: (781) 704-8982

Anthony Bayad

## CERTIFICATE OF SERVICE

It is hereby Certify that a true and correct copy of the Forgoing Memorandum of in the above caption matter in Chambers et, al,, was furnished via U.S mail to : Mr. Bruce E. Falby, BBO # 544143, DLA Piper Rudnick Gray Carry, One International Place, Boston MA 02110, this .14. day of October, 2005

ANTHONY BAYAD
2 MAGOUN AVENUE
MEDFORD, MA 02155
TEL: (781 704-8982

_____
ANTHONY BAYAD