BACK TO HOME PAGE



## Preserving, Protecting and Producing Electronic Data

On July 20, 2004, a federal district court in New York issued a lengthy and detailed opinion sanctioning UBS Warburg LLC for failing to ensure that all relevant electronic information was preserved in connection with a lawsuit brought against the company by a former equities trader, Laura Zubulake, alleging gender discrimination, failure to promote, and retaliation under federal, state, and city law. Zubulake v. UBS Warburg LLC, No. 02 Civ. 1243 (SA), 2004 WL 120866 (S.D.N.Y. July 20, 2004). In an opinion likely to serve as a landmark case in the area of preserving, protecting, and producing electronic information, the court established useful guidelines for all companies who wish to avoid the imposition of discovery sanctions for spoliation and the likelihood of an adverse inference instruction being given at any subsequent trial. A court's adverse inference instruction authorizes the jury to infer that the destroyed evidence would have been favorable to plaintiff and harmful to the defendant – a difficult, if not impossible, hurdle for a defendant to overcome.

### Background

As early as April 2001, UBS was on notice of anticipated litigation by Ms. Zubulake, although she did not file her initial charge of gender discrimination with the EEOC until August 16, 2001. Immediately after the EEOC charge was filed, in-house lawyers for UBS issued oral instructions to employees not to destroy or delete potentially relevant documents and to segregate relevant materials into separate files. The instructions, however, did not address "backup tapes" maintained by UBS's information technology personnel. UBS's outside counsel met with a number of "key employees" and reminded them to preserve relevant documents, including e-mails. In-house counsel then put outside counsel's instructions in writing. In August 2002, after Ms. Zubulake, in discovery, requested e-mails stored on back-up takes, UBS's outside counsel instructed UBS information technology personnel to stop recycling backup tapes.

Ms. Zubulake claimed relevant e-mails had been deleted from UBS's active servers and only existed on backup tapes. Discovery disputes ensued, resulting in the court sanctioning UBS and rendering four separate opinions in the tortuous history leading to this most recent opinion. During re-depositions, the plaintiff learned that additional e-mails preserved on UBS's active servers were never produced. It was then discovered that some UBS employees had deleted relevant e-mails, some of which were ultimately produced after recovery from backup tapes and some of which were lost. Ms. Zubulake requested sanctions due to UBS discovery abuses as well as an adverse inference instruction from the court at trial. The court, in imposing the sanctions and

granting Ms. Zubulake's request for an adverse inference instruction at any subsequent trial, found a "failure to communicate" between counsel and client and set the bar high for preserving, protecting, and producing electronically stored information.

**Significance**

- "Spoliation" is not only the destruction or significant alteration of evidence, but constitutes the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation;
- Employers can run afoul of the guidelines set forth in this opinion for preserving, protecting, and producing electronically stored information even in the absence of any intentional efforts to destroy relevant information;
- Employers' carelessness or lack of planning can lead them to run afoul of the requirements to preserve, protect, and produce electronically stored information;
- The importance of discovery obligations should be clearly communicated to clients;
- "Litigation holds" on all relevant information, particularly electronically stored information, should be instituted whenever litigation is reasonably anticipated;
- "Litigation holds" should be updated and reissued so new employees are aware of their obligations to preserve relevant information, particularly electronically stored information;
- Compliance with "litigation holds" should be overseen by in-house and outside counsel;
- Clients' efforts to retain and produce relevant documents should be affirmatively monitored;
- Affirmative steps should be taken to ensure that all sources of discoverable information are identified and searched;
- Counsel should familiarize themselves with clients' documents retention policies and procedures;
- Counsel should gain an understanding of clients' "recycling policies" by speaking with the clients' technology personnel;
- Similarly, counsel should ask "key players" involved in the litigation to explain how information is stored;
- "Key players" should be unambiguously reminded of their ongoing obligation to preserve relevant information;
- All employees should be instructed to produce copies of all relevant active files;
- All backup files containing electronically stored information should be maintained and stored in a safe place;
- Counsel should take physical possession of backup tapes when a small number is involved, or segregate the tapes and place them in storage if a large number is involved; and
- Failure to comply with the guidelines set forth in Zubulake v. UBS Warburg LLC may result in the imposition of sanctions.

---

For more information, please contact Roxane Sokolove Marenberg, 202.861.3419, Dov Grunschlag, 415.659.7003, or Adrianne Mazura, 312.368.2172 in the Labor and Employment practice group at Piper Rudnick LLP.

[PRINTER FRIENDLY VERSION]