UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTHONY BAYAD, | ) | |
|  | ) | |
| *Plaintiff,* | ) | |
|  | ) | |
| v. | ) | |
|  | ) | CIVIL ACTION NO. 04-10468-PBS |
| JOHN CHAMBERS, PATRICIA RUSSO, ANTHONY SAVASTANO, and CARL WIESE, | ) | |
|  | ) | |
| *Defendants.* | ) | |

**DEFENDANTS JOHN CHAMBERS, ANTHONY SAVASTANO, AND CARL WIESE'S OPPOSITION TO PLAINTIFF'S NOTICE OF RACIALLY MOTIVATED AUDIO (DOCKET #113)**

Defendants John Chambers, Anthony Savastano, and Carl Wiese[1] (the "defendants") oppose plaintiff Anthony Bayad's ("Bayad's") "Notice of Racially Motivated Audio Cisco E-Mail Targeting the Minority Arab American Race As Pro Se Bayad & Filed Docketed # 76 -- Was Ignored By the Magistrate Judge Marrianna [sic] B. Bowler and -- Motion to Admit Such Disgraceful -- Humiliating -- Racially Motivated Audio As Admissible Direct Evidence in Support to Motion of Trial By Jury Accordingly to the 7 Amendment of the U.S. Constitution" (the "Motion"), Docket Entry #113. The Motion resubmits documents that this Court has already considered, and, consequently, should be denied.

---

[1] This Court dismissed all of the claims against the remaining named defendant, Patricia Russo, on October 25, 2004. See Memorandum and Order, Docket Entry #44 at 10.

~BOST1:396291.v1
26573-15

## BACKGROUND

Bayad initiated this employment discrimination action in March 2004. The complaint alleged, under a variety of theories, that the defendants discriminated against Bayad both before and after Cisco Systems, Inc. ("Cisco") terminated his employment in May 2001. Docket Entry #1. In October 2004, the Court dismissed most of Bayad's claims. Memorandum and Order, Docket Entry #44. In February of 2005, the defendants moved for summary judgment on the claims that survived. Motion for Summary Judgment by John Chambers, Anthony Savastano, and Carl Wiese (the "Summary Judgment Motion"), Docket Entry #65. This Court issued a Report and Recommendation (the "Recommendation"), Docket Entry #88, in May 2005 which concluded that summary judgment should enter in favor of the defendants on all the remaining claims. Id. at 24. In September 2005, Judge Patti B. Saris accepted the Recommendation. Docket Entry #96. On October 28, 2005, Bayad filed the Motion. On November 3, 2005, Judge Saris referred the Motion to this Court. Docket Entry #115.

## ARGUMENT

The Motion requests the Court to "admit" several documents that Bayad claims entitle him to a jury trial. Id. at 6-7. Bayad is wrong. The documents are not new: Exhibit A of the Motion corresponds to Exhibit 25 of Docket Entry #76; Exhibit B corresponds to Exhibit 6 of Docket Entry #76; Exhibit C corresponds to Exhibit 26 of Docket Entry #76; and Exhibit D corresponds to portions of Exhibit 5 of Docket Entry #76. This Court initially refused to consider these documents because they were "unsupported through affidavits or other forms of properly documented evidence" and thus failed to conform to the requirements of Fed. R. Civ. P. 56(e). Recommendation at

10. The Motion does not correct this deficiency; the documents are still unsupported by either affidavit or an equivalent form of documentation. The Court should not reconsider the Recommendation simply because Bayad has submitted the same inadmissible documents a second time.

## CONCLUSION

For the foregoing reasons the defendants request that the Court deny the Motion.

Respectfully submitted,

DEFENDANTS JOHN CHAMBERS,
ANTHONY SAVASTANO, and
CARL WIESE

By their attorneys,

/s/ Matthew Iverson
_____
Matthew Iverson, BBO #653880
Bruce E. Falby, BBO #544143
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA  02110-2613
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated: November 14, 2005