UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, <br><br> *Plaintiff*, <br><br> v. <br><br> JOHN CHAMBERS, PATRICIA RUSSO, ANTHONY SAVASTANO, and CARL WIESE, <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 04-10468-PBS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS JOHN CHAMBERS, ANTHONY SAVASTANO,
AND CARL WIESE'S OPPOSITION TO PLAINTIFF'S NOTICE OF
OBSTRUCTION OF JUSTICE AND
MOTION IN SUPPORT OF TRIAL BY JURY (DOCKET #114)**

Defendants John Chambers, Anthony Savastano, and Carl Wiese[1] (the "defendants") oppose plaintiff Anthony Bayad's ("Bayad's") "Notice of Obstruction of Justice as Perjury Committed Discovery/Deposition(s) Denied & - Intentionally Disobeying the United States District clerk Summoned "Signed/Seal Subpoena" to Evade the Legal Duty as Production of Document(s) & Deposition(s) Evaded -and -- Motion in Support to Motion of Trial By Jury Accordingly to the 7 Amendment of the U.S. Constitution" (the "Motion"), Docket Entry #114. The Motion maintains that Bayad is entitled to a jury trial because the defendants and their attorneys have engaged in a variety of alleged misconduct. There has been no misconduct and the Court should deny the Motion.

---

[1] This Court dismissed all of the claims against the remaining named defendant, Patricia Russo, on October 25, 2004. See Memorandum and Order, Docket Entry #44 at 10.

~BOST1:396298.v1
26573-15

## BACKGROUND

Bayad initiated this employment discrimination action in March 2004. The complaint alleged, under a variety of theories, that the defendants discriminated against Bayad both before and after Cisco Systems, Inc. ("Cisco") terminated his employment in May 2001. Docket Entry #1. In October 2004, the Court dismissed most of Bayad's claims. Memorandum and Order, Docket Entry #44. In February 2005, the defendants moved for summary judgment on the claims that survived. Motion for Summary Judgment by John Chambers, Anthony Savastano, and Carl Wiese (the "Summary Judgment Motion"), Docket Entry #65. In May 2005, Magistrate Marianne Bowler ("the Magistrate") issued a Report and Recommendation (the "Recommendation"), Docket Entry #88, which concluded that summary judgment should enter in favor of the defendants on all the remaining claims. Id. at 24. In September 2005, this Court accepted the Recommendation. Docket Entry #96. On October 28, 2005, Bayad filed the Motion.

## ARGUMENT

The Motion lists a number of complaints. They are: (1) that attorneys representing the defendants ignored two subpoenas duces tecum, one directed to Cisco and the other to Avaya Inc. ("Avaya"), Motion at 1-2 & Exs. A–B; (2) that the same attorneys destroyed evidence, Motion at 3-4 and Exs. C–E; (3) that defendant Carl Wiese made false statements in his declaration, Motion at 3; and (4) that the defendants' attorneys have improperly influenced the Magistrate to disregard evidence. Motion at 6. Each accusation is spurious.

1. **The Subpoenas Were Voided or Quashed.**

The subpoenas Bayad claims were ignored were either voided by a protective order or quashed. The first subpoena (Motion Ex. A) issued to Cisco on April 5, 2004, just two weeks after the defendants waived service. This subpoena had a return date of April 19, 2004. On April 6, 2004, the defendants moved to stay discovery until after the scheduling conference. See Motion to Stay Discovery ("Motion to Stay"), Docket Entry #7. The Court granted the Motion to Stay in October 2004. See Pending Motions Order, Docket Entry #43. Bayad never reissued the subpoena, electing instead to submit document requests pursuant to Fed. R. Civ. P. 34. See Plaintiff [sic] First Request for Production of Documents to Defendants Chambers Savastano and Wiese, attached as Exhibit A to Affidavit of Bruce E. Falby ("Falby Affidavit"). The defendants provided a timely response. See Defendants John Chambers, Anthony Savastano and Carl Wiese's Responses to Plaintiff's First Request for Production of Documents, attached as Exhibit B to Falby Affidavit.

The second subpoena (Motion Ex. B) also issued in April 2004 to Avaya. Avaya moved to quash the subpoena prior to its return date and the Court granted Avaya's motion. See Motion to Quash, Docket Entry #10; Pending Motions Order, Docket Entry #43.

2. **No One Destroyed Evidence.**

Bayad's allegation that the defendants' attorneys conspired to destroy evidence is substantively identical to one made in a prior pleading. Compare Motion at 3-4 and Exs. C–E with Notice of Perjury and Motion for Jury Trial Demanded ("Notice of Perjury"), Docket Entry #97, at 8 and Ex. D. The defendants have already addressed this

3

claim in their Response to Plaintiff's Notice of Perjury and Motion for Jury Trial ("Defendants' Prior Response"), Docket Entry #106, attached as Exhibit C to the Falby Affidavit, which the defendants hereby incorporate as their reply. As explained at page 6 of Defendants' Prior Response, the documents that Bayad claims evidence a conspiracy discuss the accidental circulation of a memorandum that has no connection to this case.

### 3. Carl Wiese Did Not Make A False Statement.

Bayad once again accuses Mr. Wiese of misstating his job title in his declaration. Compare Motion at 3 with Notice of Perjury at 2-3. The accusation is baseless; Mr. Wiese's description of his job title was substantively correct. See Defendants' Prior Response at pages 3-4.

### 4. The Defendants Did Not Improperly Influence the Magistrate.

This allegation scarcely warrants a reply, but, to the extent one is necessary, the defendants deny any improper influence and state that the Recommendation itself stands as evidence that the Magistrate correctly analyzed both the undisputed facts and the applicable law.

## CONCLUSION

For the foregoing reasons the defendants request that the Court take no action in response to the Motion.

Respectfully submitted,
DEFENDANTS JOHN CHAMBERS,
ANTHONY SAVASTANO, and
CARL WIESE
By their attorneys,

/s/ Matthew Iverson
_____
Matthew Iverson, BBO #653880
Bruce E. Falby, BBO #544143
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA  02110-2613
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated:  November 14, 2005