UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTHONY BAYAD, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO.  04-10468-PBS |
| JOHN CHAMBERS, PATRICIA RUSSO, | ) | |
| ANTHONY SAVASTANO, and | ) | |
| CARL WIESE, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## AFFIDAVIT OF BRUCE E. FALBY

I, Bruce E. Falby, affirm and state the following:

1.     My name is Bruce E. Falby.  I am a partner at the law firm of DLA Piper Rudnick Gray Cary US LLP.  I represent the defendants in the above-captioned matter. The facts set forth in this affidavit are based upon my own personal knowledge.

2.     Attached as <u>Exhibit A</u> is a true and accurate copy of Plaintiff [sic] First Request for Production of Documents to Defendants Chambers Savastano and Wiese, received by the defendants on December 15, 2004.

4.     Attached as <u>Exhibit B</u> is a true and accurate copy of Defendants John Chambers, Anthony Savastano and Carl Wiese's Responses to Plaintiff's First Request for Production of Documents.

~BOST1:396221.v1
26573-15

5.      Attached as <u>Exhibit C</u> is a true and accurate copy of Defendants John Chambers, Anthony Savastano, and Carl Wiese's Response to Plaintiff's Notice of Perjury and Motion for Jury Trial, Docket Entry #106.

Signed under the pains and penalties of perjury this 14th day of November 2005.


/s/ Bruce E. Falby
Bruce E. Falby

2

# EXHIBIT A

IN   THE   UNITED   STATES DISTRICT COURT
FOR THE   DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 DEC 13  P 1: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| ANTHONY BAYAD , | ) | |
| | ) | |
| | ) | |
| Plaintiff , | ) | CIVIL ACTION |
| | ) | |
| | ) | |
| | ) | CASE NO. 04-cv-10468-GAO |
| | ) | |
| JOHN CHAMBERS, PATRICIA | ) | |
| RUSSO, ANTHONY | ) | |
| SAVASTANO and CARL | ) | |
| WIESE, | ) | |
| Defendants , | ) | |
| | ) | |

PLAINTIFF 'FIRST   REQUEST
FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS
CHAMBERS  SAVASTANO  AND WIESE

Plaintiff, Anthony Bayad proceeding Pro Se (herein referred to as Bayad, pursuant to Rule 34,

Fed. R. Civ. P., hereby requests that Defendants produce for photocopying and inspection the

following described documents at the offices of the Counselor of Records or at the United States

District Court presiding of the forgoing above cause, within the time prescribed by said Rule.

**DEFINITIONS**

As used herein this Request for Production and in subsequent for Production, the following

definitions apply:

A.      " Document" and " documents shall include, but are not limited to, files, text, pictorial

representations or other data contained in paper materials of any kind, whether written, typed, printed,

1

punched, filmed or marked in any away; recording tape or wires; film, photographs, movies or ay graphic

matter produced;  all mechanical or electronic sound recordings or transcripts thereof; and all other storage

media such as computer hard drives, magnetic tapes, zip drive cartridges or floppy disks or diskettes in the

actual or constructive possession, custody or control of Defendants or their representative or which

Defendants or their representatives have knowledge.

     B.     The Terms " you" and "your" shall refer to Defendants (JOHN CHAMBERS,

ANTHONY, SAVASTANO , AND CARL WIESE)  and /or their agents, employees, representatives and

attorneys.

     C.     The Term " Bayad shall refer to Plaintiff ANTHONY BAYAD.

     D.     The term "person" includes a corporation, partnership, other business association or entity,

a natural person, and any government or government body, commission, board or agency.

     E.     The term " communication" or " communications" mean the act or fact of communicating,

whether by correspondence, telephone, meeting or occasion of joint or mutual presence, as well as the

transfer of any document form one person to  another.

     F.     The term " transaction" and " transactions" mean all matters described or referred to in the

complaint.

## REQUEST FOR PRODUCTION

1.     Copies of all documents that you intend to offer into evidence at the trial of this matter.

2. .     Copies of all documents identified in your answers to the interrogatories and admissions served

simultaneously herewith.

3.     Copies of all documents between you and Bayad including specifically, but not necessarily limited

to, all correspondence, memoranda, letters, E-mail messages, contracts or agreements.

4..     Copies of all documents between you and Lynn Fraser including specifically, but not necessarily

limited to, all correspondence, memoranda, letters, E-mail messages, contracts or agreements.

5.     Copies of all documents between you and Kate Dcamp including specifically, but not necessarily limited to, all correspondence, memoranda, letters, E-mail messages, contracts or agreements.

6.     Copies of all documents between you and Celia Harper (Cisco Director of Human Resources) including specifically, but not necessarily limited to, all correspondence, memoranda, letters, E-mail messages, contracts or agreements.

7.     Copies of all documents between you (Chambers/Savastano/Wiese) including specifically, but not necessarily limited to, all correspondence, memoranda, letters, E-mail messages, contracts or agreements.

8.     Copies of all documents between Bayad and Rick Justice (at your possession) including specifically, but not necessarily limited to, all correspondence, memoranda, letters, E-mail messages, contracts or agreements.

9.     Copies of all document between you and third parities, excluding your attorneys, regarding Bayad 'alleged his termination of employment and /or defamatory conduct and/or statements made against him including specifically, but not necessarily limited to, all correspondence, charges, complaints, memorandum, opinions, orders and notices.

