IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, ) | |
| ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| ) | |
| ) | CASE NO. 04-CV-10468-PBS |
| ) | |
| JOHN CHAMBERS, PATRICIA ) | |
| RUSSO, ANTHONY ) | |
| SAVASTANO and CARL ) | |
| WIESE, ) | THE HONORABLE JUDGE PATTI B. SARIS |
| Defendants, ) | |

**NOTICE OF FRAUD ON THE COURT** - AND **PRO SE MOTION OBJECTING**
THE SECOND REPORT AND RECOMMENDATION (i)-(ii) OF THE MAGISTRATE
JUDGE MARIANNA B. BOWLER WHERE AGAIN MISSTATED THE FACT(S) AND
THE LAW OF DISCRIMINATION AND THE CIVIL RIGHTS LAW(S) WITH
MEMORANDUM OF LAW IN SUPPORT AND ENCLOSED TWO COURT COMPACT
DISK OF LIVE AUDIO OF THE PRETRIAL CONFERENCE AND SUBPOENAS
ATTACHED HERETO

I.  <u>Fraud on the Court as defined</u>

Fraud upon the court is whish is directed to the judicial machinery itself, and is not fraud between the parties or fraudulent documents, false statements or perjury. It is Fraud where the court or a member [1] is corrupted or influenced or influence is attempted or where the Magistrate Judge has not performed her judicial function;

---

[1]  A judge is an officer of the court, as well as are all attorneys. A federal Judge or Magistrate Judge is a federal judicial officer, paid by the federal government to act impartially and lawfully. State and Federal attorneys fall into the same general category and must meet the same requirements.

1

And, thus was impartial functions of the court have been directly corrupted. In *Bulloch vs. United States*, 763 F.2d 1115, 1121 (**10th Cir. 1985.** additionally the embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial tasks of adjudging cases that are presented for adjudication. See *Kenner v. C.I.R.*, 387 F.3d 689 ( 1968); 7 Moore's Federal Practices, 2d ed.,p.512,  ¶ 60.23., and the decision produced by fraud upon the court is not in essence a decision at all, and never becomes final.

## II. DISCUSSION

Rule 60 (b) provides that the court may relieve a party From judgment when there is newly **discovered** evidence which by due diligence could not have been discovered in time to move for a **trial** under Rule 59(b), " Fed. R. Civ. P. 60(b)(2), or **where is " fraud ",...,** (as defined).

## III. STATEMENT OF FACT

Defendants have once directed other to call Pro Se **Sand Niger** and **dirty Arab** and **Flying Carpet**, was filed with Court. Now comes The magistrate Report and Recommendation dated on Memorial Weekend stating in it that [t]hey sympathize with Pro Se Bayad but he is not entitled to any

relief under the law, and that is interpreted in the minority community the second class citizens, as like telling them " to -- [ "f word" + you] ", respectfully no need for personal comment, and for the immigrants " to go back where they came from" ( see the last page of the first Report and recommendation and for the Court to draw its own conclusion), using a specifically a case law on page 4, stating in it not once (i) but two time (ii) the name "Blackie"-" Blackie". In **Blackie v. State of Maine**, 75 F.3d 716, 721 (1st Cir 1996), and such case law was followed by the name of **"National Amusements"**. It is a shame. Additionally the Magistrate Clerk Dianalynn Saccoccio, proceeded not docketing any of Pro Se Court Documents, provided to the Court as matter of law, and such conduct was against the law, and without any apparent justifying reason was abuse of discretion and Harassment and indeed prejudice Pro Se. See the Civil Docket for Entry #49 ( 11/23/2004) the authenticity of the Discriminatory animus the Cisco-No-Hire-list, filed in accordance of matter of filing of admission(s), Interrogatories(s), deposition(s) R. Fed. R. P 56 (c), such admission of document(s) with its evidence was sent back to Pro Se on about 12/09/2004 ( see the remark right after docket Entry # 49.) Further Attorney Bruce Falby advised Pro Se Bayad that he is in

