UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY BAYAD, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 04-10468-PBS |
| JOHN CHAMBERS, PATRICIA RUSSO, | ) |
| ANTHONY SAVASTANO, and | ) |
| CARL WIESE, | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

## DEFENDANTS JOHN CHAMBERS, ANTHONY SAVASTANO, AND CARL WIESE'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

Defendants John Chambers, Anthony Savastano, and Carl Wiese[1] ("defendants") respectfully request that the Court adopt Magistrate Judge Marianne Bowler's (the "Magistrate's") Report and Recommendation, Docket Entry #113 (the "Second Recommendation") that various motions filed by plaintiff Anthony Bayad ("Bayad") be denied. The Magistrate correctly determined that the evidentiary submissions referenced by these motions were improperly submitted and, even if considered, would not alter the Magistrate's prior Report and Recommendation (the "First Recommendation") that the Court allow defendants' summary judgment motion.

## BACKGROUND

Defendants rely on the Magistrate's accurate statement of the procedural background leading up to the First Recommendation. Id. at 1-3. The First

---

[1] All of the claims against the remaining named defendant, Patricia Russo, were dismissed by this Court on October 25, 2004. See Memorandum and Order, Docket Entry #44 at 10.

Recommendation divided Bayad's numerous claims into three categories: (1) those claims relating to Bayad's 1997 termination by Lucent Technologies, Inc., ("Lucent"), which this Court dismissed in October 2004, id. at 2; (2) those claims relating to Bayad's employment and 2001 termination by Cisco Systems, Inc. ("Cisco"), which Bayad voluntarily released, id. at 15; and (3) those claims relating to Cisco's 2003 refusal to rehire Bayad for two positions (the "System Engineer" and "Voice Specialist" positions), for which Bayad failed to produce evidence sufficient to defeat defendants' motion for summary judgment, id. at 18-24. This Court adopted the First Recommendation in August 2005. Docket Entry #96.

Bayad filed numerous documents between the issuance of the First Recommendation in May 2005 and the issuance of the Second Recommendation on November 15, 2005. Of those, this Court referred Docket Entries ##92, 97, 98, 102, 107, 108, 110, and 113 to the Magistrate, along with Defendants' Motion to Strike, Docket Entry #102.[2] Second Recommendation at 1-2. On November 18, 2005, Bayad filed his "Notice of Fraud on the Court -- and Pro-Se Motion Objecting the Second Report and Recommendation (i)-(ii) of the Magistrate Judge Marianna [sic] B. Bowler Where Again Misstated the Fact(s) and the Law of Discrimination and the Civil Rights Law(s) with Memorandum of Law in Support and Enclosed Two Court Compact Disk of Live Audio of the Pretrial Conference and Subpoenas Attached Hereto" (the "Objection").

---

[2] The Magistrate recommended that defendants' Motion to Strike be allowed, Second Recommendation at 12, and Bayad did not object.

~BOST1:398389.v1
26573-15

## STANDARD OF REVIEW

If a party objects to a Magistrate's recommendation, those portions objected to are reviewed de novo by the Court. Fed. R. Civ. P. 72(b); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980). Those portions not objected to are accepted without further review. Id.

## ARGUMENT

Bayad's primary contention in the Objection is that the Magistrate, defendants, their attorneys, Clerk Dianalynn Saccoccio, and the United States Marshals Service conspired to defeat Bayad's claims and otherwise engage in "criminal acts of treason."[3] Objection, passim. These unfortunate allegations have no basis in fact. As explained below, the balance of the Objection fails to state an adequate reason to reject the Second Recommendation.

### A.    The Magistrate Did Not Ignore Evidence.

The Objection restates Bayad's oft-repeated claim that the Magistrate disregarded evidence, including: (1) a document that Bayad refers to as the "No-Hire" list, Objection at 7; (2) documents attesting to Bayad's qualifications, id. at 8; (3) various emails and audio, id.; and (4) the affidavit of Amando Navas, id. In fact, the Magistrate considered each of these, despite the fact that only the Navas affidavit was properly submitted and authenticated. As the Magistrate explained:

---

[3]    Contained within these accusations is an assertion that the Magistrate prematurely terminated discovery in furtherance of the conspiracy. Objection at 4. As the Magistrate explained, Bayad had ample opportunity to conduct discovery, and he did not move nor make the required showing for additional discovery under Fed. R. Civ. P. 56(f). Second Recommendation at 8-9.

