UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY BAYAD )<br>　　　Plaintiff, )<br>　　　　　　　　　　　　 )<br>　v. 　　　　　　　　　　)<br>　　　　　　　　　　　　 )<br>JOHN CHAMBERS, PATRICIA )<br>RUSSO, ANTHONY SAVASTANO )<br>and CARL WIESE, 　　　　)<br>　　　　　　　　　　　　 )<br>　　　Defendants. 　　　)  | CIVIL ACTION<br>No. 04-cv-10468-PBS<br><br>THE HONORABLE JUDGE PATTI B. SARIS |

**NOTICE ANY AMICUS OR LAW SCHOLAR INCLUDING PRO SE PLAINTIFF ANTHONY BAYAD WILL QUESTION AS TO WHY THE MAGISTRATE JUDGE MARIANNA B. BOWLI IGNORED - PASSED ON <u>DIRECT EVIDENCE</u> ONLY USED <u>CIRCUMSTANTIAL EVIDENCE</u> <u>Memorandum Of Law Stated Herein)</u>**

## ANALYSIS OF LAW
(DIRECT EVIDENCE V. CIRCUMSTANTIAL EVIDENCE)

**A.  Direct Evidence**

" Direct Evidence is evidence that established the existence of discriminatory intent behind the employment decision without inference or presumption." By contrast, evidence that only "suggest discrimination, leaving the tier of fact to infer discrimination based on the evidence ," is circumstantial evidence. <u>Earley v. Champion International Corp</u>., 907 F.2d 1077, 1081-82 (11th Cir. 1990). See <u>Martin v. Ryder Distribution Resources, Inc</u>., 811 F.Supp. 658, 661 (S.D. Fla.1992)(Moore, J.), Aff'd, 16 F.3d 1232 (11th Cir. 1994). When confronted with direct evidence of discrimination, " an employer

1

( such Defendants Chambers et, al. Cisco)must prove that the same employment decision would have been made absent of any discriminatory intent" , unfortunately they failed and no records is filed suggesting otherwise, but the record only show formalities and opinions, where the Magistrate Bowler was very impressed and provided them with favors and favors is against the law , as she also provided hearing[s] as formality and such hearing[s] were <u>stagged</u> and used just to show that "we did something here " when discovery has never occurred and was denied and depositions denied. <u>Carter v. City of Miami</u>, 870 F.2d 578, 581 (11th Cir.). Additionally in context , " [f]or statements of discriminatory intent to constitute direct evidence of discrimination, they must be made by a person involve in the challenged decision; Some of them are agents of Defendants also Cisco Managers reporting to Defendants Chamber et, al., Bruce Bastian direct Evidence the racial Email , Lynn Fraser my manager who terminated [me] in support direct evidence found in Docket Entry # 68 Exhibit C Paula Hughes ' declaration and list goes on and on - Executives - owners- partners- of the company Cisco whom are defendants Chambers et, al. Lucent Technologies, International Services, and Cisco Systems , one of many discrimination the Cisco-No-Hire-List and the list goes on and on). See *Trotter v. board of Trustees*, 91 F. 3d 1449, 1453-54 ( 11th Cir. 1996) ( citing) *Price Waterhouse*

