UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
ANTHONY BAYAD,              )
          Plaintiff,        )
     v.                     )  CIVIL ACTION NO. 04-10468-PBS
                            )
JOHN CHAMBERS, PATRICIA RUSSO, )
 ANTHONY SAVASTANO and      )
 CARL WIESE,                )
          Defendants.       )
                            )
```

**ORDER**

February 17, 2006

Saris, U.S.D.J.

After a review of the objections, the Court adopts the reports and recommendations of the Magistrate Judge dated November 15, 2005 and May 25, 2005. I address only pro se plaintiff's claim that he lacked the opportunity to conduct meaningful discovery through depositions.

This action was initially assigned to another judge. On October 25, 2004, he dismissed all claims against John Chambers, the CEO and President of Cisco, Anthony Savastano, its Vice President of Finance, and Carl Wiese, the area Vice President for Advanced Technology of Cisco's New Jersey office, except for the § 1981 claims that arose after March 2000 and the § 1985 and state law claims that arose after March 8, 2001. The complaint was dismissed in its entirety against Patricia Russo.

The matter was then referred to a Magistrate Judge who set a schedule for written discovery to be completed by February 4,

2005. Plaintiffs filed various requests for admission and interrogatories, which defendants responded to by January 28, 2005. At a status conference held on February 7, 2005, the Court ordered discovery suspended and set a summary judgment briefing schedule. Defendants moved for a protective order that provided that Bayad only contact outside counsel because Bayad had made phone calls and left voicemails that defendants described as "harassing, upsetting and burdensome." Transcripts were attached. The Court granted that request on February 9, 2005. The case was reassigned to me on August 12, 2005 after briefing on the summary judgment motion was substantially completed. Thus, it appears from the docket that plaintiff was given ample opportunity to conduct written discovery but was precluded from taking depositions.

One key piece of evidence which Bayad relies on is the so-called Cisco no-hire list, which defendants contend under oath is not authentic, giving detailed reasons in support of that contention. (Hughes Declaration, ¶30). While the record is thick and difficult to follow, the Magistrate Judge concluded that plaintiff provided no admissible evidence by affidavit or otherwise to explain why there is reason to believe its authenticity or to support further discovery under Fed. R. Civ. P. 56(f). Based on this record, I conclude that the Magistrate Judge's discovery rulings are not clearly in error. See Fed. R.

2

Civ. P. 72(a); Hudson v. Rucker, 2004 U.S. Dist. LEXIS 15442, at *2-3 (D.D.C. July 1, 2004) (reviewing Magistrate Judge's denial of Rule 56(f) motion under "clearly erroneous or contrary to law" standard).

The Court orders that summary judgment enter on behalf of defendants.

/s/ Patti B. Saris
PATTI B. SARIS
United States District Judge