UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

| | | |
|---|---|---|
| ANTHONY BAYAD <br> Plaintiff, <br> v. <br> JOHN CHAMBERS, PATRICIA RUSSO, ANTHONY SAVASTANO and CARL WIESE, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION <br> No. 04-cv-10468-PBS <br><br> THE HONORABLE JUDGE PATTI B. SARIS |

**NOTICE RULE 59 (e) IS APPLICABLE IN <u>THE DISCRIMINATORY</u> REPORT[S] AND RECOMMENDATION[S] OF THE MAGISTRATE JUDGE BOWLER THAT MISSTATES THE FACTS THE LAW OF CIVL RIGHTS AND DISCRIMINATION AND CONTAIN DISCRIMINATORY CASE LAW[S] BLACKIE - BLACKIE & SEABOARD SURETY \*\* REFERRING NONMOVING PARTY PLAINTIFF ANTHONY BAYAD <u>"SAND NIGER & BANANA BOAT"</u>  - & THE MOVING PARTY \*\*<u>"WHITMAN THE DEFENDANT"</u>**

- As quoted - from **judge Samuel Alito** " There is nothing that is more important for our republic than the rule of law. No person (this include Magistrate Judge Marianna B. Bowler, Attorney[s] Bob Matthias, Bruce Falby, and Robin Tarr), no matter how high or powerful , <u>is above the law</u>, and no person in this country ( this include people as Plaintiff Anthony Bayad) <u>is beneath   the law</u>," however " no person is above the law".    In support of this [notice] Plaintiff Pro Se direct the attention to the Court to the record that manifest error of law and facts and fraud upon the Court by the Magistrate Judge Bowler and the attorneys Bruce Falby , Robin Tarr, and their Chairman Bob Matthias.  Further,  Both the Federal and

1

Massachusetts Rules of Civil Procedure in particular Rule 9(b) require that fraud and conspiracy to commit fraud be pled with particularity as it was done in particularity in the above caption matter Chambers et, al., *Hayduk v. Lanna*, 775 F.2d 441 (1st Cir. 1985).

> The collectives misrepresentation and the influence by the attorneys and the magistrate Judge Bowler both Officer of this Court was, specifically, an attempt to defile the court itself so that the court would not be able to perform its impartial (Magistrate Judge Bowler). so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Kenner v. C.I.R.*, 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶60.23. The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final. Additionally " What effect does an act of "fraud upon the court" have upon the court proceeding?, and cases cited. Matter of Neitlich, 413 Mass. 416, 423 (1992) (finding fraud on court where attorney[s ]made false and defamatory statement[s ]"with intent to deceive a court"). Pearson, 200 F.3d at 35 (applying "colorable claim" test, rather than the "smoking gun" standard).

In fraud cases, the "colorable claim" standard is more appropriate than the "smoking gun" standard because Plaintiff Pro Se who has been denied the right of due process, was deprived of his right even to enter the Court, and when the Officer of the Court the magistrate judge Bowler authority are tempering with evidence and even referring in the First Report and Recommendation also **dated May 25,** served on Plaintiff Pro Se Anthony Bayad an <u>American</u> of <u>Arab Race</u> <u>intentionally on memorial weekend</u> ( that is not the way to show patriotism

knowingly we are all Americans under the law), that Plaintiff Pro Se is Sand Niger ( **Blackie-Blackie**) and Banana Boat (**Seaboard Surety**) and the Defendants white race ( **Whitman**), and when both preliminary discovery denied and an opportunity to depose defendants denied or to produce more facts denied and to introduce witnesses denied, and the evidence and facts already produced passed on and denied for no reason under the law, and the list goes on and on, and this fraud has and did well left Plaintiff Pro Se with no meaningful access to the law under the protection of the U.S. Constitution and the law , even notwithstanding an abundance of telltale circumstantial evidence. In such circumstances, this court must be vested with adequate discretion to determine in the first instance whether to grant default judgment under rule 60 ( b) that once before introduced and found in the record or Sua Ponte in its own decision under the law as required by law , and/or enter judgment using the tier of fact at the discretion of this court, or/and to just grant all relief[s] as demanded by Plaintiff Pro Se and found on Docket Entry #1 . However "There is no room in the profession of the law for those who commit deliberate falsehood in court." Matter of Budnitz, 425 Mass. 1018, 1019 (1997), _quoting_ _Bar Ass'n of City of Boston v. Sleeper_, 251 Mass. 6, 20, 146 N.E. 269 (1925), and citing also Matter of Sprei, 10 Mass. _Att'y Discipline Rep._ 246 (1994). "[A]n attorney's making false statements and presenting false evidence

3

to a marital master in the course of representing a client" is an act which has resulted in a term **suspension**. Budnitz, 425 at 1019, citing Matter of Basbanes, S.J.C. No. 96-029 BD (July 18, 1996) (**resulting in a term suspension**). "[F]raud on the court . . . cannot complacently be tolerated." Matter of McCarthy, 416 Mass. 423, 431 (1993) quoting Hazel-Atlas Glass Co. v. Harford-Empire Co., 323 **U.S.** 238, 246, 64 S.Ct. 997, 1001 (1944). Furthermore when the Rule of Civil Procedure " Rule **59** (**e**) allows a party to direct the district Court ' s attention . . . or Manifest error of law or fact . . ." Aybar v. Crispin-Reyes, 118 F. 3d 872, 876 (**1st**. 1997) (quoting Moro v. Shell Oil Co., 91 F. 3d 872, 876 ( 7th Cir. 1996); see also  Hayes v. Douglas Dynamics, Inc., 9F. 3d 88, 90 n.3 ( **1st Cir**. 1993).  However Relief[s ]sought may be  granted under rule **60** (**b**) once found in the record - when Fraud upon the  Court By its own Officer[s]; also  Rule 59 (e) motions are granted  for reason such as the commission by the trial Court of a manifest error of law or fact, Fraud upon the Court, the discovery. . ., or an intervening change in the law;  Thus,  it is said that when the record of this Court proof that fraud was  fraud upon the Court, and  was committed By it[s] own officers The Magistrate Judge Bowler and the Attorneys Bruce Falby and his Firm DLA Piper Rudnick Gray Carry,   [T]he decision produced by fraud upon the Court is not in essence a decision at all, and never

become final.

## CONCLUSION

Finally, the court may relieve a party . . . from a final judgment . . . for the following reasons: . . . (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, . . . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment . . or to set aside a judgment for fraud upon the court.

### CERTIFICATION OF SERVICE

It is herby certify that a true and correct copy of the forgoing notice in the above caption matter in Chambers et, al., was furnished via mail: to Bruce E. Falby BBO# 544143, Dla Piper Rudnick Gray Cary , one International Place, Boston MA 02110, on **this 11 day of January 2006.**

Anthony Bayad
2 Magoun Avenue
Medford, MA 02155
Tel: (781)704-8982

*Anthony Bayad*

5