IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> JOHN CHAMBERS, PATRICIA ) <br> RUSSO, ANTHONY ) <br> SAVASTANO and CARL ) <br> WIESE, ) <br> Defendants, ) | CIVIL ACTION <br><br> CASE NO. 04-cv-10468-PBS <br><br> THE HONORABLE JUDGE PATTI B. SARRIS |

**PLAINTIFF MOTION DEFAULT JUDGEMENT RULE 60 (b) AND TO REOPEN THE CASE OR AS DEEMED ACTIONALBLE AND APPROPRIATE BY THE DISTRICT COURT OR THE APPEAL COURT**
(In Support Is The Brief & Records Excerpts Filed With Court of Appeals Case No. 06-1396)

ARGUMENT

Fraud is where the attorneys and the magistrate judge Bowler are corrupted and where the attorneys have influenced or influence is attempted upon the magistrate judge Marianna B. Bowler, who has not performed her judicial function, thus where her impartiality function of the court have been directly corrupted. "[Fraud on the court . . . cannot complacently be tolerated.

STATEMENT OF FACT & LEGAL ANALISYS

[we] would like to point out to this honorable Court that despite a good deal of case law saying that prejudice is required to reopen a judgment under Rule 60(b), Plaintiff Anthony Bayad argue that there was fraud and some ethical issues - were timely filed and properly communicated to this court court; see Sealed Docket Entry # 84. See *Taylor*

1

*vs. O'Grady*, 88 F.2d 119 ( 7th Cir.), the Seven Circuit of appeals and other Federal Circuit of appeals have stated : ( 28 U.S.C. Section 455 of the Judicial Code)

> **" we think that this language 455(a) impose a duty on the judge to act Sua Ponte, even if no motion or affidavit is filed."**

Hence, such good faith Bayad ' communication ( Docket Entry # 84) to the Magistrate Judge Bowler was expecting her recusal as matter of law and as matter of ethics of Judicial Code and duty invested in her by the Court to disqualify herself even if there is no motion asking for her disqualification. Although, the supposed misrepresentations were "fraud on the court", was shown with concrete evidence and also filed with the Honorable Court of appeal and found attached hereto the motion, the Brief, that Plaintiff Bayad ' position in court had in fact been prejudiced. The main case cited for this view, Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), involved conduct and circumstances egregiously designed to corrupt the judicial process; the attempt to extend this precedent to cover any material misstatement whatsoever was hopeless from the outset. Plaintiff Anthony Bayad has invoked the burden-shifting analysis in Anderson v. Cryovac, Inc., 86 F.2d 910 (1st Cir. 1988), under which a Rule 60(b)(3) movant who proves "knowing or deliberate" misconduct benefits from a rebuttable presumption of the required prejudice. Id. at 926. Plaintiff Anthony Bayad proved such deliberate misconduct. And even it had show it, such presumption have been overcome by the evidence discussed in the brief and in Rule 60(b) past opinion(s)- showing that the alleged misconduct in fact had weighted impact on the litigation.  So what [we] have are highly strong charges of fraud which, see the brief attached,  in any event, are effectively connected to the plausible showing of

the necessary prejudice and miscarriage of the justice and bad reputation of this court - it reputation when dealing with Americans Arab of race; and in general the Civil Right Laws in the United States First Circuit is not enforced; and this can not be allowed, respectfully . However, "NO" reasonable lawyer considering a Rule 60(b) motion could suppose that such a combination had any chance of upsetting a final judgment reached after extensive litigation; where the magistrate judge acted within her personal life/friends in granting defendants' motion for summary judgment "Void" "frivolous". Thus, The background law as to what constitutes fraud under Rule 60(b), and as to pertinent incidents like time limits and prejudice, is admittedly no model of perfection; the Rule 60(b) motion makes this clear while trying to sort out some of the problems. See Roger Edwards II, 427 F.3d at 132-34. If (against the background of somewhat fuzzy law) the Rule 60(b) motion should conceivably and must be succeeded and uphold the sanction.

## SUMMARY OF THE ARGUMENT

" a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final." And the maxim that fraud vitiates the entire proceeding, every transaction into which it enters applies to judgments as well as to contracts and other transactions. "Fraud upon the court" makes void the orders and judgment of the court."

Respectfully Submitted

*Anthony Bayad*

## CERTIFICATE OF SERVICE

    IT IS HEREBY CERTIFIED that a true and correct copy of Plaintiff 'Motion of default under Rule 60 (b), was furnished via U.S. mail to : Bruce E. Falby, BBO #544143 PIPER RUDNICK LLP, 33 ARCH STREET , 26TH FL, Boston MA 02110, this .14. day of April 2006

                                                                 ANTHONY BAYAD,
                                                                 2 Magoun Avenue
                                                                 Medford, MA 02155
                                                                 Telephone (781) 704-8982

                                                                 *Anthony Bayad*