10.     Copies of all documents or records of the Payment made Bayad to Cisco or to You for the taking of Cisco Certify Internetworking Exams ( CCIE), the Written Exams and the Labs.

11.     Copies of all document or records pertaining the Cisco Certification Internetworking Expert ' decision taking on behalf of Bayad by you or Cisco.

12.     Copies of your personal tax returns for the past 4 years, *i. e. 2001 2004*.

13.     Copies of all recordings, including video and audio tapes, of phone calls, discussions, or other communication between you and any of the Plaintiff Bayad and any other past or present Cisco, Avaya,

Lucent employees.

14. Copies of all documents relating in any way to your salary, raises , bonuses, and other compensation while employed with Cisco.

15. Copies of all documents relating in any way to Cisco Employee Bob Tracey' salary, raises , bonuses, transfer , relocations and other compensation while employed with Cisco.

16. Copies of all written or recorded statements provided to you by third parties with respect to this action or the allegations contained in this complaint.

17. Copies of the Video Taped of the Cisco Certification Internetworking Lab set up in the Cisco Lexington , Massachusetts' office, and quantity of the equipment that constitute such a (CCIE)lab.

18. Copies of all the names published in Cisco CCIE data Base or the Numbers of Arabs/Americans, African/Americans, and Spanish with holding the Cisco Certification Internetworking Expert Level.

19. Copies of all the Names published in Cisco CCIE data Base or the Numbers of all White persons holding the title of the CCIE numbers.

20. Soft and Hard  Copies of the newly updated CISCO-NO-HIRE-LIST.

21. Copies of all Bayad ' Cisco Personnel File and Employment Records.

4

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of Plaintiff 'First set of Interrogatives

to Defendant Carl Wiese   was furnished via U.S. mail to : Bruce E. Falby, BBO #544143, PIPER

RUDNICK LLP, One International Place, Boston MA 02110, this **13**. day of December 2004

Dated:    December **13**, 2004

Respectfully yours,

ANTHONY BAYAD, PRO SE
2  Magoun  Avenue
Medford, MA 02155
Telephone (781) 704-8982

*Anthony Bayad*



RECEIVED

DEC 1  2004

BEF

5

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, ) | |
| ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.  04-10468-GAO |
| ) | |
| v. ) | |
| ) | |
| JOHN CHAMBERS, PATRICIA RUSSO, ) | |
| ANTHONY SAVASTANO, and ) | |
| CARL WIESE, ) | |
| ) | |
| Defendants. ) | |

TO:    Anthony Bayad
        2 Magoun Avenue
        Medford, MA  02155

## DEFENDANTS JOHN CHAMBERS, ANTHONY SAVASTANO AND CARL WIESE'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

As and for their responses to Plaintiff's First Request for Production of Documents, Defendants John Chambers, Anthony Savastano and Carl Wiese (collectively, the "Cisco Defendants") set forth the following:

### OBJECTIONS

The following general objections apply to and are incorporated in each individual objection to each of the Document Requests herein, whether or not expressly incorporated in such individual objection.

Cisco Defendants' objections are further made without in any way waiving, or intending to waive, but rather, to the contrary, preserving and intending to preserve Defendants' right to raise individual objections to any of the Document Requests.

## GENERAL OBJECTIONS

1.      Cisco Defendants object to the Document Requests to the extent that they seek to impose obligations on Cisco Defendants beyond those set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure.

2.      Cisco Defendants object to the Document Requests to the extent they seek privileged information, including, without limitation, information that was prepared, generated or received for or in anticipation of litigation, information that constitutes attorney work-product, the attorney-client privilege, the self-evaluation or critical analysis privilege or any other applicable privilege, rule of privacy and confidentiality, immunity, protection, or restriction that makes such information otherwise non-discoverable. Any accidental production of such material shall not be deemed a waiver of the applicable privilege or protection.

3.      Cisco Defendants object to the Document Requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome or oppressive and further object to the Interrogatories to the extent that they seek cumulative or duplicative information.

4.      Cisco Defendants object to the Document Requests to the extent that they seek information not within the possession, custody or control of Cisco Defendants or otherwise seek information which cannot practicably be ascertained by Cisco Defendants.

5.      Cisco Defendants' objections to the Document Requests are made without in any way waiving or intending to waive, but rather, preserving and intending to preserve Cisco Defendants' rights to (1) raise all questions as to competence, relevancy, materiality, privilege and admissibility as evidence for any purpose of the responses or the subject matter thereof, in any aspect of this or any litigation, action, proceeding or investigation; (2) object on any ground to the use of the responses in any aspect of this or any other litigation, action, proceeding or

investigation; (3) object at any time to this or any other set of document requests; and (4) revise or supplement these objections at any time.

6.      Cisco Defendants reserve the right to supplement or amend their responses should additional responsive materials be discovered, as provided for by Rule 26(e) of the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1

Copies of all documents that you intend to offer into evidence at the trial of this matter.

### RESPONSE TO REQUEST NO. 1

Cisco Defendants object to Request No. 1 to the extent that it seeks documents concerning Cisco Defendants' trial strategy and trial tactics, which are protected from discovery by the attorney-work product privilege.

Subject to this objection and the general objections, Cisco Defendants will produce non-privileged documents responsive to Request No. 1 to the extent they exist.

### REQUEST NO. 2

Copies of all documents identified in your answers to the interrogatories and admissions served simultaneously herewith.