constant communication with Magistrate Judge Bowler ' Chambers and that Dianalynn Sccoccio the clerk of the court is his friend, where both have common like of the Beautiful country of Greece, where Falby has traveled to during Discovery time. See his passport and Docket Entry # 84. Furthermore, Lawyers Bruce Falby, Robin Tarr, Bob Mathias, and Mark Chandlers have destroyed evidence and were caught, have disobeyed the court Summon Subpoena(s) during "presumably" discovery without any apparent justifying reason, have influenced the Magistrate Judge Bowler, [t]hey collectively introduced a motion for Protective order designed as a trap, weighting for Pro Se Bayad to violated such Order, to move for motion to dismiss, were expected to be granted and they failed, see Between Docket Entry # 58 -59 ( Protective Order granted). The Fact show [t]hey directed the Magistrate Judge Bowler not to Allow the Defendants to be depose, whom are white and very rich and well connected. See the Court Pretrial Conference live audio Compact **Disk 1 and 2**, where the magistrate openly stated that she will not allow the Defendants Chamber et, al., to be depose, also such Live audio also evidencing of abuse of discretion and denying discovery, and that the magistrate Judge Bowler was influenced by the attorney(s) as she did not perform her judicial function - thus where the impartial function of the court have been directly **corrupted**. *The people of Illinois   v.*

*Fred E. Sterling*, 357 III. 354; 192 N.E 229 ( the maxim that fraud vitiates every transaction into which it enters applies to judgments as well as to contracts and other transaction).

    Wherefore, Pro Se Bayad has advised Magistrate Judge Bowler ( <u>see</u> Docket Entry # 84.,) that her friend(s) are also his friend(s), and the old saying the friends of your friends are my friends, also the friends of your enemies is your enemies ( it is the court to draw its conclusion of the meaning of the old saying). Therefore such good faith communication initiated by Pro Se to the Magistrate Judge Bowler, should be a sign to recuse her self, such recusal under section 455 is self-executing; Pro Se need not file affidavits in support of recusal and the Magistrate Judge Bowler is obligated to recuse herself sua Sponte, under the stated circumstances provided by Pro Se Bayad to the Magistrate Judge Bowler found in docket Entry # 84., and the United States Marshal of this court was also involved in such matter, as they were dispatch personally by the Magistrate Judge Bowler. *Taylor v. O'Grady*, 888 F2d 1189 ( 7th Cir.); Further, the Magistrate Judge Bowler has legal duty to disqualify herself even if there is no motion asking for her disqualification. The Seventh Circuit of Appeals further stated : (28 U.S.C. Section 455(a)of the Judicial Code)

> " We think that this language [455(a)] imposes a duty on the judge to act Sua Sponte, even if no motion or affidavit is filed."

Furthermore, the magistrate Bowler should have recused herself upon advised ( docket Entry # 84) by Pro Se Bayad, and disqualify herself, and she did not, therefore the Magistrate Judge has violated the right of the Due Process Clause of the **U.S**. Constitution. See *United States vs. Sciuto*, 521 F.2d 842, 845 ( 7th Cir.1996)( " The right to a tribunal free from bias or prejudice is based, not on 28 U.S.C. section 144, but on the Due Process clause." ) Court(s) have ruled that judges have no immunity for their criminal acts, since both treason and the interference with interstate commerce are criminal acts, no judge has immunity to engage in such acts. When the Magistrate Judge Bowler denied Pro Se the right of due process, denied him With it the right of discovery, denied him with it access to discovery material(s), denied him with it the right to take deposition(s) of Defendants, denied him with it the right to access subpoena(s) nor commended the subpeana(s) already provided by the honorable Clerk of the Court, and denied him the right -and ignored -nor admitted pro Se' crucial evidences (intentionally), and the list goes on and on...; and she illegally provided to Defendants and their attorneys the right of Summary Judgment ( premature one), a

conversion of their Motion to dismiss once before filed and did not survive; and she admitted and accepted defendants declaration found in Docket Entry # 68, such declarant(s) signed their declaration in similarity as Pro Se Bayad, with the same compliance matter as him , signed as defendants themselves like wise under the pain and perjury 28 U.S.C. § 1746; and she intentionally rejected the only one(s) provided and issued by Pro Se Bayad a Native of Morocco and Arab Race; and she denied/ignored the Cisco No-Hire List, provided by Pro Se Bayad as hard Copies and four (2) soft Copies authenticating the hard copies, see Fed. R. Evid. 803 (6) and 1001 (3)(defined of an accurate printout), such copies were provided to The Court and also two (2) to the Defendants, who advised their expert(s) who acknowledged it as they have not provided any of strong facts or expert testimonial on contesting such evidence, and Electronics copies are [**re-filed**] docketed Entry # 76 with the police tapes because (Docket Entry # 49), that were rejected by her Clerk diannalynn Sccoccio, see such docket and remark entered by her clerk; and she skipped and ignored the discriminatory and defamatory of one of many Communication(s), initiated by Pro Se Manager Lynn Fraser, an agent reporting to Defendants, such discriminatory statements, are found at Docket Entry 68 Exhibits C., of Paul Hughes 'own Declaration, where they