3

(1)    The "No-Hire" list was never authenticated, but even if it had been, it is not facially discriminatory and thus insufficient to create an evidentiary dispute regarding the existence of a discriminatory motive.  Second Recommendation at 8.

(2)    The evidence of Bayad's qualifications, even if properly submitted, would still not establish that Cisco sought to fill the System Engineer position with a similarly qualified individual, because Cisco filled the position with an individual whose qualifications were indisputably superior to Bayad's.  Id. at 4-5.  Nor would it refute Cisco's proffered non-discriminatory motive for refusing to hire Bayad for the Voice Specialist position.  Id. at 5-6.

(3)    The emails and audiotracks that Bayad claims to be evidence of discrimination at Cisco, even if they had been submitted in compliance with Fed. R. Civ. P. 56(e), were insufficient to create a dispute of fact because they were too temporally remote from, and their authors were not involved in, the 2003 hiring decisions at issue in the case.  Id. at 6, n.8.

(4)    The contents of the Navas affidavit (which was properly submitted) discussed Bayad's treatment by Lucent, not Cisco, and thus were relevant only to portions of the case that were previously dismissed.  Id. at 3 & n.1.

The Magistrate's reasoning with respect to this evidence was correct, and the Objection has entirely failed to address it.  This Court should consequently accept the Second Recommendation.

4

**B.    Evidence Relating to Lucent's Treatment of Bayad Is Irrelevant.**

Bayad also argues that certain evidence regarding his employment at Lucent (the "Lucent Evidence"[4]) is probative of Cisco's supposedly discriminatory motives. Objection at 11-12. Bayad did not present this argument to the Magistrate and the Court should not consider it. Patterson-Leitch Co., Inc., v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate"). Nevertheless, the Magistrate did consider several pieces of evidence detailing the circumstances surrounding Lucent's termination of Bayad in 1997, and correctly determined that that evidence would not have altered her conclusions. Second Recommendation at 6-7. Even if the Lucent Evidence could somehow shed light on Cisco's organizational motives,[5] it would still leave the following conclusions unaltered: (1) Bayad released all claims stemming from his Cisco employment, Second Recommendation at 8; (2) Bayad failed to present evidence that Cisco passed over Bayad's application for the System Engineer position in favor of a similarly qualified applicant, id. at 4-5; and (3) Bayad failed to demonstrate that Cisco's non-discriminatory reasons for denying Bayad the Voice Specialist position were

---

[4]    Bayad never clearly states what evidence he is referring to in this portion of the Objection.

[5]    The cases that Bayad cites in support of this proposition actually address the question of whether discovery regarding an employer's mistreatment of one individual or organization might shed light on the same employer's treatment of another individual or organization. See Scales v. J.C. Bradford & Co., 925 F.2d 901, 906 (6th Cir. 1991); Glenn v. Williams, 209 F.R.D. 279, 282 (D.D.C. 2002); United States v. Massachusetts Indus. Fin. Agency, 162 F.R.D. 410, 413 (D. Mass. 1995). While Bayad does cite to a passage from Massachusetts Indus. Fin. Agency that appears, as quoted in the Objection, to stand for the bizarre proposition that one organization's discriminatory actions are probative of another organization's motives, Objection at 12, the text of the Objection misquotes the passage. The correct text is as follows: ". . . evidence of how other organizations were treated by [defendant] might well be relevant to a determination of whether [defendant] discriminated against [plaintiff]." Massachusetts Indus. Fin. Agency, 162 F.R.D. at 413.

pretextual. First Recommendation at 20. These conclusions are, by themselves, enough to warrant summary judgment in favor of defendants no matter how much evidence of mistreatment by Lucent that Bayad presents. In short, the Lucent Evidence has no bearing on the validity of either Recommendation.

## CONCLUSION

For the foregoing reasons, and for all the reasons stated in defendants' oppositions to the plaintiff's various motions, defendants request that the Court accept the Magistrate's Second Recommendation and deny the plaintiff's motions.

Respectfully submitted,

DEFENDANTS JOHN CHAMBERS, ANTHONY SAVASTANO, and CARL WIESE

By their attorneys,

/s/ Matthew Iverson

_____

Bruce E. Falby, BBO #544143
Matthew Iverson, BBO #653880
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA  02110-2613
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated:  November 30, 2005

CERTIFICATION OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on  11/30/05
Federal Express

6