2

v. Hopkins, 490 **U.S.** 228, 277, 109 S.Ct. 1775, 1804-05, 104 L.E.d.2d 268 ( 1989). The decision to terminate Pro Se Plaintiff was made by Collectively the Defendants highest authority, whom are John Chambers , Anthony Savastano, Carl Wiese, Lynn Fraser, Rick Justice, Kate Dcamp, Celia Harper Guerra , and Bruce Bastian, all team of Executives - Managers- partners- owner of Cisco Systems.  Further, " statement by Decision Makers [which are]related to the decision process itself [can and is ] suffice to satisfy the plaintiff burden" of proving intentional discrimination. See Docket Entry # # 1, & 102.and the Record contain direct Evidence that Defendants from Lucent Technolgies, International Network Services, and now Cisco Systems the actual decision makers , orchestrated and discharged Pro Se Plaintiff for discriminatory reason from three [3] companies, Lucent Technologies, International Services, and now Cisco Systems, and record contain such direct evidence and  filed with this court and without discovery ( discovery denied). Moreover, " what is discrimination ?"  and " what does it take to prove it?"  when they are overwhelming concrete evidence from 2 states Florida and now Massachusetts and from Three Companies [3] Lucent Technologies, International Network Services, and now Cisco Systems, and When two Law suits once filed in Florida , and now in Massachusetts  where there are pending and  there is  fraud on the court. However, how come Plaintiff Bayad <u>cannot</u> <u>conduct</u> <u>discovery</u> and is <u>not</u> <u>allowed</u> to <u>show</u> <u>past practice</u>  when this

3

Court has ruled once and has allowed plaintiff[s] to show past practices, See this Court case **No. 04-CV-40146-FDS** <u>Chief Magistrate Judge</u> **Charles B. Swartwood III**- where he stated on page 4 of his order this Court has previously found that - "Plaintiff[s] should be permitted to show that defendant[s]' past practices manifest a pattern of ... .discrimination." thus what is the problem here ? and what is the rebuttable argument? And the sole analysis is there is fraud because Mr. Anthony Bayad is an American Arab the second class citizen, and therefore the presiding authority who has such belief need to come forward - and provide her open discriminatory <u>proclamation</u> stating in it that "the United States constitution does not apply to American[s] Arab[s] and they need to be sent all to Cuba," and the one[s] that are easy deportable as my brother, who is detained about 10 month is because the United Magistrate Bowler have said so, knowingly my brother is not going to be exile to Ethiopia, and we all know Morocco is where the Honorable <u>President Clinton</u> and his sister in law reside, the City of Ourzazate near Marrakesh the beautiful Morocco, and by deporting my Brother the magistrate have done him a favor by sending him back to <u>paradise</u>. [I] must say what is going on here? And this is not good for this Court nor for its integrity and the judicial council of this court must intervene. No one has right to use case laws in civil rights case and states in it "the nonmoving is **Blackie-**

4

**Blackie** ( Sand Niger- Sand Niger) - and **Seaboard Surety** ( for Banana Boat) - and the Moving is **Whitman**- see the First Report and recommendation of the United States once Chief Magistrate Judge Marianna B. Bowler, dated on Memorial Weekend and such misconduct is being taken very serious and for Pro Se Bayad is not a joke, but is a violation of the law and the ethics of this Court;  and Mr. Sullivan the U.S attorney General and the Senates and the Bar Association even the Governor -law maker[s]will be notified and this include the Judicial Council, and now I do understand why the man of integrity and Honor the honorable Judge O'Toole recused himself from this case, simply  because he did not want to associate himself with this fraud on the Court by Magistrate Judge Marianna B. Bowler. ( Defendants have once criminally torture Mr. Anthony Bayad and they succeeded to get away with it because that was AT&T,  and AT&T is mostly own by many high connected people and they bought the law in Florida,  and now they should not proceed for the second time in Massachusetts and continue breaking the law, however Mr.  Anthony Bayad is not intimidated or scare by any one, simply  because he has lost every thing in his life and what can possibly loose now, and before Magistrate Bowler and Faro Bob Matthias of Piper Rudnick Gray Carry proceed with my (I Anthony Bayad) deportation from my country the United States of America that I Love with all my heart, [they] need to  take my life first before my deportation of my country America , as I was told by an individual of her closest friend[s] and by the faro Bob Matthias in

5

person over the phone, and if we are deporting Americans because they are very educated and fighting for their rights in Court then lets all go where we come from, as we know Mr. Bayad is an immigrant for about 20 years and Bob Matthias is an immigrant for about 70 years and for others they can do their own math of their stay in this country the United Stated of America !).