### RESPONSE TO REQUEST NO. 2

There are no documents responsive to Request No. 2.

## REQUEST NO. 3

Copies of all documents between you and Bayad including specifically, but not necessarily limited to, all correspondence, memoranda, letters, E-mail messages, contracts or agreements.

## **RESPONSE TO REQUEST NO. 3**

Cisco Defendants object to Request No. 3 on the grounds that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action and that it is overbroad and unduly burdensome. Cisco Defendants also object to Request No. 3 to the extent that it seeks documents that are confidential and proprietary and/or protected by the attorney-client privilege and/or the work product doctrine.

Subject to these objections and to the general objections, Cisco Defendants will produce documents responsive to Request No. 3 to the extent that they exist and are not privileged.

## REQUEST NO. 4

Copies of all documents between you and Lynn Fraser including specifically, but not necessarily limited to, all correspondence, memoranda, letters, E-mail messages, contracts or agreements.

## **RESPONSE TO REQUEST NO. 4**

Cisco Defendants object to Request No. 4 on the grounds that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action and that it is overbroad and unduly burdensome. Cisco Defendants also object to Request No. 4 to the extent that it seeks documents that are

4

confidential and proprietary and/or protected by the attorney-client privilege and/or the work product doctrine.

Subject to these objections and to the general objections, Cisco Defendants will produce documents responsive to Request No. 4 to the extent that they are not privileged, non-confidential and relate to correspondence regarding Plaintiff.

## REQUEST NO. 5

Copies of all documents between you and Kate Dcamp including specifically, but not necessarily limited to, all correspondence, memoranda, letters, E-mail messages, contracts or agreements.

## **RESPONSE TO REQUEST NO. 5**

Cisco Defendants object to Request No. 5 on the grounds that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action and that it is overbroad and unduly burdensome. Cisco Defendants also object to Request No. 5 to the extent that it seeks documents that are confidential and proprietary and/or protected by the attorney-client privilege and/or the work product doctrine.

Subject to these objections and to the general objections, Cisco Defendants will produce documents responsive to Request No. 5 to the extent that they are not privileged, non-confidential and relate to correspondence regarding Plaintiff.

REQUEST NO. 6

Copies of all documents between you and Celia Harper (Cisco Director of Human Resources) including specifically, but not necessarily limited to, all correspondence, memoranda, letters, E-mail messages, contracts or agreements.

**RESPONSE TO REQUEST NO. 6**

Cisco Defendants object to Request No. 6 on the grounds that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action and that it is overbroad and unduly burdensome. Cisco Defendants also object to Request No. 6 to the extent that it seeks documents that are confidential and proprietary and/or protected by the attorney-client privilege and/or the work product doctrine.

Subject to these objections and to the general objections, Cisco Defendants will produce documents responsive to Request No. 6 to the extent that they are not privileged, non-confidential and relate to correspondence regarding Plaintiff.

REQUEST NO. 7

Copies of all documents between you (Chambers/Savastano/Wiese) including specifically, but not necessarily limited to, all correspondence, memoranda, letters, E-mail messages, contracts or agreements.

**RESPONSE TO REQUEST NO. 7**

Cisco Defendants object to Request No. 7 on the grounds that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action and that it is overbroad and unduly burdensome. Cisco Defendants also object to Request No. 7 to the extent that it seeks documents that are

confidential and proprietary and/or protected by the attorney-client privilege and/or the work product doctrine.

Subject to these objections and to the general objections, Cisco Defendants will produce documents responsive to Request No. 7 to the extent that they are not privileged, non-confidential and relate to correspondence regarding Plaintiff.

## REQUEST NO. 8

Copies of all documents between Bayad and Rick Justice (at your possession) including specifically, but not necessarily limited to, all correspondence, memoranda, letters, E-mail messages, contracts or agreements.

## RESPONSE TO REQUEST NO. 8

Cisco Defendants object to Request No. 8 on the grounds that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action and that it is overbroad and unduly burdensome. Cisco Defendants also object to Request No. 8 to the extent that it seeks documents that are confidential and proprietary and/or protected by the attorney-client privilege and/or the work product doctrine.

Subject to these objections and to the general objections, Cisco Defendants will produce documents responsive to Request No. 8 to the extent that they are not privileged, non-confidential and relate to correspondence regarding Plaintiff.

## REQUEST NO. 9

Copies of all document between you and third parities, excluding your attorneys, regarding Bayad 'alleged his termination of employment and /or defamatory conduct and/or

7

statements made against him including specifically, but not necessarily limited to, all correspondence, charges, complaints, memorandum, opinions, orders and notices.

## RESPONSE TO REQUEST NO. 9

Cisco Defendants object to Request No. 9 on the grounds that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action and that it is overbroad and unduly burdensome. Cisco Defendants also object to Request No. 9 to the extent that it seeks documents that are confidential and proprietary and/or protected by the attorney-client privilege and/or the work product doctrine.

Subject to these objections and to the general objections, Cisco Defendants will produce documents responsive to Request No. 9 to the extent that they exist and are not privileged.

## REQUEST NO. 10

Copies of all documents or records of the Payment made Bayad to Cisco or to You for the taking of Cisco Certify Internetworking Exams ( CCIE), the Written Exams and the Labs.

## RESPONSE TO REQUEST NO. 10

Cisco Defendants object to Request No. 10 on the grounds that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action and that it is overbroad and unduly burdensome. Cisco Defendants also object to Request No. 10 to the extent that it seeks documents that are confidential and proprietary and/or protected by the attorney-client privilege and/or the work product doctrine.