discussed Pro Se ' future, as they denied him such position the Voice specialist, as they denied him the Security Specialist Position, where he hold a bachelor's degree with Grade Point Average approaching 4 in those field(s)and the records that speaks for its selves is filed before the court, evidencing of Pro Se Bayad is an expert of the field of Telecommunication and Information Technology since 1992, and explaining such topic to the court, is that the information technology is the whole curriculum, and the security field is only one small simple course of such curriculum, the Information Telecommunication also known as networking, as the Voice Specialist; Pro Se Bayad as an Expert was considered for both positions the Security and Voice Specialist ( specialist is a Junior), as he was also considered for the North Africa Position the Cisco Systems Engineer, see Docketed Entry # 68 Exhibit C.; and Magistrate Judge Bowler Denied and ignored the Racial Audio Bruce Bastian targeting Pro Se Bayad, and she denied and ignored the Lucent technologies ' Email of Mike Reed and Bruce Brewer, also sent by the same defendants, purposely targeting Pro Se to humiliate and to harass; and she denied and ignored the Pro Se Witness affidavit, where personally defendant Savastano called Pro Se Anthony Bayad " MONKEY" such affidavit of Mr. Amado Navas was provided under F. Civ. R. P. 6 (b),and the only

sworn under oath before the Notary public accordingly to the law of evidence, and the law of Civil Procedure 6 (b); It was denied. The Magistrate Judge Bowler only allowed Attorneys opinion(s) and was very impressed with their formality, such formality was absent of witnesses or expert witnesses or any concrete evidence(s); Such conduct is considered [favor(s)]. Therefore , Pro Se Bayad advised Magistrate Bowler that <u>he knew her friends also his friend(s)</u>, also advised her of the communication(s) provided to him by attorney Bruce Falby and his Boss Bob Matthias, in regard to her Clerk DiannaLynn Sccoccio, that Chairman Bob Matthias is going to purchase the Law as Lucent have done in Florida , upon being notifying presiding Magistrate Bowler, who proceeded irrational by personally dispatching the United States Marshal criminal division of the court, to conduct thorough criminal background check and to investigate any dirt that can help attorneys Bruce Falby, and they did not find any thing, and to make it formal she also directed the U.S. Marshal to interview <u>Pro Se Bayad ' friend(s) -- also her friend(s)</u> including her personal hair dresser also pro se ' friend (against the law). The U.S, Marshal accused Pro Se of stalking the office of the Magistrate Judge Bowler , advised him to run like dog if he sees any one (to run) , whom own Boston and well connected with District Attorney of Boston and U.S. home land

security, all Republican(s). Thereafter Pro Se Bayad ' smiling picture was posted on the wall of this court to this date, and Attorneys join effort with (!)( to the court to figure it out) called their buddies to detain my brother at the Logan Airport, a legal U.S resident, tax payer, homeowner, hard working person ,and [t]hey charged him with Immigration violation, who is waiting to be exile from his home to Morocco, and he reside in Plymouth federal correctional facility, controlled by the U.S Marshal of this Court ( is for the court the draw it conclusion), he is detained against his will for 7 month in Federal Jail as Criminal without the right of bail. Such record of her in Person dispatching the U.S Marshal of this Court Docket Entry # 84, is strong prove that Magistrate judge Bowler has acted in the Judge 's personal capacity and not in the judge ' s judicial capacity. It has been said that this Magistrate Judge Bowler, acting in this manner, has no more lawful authority than someone' next door neighbor ( provided that he is not a judge); however Magistrate Judge did not follow the law, therefore she acted without jurisdiction and engaged in treason to the Constitution, and engaging in criminal acts of treason, and a clear sign of extortion and interference with Pro Se federally Protected Civil Right and his Constitutional rights guarantee by the Constitution and

the law. However Magistrate Judge is not the court but an officer of the court paid by the Government to act impartial and lawfully. In *People vs. Zajic*, 88 Ill. App. 3d 477, 410 N.E. 2d 626 (1980).