B.  **Circumstantial   Evidence**

When a Plaintiff is unable to show intentional discrimination by direct evidence ( **not applicable in the above caption matter because the record contain direct evidence**), he may attempt to utilize an indirect method of proof and satisfy his burden with circumstantial evidence.  ( absent of discovery Pro Se Plaintiff Bayad maintained his burden of proof and established his prima Facie without discovery). _Mc. Donnell Douglas Corp v. Green_, 411 **U.S.** 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  The Magistrate Judge Bowler has adopted the Title tradition burden-shifted framework set forth by the Supreme Court in McDonnell Douglas, as later refined in Texas Dept. of _Community Affair v. Burdine_, 450 **U.S.** 248, 101 S.Ct. 1089, 67 L.Ed 207 (1981)and _St. Mary's Honor Center v. Hicks_, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).  However Plaintiff Bayad has prevailed without discovery or any other rights under the law that will allow him to prove his prima facie as an ordinary citizen of this land, to present evidence sufficient to demonstrate a genuine issue of

6

material fact as to the truth or falsity of Defendants ' legitimate, non-discriminatory reason. Pro Se Plaintiff Bayad has shown pretext, and he came forward with concrete evidence (overwhelming) and some even provided by the defendants attorneys themselves because they knew the Magistrate Bowler will rule on their favor, such concrete evidence introduced by Pro Se Bayad has rejected defendants ' proffered non-discrimination reason. Yet Pro Se Plaintiff Bayad is still providing to this Court with more evidence, and Plaintiff Pro Se has offered competent, speculative evidence that he was discriminated against by the same Defendants from the year of 1995 to Present time ( year of **2005**), and form **Lucent Technologies Inc.**, to **International Network Services Inc.**, and now **Cisco Systems Inc.**, Plaintiff Pro Se Bayad was discriminated against by the Same Defendants because his an American of Arab of Race from Morocco. Standing alone this law suit of Discrimination and Civil Rights is not <u>**conclusory accusation**</u>, but it is a fact that Pro Se Bayad was terminated for **discriminatory reasons** and does establish that his discrimination against him by Defendants whom were Executives of Lucent Technologies and now Cisco Systems were so **racially motivated.**

C.   **STATEMENT OF FACTS**

When Plaintiff has offered direct evidence of such discrimination and violation of his Civil Rights dated since <u>the year of 1997</u> to 2005 form <u>Lucent Technologies Inc.</u>,

7

International Network Services Inc., now  Cisco Systems Inc., He need not make use of the **McDonnell Douglas** presumption, and conversely , the Magistrate Report and recommendation presumably doesn't believe of such Direct Evidence and when she denied Discovery - and she did not provide any help as matter of right to provide Subpoena (s) - and she openly stated that she will not allow Defendants whom are white and rich and well connected to be depose - and she acted on discriminatory ground used case law(s) in her first report and recommendation dated the Memorial and served on memorial weekend ( that is not the way to be a patriot), where she stated in it the nonmoving ( Bayad) Blackie- Blackie ( referring to him as Sand Niger) and Seabord Surety - Seabord Surety ( refereeing to him as Banana Boat) and for the moving the Defendant the Whitman ( refereeing to white race) and she also served such report and recommendation on  May 25, 2004 ( Memorial Weekend). It is shame, However when direct evidence are not available that Plaintiff must rely on presumption. In contrary direct evidence are found in this Court record that  direct evidence were available eve though absent of Discovery.

## CONCLUSION

[T]he decision produced by fraud upon the Court is not in essence a decision at all, and never become final.

**CERTIFICATION OF SERVICE**

It is herby certify that a true and correct copy of the forgoing motion in the above caption matter in Chambers et, al., was furnished via mail: to Bruce E. Falby BBO# 544143, Dla Piper Rudnick Gray Cary , one International Place, Boston MA 02110, on **this 09 day of January 2006.**

> Anthony Bayad
> 2 Magoun Avenue
> Medford, MA 02155
> Tel: (781)704-8982
>
> _____
> Anthony Bayad