Subject to these objections and to the general objections, Cisco Defendants will produce documents responsive to Request No. 10 to the extent that they exist.

## REQUEST NO. 11

Copies of all document or records pertaining the Cisco Certification Internetworking Expert ` decision taking on behalf of Bayad by you or Cisco.

### RESPONSE TO REQUEST NO. 11

Cisco Defendants object to Request No. 11 on the grounds that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action and that it is overbroad and unduly burdensome. Cisco Defendants also object to Request No. 11 to the extent that it seeks documents that are confidential and proprietary and/or protected by the attorney-client privilege and/or the work product doctrine.

Subject to these objections and to the general objections, Cisco Defendants will produce documents responsive to Request No. 11 to the extent the request seeks documents regarding eligibility to take the CCIE exam, and to the extent that such documents exist.

## REQUEST NO. 12

Copies of your personal tax returns for the past 4 years, *i. e. 2001 2004.*

### RESPONSE TO REQUEST NO. 12

Cisco Defendants object to Request No. 12 on the grounds that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action and that it is overbroad and unduly burdensome.  Cisco

Defendants also object to Request No. 12 to the extent that it seeks documents that are confidential and proprietary.

<u>REQUEST NO. 13</u>

Copies of all recordings, including video and audio tapes, of phone calls, discussions, or other communication between you and any of the Plaintiff Bayad and any other past or present Cisco, Avaya, Lucent employees.

**<u>RESPONSE TO REQUEST NO. 13</u>**

Cisco Defendants object to Request No. 13 on the grounds that it calls for the production of recordings that are neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action and that it is overbroad and unduly burdensome. Cisco Defendants also object to Request No. 13 to the extent that it seeks recordings that are confidential and proprietary and/or protected by the attorney-client privilege and/or the work product doctrine.

Subject to these objections and the general objections, Cisco Defendants will produce documents responsive to Request No. 13 to the extent that they exist and are not privileged.

<u>REQUEST NO. 14</u>

Copies of all documents relating in any way to your salary, raises , bonuses, and other compensation while employed with Cisco.

**<u>RESPONSE TO REQUEST NO. 14</u>**

Cisco Defendants object to Request No. 14 on the grounds that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action and that it is overbroad and unduly burdensome. Defendants

also object to Request No. 14 to the extent that it seeks documents that are confidential and proprietary and/or protected by the attorney-client privilege and/or the work product doctrine.

<u>REQUEST NO. 15</u>

Copies of all documents relating in any way to Cisco Employee Bob Tracey' salary, raises , bonuses, transfer , relocations and other compensation while employed with Cisco.

**<u>RESPONSE TO REQUEST NO. 15</u>**

Cisco Defendants object to Request No. 15 on the grounds that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action and that it is overbroad and unduly burdensome. Cisco Defendants also object to Request No. 15 to the extent that it seeks documents that are confidential and proprietary and/or protected by the attorney-client privilege and/or the work product doctrine.

<u>REQUEST NO. 16</u>

Copies of all written or recorded statements provided to you by third parties with respect to this action or the allegations contained in this complaint.

**<u>RESPONSE TO REQUEST NO. 16</u>**

Cisco Defendants object to Request No. 16 on the grounds that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action and that it is overbroad and unduly burdensome. Cisco Defendants also object to Request No. 16 to the extent that it seeks documents that are confidential and proprietary and/or protected by the attorney-client privilege and/or the work product doctrine.

11

Subject to these objections and to the general objections, Cisco Defendants will produce

documents responsive to Request No. 16 to the extent that they exist and are not privileged.

REQUEST NO. 17

Copies of the Video Taped of the Cisco Certification Internetworking Lab set up in the
Cisco Lexington , Massachusetts' office, and quantity of the equipment that constitute such a
(CCIE)lab.

**RESPONSE TO REQUEST NO. 17**

Cisco Defendants object to Request No. 17 on the grounds that it calls for the production

of items that are neither relevant nor reasonably calculated to lead to the discovery of evidence

admissible in this action and that it is overbroad and unduly burdensome. Cisco Defendants also

object to Request No. 17 to the extent that it seeks items that are confidential and proprietary

and/or protected by the attorney-client privilege and/or the work product doctrine.

REQUEST NO. 18

Copies of all the names published in Cisco CCIE data Base or the Numbers of
Arabs/Americans, African/Americans, and Spanish with holding the Cisco Certification
Internetworking Expert Level.

**RESPONSE TO REQUEST NO. 18**

Cisco Defendants object to Request No. 18 on the grounds that it calls for the production

of documents that are neither relevant nor reasonably calculated to lead to the discovery of

evidence admissible in this action and that it is overbroad and unduly burdensome to the extent

that it unnecessarily violate the privacy of Cisco employees. Cisco Defendants also object to

Request No. 18 to the extent that it seeks documents that are confidential and proprietary and/or

protected by the attorney-client privilege and/or the work product doctrine.

12

<u>REQUEST NO. 19</u>

Copies of all the Names published in Cisco CCIE data Base or the Numbers of all White persons holding the title of the CCIE numbers.