**IV.   ARGUMENT OF THE CASE (OBJECTING TO BOTH REPORT(S) & recommendation(S)  i-ii )**

For all the forgoing set forth in this motion, Pro Se Bayad states that to this court has previously found that " Plaintiff[s] should be permitted to show that defendants' past practices ( Lucent Technologies) manifest a pattern of . . . discrimination." *Jackson v. Harvard*, 111 F.R.D. 472, 474 (D. Mass. 1986)( Guarrity D.J.). In other word the Discriminatory conduct and the abusive Nazi Guestapo Style treatment executed upon Pro Se Bayad while employed with the same Defendant at Lucent Technologies, evidence of a pattern of behavior is relevant to discrimination claims such as those which have been asserted in regard to International Network Services, Where the Same defendants terminated Pro Se on discriminatory and retaliatory ground on his first day on the Job, in such company as they have done at Lucent Technologies and now at Cisco Systems. See e.g. *Scales v. J.C. Bradford and Co.*, 925 F.R.D. 901, 906 ( 6th Cir. 1991) ( " it is well settled that information concerning an employer' s general employment

practices is relevant even to Title 42 U.S.C. § § 1981 and 1985 ( in similarity Title VII) individual disparate impact claim"); <u>Glenn v. Williams</u>, 209 F.R.D. 279, 282 (D.D.C. 2002)( " similar acts may be admissible as bearing on the motive with which the organization acted when confronted with a similar situation"); and <u>United States v. Massachusetts Indust. Fin. Agency</u>, 162 F.R.D. 410, 413 ( D. Mass. 1995)(" Evidence of how other organizations (Lucent) treated [plaintiff] might well be relevant a termination of whether it discriminate against [Plaintiff]. Furthermore, as pointed out by Pro Se Bayad in regard to Lucent Technologies Florida, such information is relevant with respect to Pro Se Bayad ' claim , that it, all material times made good faith efforts to comply with its obligations under the federal employment discrimination statues. See <u>McGrath v. Nassau County Health Care Corp</u>., 204 F.R.D. 240,24405 (E.D.N.Y 2001).

Further that in <u>McLaughlin Transportation Systems, Inc vs. Barbara Rubinstein</u>, Civil Case No.**03-11545-MBB**, Magistrate Judge Bowler Presiding ordered, stating in Page 18 that :

> " **... all reasonable inference must be made in the light most favorable to the non-moving party. <u>Barbour v. Dynamics Research Corp</u>., 63 F. 3d. 32, 36 ( 1st Cir)"**

Thus such right(s) by the Magistrate Judge was provided to other(s) as stated in her ruling, but was denied to Pro Se Bayad United States Citizen native of Morocco, and Arab Race. Pro Se Bayad should not loose his right(s) of Due Process in this Civil Rights or any rights in any Federal Proceeding from such adverse decision, simply because he is not presented by an attorney(s), or simply because he is proceeding Pro Se and Minority, or ignorant of the law, or just simple as that, the defendants are immune of any participation in this federal litigation because they are white and rich and well connected as it was proven during discovery. The honorable Court has duty to provide Pro Se 's right of "Due Process" Guarantee by the United States <u>Constitution the Fourteen amendment,</u> <u>Section 1 reads</u>:

> "       **Section. 1. All person born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No State shall make or enforce any law which abridge the privilege or immunities of citizens of the United States; nor shall any State deprive any person life, liberty, or property, without " due process " of law; nor deny to any person within its jurisdiction the equal protection of the laws."**

[T]he attorney(s) Bruce Falby, Robbin Tarr and their Chairman Sir Bob Matthias have clearly influenced the presiding magistrate in the above caption matter, where the weighting of the evidence and drawing of legitimate inference from the facts are [tier of fact] function, not the opinion of

13

the attorneys, whom introduced only opinion(s) and formalities(s) in their argument(s), was not sufficient for purpose of granting such motion of Summary Judgment. *Trinsey v. Pagliaro*, D.C. PA. 1964, 229 F. Supp. 647.; and the evidence of the Pro Se Bayad the nonmovant is to be believed, and all the justifiable inferences are to be drawn in his favor, nor any one suggest that the Magistrate Bowler should have acted than with caution in Civil Rights case in granting such Defendants' motion, that was allowed prematurely without proper time allowed for discovery, and such action is an abuse of discretion; where Both ( i-ii) Magistrate Report(s) and recommendation(s), were decided through the use of circumstantial evidence, where "apparently" in such both report(s) did not raise any conflict of inferences, a task peculiarly within the province of the Jury, where such Both report(s) and Recommendation(s) were issued absent of discovery nor deposition(s) nor subpoena(s), and absent of admission of Pro Se evidence of discrimination, and absent of taking in consideration the Motive and intend, which is normally decided through the use of " Circumstantial evidence" by adopting the MacDonnell theory or Burdines theory. Hence direct evidence is evidence or minimal pleading is sufficient to prove discrimination without inferences or