**<u>RESPONSE TO REQUEST NO. 19</u>**

Cisco Defendants object to Request No. 19 on the grounds that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of evidence admissible in this action and that it is overbroad and unduly burdensome to the extent that it unnecessarily violate the privacy of Cisco employees. Cisco Defendants also object to Request No. 19 to the extent that it seeks documents that are confidential and proprietary and/or protected by the attorney-client privilege and/or the work product doctrine.

<u>REQUEST NO. 20</u>

Soft and Hard Copies of the newly updated CISCO-NO-HIRE-LIST.

**<u>RESPONSE TO REQUEST NO. 20</u>**

No such list exists.

<u>REQUEST NO. 21</u>

"Copies of all Bayad ` Cisco Personnel File and Employment Records.

**<u>RESPONSE TO REQUEST NO. 21</u>**

Subject to the general objections, Cisco Defendants will produce documents responsive to Request No. 21.

Dated: January 21, 2005

Respectfully submitted,

Bruce E. Falby, BBO #544143
DLA PIPER RUDNICK GRAY
CARY US LLP
One International Place
Boston, MA 02110
Phone: (617) 406-6000
Fax:    (617) 406-6100

Robin C. Tarr, RT #8166
DLA PIPER RUDNICK GRAY
CARY US LLP
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 835-6154
Fax:    (212) 835-6001

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD,<br><br>*Plaintiff,*<br><br>v.<br><br>JOHN CHAMBERS, PATRICIA RUSSO,<br>ANTHONY SAVASTANO, and<br>CARL WIESE,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.  04-10468-PBS<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS JOHN CHAMBERS, ANTHONY SAVASTANO,
AND CARL WIESE'S RESPONSE TO PLAINTIFF'S
NOTICE OF PERJURY AND MOTION FOR JURY TRIAL**

Defendants John Chambers, Anthony Savastano, and Carl Wiese[1] (the "defendants")

oppose the "Notice of Perjury and Motion for Jury Trial Demanded the 7th Amendment of the

U.S. Constitution" (the "Motion").  Docket Entry #97.  The Motion requests this Court to either

set this matter for trial or grant summary judgment for plaintiff Anthony Bayad ("Bayad")

because of what Bayad maintains are discrepancies in certain affidavits submitted in support of

the Defendants' Motion for Summary Judgment, Docket Entry #65.  Motion at 19.  The

defendants interpret the Motion as a request for the Court to reconsider its Report and

Recommendation RE:  Defendants' Motion for Summary Judgment (Docket Entry #65) and

Plaintiff's Cross Motion for Summary Judgment (Docket Entry #73) (the "Recommendation"),

---

[1]    All of the claims against the remaining named defendant, Patricia Russo, were dismissed by this Court on
October 25, 2004.  See Memorandum and Order, Docket Entry #44 at 10.

~BOST1:393534.v1
26573-15

Docket Entry #88. This Court should deny the Motion because Bayad has failed to cast doubt on the Recommendation's conclusions.

## BACKGROUND

Bayad initiated this employment discrimination action on March 8, 2004. The complaint alleged, under a variety of theories, that the defendants discriminated against Bayad both before and after his termination by Cisco Systems, Inc. ("Cisco") in May 2001. Docket Entry #1. In October 2004 the Court dismissed all of Bayad's claims but those under 42 U.S.C. § 1981 that arose after March 8, 2000, and those conspiracy claims that arose after March 8, 2001. Memorandum and Order, Docket Entry #44. In February of 2005, the defendants moved for summary judgment. Motion for Summary Judgment by John Chambers, Anthony Savastano, and Carl Wiese, Docket Entry #65. The defendants submitted a number of documents in support of their motion, including a Statement of Undisputed Facts ("Statement of Facts"), Docket Entry #67, and declarations of John Chambers ("Chambers Declaration"), Carl Wiese ("Wiese Declaration") and Paula Hughes ("Hughes Declaration"), Docket Entry #68. The Recommendation, issued in May 2005, concluded that: (1) Bayad had released all claims arising from his employment with Cisco, id. at 12-15, and (2) Bayad had produced no admissible evidence to substantiate his post-employment discrimination and conspiracy claims. Id. at 15-24. On September 15, 2005, Judge Patti B. Saris accepted the Recommendation pending an evaluation of Bayad's post-argument filings. Docket Entry #96. On September 27, 2005, Bayad filed the Motion and an accompanying "Notice of Support of Newly Discovered Evidence and Declaration in Support of Notice of Perjury and Motion for Jury Trial Demanded the 7th Amendment of the U.S. Constitution" ("Bayad Declaration"). Docket Entry #98.

2

## ARGUMENT

Bayad maintains that this Court should reconsider the Recommendation because Carl

Wiese, John Chambers, and Paula Hughes filed "false declarations." Motion at 3. He also

accuses Cisco and its attorneys of destroying evidence. Motion at 8. Bayad's accusations are

baseless and should not alter the Court's decision.[2]

### A.      Carl Wiese Did Not Commit Perjury.

Bayad accuses Mr. Wiese of misstating his job title in his declaration. Motion at 2-3.

Mr. Wiese declared his title to be "Area Vice President for Advanced Technology with Cisco

Systems, Inc." Wiese Declaration, ¶ 1. Bayad asserts that Mr. Wiese's true title is "Area Vice

president [sic] U.S [sic] Sales of Cisco." Motion at 2. As evidence, Bayad points to a web page

from Cisco's personnel directory that lists Mr. Wiese's title as "Area VP, US Sales." Motion at

3 and Ex. B.