14

presumption; Even absent of the right of Due Process and the right of Discovery or any other means as proscribed by law and the court, he maintained the burden of proof with concrete evidence, and established his *Prima Facie* case as proscribed by law of discrimination and Civil Rights , then the burden shifted to the defendants to provide legitimate, non discriminatory reason for its actions; and this is a burden of production, not persuasion. They Failed. Hence the Magistrate Bowler Report(s) recommendation(s) should direct the court to grant Trial by Jury, and such Jury trial is a Constitutional rights and not a privilege, unfortunately that was not the case; The magistrate Judge Bowler is well aware that defendants the moving Party has not established the right to a judgment with such clarity as to leave no room for controversy. Id quoting *Snell  vs. United States*, 680 F.2d 545, 547 (8th Cir.); 459 U.S. 989, 103 S.C.t 344, 74 L.Ed. 2d 384 (1982); Additionally when the defendants ' attorneys Bruce Falby et, al., at different times, gives different and arguable inconsistent explanations for terminating Pro Se Plaintiff Bayad, Jury will infer that articulated reason are pretexts for race discrimination. See *Dominguez-Cruz vs. Shuttle Caribbean, Inc.* 202 F. 3d 424, 431-32,

( 1ˢᵗCir. the honorable District Judge George O'Toole);

thus the motion(s) ( perjury) with support of evidence filed before the court, that defendants counselor(s) Bruce Falby et, al. various explanation(s) and statement(s); attempt to conceal its true reason for taking the challenge action(s), and considered lied. And <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 **U.S.** 133, 147-49 (2000)( Nowhere in the law is there rule that a liar suffers adverse consequences only if he or she repeats the lie in court); It was found that most of the argument in both Magistrate Bowler reports and recommendations (i-ii) misstate the law of Civil Rights and the law of Employment Discrimination and favored only the Defendants and prejudiced Pro Se Plaintiff Anthony Bayad; Thus favors is against the law and in the context of the law is defined :

> " To discriminate is to make a distinction, to make a difference in treatment or favor, and those distinctions or differences in treatment or favor which are prohibited.. . are those which are base on any five of the forbidden criteria: Race, religion, sex, national original, and disable."

There is, within this understanding, no right to freedom from distinctions in treatment as such of Magistrate Judge Bowler,

V.   <u>CONCLUSION OF CASE</u>

The federal Law clearly states for the above forgoing, when any officer of the Court Magistrate Judge Bowler or

16

Attorney(s) Bruce Falby et, al., has committed " fraud upon the court", the orders or Report and recommendation and judgment of that court are avoided, of no legal force or effect; And none of the orders issued by any judge as magistrate Judge Bowler who has been disqualified by law would appear to be valid, it would appear they are void as a matter of law, and are of no legal force or effect; and the magistrate Judge Bowler is in violation of the Due Process Clause of the U.S Constitution. **United States v. Sciuto**, 521 F.2d 842, 845 (7th Cir. 1996); and the Magistrate Judge Bowler has duty to disqualified her self long time ago **Sua Sponte**, when the case was referred to her. See Taylor v. O'Grady, 888 F.2d 1189 (7th Cir);

VI. **Relief Requested**

WHEREFORE, Pro Se Bayad RESPECTFULLY to the Honorable Court Provide him trial by Jury or as deemed and appropriate by the Honorable Trial Judge; and/or declare the defendants and their attorneys ' conduct to be in violation of his rights; and/or enjoin defendants from engaging in such discriminatory conduct; and/or award him back pay and benefits ( with interest) that have accrued to date; and/or award him front pay until normal retirement age; and/or award him compensatory damages as stated in the complaint for emotional distress, mental anguish, and loss

of enjoyment of life, humiliation and the disparate treatment, and discrimination and false imprisonment he suffered at the hand of such defendants once commenced at Lucent Technologies Florida, International Services Florida, and ended now at Cisco Systems to present time 2005 to present. (any Jury will find such racial conduct outrageous)

ANTHONY BAYAD
2 MAGOUN AVENUE
MEDFORD, MA 02155
TEL: (781 704-8982

*/signature/*
ANTHONY BAYAD

## CERTIFCATE OF SERVICE

It is hereby Certify that a true and correct copy of the Forgoing motion in the above caption matter in Chambers et, al., was furnished via U.S mail to : Mr. Bruce E. Falby, BBO # 544143, DLA Piper Rudnick Gray Carry, One International Place, Boston MA 02110, this .19. day of November,2005

ANTHONY BAYAD
2 MAGOUN AVENUE
MEDFORD, MA 02155
TEL: (781 704-8982

_____
ANTHONY BAYAD