The web page is hearsay as Cisco is not a party to this suit. Nor is the page admissible as

a business record -- it is outdated (last modified in November 2003), and Bayad provides no

foundation to establish that the title entry (an obvious abbreviation) is still, or ever was, an

accurate record of Mr. Wiese's "true" title. See Belber v. Lipson, 905 F.2d 549, 552 (1st Cir.

1990) (writing inadmissible as business record absent foundation of accuracy laid by qualified

witness).

Inadmissible hearsay cannot be used to oppose a motion for summary judgment, Fed. R.

Civ. P. 56(e), but even if it could, the title discrepancy would be irrelevant. The meaningful

portions of the Wiese declaration are Mr. Wiese's statements that he "was not aware that

---

[2]      At points in the Motion, Bayad reasserts various factual claims that were rendered moot by the
Recommendation's conclusions. The defendants address only Bayad's new allegations.

3

Mr. Bayad had worked at Cisco until after he filed this lawsuit in 2004," and that he has

"no personal knowledge concerning, and [has] had no involvement with, any decision regarding

Mr. Bayad's employment with Cisco, the termination of his employment, or Mr. Bayad's alleged

subsequent attempts to obtain re-employment with Cisco or employment elsewhere." Wiese

Declaration ¶¶ 3, 6. Nothing Bayad has said or presented casts any doubt on accuracy of these

statements.

**B.    John Chambers Did Not Commit Perjury.**

Bayad attacks as incredible John Chamber's declaration that he does not recall ever

meeting Anthony Savastano. Motion at 10.[3] The statement itself is entirely plausible.

Mr. Chambers is the Chief Executive Officer of a corporation employing over 40,000 people

world-wide, Statement of Facts ¶ 2, and can hardly be expected to recall each of his employees,

or even each of his corporate Vice Presidents. Bayad provides no admissible evidence to

contradict Mr. Chambers on this point or even to support his assertion that Mr. Chambers and

Mr. Savastano work in proximity to one another. In any case, the point is immaterial, as the

Court concluded that evidence of collusion between the defendants would not alter the outcome

of the summary judgment analysis. Recommendation at 23 ("even if Bayad produced evidence

that defendants, in fact, acted in concert, the injury caused to Bayad, his denial of employment,

does not appear to be substantially different from what a single defendant could have achieved

by himself").

---

[3]    This portion of the Motion contains language that Bayad purports to be a quotation from the Statement of Facts. Bayad has, in fact, altered the text that appears in the original. Compare Statement of Facts ¶ 3 with Motion at 10.

4

**C.     Paula Hughes Did Not Commit Perjury.**

Bayad maintains that the portions of the Hughes Declaration relating to his alleged application for transfer to Cisco Europe in November 2000 must be false because Ms. Hughes did not go to work for Cisco until the following month.  Motion at 12-14.  Bayad's argument is specious.  In the portion of the Hughes Declaration that Bayad questions, Ms. Hughes did not claim to relate her first-hand knowledge.  She based her statements upon "an exhaustive search of Cisco's records," interviews with Cisco employees, and her knowledge of Cisco's personnel policies.  Id. ¶¶ 5-9.  None of these statements are inconsistent with her declaration that she began working for Cisco in December 2000.

Bayad also lists a host of evidence that, he asserts, would corroborate his claim to have traveled to France, England, and the United Arab Emirates in pursuit of a job transfer.  Id. at 15-16, Bayad Declaration ¶¶ 12-17.  He presents, however, only three documents:  (1) a blank visa application for the Untied Arab Emirates; (2) a copy of a page from a United States passport with entry and exit stamps from the United Arab Emirates from November 5, 2000, and November 6, 2000, respectively; and (3) another page from a United States passport showing an entry stamp from Heathrow airport.[4]  Id. ¶ 9 & Exs. 1-2.  Bayad claims that these documents, taken together, establish that he entered the United Arab Emirates at the behest of Cisco, because Bayad would have needed Cisco's assistance to obtain a visa for his one-day visit.  Id. ¶ 8.  In fact, they do not -- the application states that a U.S. citizen may enter the United Arab Emirates without a visa for a stay lasting less than a month.  Id. Ex. 1 at 2.  Even if they did, however, it would alter nothing, as the Court correctly concluded that "Bayad's valid execution of the

---

[4]     The date of the Heathrow stamp is unclear but could be November 7, 2000.  Noticeably absent is any indication that Bayad traveled to France, the third stop in his alleged interview tour.  Motion at 15.

Release on May 1, 2001, precludes any claims arising from his employment with and termination from Cisco." Recommendation at 12.

### D.     No One Destroyed Evidence.

Bayad claims, without basis, to have uncovered a plot by the "Cisco Legal Team" to destroy evidence. Motion at 8 & Ex. D. On its face, the document that Bayad describes as an "E-mail From Cisco Legal Team instructing Cisco Sales Organization to destroy Evidence in this litigation," Motion at 8, reveals it to be a request for Cisco employees to delete an erroneously disseminated document authored by a competitor. Id., Ex. D. There is no connection between that e-mail and this case.[5]

### CONCLUSION

For the foregoing reasons the defendants request that the Court deny the plaintiff's Motion for Jury Trial.

Respectfully submitted,

DEFENDANTS JOHN CHAMBERS,
ANTHONY SAVASTANO, and
CARL WIESE

By their attorneys,

/s/ Matthew Iverson

Matthew Iverson, BBO #653880
Bruce E. Falby, BBO #544143
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
Boston, MA 02110-2613
(617) 406-6000 (telephone)
(617) 406-6100 (fax)

Dated: October 14, 2005

---

[5]   Exhibit D to the Motion also includes a copy of a Labor and Employment Law Alert published by Piper Rudnick LLP in 2004. The Law Alert discusses the implications of Zubulake v. UBS Warburg, 2004 WL 120866 (S.D.N.Y. July 20, 2004), a decision addressing the requirements for preserving electronic information. Neither the Law Alert nor the Zubulake decision have any connection to this case.

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-10468-GAO |
| ) | |
| JOHN CHAMBERS, PATRICIA RUSSO, ) | |
| ANTHONY SAVASTANO, and ) | |
| CARL WIESE, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

**DEFENDANTS JOHN CHAMBERS, ANTHONY SAVASTANO,
AND CARL WIESE'S RESPONSE TO PLAINTIFF'S
<u>NOTICE OF PERJURY AND MOTION FOR JURY TRIAL</u>**

Defendants John Chambers, Anthony Savastano, and Carl Wiese[1] (the "defendants")

oppose the "Notice of Perjury and Motion for Jury Trial Demanded the 7th Amendment of the

U.S. Constitution" (the "Motion"). Docket Entry #97. The Motion requests this Court to either

set this matter for trial or grant summary judgment for plaintiff Anthony Bayad ("Bayad")

because of what Bayad maintains are discrepancies in certain affidavits submitted in support of

the Defendants' Motion for Summary Judgment, Docket Entry #65. Motion at 19. The

defendants interpret the Motion as a request for the Court to reconsider its Report and

Recommendation RE: Defendants' Motion for Summary Judgment (Docket Entry #65) and

Plaintiff's Cross Motion for Summary Judgment (Docket Entry #73) (the "Recommendation"),

---

[1]  All of the claims against the remaining named defendant, Patricia Russo, were dismissed by this Court on
October 25, 2004.  <u>See</u> Memorandum and Order, Docket Entry #44 at 10.

~BOST1:393534.v1
26573-15

Docket Entry #88. This Court should deny the Motion because Bayad has failed to cast doubt on the Recommendation's conclusions.

## BACKGROUND

Bayad initiated this employment discrimination action on March 8, 2004. The complaint alleged, under a variety of theories, that the defendants discriminated against Bayad both before and after his termination by Cisco Systems, Inc. ("Cisco") in May 2001. Docket Entry #1. In October 2004 the Court dismissed all of Bayad's claims but those under 42 U.S.C. § 1981 that arose after March 8, 2000, and those conspiracy claims that arose after March 8, 2001. Memorandum and Order, Docket Entry #44. In February of 2005, the defendants moved for summary judgment. Motion for Summary Judgment by John Chambers, Anthony Savastano, and Carl Wiese, Docket Entry #65. The defendants submitted a number of documents in support of their motion, including a Statement of Undisputed Facts ("Statement of Facts"), Docket Entry #67, and declarations of John Chambers ("Chambers Declaration"), Carl Wiese ("Wiese Declaration") and Paula Hughes ("Hughes Declaration"), Docket Entry #68. The Recommendation, issued in May 2005, concluded that: (1) Bayad had released all claims arising from his employment with Cisco, id. at 12-15, and (2) Bayad had produced no admissible evidence to substantiate his post-employment discrimination and conspiracy claims. Id. at 15-24. On September 15, 2005, Judge Patti B. Saris accepted the Recommendation pending an evaluation of Bayad's post-argument filings. Docket Entry #96. On September 27, 2005, Bayad filed the Motion and an accompanying "Notice of Support of Newly Discovered Evidence and Declaration in Support of Notice of Perjury and Motion for Jury Trial Demanded the 7th Amendment of the U.S. Constitution" ("Bayad Declaration"). Docket Entry #98.

2

## ARGUMENT

Bayad maintains that this Court should reconsider the Recommendation because Carl Wiese, John Chambers, and Paula Hughes filed "false declarations." Motion at 3. He also accuses Cisco and its attorneys of destroying evidence. Motion at 8. Bayad's accusations are baseless and should not alter the Court's decision.[2]

### A.    Carl Wiese Did Not Commit Perjury.

Bayad accuses Mr. Wiese of misstating his job title in his declaration. Motion at 2-3. Mr. Wiese declared his title to be "Area Vice President for Advanced Technology with Cisco Systems, Inc." Wiese Declaration, ¶ 1. Bayad asserts that Mr. Wiese's true title is "Area Vice president [sic] U.S [sic] Sales of Cisco." Motion at 2. As evidence, Bayad points to a web page from Cisco's personnel directory that lists Mr. Wiese's title as "Area VP, US Sales." Motion at 3 and Ex. B.

The web page is hearsay as Cisco is not a party to this suit. Nor is the page admissible as a business record -- it is outdated (last modified in November 2003), and Bayad provides no foundation to establish that the title entry (an obvious abbreviation) is still, or ever was, an accurate record of Mr. Wiese's "true" title. See Belber v. Lipson, 905 F.2d 549, 552 (1st Cir. 1990) (writing inadmissible as business record absent foundation of accuracy laid by qualified witness).

Inadmissible hearsay cannot be used to oppose a motion for summary judgment, Fed. R. Civ. P. 56(e), but even if it could, the title discrepancy would be irrelevant. The meaningful portions of the Wiese declaration are Mr. Wiese's statements that he "was not aware that

---

[2]    At points in the Motion, Bayad reasserts various factual claims that were rendered moot by the Recommendation's conclusions. The defendants address only Bayad's new allegations.

~BOST1:393534.v1
26573-15

Mr. Bayad had worked at Cisco until after he filed this lawsuit in 2004," and that he has "no personal knowledge concerning, and [has] had no involvement with, any decision regarding Mr. Bayad's employment with Cisco, the termination of his employment, or Mr. Bayad's alleged subsequent attempts to obtain re-employment with Cisco or employment elsewhere." Wiese Declaration ¶¶ 3, 6. Nothing Bayad has said or presented casts any doubt on accuracy of these statements.

### B.    John Chambers Did Not Commit Perjury.

Bayad attacks as incredible John Chamber's declaration that he does not recall ever meeting Anthony Savastano. Motion at 10.[3] The statement itself is entirely plausible. Mr. Chambers is the Chief Executive Officer of a corporation employing over 40,000 people world-wide, Statement of Facts ¶ 2, and can hardly be expected to recall each of his employees, or even each of his corporate Vice Presidents. Bayad provides no admissible evidence to contradict Mr. Chambers on this point or even to support his assertion that Mr. Chambers and Mr. Savastano work in proximity to one another. In any case, the point is immaterial, as the Court concluded that evidence of collusion between the defendants would not alter the outcome of the summary judgment analysis. Recommendation at 23 ("even if Bayad produced evidence that defendants, in fact, acted in concert, the injury caused to Bayad, his denial of employment, does not appear to be substantially different from what a single defendant could have achieved by himself").

---

[3]    This portion of the Motion contains language that Bayad purports to be a quotation from the Statement of Facts. Bayad has, in fact, altered the text that appears in the original. Compare Statement of Facts ¶ 3 with Motion at 10.

4

~BOST1:393534.v1
26573-15

### C.    Paula Hughes Did Not Commit Perjury.

Bayad maintains that the portions of the Hughes Declaration relating to his alleged

application for transfer to Cisco Europe in November 2000 must be false because Ms. Hughes

did not go to work for Cisco until the following month. Motion at 12-14. Bayad's argument is

specious. In the portion of the Hughes Declaration that Bayad questions, Ms. Hughes did not

claim to relate her first-hand knowledge. She based her statements upon "an exhaustive search

of Cisco's records," interviews with Cisco employees, and her knowledge of Cisco's personnel

policies. Id. ¶¶ 5-9. None of these statements are inconsistent with her declaration that she

began working for Cisco in December 2000.

Bayad also lists a host of evidence that, he asserts, would corroborate his claim to have

traveled to France, England, and the United Arab Emirates in pursuit of a job transfer. Id. at

15-16, Bayad Declaration ¶¶ 12-17. He presents, however, only three documents: (1) a blank

visa application for the Untied Arab Emirates; (2) a copy of a page from a United States passport

with entry and exit stamps from the United Arab Emirates from November 5, 2000, and

November 6, 2000, respectively; and (3) another page from a United States passport showing an

entry stamp from Heathrow airport.[4] Id. ¶ 9 & Exs. 1-2. Bayad claims that these documents,

taken together, establish that he entered the United Arab Emirates at the behest of Cisco, because

Bayad would have needed Cisco's assistance to obtain a visa for his one-day visit. Id. ¶ 8. In

fact, they do not -- the application states that a U.S. citizen may enter the United Arab Emirates

without a visa for a stay lasting less than a month. Id. Ex. 1 at 2. Even if they did, however, it

would alter nothing, as the Court correctly concluded that "Bayad's valid execution of the

---

[4]    The date of the Heathrow stamp is unclear but could be November 7, 2000. Noticeably absent is any indication
that Bayad traveled to France, the third stop in his alleged interview tour. Motion at 15.

~BOST1:393534.v1
26573-15

Release on May 1, 2001, precludes any claims arising from his employment with and termination from Cisco." Recommendation at 12.

### D.    No One Destroyed Evidence.

Bayad claims, without basis, to have uncovered a plot by the "Cisco Legal Team" to destroy evidence. Motion at 8 & Ex. D. On its face, the document that Bayad describes as an "E-mail From Cisco Legal Team instructing Cisco Sales Organization to destroy Evidence in this litigation," Motion at 8, reveals it to be a request for Cisco employees to delete an erroneously disseminated document authored by a competitor. Id., Ex. D. There is no connection between that e-mail and this case.[5]

### CONCLUSION

For the foregoing reasons the defendants request that the Court deny the plaintiff's Motion for Jury Trial.

Respectfully submitted,

DEFENDANTS JOHN CHAMBERS,
ANTHONY SAVASTANO, and
CARL WIESE

By their attorneys,

/s/ Matthew Iverson

Matthew Iverson, BBO #653880
Bruce E. Falby, BBO #544143
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
Boston, MA 02110-2613
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated: October 14, 2005

---

[5]    Exhibit D to the Motion also includes a copy of a Labor and Employment Law Alert published by Piper Rudnick LLP in 2004. The Law Alert discusses the implications of Zubulake v. UBS Warburg, 2004 WL 120866 (S.D.N.Y. July 20, 2004), a decision addressing the requirements for preserving electronic information. Neither the Law Alert nor the Zubulake decision have any connection to this case.

6